CHARLES S. BARQUIST (SBN 133785)
cbarquist@mofo.com
MORRISON & FOERSTER LLP
555 West Fifth Street
Los Angeles, California 90013-1024
Telephone: 213.892.5200
Facsimile: 213.892.5454

Attorneys for Plaintiff and Counterdefendant
ALFRED E. MANN FOUNDATION FOR
SCIENTIFIC RESEARCH

BRUCE G. CHAPMAN (SBN 164258)
bchapman@cblh.com
CONNOLLY BOVE LODGE & HUTZ LLP
333 S. Grand Avenue, Suite 2300
Los Angeles, California 90071
Telephone: 213.787.2500
Facsimile: 213.687.0498

Attorneys for Defendants and
Counterclaimaints COCHLEAR LTD. AND
COCHLEAR AMERICAS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ALFRED E. MANN FOUNDATION FOR SCIENTIFIC RESEARCH, | Case No. CV 07-08108 GHK (CTX) |
|---|---|
| Plaintiff, | [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER FOR DISCOVERY |
| v. | |
| COCHLEAR CORPORATION and COCHLEAR LTD., | |
| Defendants, | |
| AND RELATED COUNTERCLAIMS. | |

The discovery procedures in this case may require disclosure of information

regarded by the producing party as confidential information incorporating

proprietary data, know-how, trade secrets, or other valuable confidential technical

or commercial information.  Accordingly, pursuant to paragraph 9 of April 28, 2008 Civil Minutes (DI 34) and the July 10, 2008 Civil Minutes Denying Parties' Request to Sign Stipulated Protective Order Without Prejudice (DI 40), the parties, by and through their respective attorneys, stipulate and agree, subject to the Magistrate Judge's approval, to the entry of the following protective order which will apply to the exchange of confidential information during discovery.

### GOOD CAUSE STATEMENT

It is the intent of the parties and the Court that confidential materials will not be designated "Confidential" or "Attorneys' Eyes Only" for tactical reasons in this case and that nothing be so designated without a good faith belief that there is good cause why it should not be part of the public record of this case.  Examples of confidential information that the parties may seek to protect from unrestricted or unprotected disclosure include:

(a)    Information that is the subject of a non-disclosure or confidentiality agreement or obligation;

(b)    The names, or other information tending to reveal the identities of a party's supplier;

(c)    The names, or other information tending to reveal the identities, of a party's distributors;

(d)    The names, or other information tending to reveal the identities, of a party's customers;

(e)     Research and development information;

(f)     Proprietary technical information, including product design, manufacturing techniques, processing information, lab notebooks, computer code, computer aided designs, computer simulations, testing methods, test data, circuit boards, and technical specifications, drawings, memoranda and reports;

(g)     Information as to particular budgets, profits, costs, margins, licensing of technology, or pricing of products; and

(h)     Information related to market analyses and business and marketing plans, strategies and forecasts.

Unrestricted or unprotected disclosure of such confidential technical, commercial or personal information would result in prejudice or harm to the disclosing party by revealing the disclosing party's competitive confidential information, which has been developed at the expense of the disclosing party and which represents valuable tangible and intangible assets of that party.  Additionally, privacy interests of individuals, including past, present and potential patients of the medical devices involved in this litigation, must be safeguarded. Accordingly, the parties respectfully submit that there is good cause for the entry of this Protective Order.

The parties agree, subject to the Court's approval, that the following terms and conditions shall apply to this civil action.

3

1       1.     Any party providing any information ("producing party") that the

2

3    producing party in good faith contends contains information proprietary to it and is

4    entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure, may

5    designate the information, including the document, thing or testimony, as

6

7    confidential.  Except as permitted by further order of a court of competent

8    jurisdiction, or by subsequent written agreement of the producing party, such

9    designated documents or testimonial information shall be received by counsel of

10

11    record for all other parties ("receiving parties") upon the terms and conditions of

12    this Stipulated Protective Order ("this Protective Order").

