Bruce G. Chapman (State Bar No. 164,258)
bchapman@cblh.com
Manuel C. Nelson (State Bar No. 229,590)
mnelson@cblh.com
John L. Paik (State Bar No. 216,024)
jpaik@cblh.com
Keith D. Fraser (State Bar No. 216,279)
kfraser@cblh.com
CONNOLLY BOVE LODGE & HUTZ LLP
333 S. Grand Avenue, Suite 2300
Los Angeles, California 90071
Telephone (213) 787-2500; Fax (213) 687-0498

Attorneys for Defendants and Counterclaimants
COCHLEAR CORPORATION (now known as
COCHLEAR AMERICAS) and COCHLEAR
LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALFRED E. MANN FOUNDATION FOR SCIENTIFIC RESEARCH,<br><br>    Plaintiff,<br><br>v.<br><br>COCHLEAR CORPORATION (n/k/a COCHLEAR AMERICAS) and COCHLEAR LTD.,<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIMS AND COUNTERCLAIMS-IN-REPLY. | Case No. CV 07-08108 GHK (CTX)<br><br>**ANSWER TO COUNTERCLAIMS-IN-REPLY;**<br><br>**DEMAND FOR JURY TRIAL** |

Cochlear Corporation (now known as "Cochlear Americas") and Cochlear Ltd. (collectively "Defendants") hereby answer the Counterclaims-in-Reply of the Alfred E. Mann Foundation for Scientific Research (hereinafter "AMF") as follows:

**Jurisdiction And Venue**

1. Defendants admit that this is an action for patent infringement under 35 U.S.C. § 271, *et seq*.

2. Defendants admit that this action purports to arise from activities of Defendants; however, Defendants deny that they have engaged in any infringing activities and further deny the remainder of the allegations of paragraph 2 of the Counterclaims-in-Reply.

**The Parties**

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Counterclaims-in-Reply, and on that basis deny them.

4. Defendants admit the allegations of paragraph 4 of the Counterclaims-in-Reply; except that Cochlear Americas' principal place of business is presently in or near Centennial, Colorado not Englewood, Colorado.

**Jurisdiction And Venue**

5. Defendants admit the allegations of paragraph 5 of the Counterclaims-in-Reply.

6. Defendants admit that the Court has personal jurisdiction over them with

ANSWER TO COUNTERCLAIM-IN-REPLY
LAX 23123_1 (2) 22409.000583

respect to the Counterclaims-in-Reply. The remainder of the allegations in paragraph 6 of the Counterclaims-in-Reply are denied.

7. Defendants admit that venue is proper as to them with respect to the Counterclaims-in-Reply. The remainder of the allegations in paragraph 7 of the Counterclaims-in-Reply are denied.

**The Business Of AMF**

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Counterclaims-in-Reply, and on that basis deny them.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Counterclaims-in-Reply, and on that basis deny them.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Counterclaims-in-Reply, and on that basis deny them.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Counterclaims-in-Reply, and on that basis deny them.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Counterclaims-in-Reply, and on that basis deny them.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Counterclaims-in-Reply, and on that basis deny them.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Counterclaims-in-Reply, and on that basis deny them.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Counterclaims-in-Reply, and on that basis deny them.

16. Defendants admit the allegations of paragraph 16 of the Counterclaims-in-Reply.

**Defendants' Activities**

17. Defendants admit that they are for-profit businesses involved in research, development and distribution of cochlear implants and related technologies. Cochlear Ltd. further admits that it manufactures cochlear implants in Australia. Cochlear Americas further admits that it imports cochlear implants into, and offers to sell and sells cochlear implants in, the United States. The remainder of the allegations in paragraph 17 of the Counterclaims-in-Reply are denied.

