Bruce G. Chapman (State Bar No. 164,258)
bchapman@cblh.com
Manuel Nelson (State Bar No. 229,590)
mnelson@cblh.com
John L. Paik (State Bar No. 216,024)
jpaik@cblh.com
Keith D. Fraser (State Bar No. 216,279)
kfraser@cblh.com
CONNOLLY BOVE LODGE & HUTZ LLP
333 S. Grand Avenue, Suite 2300
Los Angeles, California 90071
Telephone:  (213) 787-2500
Facsimile:  (213) 687-0498

Attorneys for Defendants and Counterclaimants
COCHLEAR CORPORATION (n/k/a
COCHLEAR AMERICAS) and COCHLEAR
LTD.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALFRED E. MANN FOUNDATION FOR SCIENTIFIC RESEARCH,<br><br>Plaintiff,<br><br>v.<br><br>COCHLEAR CORPORATION and COCHLEAR LTD.,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No.  **CV 07-08108 GHK (CTx)**<br><br>**REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR RULE 11 SANCTIONS**<br><br>Date:    March 23, 2009<br>Time:   9:30 a.m.<br>Judge:  Hon. George H. King<br>          (Courtroom 650) |

Defendants Cochlear Corporation (now known as Cochlear Americas) and Cochlear Ltd. (collectively "Cochlear") hereby reply to plaintiff Alfred E. Mann Foundation for Scientific Research's ("AMF's") Opposition to Defendants' Motion for Rule 11 Sanctions.

1       We bring this motion because Cochlear has been burdened by millions of
2  dollars in defense costs for a litigation that would not have been filed had an
3  adequate Rule 11 investigation been made.  This motion relates to the adequacy
4  of AMF's pre-filing investigation of standing, or rather the lack thereof.

5       With regard to that critical standing issue, which AMF pled and must prove,
6  AMF describes the sum total of its pre-filing investigation as:

> "Merchant & Gould, P.C. … reviewed and analyzed the
> 1999 License Agreement and the 2004 Cochlear
> Technology License Agreement; and investigated AMF's
> standing to sue before filing the complaint."

Declaration of Peter A. Gergely, ¶ 3.

> "[W]e … reviewed and analyzed the license agreements,
> including the 1999 Agreement and the 2004 Agreement;
> and reviewed other facts and law relating to AMF's
> standing."

Declaration of Brian G. Bodine in Opposition to Defendants' Motion for Rule 11 Sanctions, ¶ 3.

> "[W]e … reviewed and analyzed the license agreements,
> including the 1999 Agreement and the 2004 Agreement;
> and reviewed other facts relating to AMF's standing."

Declaration of Malcolm Romano in Opposition to Defendants' Motion for Rule 11 Sanctions, ¶ 3.

These descriptions of AMF's pre-filing investigation are incredibly vague.  There is no detail regarding what "other facts" were considered; no detail regarding the "law" reviewed; no explanation or details regarding the "review" of the 1999 and 2004 licenses.  AMF's Opposition raises more questions than it answers.

*Did AMF's pre-filing investigation consider the law discussed in the opposition and reach the same conclusions? Apparently Not:* The February 4, 2009 Bodine letter accusing Cochlear of raising frivolous arguments to dismiss contains no discussion of the terms of the exclusive license and does not reference any of the case law cited in the Opposition, so the analysis in the Opposition appears to be a new analysis for AMF.[1]

*Did AMF have confidence that the conclusions it reached on standing after review of the 1999 and 2004 license agreements would withstand scrutiny? Apparently Not:* AMF withheld production of the 2004 license agreement until close to the end of discovery and completely failed to produce the Romano letter further calling standing into question.[2]

*Did AMF identify and interview witnesses having relevant knowledge regarding Advanced Bionics Corporation's ("ABC's") alleged election not to sue? Apparently Not:* The two witnesses to ABC's oral election, Alfred E. Mann and David Lee Hankin, are not identified in AMF's Rule 26(a) initial disclosure.[3] Moreover, the February 4, 2009 Bodine letter complains about "needlessly" imposed legal fees caused by AMF's investigation in response to the motion to dismiss, so the identification and interview of witnesses appears to be a recent event.

*Did AMF investigate at all the alleged election not to sue? Apparently Not:* If it had investigated that alleged election, AMF would have learned that the election appears to have solely covered Cochlear Corp.

