Daniel Grunfeld (State Bar No. 128494)
dan.grunfeld@kayescholer.com
Jonathan Rotter (State Bar No. 234137)
jrotter@kayescholer.com
KAYE SCHOLER LLP
1999 Avenue of the Stars, Suite 1700
Los Angeles, California 90067
Telephone: (310) 788-1000
Facsimile: (310) 788-1200

Scott Lindvall (pro hac vice)
slindvall@kayescholer.com
Robert Laurenzi (pro hac vice)
rlaurenzi@kayescholer.com
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022

Attorneys for Plaintiff/Counterdefendant
ALFRED E. MANN FOUNDATION
FOR SCIENTIFIC RESEARCH

FILED 2010 SEP 30 PM 12:16

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED E. MANN FOUNDATION FOR SCIENTIFIC RESEARCH,<br><br>Plaintiffs,<br><br>v.<br><br>COCHLEAR CORPORATION, COCHLEAR LTD., and ADVANCED BIONICS, LLC<br><br>Defendants.<br><br>COCHLEAR AMERICAS and COCHLEAR LTD.,<br><br>Counterclaimants,<br><br>v.<br><br>ALFRED E. MANN FOUNDATION FOR SCIENTIFIC RESEARCH,<br><br>Counterdefendant. | Case No. CV 07-08108 GHK (CTX)<br><br>**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY DEMAND** |

23291984.DOCX                                    FIRST AMENDED COMPLAINT

Plaintiff, the Alfred E. Mann Foundation for Scientific Research, for its complaint against Defendants Cochlear Corporation and Cochlear Ltd., alleges as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement under 35 U.S.C. § 271, *et seq.*

2. This action arises out of the infringing activities of defendants Cochlear Corporation and Cochlear, Ltd. in manufacturing, selling, offering for sale, using, and/or importing products that are covered by one or more patents assigned to the Alfred E. Mann Foundation for Scientific Research, and/or inducing others in the United States to infringe, or contributing to the infringement in the United States of, one or more patents assigned to the Alfred E. Mann Foundation for Scientific Research.

### THE PARTIES

3. Plaintiff, the Alfred E. Mann Foundation for Scientific Research ("AMF"), is a nonprofit medical research foundation organized under the laws of California and having a principal place of business in Santa Clarita, California.

4. Defendant Cochlear Corporation is, on information and belief, a for profit corporation organized under the laws of Delaware. On information and belief, Cochlear Corporation is a subsidiary of defendant Cochlear Ltd., which is an Australian corporation. On information and belief, defendant Cochlear Corporation's principal place of business is Englewood, Colorado. On information and belief, defendant Cochlear Ltd.'s principal place of business is in or near Sydney, Australia.

5. Defendant Advanced Bionics, LLC ("Advanced Bionics") is, on information and belief, a for profit limited liability company organized under the laws of Delaware. Defendant Advanced Bionics has its principal place of business in Valencia, California.

## JURISDICTION AND VENUE

6.  The Court has subject matter jurisdiction over this matter because the Complaint alleges a cause of action under the patent laws of the United States, 35 U.S.C. § 1, *et seq.* The Court has original jurisdiction of such claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.  The Court has personal jurisdiction over defendant Cochlear Corporation because, on information and belief, defendant Cochlear Corporation regularly and systematically transacts business and has committed acts of infringement (whether direct, contributory, or by inducement) in this judicial district and throughout the United States. The Court has personal jurisdiction over defendant Cochlear Ltd. because, on information and belief, defendant Cochlear Ltd. regularly and systematically transacts business and has committed acts of infringement (whether direct, contributory, or through inducement) in this judicial district and throughout the United States. The Court has personal jurisdiction over defendant Advanced Bionics because, on information and belief, defendant Advanced Bionics regularly and systematically transacts business in this judicial district and throughout the United States, and is headquartered in this district.

8.  Venue is appropriate in this judicial district under 28 U.S.C. §§ 1391(a), (b), and (c) and/or 1400(b) because defendants Cochlear Corporation and Cochlear Ltd., each regularly and systematically transact business and have committed acts of infringement (whether direct, contributory, or through inducement) in this judicial district. Defendant Advanced Bionics systematically transacts business and is headquartered in this district.

## THE BUSINESS OF AMF

9.  AMF is a nonprofit medical research foundation, dedicated to the exploration and development of advanced medical technologies that offer hope for significant improvements to the health, quality, and safety of life for people suffering from debilitating medical conditions.

10. AMF and its scientists have a lengthy track record of creating innovative technical solutions that improve the lives of persons suffering from debilitating medical impairments.

11. Alfred E. Mann, the founder of AMF, has for years developed innovative solutions in medical device technology.

12. Mr. Mann founded the AMF to focus on the development of these technologies.

13. Over the years, AMF scientists have focused on cutting edge research in a number of medical technologies, including an implantable glucose sensor for diabetic patients, technology to restore function to partially paralyzed stroke patients, and implantable cochlear implants to help restore hearing to deaf patients.

14. The United States Patent and Trademark Office has recognized the innovation of AMF scientists by granting numerous patents to them.

15. AMF's patents include those resulting from its extensive research in the area of cochlear implants to restore hearing to the deaf, including United States Patent No. 5,531,774 titled *Multichannel Implantable Cochlear Stimulator Having Programmable Bipolar, Monopolar or Multipolar Electrode Configurations* ("the '774 patent"); United States Patent No. 5,609,616 titled *Physician's Testing System and Method for Testing Implantable Cochlear Stimulator* ("the '616 patent"); United States Patent No. 5,569,307 titled *Implantable Cochlear Stimulator Having Backtelemetry Handshake Signal* ("the '307 patent"); United States Patent No. 5,603,726 titled *Multichannel Cochlear Implant System Including Wearable Speech Processor* ("the '726 patent"); United States Patent No. 5,776,172 titled *Multichannel Implantable Cochlear Stimulator* ("the '172 patent"); and United States Patent No. 5,938,691 titled Multichannel Implantable Cochlear Stimulator ("the '691 patent"). AMF is the assignee of each of these patents and has the right to sue to recover damages for infringement of each patent, including without limitation the '616 patent.

