1

1          UNITED STATES DISTRICT COURT

2

3          CENTRAL DISTRICT OF CALIFORNIA

4                WESTERN DIVISION

5

6

7   ALFRED E. MANN FOUNDATION        )
    FOR SCIENTIFIC RESEARCH,         )
                                     )
8          PLAINTIFF,                )
                                     ) CASE NO. CV 07-8108-GHK(SHX)
9                                    )
                                     ) LOS ANGELES, CALIFORNIA
10                                   )
    COCHLEAR CORPORATION, ET AL.,    ) JULY 26, 2011
11                                   )
                                     ) (1:59 P.M. TO 2:20 P.M.)
12         DEFENDANTS.               )
    _____)

13

14                HEARING
         BEFORE THE HONORABLE STEPHEN J. HILLMAN
15           UNITED STATES MAGISTRATE JUDGE

16

17

18   APPEARANCES:              SEE NEXT PAGE

19   COURT REPORTER:           RECORDED; COURT SMART

20   COURTROOM DEPUTY:         SANDRA BUTLER

21   TRANSCRIBER:              DOROTHY BABYKIN
                               COURTHOUSE SERVICES
22                             1218 VALEBROOK PLACE
                               GLENDORA, CALIFORNIA  91740
23                             (626) 963-0566

24   PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING;
     TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.

