SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
BRUCE G. CHAPMAN (Cal. Bar No. 164258)
bchapman@sheppardmullin.com
SCOTT R. MILLER (Cal. Bar No. 112656)
smiller@sheppardmullin.com
LAURA M. BURSON (Cal. Bar No. 204459)
lburson@sheppardmullin.com
MANUEL C. NELSON (Cal. Bar No. 229590)
mnelson@sheppardmullin.com
DENNIS J. SMITH (Cal. Bar No. 233842)
djsmith@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:  213.620.1780
Facsimile:   213.620.1398

Attorneys for Defendants and
Counterclaimants COCHLEAR LIMITED
and COCHLEAR AMERICAS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALFRED E. MANN FOUNDATION FOR SCIENTIFIC RESEARCH, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> COCHLEAR CORPORATION, *et al.*, <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS. | Case No. CV 07-08108 FMO (SHx) <br><br> **REPLY TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** |

SMRH:410057853.1

# TABLE OF CONTENTS

**Page**

I.   Indefiniteness Is Properly Before The Court ........................................................ 1

II.  Special Purpose Microprocessors Require an Algorithm ................................. 2

III. AMF Has Not Identified Any Algorithms in the Patents-in-Suit ..................... 5

IV.  The Patents-in-Suit Do Not Disclose the Necessary Structure ......................... 6

# TABLE OF AUTHORITIES

Page(s)

Cases

*Absolute Software, Inc. v. Stealth Signal, Inc.*
   659 F.3d 1121 (Fed. Cir. 2011) .................................................................. 2

*Aristocrat Techs. Australia Pty Ltd. v. Int'l Game Tech.*
   521 F.3d 1328 (Fed. Cir. 2008) ............................................................. 3, 6

*Blackboard, Inc. v. Desire2Learn Inc.*
   574 F.3d 1371 (Fed.Cir. 2009) .................................................................. 6

*Ergo Licensing, LLC v. CareFusion 303, Inc.*
   673 F.3d 1361 (Fed. Cir. 2012) ........................................................ 3, 4, 5

*Finisar Corp. v. Direct TV Group, Inc.*
   523 F.3d 1323 (Fed. Cir. 2008) .................................................................. 5

*Harris Corp. v. Ericsson, Inc.*
   417 F.3d 1241 (Fed. Cir. 2005) .................................................................. 3

*Interactive Gift Exp., Inc. v. Compuserve Inc.*
   256 F.3d 1323 (Fed. Cir. 2001) .................................................................. 2

*In re Katz Interactive Call Processing Patent Litig.*
   639 F.3d 1303 (Fed. Cir. 2011) ............................................................. 4, 5

*Key Pharmaceuticals v. Hercon Laboratories Corp.*
   161 F.3d 709 (Fed. Cir. 1998) .................................................................... 2

*Levine v. Samsung Telecommunications Am.*
   LLC, 2012 WL 383647 (E.D.Tex. Feb. 3, 2012) ................................. 2, 3

*N. Telecom Ltd. v. Samsung Electronics Co., Ltd.*
   215 F.3d 1281 (Fed. Cir. 2000) .................................................................. 2

*New Hampshire v. Maine*
   532 U.S. 742 (2001) ................................................................................... 2

*Noah Sys., Inc. v. Intuit Inc.*
   675 F.3d 1302 (Fed. Cir. 2012) ............................................................. 5, 6

*Tehrani v. Hamilton Medical, Inc.*
   331 F.3d 1355 (Fed. Cir. 2003) .................................................................. 3

*WMS Gaming Inc. v. Int'l Game Tech.*
   184 F.3d 1339 (Fed. Cir. 1999) ............................................................. 3, 4

Statutes

35 U.S.C. § 112, ¶ 2 ......................................................................................... 1, 5

35 U.S.C. § 112, ¶2 and ¶ 6 ............................................................................. 1, 2

Pursuant to the Court's order dated August 29, 2013, defendants Cochlear Corporation (n/k/a Cochlear Americas) and Cochlear Limited (collectively "Cochlear") hereby reply to Plaintiff Alfred E. Mann Foundation For Scientific Research's ("AMF's") Supplemental Memorandum of Points and Authorities in Support of its Motion for Summary Judgment.

