DANIEL JOHNSON, JR. (SBN 57409)
DANIEL GRUNFELD (SBN 128494)
MICHAEL J. LYONS (SBN 202284)
JASON E. GETTLEMAN (SBN 269733)
MORGAN, LEWIS & BOCKIUS LLP
3000 El Camino Real, Suite 7000
Palo Alto, CA  94306-2122
Tel:  650.843.4000
Fax:  650.843.4001
Email:  djjohnson@morganlewis.com
Email:  dgrunfeld@morganlewis.com
Email:  mlyons@morganlewis.com
Email:  jgettleman@morganlewis.com

Attorneys for Plaintiff
ALFRED E. MANN FOUNDATION FOR
SCIENTIFIC RESEARCH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALFRED E. MANN FOUNDATION FOR SCIENTIFIC RESEARCH,<br><br>Plaintiff,<br><br>vs.<br><br>COCHLEAR CORPORATION, et al.,<br><br>Defendants. | Case No. 2:07-cv-08108-FMO-SH<br><br>**PLAINTIFF'S REPLY TO COCHLEAR'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES RE MOTIONS FOR SUMMARY JUDGMENT** |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................. 1

II. LEGAL ARGUMENT ........................................................................................... 1

    A. Cochlear Is Barred As A Matter Of Law From Raising The Indefiniteness Argument ........................................................................... 1

    B. Cochlear Failed To Show That The Corresponding Structure In The AMF Patents is Programmable ........................................................... 2

    C. Assuming, *Arguendo*, That An Algorithm Is Required, Cochlear Failed To Show That The AMF Patent Disclosure Is Inadequate ........ 5

    D. Cochlear Failed To Show That A Person Of Ordinary Skill In The Art Would Not Have Understood The AMF Patents To Provide The Necessary Structure Under 35 U.S.C. § 112, ¶ 6 ............. 6

III. CONCLUSION ..................................................................................................... 6

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Absolute Software, Inv. v. Stealth Signal, Inc.*,
659 F. 3d 1121 (Fed. Cir. 2011) .................................................................... 2

*e-LYNXX Corp. v. Innerworkings, Inc.*,
2012 U.S. Dist. LEXIS 138997 (M.D. Pa. Sept. 27, 2012) ......................... 4

*ePlus, Inc. v. Lawson Software, Inc.*,
700 F.3d 509 (Fed. Cir. 2013) ...................................................................... 2

*Ergo Licensing, LLC v. CareFusion, Inc.*,
673 F.3d 1361 (Fed. Cir. 2012) ................................................................ 6, 4

*Finisar Corp. v. DirecTV Group, Inc.*,
523 F.3d 1323 (Fed. Cir. 2008) .................................................................... 5

*Halliburton Energy Servs., Inc. v. M-I LLC*,
514 F.3d 1244 (Fed. Cir. 2008) .................................................................... 5

*In re Katz Interactive Call Processing Patent Litig.*,
639 F.3d 1303 (Fed. Cir. 2011) ................................................................ 3, 4

*Microsoft Corp. v. Multi-Tech Sys., Inc.*,
2002 U.S. Dist. LEXIS 15960 (D. Minn. August 16, 2002) ................... 4, 5

*N. Telecom Ltd. v. Samsung Electronics Co., Ltd.*,
215 F.3d 1281 (Fed. Cir. 2000) .................................................................... 1

*Noah Sys., Inc. v. Intuit Inc.*,
675 F.3d 1302 (Fed. Cir. 2012) .................................................................... 2

*Source Search Techs., LLC v. LendingTree, LLC*,
588 F.3d 1063 (Fed. Cir. 2009) .................................................................... 2

*SPX Corp. v. Bartec USA, LLC*,
557 F. Supp. 2d 810 (E.D. Mich. 2008) ................................................... 3, 6

*Tehrani v. Hamilton Medical, Inc.*,
331 F.3d 1355 (Fed. Cir. 2003) ................................................................ 4, 5

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Telcordia Techs., Inc. v. Cisco Sys., Inc.*,
   612 F.3d 1365 (Fed. Cir. 2010) .................................................................... 5

**STATUTES**

35 U.S.C. § 112, ¶ 6 ............................................................................................. 6

## I. INTRODUCTION

Plaintiff Alfred E. Mann Foundation for Scientific Research ("AMF") files this Reply to Cochlear's Supplemental Memorandum of Points and Authorities in support of its motion for summary judgment that the asserted means-plus-function claims of U.S. Patent Nos. 5,609,616 ("'616 patent") and 5,938,691 ("'691 patent") are not indefinite. The law is clear that AMF is entitled to judgment in its favor and nothing in Cochlear's Supplemental Brief ("Cochlear Brief") changes that outcome.