13       2.     Documents or tangible items shall be designated confidential within

14

15    the meaning of this Protective Order in the following ways:

16           (a)    In the case of documents and the information contained therein,

17                 by placing on the document the legend "CONFIDENTIAL" or

18

19                 "ATTORNEYS' EYES ONLY."

20           (b)    In the case of interrogatory answers and the information

21                 contained therein, designation shall be made by placing on the

22

23                 pages containing the confidential information the legend

24                 "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

25           (c)    In the case of tangible items, including electronic media,

26

27                 designation shall be made by visibly marking the item

28                 "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  If the

item cannot be directly marked, then the item shall be enclosed in packaging that is visibly marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

(d)     In producing original files and records for inspection, no marking need be made by the producing party in advance of the inspection.  For the purposes of the inspection, all documents produced shall be considered as marked "ATTORNEYS' EYES ONLY."  Thereafter, upon selection of specified documents for copying by the receiving party, the producing party shall mark as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" the copies of such documents as may contain confidential information at the time the copies are produced to the inspecting party.

3.     With respect to all documents, information, or tangible items produced or furnished by a party during this litigation, which are designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by the producing party, such information shall be kept confidential and shall not be given, shown, made available, discussed, or otherwise communicated in any manner ("disclosed"), either directly or indirectly, to any person except as authorized under the terms of this Protective Order.  Notwithstanding the restrictions of this paragraph, an attorney qualified to receive information designated as "CONFIDENTIAL" or

"ATTORNEYS' EYES ONLY" under this Protective Order shall not be precluded from rendering legal advice to or discussing with her or his client the merits of any issue in this litigation as long as the specific substance or content of information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" is not revealed to a person who is not qualified to receive such information under the terms of this Protective Order.

4.       If, in the course of this proceeding, depositions are conducted that involve information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", counsel for the witness or party producing such information may state, on the record, the portion of the deposition that counsel believes may contain information that should be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY".  If such designation is made, that portion of the deposition will be taken with no one present except those persons who are authorized to have access to such information in accordance with this Protective Order, and the reporter. Subject to the terms hereof, CONFIDENTIAL or ATTORNEYS' EYES ONLY information may be disclosed by a receiving party in a deposition, to the extent that its use is necessary, only at the depositions of:

> (a)     present employees, Directors or Officers of the producing party;
>
> (b)     an author, addressee, or other person indicated as a proper and lawful recipient of the information, subject to paragraph 14 of this Protective Order;

6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

    (c)    an independent advisor, consultant, or expert otherwise qualified under this Protective Order to receive such information; or

    (d)    any person for whom prior authorization is obtained from the producing party or the Court.

Each party shall have thirty days after receipt of the deposition transcript within which to inform the other parties of the portions of the transcript (by specific page and line reference) to be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY.  The right to make such designation shall be waived unless made within the thirty day period.  Before such designation, or expiration of the thirty day period, the entire deposition transcript shall be deemed ATTORNEYS' EYES ONLY information.  Transcripts of testimony, or portions thereof, containing confidential information shall be filed under seal as described in paragraph 5, until further order of the Court.

    5.    Designation of information as CONFIDENTIAL or ATTORNEYS' EYES ONLY does not automatically entitle the parties to have such information filed under seal.  Information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, if filed or submitted to the Court, shall be submitted in accordance with Local Rule 79-5.  The parties understand that any application to file documents under seal should seek to file under seal only those portions of the documents that contain confidential information, should be supported by the appropriate showing, *see, e.g.,* Kamakana v. City & County of Honolulu, 447 F.3d

7

1172, 1178-1181 (9th Cir. 2006), and should be made to the judicial officer presiding over the proceedings in question. Those portions of the documents that are confidential accompanying any such application may be placed in a sealed envelope marked "CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER".