18. Defendants admit the allegations in paragraph 18 of the Counterclaims-in-Reply.

19. Defendants deny the allegations in paragraph 19 of the Counterclaims-in-Reply.

### Count I – Alleged Patent Infringement

20. The answers to the allegations in paragraphs 1 through 19 of the Counterclaims-in-Reply are incorporated by reference, as if fully set forth herein.

21. Defendants deny the allegations in paragraph 21 of the Counterclaims-in-Reply.

22. Defendants deny the allegations in paragraph 22 of the Counterclaims-in-Reply.

### AFFIRMATIVE DEFENSES

As affirmative defenses, Cochlear Americas and Cochlear Ltd. (collectively "Defendants") allege:

### Non-Infringement

23. Defendants do not and have not infringed, induced infringement or contributed to infringement of U.S. Patent No. 5,938,691 ("the '691 patent").

### Invalidity

24. Defendants' cochlear implants and related technology have been developed from systems that are prior art to the '691 patent, including but not limited to U.S. Patent No. 4,947,844 to McDermott, McDermott, "An Advanced Multiple Channel Cochlear Implant", IEEE Transactions on Biomedical Engineering, vol. 36:7, pp. 789-797 (July 1989) ("the McDermott article"), and McDermott, An

5

Advanced Cochlear Implant Hearing Prosthesis for Profound to Total Deafness, University of Melbourne, 1988 (collectively "the McDermott prior art").

25. Defendants worked with Integrated Device Technology (IDT) (which was formerly ICS which was formerly Avasem) in San Jose, California when developing their cochlear implants and related technology, and conceived of the implants and related technology in the United States before the earliest priority date to which the '691 patent is entitled. Defendants' cochlear implants and related technology were diligently reduced to practice in the United States and elsewhere.

26. On information and belief, at least alternatively, the '691 patent, including the claims thereof, is invalid for failure to satisfy the requirements for patentability in 35 U.S.C. §§ 112 ¶ 1 for lack of adequate written description, 112 ¶ 2 for indefiniteness, and 102/103 (including but not necessarily limited to § 102(a), 102(b), 102(e) and 102(g)) for anticipation and obviousness in view of the prior art directed to tissue stimulation and/or telemetry, including but not limited to the McDermott prior art, defendants' conception and reduction to practice, and knowledge of one of ordinary skill in the art at the relevant time.

### Failure of Notice

27. On information and belief, damages, or at least a portion thereof, are barred for failure by AMF's licensee to mark products with the number of the '691 patent and by AMF to give actual notice as required by 35 U.S.C. § 287(a).

## Laches

28. On information and belief, AMF knew of the activities giving rise to its Counterclaims-in-Reply by at least 2003.

29. On information and belief, AMF knew or should have known of the activities giving rise to its Counterclaims-in-Reply more than six years prior to the filing of the Counterclaims-in-Reply.

30. Defendants relied on AMF's delay in filing suit in introducing new products to the U.S. market.

31. Damages, or at least a portion thereof, are barred by the doctrine of laches.

## Inequitable Conduct

32. On information and belief, the '691 patent is unenforceable due to inequitable conduct because one or more persons involved in the prosecution of the application that matured into the '691 patent, including the named inventors and/or their attorneys of record, failed to submit material references to the United States Patent and Trademark Office ("PTO") with the intent to deceive the PTO.

33. In particular, during prosecution of the applications that matured into the '691 patent, the named inventors and/or their attorneys of record failed to disclose the following prior art references: U.S. Patent No. 3,942,535 ("the '535 reference"); U.S. Patent No. 4,082,097 ("the '097 reference"); U.S. Patent No. 4,197,850 ("the

'850 reference"); U.S. Patent No. 4,220,156 ("the '156 reference"); and U.S. Patent No. 4,223, 679 ("the '679 reference").

34.  The '535 reference, the '097 reference, the '850 reference, the '156 reference and the '679 reference were known to at least named inventor Joseph H. Schulman at the time of the prosecution of the application that matured into the '691 patent.