---

[1] The February 4, 2009 Bodine letter is attached to the Declaration of Keith D. Fraser in Support of Defendants' Motion to Dismiss and For Sanctions ("Fraser Decl.").

[2] Fraser Decl., ¶¶ 2, 4.

[3] AMF's Rule 26(a) Initial Disclosure is attached to the Fraser Decl.

– only one of the two defendants AMF intended to sue – apparently leaving AMF without any authorization to sue Cochlear Ltd.[4]

If AMF's pre-filing investigation had addressed these basic issues, AMF's counsel would *not* have, under these facts, signed the Complaint alleging that AMF, solely in its own name, had the right to sue Cochlear Ltd. and Cochlear Corp. For these reasons and the reasons given in the Memorandum in Support of Defendants' Motion for Rule 11 Sanctions, Cochlear respectfully requests that its motion for Rule 11 sanctions be granted in full.

Respectfully submitted,

CONNOLLY BOVE LODGE & HUTZ LLP

Dated: March 16, 2009   By: */s/ Bruce G. Chapman*
Bruce G. Chapman

Attorneys for Defendants
COCHLEAR CORPORATION (n/k/a COCHLEAR AMERICAS) and COCHLEAR LTD.

---

[4] Declaration of David Lee Hankin, attached to the February 4, 2009 Bodine letter, ¶ 2 (after acknowledging that these infringement proceedings are "between AMF and Cochlear Ltd. and Cochlear Corp.", Hankin states "AB explicitly notified AMF that AB was electing not to sue *Cochlear Corp.* for infringing the patents" (emphasis added)).

# CERTIFICATE OF SERVICE

I, Dori Dellisanti, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, State of California, and not a party to the above-entitled cause. My business address is Connolly Bove Lodge & Hutz LLP, 333 South Grand Avenue, Suite 2300, Los Angeles, California 90071.

On March 16, 2009, I served the foregoing documents described as: **REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR RULE 11 SANCTIONS** on the following person in this action by placing a true copy thereof enclosed in sealed envelope addressed as follows:

| | |
|---|---|
| Charles S. Barquist, Esq.<br>Morrison & Foerster LLP<br>555 W. Fifth St.,<br>Los Angeles, CA 90013-1024 | Attorneys for Plaintiff Alfred E. Mann Foundation for Scientific Research<br><br>Tel: (213) 892-5200<br>Email: cbarquist@mofo.com |
| Brian G. Bodine, Esq.<br>K.M. Das, Esq.<br>Merchant & Gould, P.C.<br>701 Fifth Ave., Suite 4100<br>Seattle, WA 98104 | Attorneys for Plaintiff Alfred E. Mann Foundation for Scientific Research<br><br>Tel: (206) 342-6200<br>Email: bbodine@merchantgould.com<br>         kdas@merchantgould.com |
| Peter A. Gergely, Esq.<br>Merchant & Gould, P.C.<br>1050 17th St., Suite 1950<br>Denver, CO 80265-0100 | Attorneys for Plaintiff Alfred E. Mann Foundation for Scientific Research<br><br>Tel: (303) 357-1670<br>Email: pgergely@merchantgould.com |

[ ] **BY MAIL**  I am readily familiar with the firm's practice regarding collection and processing of correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY PERSONAL SERVICE**: I caused such envelope to be delivered by hand to the addressee(s) as stated above.

[X] **FEDERAL EXPRESS**: I am readily familiar with the office practice of Connolly Bove Lodge & Hutz LLP for collecting and processing correspondence for overnight delivery by Federal Express. Such practice is that when correspondence for overnight delivery by Federal Express is deposited with the Connolly Bove Lodge & Hutz LLP personnel responsible fore delivering correspondence to Federal Express, such correspondence is delivered to a Federal Express location or to an authorized courier or driver authorized by Federal Express to receive documents or deposited at a facility regularly maintained by Federal Express for receipt of documents on the same day in the ordinary course of business.

1    **[X] <u>BY E-MAIL</u>:** I caused this document to be served via email.

2    **[X] <u>FEDERAL</u>** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

3
4    I hereby declare under penalty of perjury that the foregoing is true and correct. Executed on March 16, 2009, at Los Angeles, California.

5

6       Dori Dellisanti             */s/ Dori Dellisanti*

7          Name                          Signature