3

23291984.DOCX FIRST AMENDED COMPLAINT

16. To allow it to continue to do its important research work, AMF licenses its patents to for-profit companies, including Advanced Bionics, a global leader in cochlear implants. Advanced Bionics is the exclusive licensee of the aforementioned patents. All licensing revenues derived from AMF's licensing of its patents directly benefit the continued medical and scientific research conducted by the world-class scientists and researchers employed by AMF.

**DEFENDANTS' INFRINGING ACTIVITIES**

17. Defendants Cochlear Corporation and Cochlear Ltd. are, on information and belief, for-profit corporations that manufacture, sell, offer for sale, use, and/or import into the United States, cochlear implants and related technologies to clinics, hospitals, physicians, audiologists and/or patients throughout the United States, including selling and offering to sell such technologies to one or more clinics, hospitals, physicians, audiologists and/or patients in this judicial district.

18. On information and belief, cochlear implants manufactured by Cochlear Ltd. and sold by defendant Cochlear Corporation have been implanted in patients in this judicial district and have been and are being used by patients.

19. On information and belief, clinics, hospitals, physicians and/or audiologists in this judicial district have fitted and tested cochlear implants using test equipment manufactured and/or sold by defendants Cochlear Ltd. and/or Cochlear Corporation. The fitting and testing process used by these clinics, hospitals, physicians, and/or audiologists uses methods described and claimed in the '616 patent.

20. On information and belief, Cochlear Ltd. and/or Cochlear Corporation may be infringing the '774, '307, '726, '172, and '691 patents, which potential claims are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, and accordingly AMF reserves the right to amend its complaint to add claims directed to the '774, '307, '726, '172, and '691 patents.

4

## COUNT ONE — PATENT INFRINGEMENT

21. AMF reincorporates by reference paragraphs 1 through 19 above as if fully set forth herein.

22. On information and belief, by their actions alleged above defendants Cochlear Ltd. and/or Cochlear Corporation, both collectively and individually, have been and are infringing the '616 patent, either directly, contributorily, or by inducing others to infringe.

23. During all times relevant to this Complaint and since at least 2003, defendants Cochlear Ltd. and Cochlear Corporation had knowledge of the '616 patents and of the rights of AMF with respect to that patent. Despite this knowledge and in derogation of the rights of AMF, Defendants' actions alleged above were willfully committed. Therefore, Defendants are liable for willful infringement of the '616 patent.

## PRAYER FOR RELIEF

WHEREFORE, AMF prays for judgment against defendants Cochlear Ltd. and Cochlear Corporation as follows:

A. That one or both Defendants infringe at least one claim of the '616 patent;

B. That Defendants Cochlear Ltd. and Cochlear Corporation be found jointly and severally liable and be ordered to pay AMF such damages as AMF has sustained and adequate to compensate it for Defendants' infringement of the '616 patent in an amount that is in no event less than a reasonable royalty as provided by 35 U.S.C. § 284;

C. That damages be increased to three times the amount assessed as provided by 35 U.S.C. § 284;

D. That Defendants' infringement of the '616 patent be found to be willful, that the case be found to be exceptional, and that Defendants be ordered to pay AMF

23291984.DOCX                    FIRST AMENDED COMPLAINT

the costs of this action and its reasonable attorneys' fees and interest as provided by 35 U.S.C. § 285;

E.  That Defendants be ordered to pay AMF prejudgment interest on all sums awarded as allowed by law; and

F.  That the Court award AMF such other and further relief that this Court may deem just and equitable.

## JURY TRIAL

AMF demands a trial by jury for all issues so triable.

Respectfully submitted,

KAYE SCHOLER LLP

Dated: September 30, 2010          By: /s/ Daniel Grunfeld

Daniel Grunfeld
Attorneys for Plaintiff
ALFRED E. MANN FOUNDATION
FOR SCIENTIFIC RESEARCH

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1999 Avenue of the Stars, Suite 1700, Los Angeles, California 90067.

On September 30, 2010, I served the document(s) described as **FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT** by placing a true copy of the above-entitled document(s) in a sealed envelope addressed as follows in the manner indicated below:

**See Attached List**

☐ by **E-MAIL**

☐ by **FACSIMILE**

☐ by **U.S. MAIL** (I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.)

☐ by **FEDERAL EXPRESS** (by causing such envelope to be delivered to the office of the addressee by overnight delivery via Federal Express or by other similar overnight delivery service.

☒ by **PERSONAL SERVICE**

　　☐ by personally delivering such envelope to the addressee.
　　☒ by causing such envelope to be delivered by messenger to the office of the addressee.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 30, 2010, at Los Angeles, California.

Toyia Ellis
Name                                                    Signature

23295029.DOCX

## SERVICE LIST

Bruce G. Chapman
bchapman@cblh.com
John L. Paik
jpaik@cblh.com
Keith Douglas Fraser
kfraser@cblh.com
Manuel C. Nelson
mnelson@cblh.com
Connolly Bove Lodge and Hutz LLP
333 South Grand Avenue Suite 2300
Los Angeles, CA 90071
Telephone:  (213) 787-2500
Fax:  (213) 687-0498

Todd Malynn
tmalynn@FeldmanGale.com
Feldman Gale, P.A.
880 West First Street Suite 315
Los Angeles, CA 90012
Telephone:  (213) 625-5992
Fax:  (213) 625-5993

23295029.DOCX