25

2

```
 1    APPEARANCES:  (CONTINUED)
      FOR THE PLAINTIFF:        KAYE SCHOLER LLP
 2                              BY:   DANIEL GRUNFELD
                                      JONATHAN M. ROTTER
 3                                    ATTORNEYS AT LAW
                              1999 AVENUE OF THE STARS
 4                              SUITE 1700
                              LOS ANGELES, CALIFORNIA  90067
 5

 6    FOR THE DEFENDANTS:        CONNOLLY BOVE LODGE & HUTZ LLP
                              BY:   BRUCE G. CHAPMAN
 7                                    MANUEL C. NELSON
                                      ATTORNEYS AT LAW
 8                              333 SOUTH GRAND AVENUE
                              SUITE 2300
 9                              LOS ANGELES, CALIFORNIA  90071

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

3

1                          I N D E X
     CASE NO. CV 07-8108-GHK(SHX)              JULY 26, 2011
2
     PROCEEDINGS:   PLAINTIFF'S MOTION TO COMPEL
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

4

 1         LOS ANGELES, CALIFORNIA; TUESDAY, JULY 26, 2011; 1:59 P.M.

 2             (CALL TO ORDER OF THE COURT).

 3                 THE CLERK:  CALLING CASE NUMBER CV 07-8108, ALFRED

 4     E. MANN FOUNDATION FOR SCIENTIFIC RESEARCH VERSUS COCHLEAR

 5     CORPORATION.

 6                 COUNSEL, PLEASE ENTER YOUR APPEARANCE FOR THE

 7     RECORD.

 8                 MR. GRUNFELD:  GOOD AFTERNOON, YOUR HONOR.

 9                 DANIEL GRUNFELD, KAYE SCHOLER, FOR MOVING PARTY THE

10     PLAINTIFF.

11                 THE COURT:  GOOD AFTERNOON.

12                 MR. GRUNFELD:  AND WITH ME IS --

13                 MR. ROTTER:  GOOD MORNING, YOUR HONOR -- GOOD

14     AFTERNOON, YOUR HONOR.

15                 JONATHAN ROTTER OF KAYE SCHOLER, ALSO, FOR THE

16     ALFRED E. MANN FOUNDATION.

17                 THE COURT:  THANK YOU.

18                 MR. CHAPMAN:  GOOD AFTERNOON, YOUR HONOR.

19                 BRUCE CHAPMAN AND MANUEL NELSON FOR COCHLEAR

20     CORPORATION AND COCHLEAR LIMITED.

21                 THE COURT:  GOOD AFTERNOON.

22                 I ALMOST HAD A WRITTEN TENTATIVE, BUT IT WASN'T

23     QUITE READY FOR YOUR REVIEW.

24                 BUT IN ESSENCE, I THINK THE MOTION SHOULD BE

25     GRANTED.

5

1        I HAVE A CONCERN AS TO REQUEST NUMBER 9, THAT IT

2   NOT BE BROADER THAN NECESSARY AT THIS STAGE OF THE

3   LITIGATION.

4        AND I WOULD INVITE EITHER AN AGREEMENT OR, IN

5   ABSENCE OF AN AGREEMENT, SOME SUGGESTED LANGUAGE BY THE

6   PLAINTIFF THAT WOULD LIMIT THE DISCOVERY TO THE NUCLEUS 5

7   LINE OF PRODUCTS AND ANY OTHER LINE OF PRODUCTS THAT MAY

8   RELATE TO THE PATENT AT ISSUE.

9        BUT I AGREE WITH DEFENDANTS THAT THIS COULD GET OUT

10  OF HAND AND INCLUDE PRODUCTS THAT ARE WHOLLY IRRELEVANT TO

11  THIS LITIGATION.

12        WITH THAT CAVEAT, I WOULD ALSO ORDER THAT WITH