## I.   Indefiniteness Is Properly Before The Court

AMF says "[n]ow, *for the first time*, Cochlear *comes to the Court* to argue that the claims are indefinite for failing to include an algorithm in the construction." AMF Brief at p. 2 (emphasis in original). AMF's statement is simply not true. On October 17, 2008, Cochlear filed a stipulation with the Court stating that the agreed-to "structure (such as … a microprocessor) is not sufficient … to meet the requirements of 35 U.S.C. § 112, ¶2 and ¶6." *See* D.I. 52 at p. 5, para. 4. On October 31, 2008, Cochlear stated, as part of claim construction briefing, that the parties agree on the corresponding structure of a microprocessor, but that structure is not sufficient and will render the claims invalid even after construction. *See* D.I. 59 at p. 7. And on May 22, 2009, Cochlear filed a motion (denied as moot when the case was dismissed for lack of standing) asking the Court to find that claims 1-14 of the '691 patent and claims 1-9 and 12-14 of the '616 patent were invalid as indefinite under 35 U.S.C. § 112, ¶ 2 for the same reasons advocated in the current summary judgment motion. *See* D.I. 106 and 109 at p. 20. Since the beginning of the case, Cochlear has consistently "come to the Court to argue that the claims are indefinite for failing to include an algorithm in the construction."

Cochlear is not challenging the Court's claim construction or seeking a new construction. The construction of the means-plus-function clauses is the best construction possible. The corresponding structure is a microprocessor as recited in the construction. There is no other structure that corresponds to the means-plus-function clauses at issue. Because Cochlear is not challenging the claim construction, none of the cases cited by AMF bears even remotely on Cochlear's

summary judgment motion. *Absolute Software, Inc. v. Stealth Signal, Inc.*, 659 F.3d 1121, 1130-32 (Fed. Cir. 2011) involved a party trying to appeal a claim construction that it never objected to. Here Cochlear does not challenge the construction. *New Hampshire v. Maine*, 532 U.S. 742, 749-51 (2001) relates to judicial estoppel arising from a change of position in the litigation. Here there has been no change in position.[1] Cochlear has consistently agreed that the structure of a microprocessor was the best possible construction for the means-plus-function clauses at issue, but that the construction was still not sufficient to satisfy the requirements of 35 U.S.C. § 112, ¶ 2 and ¶ 6.

It is, in fact, AMF that should be barred from asserting any additional structure (such as an algorithm) corresponding to the means-plus-function clauses. AMF stipulated that the corresponding structure is solely a microprocessor, and did not object to the Special Master's similar recommendation. *Absolute Software*, 659 F.3d at 1130-32 (lack of objection waives claim construction argument). AMF's arguments implicitly seek a new construction and it is too late for that.

The issue of indefiniteness has been consistently before the Court, but never decided. It is ripe for decision at this time.

## II.     Special Purpose Microprocessors Require an Algorithm

AMF asserts that the "'microprocessors' disclosed in the specifications of the '691 and '616 patents are special purpose microprocessors …." AMF Brief at p. 4. AMF then argues that an algorithm is not required for special purpose microprocessors, citing only *Levine v. Samsung Telecommunications Am.*, LLC, 2012 WL 383647, at *19 (E.D.Tex. Feb. 3, 2012). *Levine* does not, however,

---

[1] Likewise, the other cases cited by AMF – *Interactive Gift Exp., Inc. v. Compuserve Inc.*, 256 F.3d 1323, 1345-46 (Fed. Cir. 2001), *N. Telecom Ltd. v. Samsung Electronics Co., Ltd.*, 215 F.3d 1281, 1290 (Fed. Cir. 2000), and *Key Pharmaceuticals v. Hercon Laboratories Corp.*, 161 F.3d 709, 714-15 (Fed. Cir. 1998) – all involve situations where a party tries to change its claim construction position on appeal. Cochlear is not changing its claim construction position, so these cases are completely inapposite.