## II. LEGAL ARGUMENT

### A. Cochlear Is Barred As A Matter Of Law From Raising The Indefiniteness Argument

Cochlear contends that the parties agreed to reserve indefiniteness for a later determination and, thus, it is not estopped from raising the indefiniteness argument now for the first time before this Court. Cochlear Brief at 1. Cochlear is incorrect. Cochlear cannot avoid estoppel simply by putting in an inconsistent reservation. *See N. Telecom Ltd. v. Samsung Electronics Co., Ltd.*, 215 F.3d 1281, 1290 (Fed. Cir. 2000).

Cochlear further argues that the technical question of whether the ASIC disclosed in the AMF patents is programmable was not within the mandate of the Special Master. Cochlear Brief at 2. Contrary to Cochlear's view, an analysis of the algorithm issue was well within the scope the Special Master's mandate in being appointed by Judge King because the decision of whether an algorithm needs to be included in a *definition* and, if so, what the algorithm would be is a "*construction* of the *disputed* claim terms." See Order re: Joint Status Report Regarding Appointment of Special Master (D.I. 179) (emphasis added). By agreeing to the construction, Cochlear eliminated any apparent dispute, thereby doing precisely what would remove this hotly disputed issue from the purview of the Special Master. In addition to preventing the Special Master from considering the issue, Cochlear provided no notice to Judge King who adopted the constructions

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1   CASE NO. 2:07-cv-08108-FMO-SH
PLAINTIFF'S REPLY TO COCHLEAR'S SUPPLEMENTAL MEMORANDUM OF POINTS AND
AUTHORITIES RE MOTIONS FOR SUMMARY JUDGMENT

1  of the Special Master and AMF for these limitations.  JA2669.

2       Nor did Cochlear challenge the Special Master's recommendation with regard to these disputed means-plus-function limitations.  The Federal Circuit made clear in *Absolute* that failure to raise issues with the Special Master's recommendation waives the right dispute them later.  *Absolute Software, Inv. v. Stealth Signal, Inc.*, 659 F. 3d 1121, 1131 (Fed. Cir. 2011).  Cochlear's agreement to the proffered constructions and failure to challenge the Special Master's recommendation must be viewed as a waiver "given the careful claim construction procedure the district court established in this case."  *Absolute*, 659 F.3d at 1131-1132.

     The cases cited by Cochlear regarding the appropriate time to raise an indefiniteness argument are inapposite because none of those cases involve a party attacking as indefinite a claim construction to which they have already agreed.  *See, e.g.*, *Noah Sys., Inc. v. Intuit Inc.*, 675 F.3d 1302, 1307-1308 (Fed. Cir. 2012) ("*After conducting a day-long Markman hearing*, the court-appointed special master issued his Claim Construction R & R…[in which he] concluded that the 'access means' limitation was indefinite…") (emphasis added); *Source Search Techs., LLC v. LendingTree, LLC*, 588 F.3d 1063, 1068 (Fed. Cir. 2009) ("The *district court* also *construed* 'goods or services' to mean 'standardized articles of trade and performances of work for another.'") (emphasis added); *ePlus, Inc. v. Lawson Software, Inc.*, 700 F.3d 509, 516 (Fed. Cir. 2013) ("Lawson generally argued that the system claims were indefinite and also incorporated by reference its *indefiniteness arguments made during claim construction*…") (emphasis added).

**B.  Cochlear Failed To Show That The Corresponding Structure In The AMF Patents is Programmable**

Cochlear's brief devotes essentially a single paragraph to the topic of what is disclosed in the patents.  *See* Cochlear Brief at 3:27 – 4:10.  This single paragraph provides only a string cite to various passages with no analysis.  Instead of referring

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Palo Alto

2         CASE NO. 2:07-cv-08108-FMO-SH
PLAINTIFF'S REPLY TO COCHLEAR'S SUPPLEMENTAL MEMORANDUM OF POINTS AND
AUTHORITIES RE MOTIONS FOR SUMMARY JUDGMENT

1   to AMF's patents as directed by the Court, Cochlear instead cites to Wikipedia's
2   general reference to a "microprocessor [that] incorporates the functions of a
3   computer's central processing unit (CPU)" as being a "multipurpose, programmable
4   device." *Id*. at 4.  Unlike the "computer" discussed in Wikipedia, the AMF patents
5   are directed to a special purpose digital signal microprocessor.  AMF fully explains
6   in its Brief exactly how the AMF patents disclose that the microprocessor need not
7   be programmable and how no algorithm would be required.  *See* AMF's
8   Supplemental Brief ("Brief") at 4-8.