　　　　6.　　Confidential information produced by any party may be designated pursuant to the applicable procedures in this Protective Order as "CONFIDENTIAL." Information that may be designated as CONFIDENTIAL comprises:

　　　　　　(a)　Information that is the subject of a non-disclosure or confidentiality agreement or obligation;

　　　　　　(b)　The names, or other information tending to reveal the identities of a party's supplier; and

　　　　　　(c)　The names, or other information tending to reveal the identities, of a party's distributors.

Unrestricted or unprotected disclosure of such confidential technical or commercial information would result in prejudice or harm to the disclosing party by revealing the disclosing party's competitive confidential information, which has been developed at the expense of the disclosing party and which represents valuable tangible and intangible assets of that party. Accordingly, the parties respectfully

submit that there is good cause for the entry of this Protective Order with a "CONFIDENTIAL" designation as defined herein.

7. Notwithstanding paragraph 6, highly sensitive competitive, business, or technical information, may be designated pursuant to the applicable procedures in this Protective Order as "ATTORNEYS' EYES ONLY." Information that may be designated as ATTORNEYS' EYES ONLY comprises:

(a) The names, or other information tending to reveal the identities, of a party's customers;

(b) Research and development information;

(c) Proprietary technical information, including product design, manufacturing techniques, processing information, lab notebooks, computer code, computer aided designs, computer simulations, testing methods, test data, circuit boards, and technical specifications, drawings, memoranda and reports;

(d) Information as to particular budgets, profits, costs, margins, licensing of technology, or pricing of products; and

(e) Information related to market analyses and business and marketing plans, strategies and forecasts.

Unrestricted or unprotected disclosure of such confidential technical, commercial or personal information would result in prejudice or harm to the disclosing party by revealing the disclosing party's competitive confidential information, which has

9

been developed at the expense of the disclosing party and which represents valuable

tangible and intangible assets of that party. Additionally, privacy interests of

individuals, including past, present and potential patients of the medical devices

involved in this litigation, must be safeguarded. Accordingly, the parties

respectfully submit that there is good cause for the entry of this Protective Order

with an "ATTORNEYS' EYES ONLY" designation as defined herein.

8.   The substance or content of any information designated

CONFIDENTIAL or ATTORNEYS' EYES ONLY, including any notes, abstracts,

copies, summaries, or memoranda relating to such information, shall be treated as

CONFIDENTIAL or ATTORNEYS' EYES ONLY information, respectively.

9.   The parties shall designate information as CONFIDENTIAL or

ATTORNEYS' EYES ONLY on a good-faith basis and not for purposes of

harassing the receiving parties or for purposes of unnecessarily restricting the

receiving parties' access to information concerning the lawsuit.

10.   Before disclosure of any information subject to this Protective Order is

made to any employee, in-house attorney, or Officer or Director of a receiving

party, or to any independent consultant or expert retained by a receiving party,

counsel for the party disclosing the information shall obtain a written undertaking,

in the form attached hereto as Appendix A, from each person to whom disclosure is

to be made, acknowledging that any document, information or tangible item that

has been designated as confidential is subject to this Protective Order, that the

person has read this Protective Order, that such person agrees to comply with, and be bound by, this Protective Order, and that such person is aware that contempt sanctions may be entered for violation of this Protective Order.  A copy of any such undertaking, as well as a current curriculum vitae of the person if the person is an independent consultant, or a brief general written description covering at least the last four years of employment of any other person nominated to receive information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY, shall be provided to opposing counsel ten days in advance of the first disclosure of any confidential information to such nominated person.