35.  The '535 reference, the '097 reference, the '850 reference, the '156 reference and the '679 reference would have been material to the prosecution of the application that matured into the '691 patent because each of the references discloses an implantable human tissue stimulator and the use of back telemetry, which is the subject matter of the '691 patent, and because the references demonstrate the applicability of pacemaker prior art to the '691 patent and contradict statements made during the prosecution history of at least one of the applications in the family of the '691 patent, including statements that such prior art was not relevant.

36.  On information and belief, the named inventors and/or their attorneys of record failed to submit the '535 reference, the '097 reference, the '850 reference, the '156 reference and the '679 reference to the PTO during the prosecution of the application that matured into the '691 patent with the intent to deceive the PTO.

37.  During the prosecution of the application that matured into the '691 patent, named inventors and/or their attorneys of record failed to disclose the McDermott article.

8

38. The McDermott article was known to the named inventors and/or their attorneys of record at the time of the prosecution of the application that matured into the '691 patent.

39. The McDermott article would have been material to the prosecution of the application that matured into the '691 patent because the article discloses an implantable Cochlear stimulator having back telemetry and provides more explicit details relating to patentability than that provided by the prior art that was disclosed.

40. On information and belief, the named inventors and/or their attorneys of record failed to submit the McDermott article to the PTO during the prosecution of the application that matured into the '691 patent with the intent to deceive the PTO.

41. During the prosecution of the application that matured into the '691 patent, the named inventors and/or their attorneys of record failed to disclose U.S. Patent No. 4,232,679.

42. U.S. Patent No. 4,232,679 was known to at least named inventor Joseph H. Schulman at the time of the prosecution of the application that matured into the '691 patent.

43. U.S. Patent No. 4,232,679 would have been material to the prosecution of the application that matured into the '691 patent because it discloses an implantable human tissue stimulator having back telemetry, which is the subject matter of the '691 patent, and provides significant details relating to patentability not provided by prior art that was disclosed.

9

44. On information and belief, the named inventors and/or their attorneys of record failed to submit U.S. Patent No. 4,232,679 to the PTO during the prosecution of the application that matured into the '691 patent with the intent to deceive the PTO.

45. During prosecution of the application that matured into the '691 patent, the named inventors and/or their attorneys of record failed to disclose U.S. Patent No. 4,809,697.

46. U.S. Patent No. 4,809,697 was known at the time of the prosecution of the application that matured into the '691 patent to at least patent attorney Bryant R. Gold, the attorney of record who prosecuted the AMF patents.

47. U.S. Patent No. 4,809,697 would have been material to the prosecution of the application that matured into the '691 patent because it discloses an implantable human tissue stimulator having back telemetry, which is the subject matter of the '691 patent, and provides significant details relating to patentability not provided by prior art that was disclosed.

48. On information and belief, at least Bryant R. Gold, the attorney of record, failed to submit U.S. Patent No. 4,809,697 to the PTO during the prosecution of the application that matured into the '691 patent with the intent to deceive the PTO.

49. On information and belief, the '691 patent is unenforceable because of inequitable conduct before the PTO.

10

# PRAYER FOR RELIEF

WHEREFORE, Cochlear Americas and Cochlear, Ltd. pray for relief as follows:

(1) That AMF take nothing by way of its Counterclaims-in-Reply and that the same be dismissed with prejudice;

(2) That Cochlear Americas and Cochlear Ltd. be awarded their costs of suit;

(3) That the Court declare this an exceptional case pursuant to 35 U.S.C. § 285;

(4) That Cochlear Americas and Cochlear Ltd. be awarded their reasonable attorneys fees in this action; and

(5) That the Court award such further relief as is just and proper.

DATED: August 28, 2008.                    Connolly Bove Lodge & Hutz LLP

                                           By:     */s/ Bruce G. Chapman*
                                                   Bruce G. Chapman

                                           Attorneys for Defendants and
                                           Counterclaimants Cochlear Corporation
                                           (now known as Cochlear Americas) and
                                           Cochlear Ltd.