13  RESPECT TO NUMBER 10 THAT THERE BE A WRITTEN PLAN OF HOW THE

14  PRODUCTION WOULD BE MADE WHEN PLAINTIFF WOULD HAVE ACCESS TO

15  THEM.  BUT I WOULD NOT -- I DON'T THINK A PLAN OF USE OF

16  THOSE SAMPLES IS REQUIRED.

17        BUT I DO THINK THAT ON THE SUPPLEMENTAL DAMAGES

18  INFORMATION THAT PLAINTIFF IS ENTITLED TO THAT.  AND AS I

19  SAID, MY MAIN CONCERN REALLY IS -- WHAT I DIDN'T SAY IS THAT

20  MY MAIN CONCERN IS LITIGATION AND JUDICIAL EFFICIENCY THAT

21  THIS -- THAT THIS LINE OF PRODUCTS, THE NUCLEUS 5 LINE OF

22  PRODUCTS BE FULLY EXPLORED IN THIS LAWSUIT AND NOT HAVE TO

23  AWAIT ANOTHER DAY.  BUT I AM CONCERNED ABOUT OVERBREADTH.

24        SO, I'LL HEAR FROM EITHER SIDE FIRST.

25        MR. GRUNFELD:  YOUR HONOR, VERY BRIEFLY.

6

1          WE WILL AGREE TO YOUR RECOMMENDATION AS TO HOW TO

2    LIMIT REQUEST FOR PRODUCTION NUMBER 9 AS WELL AS NUMBER 10.

3          THE COURT:  WOULD IT BE BEYOND -- POTENTIALLY

4    BEYOND THE NUCLEUS FIVE, OR?

5          MR. GRUNFELD:  IT WOULD BE THE NUCLEUS 5 AND THE

6    NEW PRODUCTS DEVELOPED SINCE -- SINCE THE LAST SET OF

7    DISCOVERY.  BUT IT WOULD BE LIMITED TO THESE PATENTS AT ISSUE

8    IN THE CASE AND ONLY THOSE.

9          THE COURT:  SO THIS BAHA PRODUCT WOULD NOT BE --

10         MR. GRUNFELD:  CORRECT.

11         THE COURT:  THAT WOULD BE OFF LIMITS.

12         MR. GRUNFELD:  AND, YOUR HONOR, THE REVISED

13   PROPOSED ORDER THAT WE SUBMITTED TO YOU MAKES THAT CLEAR.

14         THE COURT:  I DON'T THINK IT DID, ACTUALLY.

15         MR. GRUNFELD:  OKAY.

16         THE COURT:  THE REVISED PROPOSED ORDER REFERS TO

17   ANYTHING OFFERED, SOLD, IMPORTED, EXPORTED SINCE '08, AUGUST

18   1, '08, FOR ALL PRODUCTS UP TO THE DATE OF THE ORDER, SO.

19         MR. GRUNFELD:  YOUR HONOR, I WAS REFERRING TO ON

20   PAGE 1 OF THE REVISED PROPOSED ORDER, LINES 20 THROUGH 23:

21              "SUCH PRODUCTION IS LIMITED TO CONTROL

22              DOCUMENTS AND DOES NOT INCLUDE SOME PROCESSORS

23              OR COPY OF BAHA PRODUCT."

24         THE COURT:  AHH.  AND WHAT IS "CONTROL DOCUMENTS?"

25         MR. GRUNFELD:  CONTROL --

7

1              THE COURT:  OH, I SEE.

2              MR. GRUNFELD:  IT'S DEFINED, YOUR HONOR.

3              THE COURT:  THOSE ARE -- ALL RIGHT.

4              SO, EXCLUDE -- YOU'RE RIGHT.  IT EXCLUDES THE BAHA

5    PRODUCT.  AND AT THIS POINT YOU DON'T KNOW IF IT EXCLUDES OR

6    INCLUDES ANYTHING ELSE OTHER THAN THE --

7              MR. GRUNFELD:  THE NUCLEUS 5.

8              THE COURT:  RIGHT.

9              MR. GRUNFELD:  CORRECT.

10             THE COURT:  ALL RIGHT.

11             MR. GRUNFELD:  AND, THEN, YOUR HONOR, JUST FOR THE

12   RECORD, ON LINE 27 AND 28 WITH RESPECT TO REQUEST FOR

13   PRODUCTION OF NUMBER 10, YOU HAVE THE SAME LANGUAGE IN THE

14   PROPOSED ORDER.

15             THE COURT:  RIGHT.  I SEE THAT NOW.

16             MR. GRUNFELD:  AND THE SAME ON PAGE 2 ON LINE 7 --