involve a microprocessor of any kind, either general or special purpose.  Instead, *Levine* involves "special-purpose hardware … such as the video image signal transmitter or, alternatively, the ultrasonic generator 84, detector transducer 82, retroreflector 79, converter 81, as well as the image selector circuit/processor 24." *Id.*  Because *Levine* does not involve a microprocessor it does not and cannot stand for the proposition, as asserted by AMF, that there is no algorithm requirement for special purpose microprocessors.

The Federal Circuit has in fact consistently applied the algorithm requirement to all microprocessors, even those in specialized equipment.  *See e.g. WMS Gaming Inc. v. Int'l Game Tech.*, 184 F.3d 1339, 1343 and 1349 (Fed. Cir. 1999) (applying requirement to microprocessor in slot machine); *Tehrani v. Hamilton Medical, Inc.*, 331 F.3d 1355, 1356 and 1362 (Fed. Cir. 2003) (applying requirement to microprocessor in respirator); *Harris Corp. v. Ericsson, Inc.*, 417 F.3d 1241, 1245 and 1253 (Fed. Cir. 2005) (applying requirement to microprocessor in cellular communication equipment); *Aristocrat Techs. Australia Pty Ltd. v. Int'l Game Tech.*, 521 F.3d 1328, 1330 and 1333 (Fed. Cir. 2008) (applying requirement to microprocessor in slot machine); *Ergo Licensing, LLC v. CareFusion 303, Inc.*, 673 F.3d 1361, 1362 and 1364 (Fed. Cir. 2012) (applying requirement to microprocessor used in medical infusion pump).  The requirement for an algorithm applies to microprocessor 30 regardless of whether that microprocessor is a general or special purpose microprocessor.

With regard to claim 1, 6, 9 and 14 of the '691 patent AMF goes even further than saying that the requirement for an algorithm does not apply, boldly asserting that microprocessor 30 in the '691 patent "need not be programmable," citing JA 492 (Young Decl. at ¶ 26).  AMF Brief at p. 6.  Prof. Young's declaration provides no support for this proposition; instead, Prof. Young says that "[m]ost ASICs are programmed at the factory …." *Id.*  In other words, contrary to AMF's argument, Prof. Young actually says that microprocessor 30 is programmable.

Indeed, the programmable nature of microprocessors has been established in Federal Circuit precedent:

> A microprocessor contains a myriad of interconnected transistors that operate as electronic switches. … The instructions of the software program cause the switches to either open or close. … The opening and closing of the interconnected switches creates electrical paths in the microprocessor that cause it to perform the desired function of the instructions that carry out the algorithm.

*WMS Gaming*, 184 F.3d at 1348 fn. 3.  Microprocessor 30 is inherently programmable.  It does not matter that the programming may not be done "by the user."  As discussed above, the Federal Circuit has applied the requirement for an algorithm to many microprocessors – such as those in slot machines, respirators and infusion pumps – that are not programmable by a user.

With regard to claims 1 and 12 of the '616 patent, AMF also argues for the first time that functions such as "receiving" and "processing" do not require an algorithm, citing *In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303 (Fed. Cir. 2011) and a district court case applying *In re Katz*.  *In re Katz* is, however, a "narrow exception" to the requirement that an algorithm must be disclosed. *Ergo Licensing*, 673 F.3d at 1364-65.  The exception applies only when the function can be achieved by "any general purpose computer without special programming." *Id.* (internal quotation omitted).  "If special programming is required … to perform the corresponding claimed function, then the default rule requiring disclosure of an algorithm applies." *Id.* at 1365.

Here, the claimed functions for the means-plus-function clauses at issue in claims 1 and 12 of the '616 patent require the microprocessor "to derive information … regarding the operation of the implanted stimulator and its plurality of tissue stimulating electrodes."  This function goes far beyond generalized receiving and processing that can be achieved by any general purpose computer without special

programming, and thus far beyond the narrow limit of the *In re Katz* exception. Here, "the default rule requiring disclosure of an algorithm applies." *Ergo Licensing*, 673 F.3d at 1365.