9   Cochlear admits that "the patents-in-suit do not explicitly state that
10  'microprocessor 30' is programmable."   Cochlear Brief at 4.  This is not surprising
11  because application specific microprocessors, such as DSPs, would have limited, if
12  any, programmability on the part of the user.  JA492 (Young Decl. ¶ 26).

13  Cochlear also ignores the fact that courts have expressly found that for
14  simple functions such as "processing," "receiving," and "generating" "it was not
15  necessary to disclose more structure than the general purpose processor that
16  performs those functions."  *See In re Katz Interactive Call Processing Patent Litig.*,
17  639 F.3d 1303 (Fed. Cir. 2011); *see also SPX Corp. v. Bartec USA, LLC*, 557 F.
18  Supp. 2d 810, 819-820 (E.D. Mich. 2008).

19  The technology at issue in *Katz* related to a telephone system for "acquiring
20  data from a large group of callers," and "using that data to identify some subset of
21  the group," or "direct[ing] [the callers] either to live-operator stations or to
22  computer-operated stations." *Katz*, 639 F.3d at 1308.  The disputed means-plus-
23  function claim limitations included functions such as "processing" and "receiving"
24  performed by a general purpose computer.[1]  The relatively simple functions of
25  "receiving" and "processing" the telephone data in *Katz* is similar to the "receiving

---

[1] For example, in *Katz*, the disputed claim limitations recite a "*means for processing* at least certain of said answer data signals" and "analysis *structure for receiving and processing* said caller data signals." *Katz* at 1314 (emphasis added).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

3                   CASE NO. 2:07-cv-08108-FMO-SH
PLAINTIFF'S REPLY TO COCHLEAR'S SUPPLEMENTAL MEMORANDUM OF POINTS AND
AUTHORITIES RE MOTIONS FOR SUMMARY JUDGMENT

and processing the status-indicating signals" or "processing the received status-indicating signals" in the AMF patents.

In *Katz*, the Federal Circuit distinguished the cases relied upon by Cochlear and found no algorithm was needed:

> Absent a possible narrower construction of the terms **"processing," "receiving," and "storing," discussed below, those functions can be achieved by any general purpose computer <u>without special programming</u>. As such, it was not necessary to disclose more structure than the general purpose processor that performs those functions.** Those seven claims do not run afoul of the rule against purely functional claiming, because the functions of "processing," "receiving," and "storing" are coextensive with the structure disclosed, i.e., a general purpose processor.

*Katz*, 639 F.3d at 1316 (emphasis added). The court in *e-LYNXX* presented a clear recitation of the case law on this issue. *See e-LYNXX Corp. v. Innerworkings, Inc.*, 2012 U.S. Dist. LEXIS 138997, *56-57 (M.D. Pa. Sept. 27, 2012) ("The Federal Circuit stated in *Katz*, and affirmed recently in *Noah Systems* and *Ergo Licensing*, that an algorithm is required only for those means-plus-function limitations that require use of a special purpose computer.") Based on its understanding, the court in *e-LYNXX* held that "there is no need for the '106 patent to disclose a particular algorithm for the function of 'receiving' information." *e-LYNXX*, at *58.

Cochlear's reliance on *Tehrani* and *Microsoft* is misplaced. In *Tehrani*, the asserted patent <u>specifically</u> required a "**programmable microcomputer**, [that] is controlled by a software algorithm to operate upon the input data …." *Tehrani v. Hamilton Medical, Inc.*, 331 F.3d 1355, 1362 (Fed. Cir. 2003) (emphasis added). The same is true for the processor in *Microsoft*. *Microsoft Corp. v. Multi-Tech Sys., Inc.*, 2002 U.S. Dist. LEXIS 15960, *50 (D. Minn. August 16, 2002) (discussing

4
CASE NO. 2:07-cv-08108-FMO-SH
PLAINTIFF'S REPLY TO COCHLEAR'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES RE MOTIONS FOR SUMMARY JUDGMENT

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

the U.S. Patent No. 5,452,289, which states that "[t]he digital signal processor (DSP) of the voice control circuit 306 is **programmed** to do the voice compression algorithm." '289 patent, 23:31 – 33 (emphasis added)).  Unlike the patents in *Tehrani* and *Microsoft*, it is undisputed that the AMF patents do not explicitly require a programmable microprocessor.