> (a)  If the person nominated to receive information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY is an independent consultant or expert, the curriculum vitae shall identify generally all consulting relationships and the general nature of the expert work performed within the last four years. For the purposes of this Protective Order, a consultant or expert is not an independent consultant or expert able to receive information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY produced by a party adverse to the party for whom, or on whose behalf, such person works, if the consultant or expert is an employee of Advanced Bionics or any predecessor or successor of Advanced Bionics, any party to this

11

suit, or any subsidiary of any party to this suit.  The parties agree that no employee will terminate his or her employment with a party or subsidiary of a party or Advanced Bionics to avoid having such party, entity or employee comply with the restrictions of this Protective Order.  For the purposes of this subparagraph, if a person has provided or is providing consulting services to a party to this suit, a subsidiary of a party to this suit, or Advanced Bionics, or has served or is serving as an expert in litigation for a party to this suit, a subsidiary of a party to this suit, or Advanced Bionics, such work would not *per se* be a bar to serving as an independent consultant or expert in this litigation.  Notwithstanding the preceding provision or any other provision herein, the parties reserve all rights to raise any objections as outlined below to the disclosure of information designated CONFIDENTIAL or ATTORNEY'S EYES ONLY to any person nominated to receive such information.

(b)   If the person nominated to receive information designated CONFIDENTIAL or ATTORNEY'S EYES ONLY is not an independent expert, counsel for the party shall provide a general written description of the duties and responsibilities that the person performed during the last four years.

12

(c)     Counsel for the party that produced the confidential information

will have ten days to object to the disclosure of confidential

information to the nominated person.  If no objection is made to

such person receiving confidential information within the ten

day period, then confidential information may be disclosed to

such person.  If the end of the ten day period falls on a Saturday,

Sunday or holiday, the ten day period expires at 6 p.m. Pacific

time on the court day following such Saturday, Sunday or

holiday.  If an objection is made, the party raising the objection

has five court days within which to send a letter pursuant to

Local Rule 37-1 and commence the process to file a motion in

compliance with Local Rule 37 seeking protection from

disclosure of confidential information to such person.  The

objecting party bears the burden of establishing that confidential

information should not be disclosed to the nominated person.

All signed undertakings shall be maintained through the

conclusion of this action, including any appeal.

11.     Subject to paragraphs 10 and 12 of this Protective Order, except as

permitted by further order of this Court or by subsequent written agreement of the

producing party, disclosure of information designated ATTORNEYS' EYES

ONLY shall be limited to:

13

(a)     Outside counsel of record for the parties, and attorneys and paralegals and clerical employees from the law firms having made an appearance in this matter who are assisting such counsel;

(b)     Vendors and contractors (such as outside copy vendors, trial presentation vendors, and jury consultants) employed by the law firms having made an appearance in this matter who are assisting counsel of record for the parties;

(c)     Judges, Magistrate Judges, law clerks, and clerical personnel of the Court before which this action is pending;

(d)     Court reporters and videographers who record any testimony taken in this action;

(e)     Independent consultants or experts, not employees or officers of the parties, retained by either of the parties to consult or testify in the case, subject to the restrictions set forth in this Protective Order;

(f)     Employees and officers of the party producing the documents or information;

(g)     One in-house attorney for each party, subject to the restrictions set forth in this Protective Order;

14

(h)   Authors or recipients of the documents or information, subject to the restrictions set forth in this Protective Order.

12.   Notwithstanding any other provision in this Protective Order:

(a)   Any person that is not an independent consultant or expert and that directly or indirectly participates, or has directly or indirectly participated at any time since January 1, 2003, in patent prosecution in the fields of cochlear implants, external processors and processing techniques used with cochlear implants, stimulation protocols and techniques used with cochlear implants, telemetry technology used with cochlear implants, data structures used with cochlear implants, communication protocols, systems and techniques used with cochlear implants, and related testing and programming of cochlear implants, including the subject matter of the claims and disclosures of the patents in suit, is NOT permitted to access information that is designated "ATTORNEYS' EYES ONLY" produced by a party, unless such information has been produced by the party for whom, or on whose behalf, such person works.

(b)   Except as otherwise provided herein, any person that has had any access to information that is designated "ATTORNEYS' EYES ONLY" produced by a party adverse to a party for whom,

15

or on whose behalf, such person works, shall NOT directly or indirectly participate in patent prosecution or in preparing invention disclosure statements in the fields of cochlear implants, external processors and processing techniques used with cochlear implants, stimulation protocols and techniques used with cochlear implants, telemetry technology used with cochlear implants, data structures used with cochlear implants, communication protocols, systems and techniques used with cochlear implants, and related testing and programming of cochlear implants including the subject matter of the claims and disclosures of the patents in suit.  The restriction extends for a period of three years after the conclusion of this litigation, including any appeals.