11

ANSWER TO COUNTERCLAIM-IN-REPLY
LAX 23123_1 (2) 22409.000583

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Local Civil Rule 38-1, Cochlear Americas and Cochlear Ltd. hereby demand a trial by jury on all issues so triable.

DATED:  August 28, 2008.                    Connolly Bove Lodge & Hutz LLP


                                            By:         */s/ Bruce G. Chapman*
                                                        Bruce G. Chapman

                                            Attorneys for Defendants and
                                            Counterclaimants Cochlear Corporation
                                            (now known as Cochlear Americas) and
                                            Cochlear Ltd.

CERTIFICATE OF SERVICE

I, Dori Dellisanti, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, State of California, and not a party to the above-entitled cause.  My business address is Connolly Bove Lodge & Hutz LLP, 333 South Grand Avenue, Suite 2300, Los Angeles, California 90071.

On August 28, 2008, I served the foregoing documents(s) described as: **ANSWER TO COUNTERCLAIMS-IN-REPLY; DEMAND FOR JURY TRIAL** on the following person in this action by placing a true copy thereof enclosed in sealed envelope addressed as follows:

| | |
|---|---|
| Charles S. Barquist, Esq.<br>Morrison & Foerster LLP<br>555 W. Fifth St.,<br>Los Angeles, CA 90013-1024 | Attorneys for Plaintiff Alfred E. Mann Foundation for Scientific Research<br><br>Tel:  (213) 892-5200<br>Email:  cbarquist@mofo.com |
| Brian G. Bodine, Esq.<br>Brett A. Hertzberg, Esq.<br>Merchant & Gould, P.C.<br>701 Fifth Ave., Suite 4100<br>Seattle, WA 98104 | Attorneys for Plaintiff Alfred E. Mann Foundation for Scientific Research<br><br>Tel:  (206) 342-6200<br>Email:  bbodine@merchantgould.com<br>bhertzberg@merchantgould.com |
| Peter A. Gergely, Esq.<br>Merchant & Gould, P.C.<br>1050 17th St., Suite 1950<br>Denver, CO 80265-0100 | Attorneys for Plaintiff Alfred E. Mann Foundation for Scientific Research<br><br>Tel:  (303) 357-1670<br>Email:  pgergely@merchantgould.com |

[ ] **BY MAIL**  I am readily familiar with the firm's practice regarding collection and processing of correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY PERSONAL SERVICE**:  I caused such envelope to be delivered by hand to the addressee(s) as stated above.

[ ] **FEDERAL EXPRESS**:  I am readily familiar with the office practice of Connolly Bove Lodge & Hutz LLP for collecting and processing correspondence for overnight delivery by Federal Express. Such practice is that when correspondence for overnight delivery by Federal Express is deposited with the Connolly Bove Lodge & Hutz LLP personnel responsible fore delivering correspondence to Federal Express, such correspondence is delivered to a Federal Express location or to an authorized courier or driver authorized by Federal Express to receive documents or deposited at a facility regularly maintained by Federal Express for receipt of documents on the same day in the ordinary course of business.

13

ANSWER TO COUNTERCLAIM-IN-REPLY
LAX 23123_1 (2) 22409.000583

1 **[X] BY E-MAIL:** Based on General Order 08-02, I caused the document(s) to be sent to the person(s) at the e-mail addres(es) indicated above through the Court's Electronic Filing System (ECF).

**[X] FEDERAL** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I hereby declare under penalty of perjury that the foregoing is true and correct. Executed on August 28, 2008, at Los Angeles, California.

| Dori Dellisanti | /s/ Dori Dellisanti |
|---|---|
| Name | Signature |

14

ANSWER TO COUNTERCLAIM-IN-REPLY
LAX 23123_1 (2) 22409.000583