17             THE COURT:  OKAY.

18             MR. GRUNFELD:  -- AND -- 6, 7 AND 8.

19             THE COURT:  ALL RIGHT.  LET ME HEAR --

20             MR. GRUNFELD:  NOTHING FURTHER AT THIS POINT, YOUR

21   HONOR.

22             THE COURT:  ALL RIGHT.  LET ME HEAR FROM

23   DEFENDANTS.

24             MR. CHAPMAN:  I HAVE A COUPLE OF POINTS.  I WON'T

25   REPEAT WHAT WE VIEW AS THE EFFICIENCY ARGUMENT BECAUSE

8

1    OBVIOUSLY THE COURT HAS CONSIDERED THAT.

2              BUT BEFORE I MAKE MY POINTS, I WANTED TO ASK ABOUT

3    REQUEST FOR PRODUCTION NUMBER 4.  I DIDN'T HEAR THE COURT

4    MENTION THAT.

5              THE COURT:  THESE ARE THE FDA DOCUMENTS.

6              MY TENTATIVE IS TO GRANT THAT, AS TO THE NUCLEUS 5

7    AND ANY OTHER POTENTIAL LINE OF RELEVANT PRODUCTS.

8              MR. CHAPMAN:  OKAY.  LET ME RETURN TO THE PROPOSED

9    ORDER THEN.

10             THE COURT:  YES.

11             MR. CHAPMAN:  AS THE FIRST POINT, NUCLEUS 5 I

12   BELIEVE WAS NOT FDA APPROVED TO 2009, MIDYEAR 2009.  AND THE

13   PROPOSED ORDER GOES ALL THE WAY BACK TO AUGUST 1, 2008.

14             I BELIEVE THAT THAT WOULD LIKELY PICK UP DOCUMENTS,

15   NEW DOCUMENTS, REGARDING THE OLD PRODUCTS THAT WERE AT ISSUE.

16   SO, I'M NOT SURE THAT THIS DISCOVERY IS, IN FACT, LIMITED

17   JUST TO NUCLEUS 5 AND NEW PRODUCTS.

18             THE COURT:  WELL, DON'T YOU HAVE A DUTY TO

19   SUPPLEMENT ON THE PRIOR PRODUCTION?

20             MR. CHAPMAN:  WELL, I DON'T THINK THAT THEY'RE --

21   WE WOULD IF THERE WERE ANY MATERIAL DIFFERENCES THAT THOSE

22   DOCUMENTS WOULD SHOW.  AND I DON'T BELIEVE THAT THERE ARE ANY

23   MATERIAL DIFFERENCES.

24             THE COURT:  I CAN'T ANSWER THAT.  ONLY YOU CAN

25   ANSWER THAT.

9

1          MR. CHAPMAN:  OKAY.  WELL, I GUESS THAT'S A

2     QUESTION, YOUR HONOR, IS -- IS THE PRODUCTION -- WOULD THE

3     PRODUCTION BE LIMITED TO DOCUMENTS THAT WOULD SHOW THAT WE'D

4     HAVE A DUTY TO SUPPLEMENT BECAUSE IT WOULD DEMONSTRATE A

5     MATERIAL DIFFERENCE?  IN THE PROPOSED ORDER, I THINK WE JUST

6     HAVE TO PRODUCE EVERYTHING REGARDLESS OF WHETHER IT'S

7     MATERIAL OR NOT.

8          THE COURT:  WELL, WHAT IS THE LANGUAGE YOU HAVE

9     PROPOSED, WHAT CHANGE AND WHAT PARAGRAPH?

10          MR. CHAPMAN:  WELL, I GUESS RATHER THAN EXCLUDING

11     BAHA, I WOULD PROPOSE LIMITING THE ORDER TO NUCLEUS 5 AND

12     PRODUCTS RELATED TO NUCLEUS 5.

13          THE COURT:  YOU'RE TALKING ABOUT IN NUMBER 4?

14          MR. CHAPMAN:  IN -- WELL, IN -- FOR ALL THE

15     PRODUCTIONS -- NUMBER 9, NUMBER 10 AND NUMBER 4.

16          IF WE LOOK AT -- IN THE PROPOSED ORDER AT LINES 22

17     AND 23 OF PAGE 1, IT SAYS:

18          "DOES NOT INCLUDE SOUND PROCESSORS FOR BAHA."

19          AND I WOULD SUGGEST THAT THE ORDER BE CHANGED TO --

20      "SUCH PRODUCTION AS LIMITED TO CONTROL DOCUMENTS RELATED TO