### III.     AMF Has Not Identified Any Algorithms in the Patents-in-Suit

AMF stipulated that the structure corresponding to the means-plus-function clauses at issue was a microprocessor without identification of any associated algorithm, and AMF should be held to its stipulation. But even if AMF can go beyond the stipulation, there is still no algorithm. Although an algorithm may be expressed in any understandable terms, "an algorithm is still a *step-by-step procedure* for accomplishing a given result." *Ergo Licensing*, 673 F.3d at 1365 (emphasis added; internal quotation omitted). AMF does not identify any step-by-step procedure.

For the '691 patent and function of "generating data indicative of the audio signal," AMF says that the algorithm is "encoding the digital data from the analog to digital converter with logarithmic amplitude information to generate data for use to encode an amplitude modulated signal." AMF Brief at p. 10. This is no step-by-step procedure; it basically just restates the function using big words. Although *Finisar Corp. v. Direct TV Group, Inc.*, 523 F.3d 1323, 1341 (Fed. Cir. 2008) may have said that the Federal Circuit does not impose a lofty standard, that case also made it quite clear – when it invalidated the claims at issue – that providing "nothing more than a restatement of the function" fails satisfy the requirements of 35 U.S.C. § 112, ¶ 2. *Id.* at 1340. AMF's alleged algorithm is not even found in the disclosure of the '691 patent, but rather gleaned from the understanding of one skilled in the art. "[T]he *disclosure* must identify the method for performing the function, whether or not a skilled artisan might otherwise be able to glean such a method from … his own understanding." *Noah Sys., Inc. v. Intuit Inc.*, 675 F.3d 1302, 1317 (Fed. Cir. 2012) (emphasis in the original). AMF does not point to a step-by-step algorithm and cannot rely on one of skill in the art to provide one.

For the '616 patent and the function of "processing the received status-indicating signals to derive information therefrom regarding the operation of the ICS and its plurality of tissue stimulating electrodes," AMF is even further from identifying a corresponding algorithm. In this regard, AMF says "[i]f the tester is set to display impedance, the microprocessor uses Ohm's law …." AMF Brief at p. 12. But what if the tester is set to display one of the many other parameters? AMF has not even tried to identify any *step-by-step procedure* that processes all of the received status indicating signals to derive information on the operation of the ICS. AMF also fails to point to any actual disclosure of an algorithm, but merely says "[t]he process … is simple and would be readily understood by one skilled in the art." AMF Brief at p. 12. The focus should be on the *disclosure* and not what one skilled in the art can glean from his knowledge. *Noah Sys.*, 675 F.3d at 1317.

**IV.   The Patents-in-Suit Do Not Disclose the Necessary Structure**

AMF's argument that the patents-in-suit disclose sufficient structure to one skilled in the art confuses the requirement to enable a skilled person to practice the invention with the requirement to *disclose* structure that performs the recited function. *Aristocrat*, 521 F.3d at 1336. "A patentee cannot avoid providing specificity as to structure simply because someone of ordinary skill in the art would be able to devise a means to perform the claimed function." *Blackboard, Inc. v. Desire2Learn, Inc.*, 574 F.3d 1371, 1385 (Fed.Cir. 2009). Neither the '616 patent nor the '691 patent *disclose* a step-by-step procedure for performing the functions recited in the means-plus-function clauses at issue. As a result, under governing Federal Circuit law, claims 6-9 and 14 of the '691 patent and claims 1 and 12 of the '616 patent are invalid as indefinite.

Dated:  September 12, 2013         SHEPPARD, MULLIN, RICHTER
                                     & HAMPTON LLP
                                   By:   /s/
                                       Bruce G. Chapman
                                   Attorneys for Defendant/Counterclaimants
                                   COCHLEAR LTD. and COCHLEAR AMERICAS