### C. Assuming, *Arguendo*, That An Algorithm Is Required, Cochlear Failed To Show That The AMF Patent Disclosure Is Inadequate

The definiteness standard is not "lofty." *Finisar Corp. v. DirecTV Group, Inc.*, 523 F.3d 1323, 1341 (Fed. Cir. 2008).  Indefiniteness cannot be found unless the claims are "quite vague" and where "one of skill simply cannot perceive the bounds of the invention." *Id*.  Cochlear bears the burden of proving "by clear and convincing evidence that a skilled artisan could not discern the boundaries of the claim based on the claim language, the specification, and the prosecution history, as well as her knowledge of the relevant art area." *Halliburton Energy Servs., Inc. v. M-I LLC*, 514 F.3d 1244, 1249-50 (Fed. Cir. 2008); *see also Telcordia Techs., Inc. v. Cisco Sys., Inc.*, 612 F.3d 1365, 1377 (Fed. Cir. 2010).  Cochlear has failed to meet its burden.

As explained in the Brief, AMF's patents clearly disclose an algorithm to those of skill in the art.  For the '691 patent, the patent teaches precisely what is input into the microprocessor and what must be output from the microprocessor.  To a person of ordinary skill in the art, this discloses what operations occur within the microprocessor.  JA494-JA495 (Young Decl. ¶¶ 33 - 35 ("encoding the digital data from the analog to digital converter with logarithmic amplitude information to generate data for use to encode an amplitude modulated signal.")).  For the '616 patent, the measured values are identified, *i.e.*, current and voltage, and the output to be displayed is specified, *i.e.*, impedance.  To one of skill in the art, this discloses that the microprocessor takes the ratio of voltage and current to calculate the impedance. *See* JA497-500 (Young Decl. ¶¶43-46).  Nothing more is required to

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

5   CASE NO. 2:07-cv-08108-FMO-SH
PLAINTIFF'S REPLY TO COCHLEAR'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES RE MOTIONS FOR SUMMARY JUDGMENT

satisfy the low threshold for providing sufficient disclosure to be definite. *Source Search* at 1076-77 ("this court measures indefiniteness according to an objective measure that recognizes artisans of ordinary skill are not mindless 'automatons.'"); *see also Ergo Licensing, LLC v. CareFusion, Inc.*, 673 F.3d 1361, 1371 (Fed. Cir. 2012); *SPX,* 557 F. Supp. 2d at 819.

Cochlear ignores the law and would have the Court instead impose a requirement the patent literally state that "the following step-by-step algorithm occurs in the microprocessor." The law imposes no such requirement.

### D. Cochlear Failed To Show That A Person Of Ordinary Skill In The Art Would Not Have Understood The AMF Patents To Provide The Necessary Structure Under 35 U.S.C. § 112, ¶ 6

Cochlear devotes much of its analysis to attacking the straw man argument that a claim cannot be shown to be definite simply because one of skill in the art would be able to devise an algorithm. While it is clearly true that one of skill in the art could easily devise an algorithm to practice the claims, AMF has never argued that this fact alone renders the claims definite. Rather, AMF has explained that one of skill in the art would clearly understand what algorithm is used in the exemplary embodiments discussed in the patents. *See* Brief at 14; JA495; JA497-98 (Young Decl. ¶¶ 34-36, 43-46).

### III. CONCLUSION

For at least the reasons stated above, the Court should grant AMF's motion and deny Cochlear's motion.

Dated: September 12, 2013

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: /s/ Daniel Johnson, Jr.
Daniel Johnson, Jr.
Attorneys for Plaintiff
ALFRED E. MANN FOUNDATION
FOR SCIENTIFIC RESEARCH

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

6   CASE NO. 2:07-cv-08108-FMO-SH
PLAINTIFF'S REPLY TO COCHLEAR'S SUPPLEMENTAL MEMORANDUM OF POINTS AND
AUTHORITIES RE MOTIONS FOR SUMMARY JUDGMENT