(c)   The patent prosecution restriction of paragraph 12(b) is not imputed to any person that has not had actual access to information that is designated "ATTORNEYS' EYES ONLY" produced by a party adverse to a party for whom, or on whose behalf, such person works.  Additionally, the patent prosecution restriction of paragraph 12(b) is not intended to prevent an independent consultant or expert from generating invention disclosure statements, seeking patent protection and

participating in the prosecution of patent applications directed to inventions the independent consultant or expert conceived and derived independently from any information designated "CONFIDENTIAL "ATTORNEYS' EYES ONLY" produced by a party adverse to a party for whom, or on whose behalf, such independent consultant or expert works, so long as no information designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to which the consultant or expert has had access is directly or indirectly incorporated or used in any such patent prosecution.

13.     Subject to paragraph 10 of this Protective Order, disclosure of information designated as CONFIDENTIAL shall be limited to (a) the persons and entities identified in paragraph 11, and (b) no more than three (3) employees or officers of each receiving party who are assisting counsel with preparing the case and who have a need to know the CONFIDENTIAL information, including for purposes of settlement discussions.

14.     If a receiving party intends to disclose information protected under the terms of this Protective Order to a former employee of the producing party who is clearly identified by the protected information as an author or proper and lawful recipient of such information, such intent, including the specific document, thing or information to be disclosed, shall be provided to the producing party before any

17

such disclosure.  The producing party will have an opportunity to object to such disclosure.  If an objection is made and cannot be resolved by the parties, the party seeking to disclose the purported confidential information to a former employee must file a motion in compliance with Local Rule 37 seeking leave from the court to disclose the purported confidential information to the former employee, and will bear the burden of establishing the need to disclose the purported confidential information to such person who is not otherwise qualified to receive such information under the terms of this Protective Order.  If the former employee of the producing party is not clearly identified by the protected information as an author or proper and lawful recipient of such information, such person will not be granted access to such protected information under this paragraph unless other evidence establishes by clear and convincing evidence that the person was an author or proper and lawful recipient.  In the event a motion has been filed governed by this paragraph of this Protective Order, the producing party will bear the burden solely of establishing the confidentiality of the particular information, only if disputed, to be disclosed to the former employee.

15.    If it becomes necessary for counsel for a party receiving CONFIDENTIAL or ATTORNEYS' EYES ONLY information to seek the assistance of any person other than those referred to in paragraphs 10-14, and to disclose CONFIDENTIAL or ATTORNEYS' EYES ONLY information to such

18

person to properly prepare this litigation for trial, the following procedures shall be employed:

    (a)    The receiving party shall notify, in writing, the party producing the CONFIDENTIAL or ATTORNEYS' EYES ONLY information of the receiving party's desire to disclose such CONFIDENTIAL or ATTORNEYS' EYES ONLY information and shall identify the specific document, thing or information to be disclosed and provide a copy of a written undertaking in the form attached hereto as Appendix A signed by the person to whom such information is sought to be disclosed, and a current curriculum vitae of such person;

    (b)    If no objection to such disclosure is made by the producing party within ten days of receipt of all information in subparagraph a, the receiving party shall be free to make such disclosure to the designated person.

    (c)    If the producing party objects to such disclosure, no disclosure shall be made.  In the event the producing party objects to such disclosure, the receiving party must file a motion in compliance with Local Rule 37 for modification of this Protective Order.  If the receiving party files such a motion, the producing party will only bear the burden of establishing the confidentiality of the

particular information, if disputed, to be disclosed to such additional person. The party seeking to disclose the purported confidential information to such additional person will bear the burden of showing good cause for the modification of this Protective Order.