21     NUCLEUS 5 AND PRODUCTS CONCERNING NUCLEUS 5."

22          THE COURT:  WELL, I THINK YOU'RE HAVING THE SAME

23     REACTION I INITIALLY DID UNTIL I SAW THE OTHER SENTENCE.  BUT

24     -- SO, YOU WOULD SUGGEST THAT IT BE LIMITED TO THE NUCLEUS 5

25     AND WHAT?

10

1            MR. CHAPMAN:  PRODUCTS RELATED TO NUCLEUS 5.

2            IN OTHER WORDS, I'LL GIVE YOU A --

3            THE COURT:  IT'S RELATED TO THE PATENT.  THAT'S

4    WHAT --

5            MR. CHAPMAN:  WELL, I'LL GIVE A SOMEWHAT CONCRETE

6    EXAMPLE.  THEY HAVE REMOTE CONTROLS THAT PEOPLE CAN USE TO

7    CHANGE THE VOLUME OF THEIR HEARING.  IT DOESN'T REALLY HAVE

8    ANYTHING TO DO WITH THE CASE.  I SUSPECT THAT THERE WERE

9    VARIATIONS IN THE SOFTWARE THAT OCCURRED BETWEEN -- THEY

10   RELATE TO THE OLD PRODUCT THAT OCCURRED AFTER AUGUST 1, 2008.

11   IT WOULD SEEM TO HAVE NOTHING TO DO WITH THE CASE.

12           THE COURT:  UH-HUH.

13           MR. CHAPMAN:  AND, AT LEAST, AS I READ THE PROPOSED

14   ORDER RIGHT NOW, IT WOULD PICK THOSE UP.

15           THE COURT:  WHAT'S YOUR RESPONSE?

16           MR. GRUNFELD:  YES, YOUR HONOR.

17           THE COURT:  I'M SORRY -- DO YOU HAVE ANYTHING ELSE

18   YOU WANTED TO SAY GENERALLY, OR?

19           MR. CHAPMAN:  I GUESS -- YES.

20           WITH REGARD TO -- TWO ISSUES, ONE WITH REGARD TO

21   REQUEST NUMBER 10.  IN THE PROPOSED ORDER AMS ASKED FOR TWO

22   SAMPLES.  A COCHLEAR IMPLANT AND A SOUND PROCESSOR HAS A

23   VALUE OF ABOUT $50,000.  AND IF IT'S POSSIBLE TO MAKE DO WITH

24   ONE SAMPLE THAT WOULD SIGNIFICANTLY REDUCE THE COST OF

25   COMPLIANCE.

11

1          THE COURT:  OKAY.

2          MR. CHAPMAN:  SO, THAT'S ONE POINT.

3          AND THE LAST POINT, WITH REGARD TO THE FINANCIAL

4   DOCUMENTS, I UNDERSTAND THAT YOUR TENTATIVE FOR YOUR ORDER IS

5   TO UPDATE THEM NOW.  BUT WE ARE STILL NOT CLEAR ON WHAT THE

6   SCOPE OF THAT UPDATE SHOULD BE.

7          THEY HAVE IDENTIFIED BATES RANGES THAT INCLUDE

8   THINGS LIKE EMAILS RELATED TO THE FILING OF THIS LITIGATION.

9   AND WE CAN GUESS AS TO WHAT THE SUBJECT MATTER OF THE EMAILS

10  THAT THEY'RE INTERESTED IN, BUT IT WOULD BE HELPFUL IF WE

11  COULD CLARIFY THE ACTUAL SCOPE OF THE FINANCIAL INFORMATION

12  THAT'S TO BE PRODUCED.

13          THE COURT:  OKAY.  THANK YOU.

14          MR. GRUNFELD:  YOUR HONOR, LET ME IF I MAY TAKE

15  THIS A BIT OUT OF ORDER.

16          WITH RESPECT TO THE NUMBER OF SAMPLES, WE WOULD BE

17  WILLING TO STIPULATE THAT FOR NOW ONE SAMPLE WOULD BE

18  SUFFICIENT.  BUT IF WE DISCOVER FOR TECHNICAL REASONS BECAUSE

19  OUR EXPERTS TELL US THAT MORE ARE NEEDED -- AND WE CANNOT

20  REACH AN AGREEMENT WITH OPPOSING COUNSEL, WE'LL COME BACK TO

21  THIS HONORABLE COURT TO MAKE A DETERMINATION.

22          THE COURT:  ALL RIGHT.

23          MR. GRUNFELD:  BUT FOR NOW, LET'S START WITH ONE.

24          THE COURT:  OKAY.

25          MR. GRUNFELD:  IF THAT'S ACCEPTABLE.