16.  If, through inadvertence, a producing party provides any confidential information pursuant to this litigation without marking the information as CONFIDENTIAL or ATTORNEYS' EYES ONLY information, the producing party may subsequently inform the receiving party of the CONFIDENTIAL or ATTORNEYS' EYES ONLY nature of the disclosed information, and the receiving party shall treat the disclosed information as CONFIDENTIAL or ATTORNEYS' EYES ONLY information upon receipt of written notice from the producing party, to the extent the receiving party has not already disclosed this information.

17.  If, through inadvertence, a producing party provides any information pursuant to this litigation that is subject to a claim of privilege based on attorney-client privilege or any other applicable privilege or constitutes material protected as attorney work product, the producing party shall inform all receiving parties of the claim of privilege and the basis for the claim as soon as reasonable after discovery of the inadvertent production. After being notified, a receiving party must promptly return, sequester, or destroy the specified information and any copies it has of the

information and must not use or disclose the information until the claim of privilege is resolved. If a receiving party disclosed the information before being notified of the claim of privilege, the receiving party must take reasonable steps to retrieve the information. The producing party must take reasonable steps to preserve the information until the claim is resolved. Any party may present the information to the Court, pursuant to the procedures set forth in Local Rules 37 and 79-5, for determination of the claim of privilege. The party claiming privilege bears the burden of establishing privilege.

18.     The restrictions set forth in this Order will not apply to information that is known to the receiving party or the public before the date of its transmission to the receiving party, or that becomes known to the public after the date of its transmission to the receiving party, provided that such information does not become publicly known by any act or omission, which would be in violation of this Protective Order, of the receiving party, its employees, or agents. If such public information is designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, the receiving party must inform the producing party of the pertinent circumstances before the restrictions of this Protective Order will be inapplicable.

19.     No person or party shall directly or indirectly utilize or disclose any CONFIDENTIAL or ATTORNEYS' EYES ONLY information obtained pursuant to discovery in this action except for the purpose of this action only or only in accordance with any further order issued by the Court.

20. Acceptance by a party of any information, document, or thing designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not constitute a concession that the information, document, or thing is confidential. Any party may contest a claim of confidentiality. If the receiving party disagrees with the designation and marking by any producing party of any material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", then the parties shall first try to resolve such disagreements on an informal basis. If agreement cannot be reached between counsel, then such dispute may be presented to the Court by either party by motion in compliance with Local Rules 37-1 through 37-4. In the resolution of such matter, the burden of establishing confidentiality shall be on the designating party.

21. This Protective Order shall be without prejudice to the right of any party to oppose production of any information on grounds other than confidentiality.

22. This Protective Order shall not prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing among themselves to modify or vacate this Protective Order, subject to the approval of the Court.

23. Within 60 days of the conclusion of this action, including any appeals, all CONFIDENTIAL and ATTORNEYS' EYES ONLY information furnished pursuant to this Protective Order, and all copies thereof, shall be returned to the

producing attorneys of record, or, at the producing party's option, destroyed by counsel for the receiving party. If the latter option is chosen, the receiving party shall certify that the documents have been destroyed. Notwithstanding the foregoing provisions, outside counsel for each party may maintain one copy of all pleadings, documents filed with the Court, deposition transcripts, exhibits, attorney work product containing protected information, and correspondence. The provisions of this Protective Order insofar as it restricts the disclosure, communication of, and use of CONFIDENTIAL and ATTORNEYS' EYES ONLY information produced hereunder shall continue to be binding after the conclusion of this action.