1          WITH RESPECT TO THE FINANCIAL DOCUMENTATION, YOUR

2     HONOR, THIS IS THE ENTIRE SET OF DOCUMENTS IN MY HAND HOLDING

3     WITH MY LEFT HAND RATHER EASILY THAT WERE PRODUCED WITH

4     RESPECT TO THE BATES NUMBERS THAT WERE IDENTIFIED IN MY

5     MOVING PAPER.  THIS WAS AN ACCOMMODATION TO THE OTHER SIDE.

6          THE OTHER SIDE COMPLAINED THAT IT WAS OVERLY --

7     OVERLY BURDENSOME.  SO, WE BASICALLY IDENTIFIED FOR THEM

8     THOSE DOCUMENTS THAT WE WOULD PREFER TO LOOK AT FIRST

9     WITHOUT, AT THIS POINT, INSISTING ON THE REST OF THEM.

10          FUNDAMENTALLY, IT'S THEIR BURDEN TO SUPPLEMENT.

11     AND WHAT WE CAN ASK FOR IS TO GET ALL THE DOCUMENTS, TO

12     SUPPLEMENT ALL THE DOCUMENTS THAT THEY PRODUCED BEFORE WHICH

13     ARE NOW THREE YEARS OUT OF DATE.  THEY PRODUCED SIX YEARS'

14     WORTH OF INFORMATION MORE OR LESS THE LAST TIME.  ALL WE WANT

15     IS AT THIS POINT TO GET THE REMAINING THREE.

16          WE'RE NOT LOOKING AT A LARGE NUMBER OF

17     DOCUMENTATION, YOUR HONOR.  THIS IS IT.  THIS WAS SIX YEARS'

18     WORTH OF DATA.  HALF OF THIS WOULD BE ABOUT 750 OR 800 PAGES,

19     IF -- IF THE DOCUMENTATIONS WERE --

20          THE COURT:  ARE THOSE DATA -- THOSE ARE SALES

21     COMPILATIONS, OR?

22          MR. GRUNFELD:  YES, THEY'RE SALES COMPILATIONS.

23          THE COURT:  BUT NOT THE UNDERLYING --

24          MR. GRUNFELD:  THOSE ARE THE THREE CATEGORIES THAT

25     WE IDENTIFIED IN OUR MOVING PAPERS.  SPECIFICALLY, THEY ARE

1    SALES FIGURES, SPREADSHEETS BY CUSTOMER AND PRODUCT,

2    FINANCIAL ANNOUNCEMENT, AND THIRD-PARTY ANALYSIS AND COST OF

3    GOODS SOLD SPREADSHEETS.  AGAIN, THE BURDEN IS NOT ON US.

4    THE BURDEN IS ON THEM UNDER THE FEDERAL RULE.

5              AND, THEN, FINALLY WITH RESPECT TO THE MOST

6    IMPORTANT POINT IN THIS PARTICULAR PIECE OF ORAL ARGUMENT, WE

7    DO NOT KNOW WHAT PRODUCTS HAVE COME INTO BEING SINCE THE LAST

8    TIME COCHLEAR RESPONDED TO DISCOVERY.

9              INTERROGATORY NUMBER 8, WHICH YOU HAVE IN FRONT OF

10   YOU, ASKED THEM TO LIST AND IDENTIFY ALL THE DOCUMENTS THAT

11   THEY SOLD IN THE UNITED STATES.  NUCLEUS 5 AND OTHER --

12   PRESUMABLY OTHER PRODUCTS WERE NOT IDENTIFIED SINCE THAT

13   INITIAL PRODUCTION.

14             SO, I DO NOT WANT TO BE PUT IN A POSITION WHERE

15   THERE'S A PRODUCT OUT THERE THAT IS BEING SOLD WHERE THE

16   PATENT IS POTENTIALLY AT ISSUE THAT --

17             THE COURT:  I UNDERSTAND.

18             MR. GRUNFELD:  AND, SO, IT SEEMS TO ME THAT THE

19   PROPOSED ORDER IN FRONT OF YOU TAKES CARE OF THAT ISSUE.

20   LIMITING IT ONLY TO NUCLEUS 5, WHERE I DON'T KNOW THE BREADTH

21   OF THE PRODUCTS --

22             THE COURT:  I UNDERSTAND.

23             MR. GRUNFELD:  -- IS DIFFICULT TO MY CLIENT.

24             THANK YOU, YOUR HONOR.

25             MR. CHAPMAN:  I'M GOING TO GO IN THAT SAME ORDER,

14