24. If information sought from a party is subject to a confidentiality or non-disclosure agreement with a person that is not a party to this action ("non-party"), the party from whom the information is sought shall promptly inform the non-party in writing of the pending discovery request, provide a copy of this Protective Order, and request that the non-party agree to and/or permit the disclosure of the information, subject to this Protective Order and any other relevant objections. A copy of such written communication will be provided to the party that originated the discovery request. To preserve any objection based on the existence and/or potential breach of a confidentiality or non-disclosure agreement, either the non-party or the party from whom the information is sought must commence proceedings under Local Rule 37 to file a motion to preclude the

23

requested discovery within 14 days of the first above-referenced written communication from the party from whom discovery is sought informing the non-party of the pending discovery request. If the non-party or the party from whom the information is sought seeks to preclude the subject discovery under this paragraph, it will bear the burden of proving that the discovery should not be allowed. If proceedings under Local Rule 37 to file a motion seeking to preclude such discovery are not commenced within the referenced 14 days, or if the party from whom the information is sought fails to promptly inform the non-party in writing of the pending discovery request and seek from the non-party permission to disclose the requested information, the requested information cannot be withheld on the basis of the existence and/or potential breach of a confidentiality or non-disclosure agreement with a non-party.

25.    If discovery is sought of a non-party requiring disclosure of such non-party's CONFIDENTIAL or ATTORNEYS' EYES ONLY information, the non-party may avail itself of the provisions of this Protective Order, and the information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY by such non-party will be accorded the same protection as the parties' CONFIDENTIAL or ATTORNEYS' EYES ONLY information.

26.    If this case proceeds to trial, the parties understand that information used at trial that may have been produced under the protections of this Protective Order may become public and presumptively available to all members of the public,

including the press, unless an appropriate showing is made to the trial Judge at an appropriate time determined by the trial Judge to proceed otherwise.

The foregoing is hereby stipulated by and between counsel.

DATED this 11th day of July, 2008.

BRUCE G. CHAPMAN
KEITH DOUGLAS FRASER
MANUEL C. NELSON
JOHN L. PAIK
CONNOLLY BOVE LODGE &
HUTZ LLP

By: */s/ Bruce G. Chapman*
    Bruce G. Chapman
    Attorneys for Defendants and
    Counterclaimants
    COCHLEAR CORP. and
    COCHLEAR LTD.

CHARLES S. BARQUIST
MORRISON & FOERSTER LLP

BRIAN G. BODINE
PETER A. GERGELY
BRETT A. HERTZBERG
KAUSTUV M. DAS
MERCHANT & GOULD

By: */s/ Brian G. Bodine*
    Brian G. Bodine
    Attorneys for Plaintiff and
    Counterdefendant
ALFRED E. MANN FOUNDATION
FOR SCIENTIFIC RESEARCH


IT IS SO ORDERED.

DATED this 17 day of July, 2008.

By: _____
Honorable Carolyn Turchin
United States Magistrate Judge

25

# APPENDIX A TO STIPULATED PROTECTIVE ORDER

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED E. MANN FOUNDATION FOR SCIENTIFIC RESEARCH,<br><br>Plaintiff,<br><br>v.<br><br>COCHLEAR CORPORATION and COCHLEAR LTD.,<br><br>Defendants.<br><br>COCHLEAR AMERICAS and COCHLEAR LTD.,<br><br>Counterclaimants,<br><br>v.<br><br>ALFRED E. MANN FOUNDATION FOR SCIENTIFIC RESEARCH,<br><br>Counterdefendant | Case No. CV 07-08108 GHK (CTX)<br><br>**CONFIDENTIALITY UNDERTAKING** |

I, (print or type full name) _____, under penalty of perjury under the laws of the United States of America declare and state the following:

1.    I live at _____. I am employed by (state name and address of employer) _____ as (state position) _____.

2.    I have read and reviewed the Protective Order that has been entered by the Court in the above-referenced case.

3.    I agree to comply with and be bound by the terms of the Protective Order and not to disseminate or disclose any information subject to the Protective Order that I review or about which I am told, to any person for any reason, except in accordance with the terms of the Protective Order.

1      4.    I further agree to submit to the jurisdiction of this Court for the

2 purposes of enforcement of the terms of this Protective Order.

4      Executed at (print name of city, state, and country where executed)

5 _____ on

6 this _____ day of 20\_\_\_\_\_.

8                  _____

*(Signature)*