```
 1    YOUR HONOR.

 2              THE COURT:  OKAY.

 3              MR. CHAPMAN:  I'M STILL NOT CERTAIN, AT LEAST BASED

 4    ON THE PROPOSED ORDER AND MR. GRUNFELD'S COMMENTS, WHAT

 5    FINANCIAL DOCUMENTS WE NEED TO SUPPLEMENT.

 6              NOW, I UNDERSTAND, AND WE AGREE, THAT AT SOME POINT

 7    WE HAVE AN OBLIGATION TO UPDATE THE SALES INFORMATION SO THAT

 8    THAT CAN BE PLUGGED INTO THE EXPERT REPORT FOR A CALCULATION

 9    OF THE DAMAGES.  AND WE UNDERSTAND THAT YOUR HONOR BELIEVES

10    WE SHOULD DO THAT NOW.

11              BUT BEYOND THAT, BEYOND THAT INFORMATION THAT THE

12    EXPERT USED TO ACTUALLY MULTIPLY TIMES THE REASONABLE ROYALTY

13    RATE FOR SALES INFORMATION, WE DON'T THINK THAT WE HAVE AN

14    OBLIGATION UNDER RULE 26(E) TO SUPPLEMENT.

15              AND, THEREFORE, WE JUST WANT CLARIFICATION SO THAT

16    WE'RE NOT FAILING TO PROVIDE SOMETHING THAT THE COURT THINKS

17    THAT WE SHOULD BE PROVIDING.

18              THE COURT:  IS YOUR DIFFICULTY WITH THE PHRASE

19    "UPDATED VERSIONS"?

20              MR. CHAPMAN:  WELL, YES.  I MEAN, FOR EXAMPLE,

21    THERE'S AN EMAIL FROM 2008 THAT TALKS ABOUT THE ANNOUNCEMENT

22    OF THE LITIGATION AND THINGS ABOUT THE FILING OF THE

23    LITIGATION.  THERE WON'T BE AN UPDATED VERSION OF THAT

24    DOCUMENT --

25              THE COURT:  RIGHT.
```

1          MR. CHAPMAN:  -- BUT THERE MAY BE THINGS,

2     SUBSEQUENT EMAILS THAT TALK ABOUT THE LITIGATION.

3          IS THAT WHAT WE'RE BEING ASKED TO SUPPLEMENT?

4          THE COURT:  WELL, I -- NO, I DON'T THINK SO.  I

5     THINK WHAT YOU'RE -- WHAT THEY'RE SEEKING IS AN ORDER TO

6     PRODUCE SALES DATA THAT -- TO UPDATE THE SALES DATA FOR THE

7     LAST THREE YEARS.

8          MR. CHAPMAN:  WE CERTAINLY CAN DO THAT AND

9     UNDERSTAND THAT, IF THAT'S WHAT THEY'RE ASKING.  BUT I

10    BELIEVE THAT -- AT LEAST, MY UNDERSTANDING IS THAT THEY WERE

11    ASKING FOR MORE.

12         THE COURT:  AM I WRONG, MR. GRUNFELD?

13         MR. GRUNFELD:  YOUR HONOR, IT'S PRIMARILY SALES.

14    BUT FUNDAMENTALLY THEY HAVE THE OBLI- -- THEY PRODUCED IT

15    ONCE FOR A PERIOD OF SIX YEARS.  THEY ESSENTIALLY NEED TO DO

16    IT FOR THE REMAINING THREE YEARS.  MOST OF IT IS SALES.

17         BUT THEY HAD NO ISSUE FIGURING OUT WHAT THEY WERE

18    OBLIGATED TO PRODUCE FOR THE FIRST SIX YEARS.  I'M NOT SURE

19    WHY THERE'S A DIFFICULT -- DIFFICULTY IN TERMS OF FIGURING

20    OUT WHAT TO DO NOW FOR THE LAST THREE YEARS.

21         THE COURT:  WELL, I THINK BECAUSE OF THE -- IT MAY

22    BE BECAUSE OF THE PHRASE "UPDATED VERSIONS."  IN OTHER WORDS

23    --

24         MR. CHAPMAN:  WELL, I THINK --

25         MR. GRUNFELD:  IF THERE ARE NO -- I'M SORRY.

16

1          MR. CHAPMAN:  I'M SORRY.

2          I THINK, YOUR HONOR, WE'RE HAVING A LITTLE BIT OF A

3    FUNDAMENTAL DISAGREEMENT HERE BECAUSE I BELIEVE WHAT MR.

4    GRUNFELD IS SAYING, IMPLYING AT LEAST, THAT RULE 26(E)

5    REQUIRES US TO DO IS COMPLETELY UPDATE OUR PRODUCTIONS FOR

6    ANY DOCUMENTS COVERED BY THE DISCOVERY REQUESTS AT ISSUE.

7    AND THAT IS NOT WHAT COCHLEAR UNDERSTANDS ITS RULE 26(E)

8    OBLIGATIONS TO BE, ONLY TO PRODUCE DOCUMENTS THAT ARE

9    MATERIAL AND WOULD COMPLETE OR CORRECT THE DOCUMENTS THAT WE

10   ALREADY PRODUCED.

11          AND, SO, IF THE OBLIGATION THAT WOULD BE IMPOSED BY

12   THE ORDER IS SIMPLY TO UPDATE OUR COMPLETE PRODUCTION IN

13   RESPONSE TO THE DISCOVERY REQUESTS, WE NEED TO UNDERSTAND

14   THAT BECAUSE THAT IS NOT OUR UNDERSTANDING OF WHAT THE BURDEN

15   OF RULE 26(E) WOULD IMPOSE ON US.

16          THE COURT:  WELL, IF -- I MEAN, THE RULE REQUIRES

17   YOU TO SUPPLEMENT YOUR RESPONSES IN A TIMELY MANNER INCLUDING

18   YOUR SALES FIGURES.

19          MR. CHAPMAN:  AND WE UNDERSTAND SALES FIGURES, YOUR

20   HONOR.  AND WE CERTAINLY CAN PROVIDE THAT.  IT'S BEYOND THE

21   SALES FIGURES I THINK WHERE -- WHERE IT'S UNCLEAR TO ME, AT

22   LEAST.

23          THE COURT:  ALL RIGHT.  WELL, LET ME HEAR AGAIN

24   EXACTLY WHAT ELSE ARE SEEKING IN NUMBER 10, ISSUE 2?

25          MR. GRUNFELD:  YOUR HONOR, I WILL TURN YOUR

17

1  ATTENTION TO PAGE 18 OF THE JOINT STIPULATION FILED WITH THE

2  COURT STARTING WITH LINE 16.

3          THE COURT:  WELL, IT WASN'T A JOINT STIPULATION

4  THERE.  IT WAS JUST A MOTION -- OH, I SEE -- OKAY.

5          MR. GRUNFELD:  SO, STARTING WITH LINE 16, BUT MORE

6  SPECIFICALLY WITH LINE 18.

7          RATHER THAN -- IT IS OUR POSITION THAT THEY NEED TO

8  SUPPLEMENT ALL THE DOCUMENTS THAT THEY PRODUCED IN RESPONSE

9  TO THE FINANCIAL AND SALES ANALYSIS IN THE PAST.

10          BUT IN ORDER TO ADDRESS SOME OF THEIR CONCERNS, WE

11  WERE WILLING AS AN ACCOMMODATION TO LIMIT IT TO THESE THREE

12  TYPES OF DOCUMENTS -- SO, A SERIES OF SALES FIGURES,

13  SPREADSHEETS BROKEN DOWN BY CUSTOMER AND PRODUCT, A SERIES OF

14  FINANCIAL ANNOUNCEMENT AND THIRD-PARTY ANALYSIS REPORTS, AND

15  FINALLY A SERIES OF COST OF GOODS SOLD SPREADSHEETS.

16          THE COURT:  AND THAT'S IT.

17          MR. GRUNFELD:  AND, AGAIN, OF --

18          THE COURT:  PAGE 18, YOU SAID?

19          MR. GRUNFELD:  I'M SORRY.  PAGE 18, LINES -- IT WAS

20  THE PARAGRAPH STARTING ON PAGE 16.

21          THE COURT:  OKAY.  GOT IT.

22          (PAUSE IN PROCEEDINGS.)

23          MR. GRUNFELD:  YOUR HONOR --

24          THE COURT:  OKAY.

25          MR. GRUNFELD:  YOUR HONOR, IT MAY BE HELPFUL, MY

18

1   COLLEAGUE, MR. ROTTER, CAN JUST BRIEFLY WALK YOU THROUGH THE

2   DOCUMENTS THAT HAVE PREVIOUSLY BEEN PRODUCED --

3           THE COURT:  NO, I TAKE YOUR WORD FOR IT THAT'S WHAT

4   WAS PRODUCED.  AND THAT IS WHAT YOU'RE SEEKING NOW.

5           MR. GRUNFELD:  THERE WAS MUCH MORE THAN WAS

6   PRODUCED, BUT THIS IS WHAT WE'RE SEEKING AT THIS TIME.

7           THE COURT:  OKAY.  ALL RIGHT.

8           ANYTHING ELSE FROM EITHER SIDE?

9           MR. GRUNFELD:  NO, YOUR HONOR.

10          MR. CHAPMAN:  NO, YOUR HONOR.

11          THE COURT:  DID I INTERRUPT YOU?  WAS THERE

12  SOMETHING ELSE YOU WANTED TO SAY?

13          MR. CHAPMAN:  NO, YOUR HONOR, I'M DONE.

14          THE COURT:  ALL RIGHT.  THANK YOU.  AND I'LL TRY TO

15  GET AN ORDER OUT BY TOMORROW.

16          MR. GRUNFELD:  THANK YOU, YOUR HONOR.

17          MR. CHAPMAN:  THANK YOU, YOUR HONOR.

18          MR. ROTTER:  THANK YOU, YOUR HONOR.

19          (PROCEEDINGS ADJOURNED 2:20 P.M.)

20

21

22

23

24

25

19

1

2                          C E R T I F I C A T E

3

4            I CERTIFY THAT THE FOREGOING IS A CORRECT

5   TRANSCRIPT FROM THE ELECTRONIC SOUND RECORDING OF THE

6   PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

7

8   S/S DOROTHY BABYKIN                        9/16/11

9   _____        _____

10  FEDERALLY CERTIFIED TRANSCRIBER          DATED

11  DOROTHY BABYKIN

12

13

14

15

16

17

18

19

20

21

22

23

24

25