SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
BRUCE G. CHAPMAN, Cal. Bar No. 164258
bchapman@sheppardmullin.com
SCOTT R. MILLER (Cal. Bar No. 112656)
smiller@sheppardmullin.com
LAURA M. BURSON (Cal. Bar No. 204459)
lburson@sheppardmullin.com
MANUEL C. NELSON, Cal. Bar No. 229590
mnelson@sheppardmullin.com
DENNIS J. SMITH, Cal. Bar No. 233842
dsmith2@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:  213.620.1780
Facsimile:   213.620.1398

Attorneys for Defendants and
Counterclaimants COCHLEAR LTD. and
COCHLEAR AMERICAS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALFRED E. MANN FOUNDATION FOR SCIENTIFIC RESEARCH,<br><br>       Plaintiff,<br><br>       v.<br><br>COCHLEAR CORPORATION (n/k/a COCHLEAR AMERICAS), COCHLEAR LTD., and ADVANCED BIONICS, LLC,<br><br>       Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. CV 07-08108 FMO (SHx)<br><br>**DEFENDANTS COCHLEAR LTD. AND COCHLEAR AMERICAS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br><br><br><br>Judge:  Hon. Fernando M. Olguin<br><br>Pre-Trial Conference: December 17, 2013<br>Hearing on Motions in Limine: December 17, 2013<br>Trial Date: January 13, 2014 |

1

# TABLE OF CONTENTS

2   I.      Parties ................................................................................................1

3   II.     Claims and Defenses ........................................................................1

4           Claim 1:  Claims 1 and 10 of U.S. Patent No. 5,609,616 ("the '616
5           patent") are directly infringed [LR 16-4.1(a)]...................................1

6           Claim 2:  Inducement of infringement of claims 1 and 10 of the '616
            patent [LR 16-4.1(a)]........................................................................10

7           Claim 3:  Contributory infringement of claims 1 and 10 of the '616
8           patent [LR 16-4.1(a)]........................................................................15

9           Claim 4:  Willful infringement of claims 1 and 10 of the '616 patent
            [LR 16-4.1(a)]...................................................................................20

10          Claim 5:  Claims 6 and 7 of U.S. Patent No. 5,938,691 ("the '691
11          patent") are directly infringed [LR 16-4.1(a)].................................25

12          Claim 6:  Inducement of infringement of claims 6 and 7 of the '691
            patent [LR 16-4.1(a)]........................................................................31

13          Claim 7:  Contributory infringement of claims 1 and 10 of the '616
14          patent [LR 16-4.1(a)]........................................................................34

15          Claim 8:  Willful infringement of claims 6 or 7 of the '691 patent [LR
            16-4.1(a)]...........................................................................................38

16  III.    Anticipated Evidentiary Issues .......................................................44

17  IV.     Issues of Law ..................................................................................50

18  V.      Bifurcation Issues ...........................................................................59

19  VI.     Jury Trial ........................................................................................59

20  VII.    Attorneys' Fees...............................................................................60

21  VIII.   Abandonment of Issues ...................................................................61

22

23

24

25

26

27

28

SMRH:411868431.8

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

1

# TABLE OF AUTHORITIES

2

<u>Cases</u>

3
*A.C. Aukerman Co. v. R.L. Chaides Const. Co.,*
  960 F.2d 1020 (Fed. Cir. 1992).......................................................42, 43

4

5
*Absolute Software, Inc. v. Stealth Signal, Inc.,*
  659 F.3d 1121 (Fed. Cir. 2011).................................................................55

6
*Amazon.com, Inc. v. Barnesandnoble.com, Inc.,*
  239 F.3d 1343 (Fed.Cir.2001)..................................................................58

7

8
*Aristocrat Technologies Australia Pty Limited v. International Game Technology,*
  521 F.3d 1328 (Fed. Cir. 2008)...........................................................passim

9
*ATD Corp. v. Lydall, Inc.,*
  159 F.3d 534 (Fed. Cir. 1998)..................................................................47

10

11
*Bard Peripheral Vascular, Inv. V. W.L. Gore & Assoc., Inc.,*
  682 F.3d 1221 (Fed. Cir. 2012)...........................................................21, 22

12
*Blackboard, Inc. v. Desire2Learn, Inc.,*
  574 F.3d 1371 (Fed.Cir. 2009)..................................................................54

13

14
*Cent. Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Solutions, P.C.,*
  482 F.3d 1347 (Fed. Cir. 2007).................................................................55

15
*Commil USA, LLC v. Cisco Systems, Inc.,*
  720 F.3d 1361 (Fed. Cir. 2013).................................................................11

16

17
*DePuy Spine v. Medtronic,*
  567 F.3d 1314 (Fed. Cir. 2009)........................................................21, 22, 59

18
*Ecolab, Inc. v. FMC Corp.,*
  569 F.3d 1335 (Fed. Cir. 2009).................................................................11

19

20
*ePlus, Inc. v. Lawson Software, Inc.,*
  700 F.3d 509 (Fed. Cir. 2012)..........................................................6, 53, 54

21
*Ergo Licensing, LLC v. CareFusion 303*, Inc.,
  673 F.3d 1361 (Fed. Cir. 2012).....................................................6, 51, 52, 53

22

23
*Fenner Inv., Ltd. v. Microsoft Corp.,*
  632 F. Supp. 2d 627 (E.D. Texas 2009).......................................................55

24
*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.,*
  535 U.S. 722 (2002)...........................................................................56, 57

25

26
*Finisar Corp. v. Direct TV Group, Inc.,*
  523 F.3d 1323 (Fed. Cir. 2008).................................................................54

27
*Forest Labs., Inc. v. Abbott Labs.,*
  339 F.3d 1324 (Fed. Circ. 2003).................................................................61

28

i

*Fresenius Medical Care Holdings, Inc. v. Baxter Int'l. Inc.,*
   2006 WL 1646108 (N.D. Cal., Jun. 12, 2006) ................................................59

*Function Media, LLC v. Google Inc.,*
   708 F.3d 1310 (Fed. Cir. 2013) .........................................................................6

*Global-Tech Appliances, Inc. v. SEB SA,*
   131 S. Ct. 2060 (2011) ....................................................................................11

*Harris Corp. v. Ericsson, Inc.,*
   417 F.3d 1241 (Fed. Cir. 2005) .......................................................................52

*Hebert v. Lisle Corp.,*
   99 F.3d 1109 (Fed. Cir. 1996) .........................................................................59

*Highmark, Inc. v. Allcare Health Mgmt. Sys., Inc.,*
   687 F.3d 1300 (Fed. Cir. 2012) .......................................................................61

*Honeywell Int'l Inc. v. Hamilton Sundstrand Corp.,*
   370 F.3d 1131 (Fed. Cir. 2004) .................................................................56, 57

*Ibormeith Lp, LLC v. Mercedes-Benz USA, LLC,*
   732 F.3d 1376 (Fed. Cir. 2013) ...........................................................6, 53, 54

*In re Seagate Technology, LLC,*
   497 F.3d 1360  (Fed. Cir. 2007) ................................................................57, 58

*Kinetic Concepts, Inc. v. Blue Sky Med. Grp., Inc.,*
   554 F.3d 1010 (Fed. Cir. 2009) .......................................................................11

*Noah Sys., Inc. v. Intuit, Inc.,*
   675 F.3d 1302 (Fed. Cir. 2012) .........................................................................6

*Octane Fitness, LLC v. Icon Health and Fitness, Inc.,*
   496 Fed.Appx. 57 (Fed. Cir. 2012) .................................................................61

*Ohio Willow Wood Company v Alps South, LLC,*
   Nos. 2012-1642, 2013-1024 at 17 (Fed. Cir. Nov. 15, 2013) ..........................7

*Powell v. Home Depot U.S.A, Inc.,*
   663 F.3d 1221 (Fed. Cir. 2011) ..........................................................21, 22, 58

*Spine Solutions, Inc. v, Medtronic Sofamor Danek USA, Inc.,*
   620 F.3d 1305 (Fed. Cir. 2010) ..........................................................21, 22, 59

*Sulzer Textil A.G. v. Picanol N.V.,*
   358 F.3d 1356 (Fed. Cir. 2004) .......................................................................55

*Tehrani v. Hamilton Medical, Inc.,*
   331 F.3d 1355 (Fed. Cir. 2003) .......................................................................51

*Therasense, Inc. v. Becton, Dickinson and Company,*
   649 F.3d 1276 (Fed. Cir. 2011) .........................................................................7

-ii-

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

*Transamerica Life Ins. Co. v. Lincoln Nat. Life Ins. Co.*,
    597 F. Supp. 2d 897 (N.D. Iowa 2009) ........................................................... 55

*Wanlass et. al. v. General Elec. Co.*,
    148 F.3d 1334 (Fed. Cir. 1998) ...................................................................... 43

*WMS Gaming, Inc. v. International Game Technology*,
    184 F.3d 1339 (Fed Cir. 1999) ...................................................... 6, 50, 51, 52

Statutes

35 U.S.C. § 112 ................................................................................................ 50, 54

35 U.S.C. § 274(a) ................................................................................................... 41

35 U.S.C.§ 112 ........................................................................................................... 6

Treatises

*O'Malley et al.*, 3A Fed. Jury Prac. & Instr. (6th ed. Aug. 2013) ...................... passim

SMRH:411868431.8

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

Pursuant to LOCAL RULE 16-4, Defendants and Counterclaimants Cochlear Ltd. And Cochlear Americas (collectively, the "Cochlear Defendants") submit the following Memorandum of Contentions of Fact and Law.

## I.   PARTIES

Plaintiff and Counterdefendant Alfred E. Mann Foundation for Scientific Research ("AMF") alleges that it is a tax-exempt medical research foundation organized under the laws of California and having a principal place of business in Santa Clarita, California.

Advanced Bionics LLC ("AB") is a Delaware LLC, having a principal place of business in Valencia, California.

Together, AMF and AB are referred to herein as "Plaintiffs."

Defendant and Counterclaimant Cochlear Corporation (n/k/a Cochlear Americas), is a Delaware corporation having a principal place of business at 13059 East Peakview Avenue, Centennial, Colorado.

Defendant and Counterclaimant Cochlear Ltd. is an Australian corporation having a principal place of business at 1 University Avenue, Mcquarie University, New South Wales, Australia.

Together, Cochlear Corporation and Cochlear Ltd. are referred to herein as the "Cochlear Defendants."

## II.   CLAIMS AND DEFENSES

**Claim 1:  Claims 1 and 10 of U.S. Patent No. 5,609,616 ("the '616 patent") are directly infringed [LR 16-4.1(a)]**

-   **Elements of Plaintiffs' infringement claim [LR 16-4.1(b)]**

1.   a.   AMF is the assignee of the given United States patent;

-1-

2. b. The Cochlear Defendants' made, used, offered for sale or sold in the United States, or imported into the United States, the accused product without AMF's permission while the given patent was in force; and

3. c. The Cochlear Defendants' accused product included each and every element of the given asserted claim.

*See O'Malley et al.*, 3A Fed. Jury Prac. & Instr. § 158:22 (6th ed. Aug. 2013).

- **Evidence in opposition to Plaintiffs' infringement claim[1] [LR 16-4.1(c)]**

4. U.S. Patent No. 5,609,616 and its file history

5. Documentary evidence and testimony regarding Defendants' Nucleus 24 and Nucleus Freedom cochlear implants showing that the Defendants' accused cochlear implants have a single antenna responsible for both receiving and transmitting.

6. Documentary evidence and testimony regarding Defendants' Windows based Diagnostic and Programming System (WinDPS) and Custom Sound programming systems showing that the graphical user interfaces of the accused programming systems display computer-generated images of sliders bars on a computer screen.

7. Documentary evidence and testimony regarding Defendants' WinDPS and Custom Sound programming systems showing that the accused programming systems do not display a voltage measured within the cochlear implant at the time of stimulation.

8. Documentary evidence and testimony regarding Defendants' SPrint and Freedom speech processors showing that the signals they transmit to the cochlear

---

[1] Defendants reserve the right to enlarge or otherwise modify all lists of identified evidence contained herein pertaining to the `616 patent claims and defenses.

-2-

1    implants cannot be selectively controlled as the signals are transmitted to the

2    cochlear implants.

3         9.    Documentary evidence and testimony establishing that the requirement

4    for measurement of voltage at the time of stimulation, and the step of displaying the

5    processed status indicating signals including the measured voltage, were added to

6    make claim 10 allowable over the prior art resulting in Plaintiffs being estopped

7    from asserting infringement of claim 10 under the doctrine of equivalents.  Other

8    evidence (or the lack thereof) at trial that establishes that AMF has not met its

9    burden to prove direct infringement.

10            o  **Counterclaim 1:  Defendants do not infringe claims 1 or 10 of**

11                **the '616 patent [LR 16-4.1(d)]**

12                ▪  **Elements of counterclaim 1 [LR 16-4.1(e)]**

13        10.    The Cochlear Defendants must show that the Plaintiffs have failed to

14    establish by a preponderance of the evidence any one or more of the following:

15            a.    AMF is the assignee of the given United States patent;

16        11.    b.    The Cochlear Defendants' made, used, offered for sale or sold in

17    the United States, or imported into the United States, the accused product without

18    AMF's permission while the given patent was in force; and

19        12.    c.    The Cochlear Defendants' accused product included each and

20    every element of the given asserted claim.

21    *See O'Malley et al.*, 3A Fed. Jury Prac. & Instr. § 158:22 (6th ed. Aug. 2013).

22                ▪  **Evidence in support of counterclaim 1 [LR 16-4.1(f)]**

23        13.    The substance of paragraphs 4-9 above are hereby incorporated herein

24    by reference.

25

26

27

28

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

o **Counterclaim 2:  Claims 1 and 10 of the '616 patent are invalid as obvious [LR 16-4.1(d)]**

▪ **Elements of counterclaim 2 [LR 16-4.1(e)]**

14.    By clear and convincing evidence, a person of ordinary skill in the field of the invention, who knew about all the prior art existing at the time the given patent claim was made, would have come up with the invention identified by a given patent claim at that time.

*O'Malley et al.*, 3A Fed. Jury Prac. & Instr. § 158:44 (6th ed. Aug. 2013).

▪ **Evidence in support of counterclaim 2 [LR 16-4.1(f)]**

15.    U.S. Patent No. 5,609,616

16.    "An Advanced Cochlear Implant Hearing Prosthesis for Profound To Total Deafness," Hugh McDermott's thesis, University of Melbourne Special Collections, including attached Thesis Request Form (COC-0120396 to COC-0120589) ("McDermott Thesis")

17.    "An Advanced Multiple Channel Cochlear Implant," by Hugh McDermott - IEEE Transactions on Biomedical Engineering," Vol. 36, No. 7, July 1989 (COC-0102102 to COC-0102113) ("McDermott '89 Article")

18.    "The LAURA Cochlear Prosthesis: Development and Description," by Dr. Ir. S. Peeters et al., Cochlear Implant: Current Situation, pp. 547-555. Proceedings of the International Cochlear Symposium, Düren, West Germany (Banfai, P. ed., Sept. 7-12, 1987) (COC-0119660 to COC-0119672, COC-0120221 to COC-0120229, COC-0120391) ("LAURA Article")

19.    European Patent Application Publication No. 0259906 (COC-0119439 to COC-0119445) ("Laura-EP")

20.    U.S. Patent No. 4,532,930 (COC-0100711 to COC-0100766) ("Crosby")

21.    U.S. Patent No. 4,612,934 ("Borkan")

22.   U.S. Patent No. 4,947,844 (AMF001718 to AMF001730) ("McDermott '844 patent")

23.   Testimony regarding, among other things, the knowledge of a person having ordinary skill in the art at the time the patent claim was made and that the person of ordinary skill would have come up with the invention identified by a given patent claim at that time.

   o   **Counterclaim 3:  Claim 10 of the '616 patent is anticipated [LR 16-4.1(d)]**

      ■  **Elements of counterclaim 3 [LR 16-4.1(e)]**

24.   By clear and convincing evidence, a person of ordinary skill in the art would understand that the anticipating prior art reference or invention completely embodied the same invention as claim 10 of the '616 patent in that all elements listed in claim 10 of the '616 patent were previously found in exactly the same situation and united in the same way to perform the identical function. *O'Malley et al.*, 3A Fed. Jury Prac. & Instr. § 158:68 (6th ed. Aug. 2013).

      ■  **Evidence in support of counterclaim 3 [LR 16-4.1(f)]**

25.   U.S. Patent No. 5,609,616 and its file history

26.   "An Advanced Multiple Channel Cochlear Implant," by Hugh McDermott - IEEE Transactions on Biomedical Engineering," Vol. 36, No. 7, July 1989 (COC-0102102 to COC-0102113) ("McDermott '89 Article")

27.   "An Advanced Cochlear Implant Hearing Prosthesis for Profound To Total Deafness," Hugh McDermott's thesis, University of Melbourne Special Collections, including attached Thesis Request Form (COC-0120396 to COC-0120589) ("McDermott Thesis")

28.   Testimony regarding, among other things, the knowledge of a person having ordinary skill in the art at the time of the claim being made and that each of one or more of the references discloses all of the elements of the given claim of the patent.

SMRH:411868431.8

-5-

     ○  **Counterclaim 4:  Claim 1 of the '616 patent is invalid as indefinite [LR 16-4.1(d)]**

       ▪  **Elements of counterclaim 4 [LR 16-4.1(e)]**

29.    Determining the sufficiency of the specification's disclosure of the necessary algorithm is a question of law.  *Ibormeith Lp, LLC v. Mercedes-Benz USA, LLC*, 732 F.3d 1376, 1379 (Fed. Cir. 2013) (holding that whether a specification adequately discloses an algorithm "is a question of law we decide *de novo*"); *ePlus, Inc. v. Lawson Software, Inc.*, 700 F.3d 509, 517 (Fed. Cir. 2012) (indefiniteness is "a question of law.").  Thus, whether claim 1 of the `616 patent is indefinite is an issue of law for the court to decide, namely whether:

30.    a.    the means plus function claim elements of the given patent claim include a computer programmed to perform an algorithm to accomplish all or part of a claimed function; and,

31.    b.    the specification fails to disclose the algorithm necessary to achieve the claimed function.

35 U.S.C.§ 112 ¶ 6; *WMS Gaming, Inc. v. International Game Technology*, 184 F.3d 1339, 1349 (Fed Cir. 1999); *Aristocrat Technologies Australia Pty Limited v. International Game Technology*, 521 F.3d 1328, 1333-38 (Fed. Cir. 2008); *Ergo Licensing, LLC v. CareFusion 303*, Inc., 673 F.3d 1361, 1364 (Fed. Cir. 2012); *Function Media, LLC v. Google Inc.*, 708 F.3d 1310, 1318 (Fed. Cir. 2013); *Noah Sys., Inc. v. Intuit, Inc.*, 675 F.3d 1302, 1318-19 (Fed. Cir. 2012).

       ▪  **Evidence in support of counterclaim 4 [LR 16-4.1(f)]**

32.    U.S. Patent No. 5,609,616, the file history for the `616 patent, the report of the special master [D.I. 200] and the Court's claim construction order.

33.    Evidence and testimony regarding, among other things, the knowledge of a person having ordinary skill in the art at the time of the claim being made and the absence of a disclosed algorithm.

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

       o **Counterclaim 5:  The '616 patent is unenforceable due to inequitable conduct before the PTO during the prosecution of the application that matured into the '616 patent.  [LR 16-4.1(d)]**

       ▪ **Elements of counterclaim 5 [LR 16-4.1(e)]**

34.    a.    By clear and convincing evidence, AMF made a misrepresentation to the Patent and Trademark Office about the '616 patent;

35.    b.    By a preponderance of the evidence, the misrepresentation was material; and,

36.    c.    By clear and convincing evidence, AMF, its attorney or the inventors acted with the intent to deceive the Patent and Trademark Office. *O'Malley et al.*, 3A Fed. Jury Prac. & Instr. § 158:79 (6th ed. Aug. 2013) as amended; *Therasense, Inc. v. Becton, Dickinson and Company*, 649 F.3d 1276, 1290-92 (Fed. Cir. 2011) (*en banc*); *Ohio Willow Wood Company v Alps South, LLC*, Nos. 2012-1642, 2013-1024 at 17 (Fed. Cir. Nov. 15, 2013).

       ▪ **Evidence in support of counterclaim 5 [LR 16-4.1(f)]**

37.    U.S. Patent No. 5,609,616 and its file history

38.    Production copy of file history of patent application SN 07/411,563, filed 9/22/89 (COC-0000001 to COC-0000202)

39.    First application filed on Sept. 22, 1989 in the prosecution file of application SN 07/411,563 (COC-0000003 to COC-0000052)

40.    Production copy of file history of patent application SN 08/322,066, filed 10/12/94 (COC-0002767 to COC-0003022)

41.    Information Disclosure Statement, dated Jan. 9, 1995, regarding application SN 08/322,066 (AMF000513 to AMF000517)

42.    Production copy of file history of patent application SN 08/447,157, filed 05/25/95 (COC-0001983 to COC-0002311)

43.     Amendment in response to Office Action, dated March 18, 1996, regarding application SN 08/447,157 (AMF001024 to AMF001039)

44.     Examiner's Final Office Action regarding application SN 08/447,157, mailed May 7, 1996 (AMF001014 to AMF001017)

45.     "An Advanced Multiple Channel Cochlear Implant," by Hugh McDermott - IEEE Transactions on Biomedical Engineering," Vol. 36, No. 7, July 1989 (COC-0102102 to COC-0102113) ("McDermott '89 Article")

46.     Documents and testimony regarding the knowledge of one or more references, the materiality of the references not disclosed, and the lack of any reasonable excuse for the failure to disclose.

- o **First Affirmative Defense:  Defendants do not infringe claims 1 or 10 [LR 16-4.1(d)]**
  - ▪ **Elements of first affirmative defense [LR 16-4.1(e)]**

47.     The substance of paragraphs 10-12 above are hereby incorporated herein by reference.

  - ▪ **Evidence in support of first affirmative defense [LR 16-4.1(f)]**

48.     The substance of paragraphs 4-9 above are hereby incorporated herein by reference.

- o **Second Affirmative Defense:  claims 1 and 10 of the '616 patent are invalid as obvious [LR 16-4.1(d)]**
  - ▪ **Elements of second affirmative defense [LR 16-4.1(e)]**

49.     The substance of paragraph 14 above is hereby incorporated herein by reference.

  - ▪ **Evidence in support of second affirmative defense [LR 16-4.1(f)]**

50.     The substance of paragraphs 15-23 above are hereby incorporated herein by reference.

     o **Third Affirmative Defense:  claim 10 of the '616 patent is anticipated [LR 16-4.1(d)]**

       ▪ **Elements of third affirmative defense [LR 16-4.1(e)]**

51. The substance of paragraph 24 above is hereby incorporated herein by reference.

       ▪ **Evidence in support of third affirmative defense [LR 16-4.1(f)]**

The substance of paragraphs 25-28 above are hereby incorporated herein by reference.

     o **Fourth Affirmative Defense:  claim 1 of the '616 patent is invalid as indefinite [LR 16-4.1(d)]**

       ▪ **Elements of fourth affirmative defense [LR 16-4.1(e)]**

52. The substance of paragraphs 29-31 above are hereby incorporated herein by reference.

       ▪ **Evidence in support of fourth affirmative defense [LR 16-4.1(f)]**

53. The substance of paragraphs 32-33 above are hereby incorporated herein by reference.

     o **Fifth Affirmative Defense:  the '616 patent is unenforceable due to inequitable conduct before the PTO during the prosecution of the application that matured into the '616 patent.  [LR 16-4.1(d)]**

       ▪ **Elements of fifth affirmative defense [LR 16-4.1(e)]**

54. The substance of paragraphs 34-36 above are hereby incorporated herein by reference.

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

1          ▪  **Evidence in support of fifth affirmative defense [LR 16-**
2              **4.1(f)]**

3       55.    The substance of paragraphs 37-46 above are hereby incorporated
4  herein by reference.

5

6  **Claim 2:  Inducement of infringement of claims 1 and 10 of the '616 patent[2]**
7  **[LR 16-4.1(a)]**

8

9       -  **Elements of Plaintiffs' induced infringement claim [LR 16-4.1(b)]**
10      56.    By a preponderance of the evidence
11      57.    a.    AMF was the assignee of the given patent;
12      58.    b.    The activities of a third person that constitutes the direct
13  infringement of the given claim;
14      59.    c.    The Cochlear Defendants actively induced the direct
15  infringement of the given claim by intentionally inducing such other person to
16  infringe the given claim without AMF's consent; and
17      60.    d.    The Cochlear Defendants knew the induced acts constituted
18  infringement of the given claim.
19  *O'Malley et al.*, 3A Fed. Jury Prac. & Instr. § 158:24 (6th ed. Aug. 2013).

20      -  **Evidence in opposition to Plaintiffs' induced infringement claim**
21         **[LR 16-4.1(c)]**

22      61.    The substance of paragraphs 4-9 above are hereby incorporated herein
23  by reference.

24

25

26  _____
[2] As discussed more fully below in Section III and IV below, the Cochlear
Defendants object to Plaintiffs' attempt to present an inducement of infringement
27  claim beyond claim 10 of the '616 patent on the basis that any evidence of alleged
inducement of infringement relates only to claim 10 of the '616 patent.

28

62.     Documentary evidence and testimony showing that Defendants' lacked the necessary intent based on their good faith belief that they did not infringe the given claim of the patent and/or were practicing the prior art.

*See Commil USA, LLC v. Cisco Systems, Inc.*, 720 F.3d 1361, 1368-69 (Fed. Cir. 2013) (reversing district court that excluded evidence of defendant's good faith belief in the patent-in-suit's invalidity because "a good-faith belief of invalidity is evidence that may negate the specific intent to encourage another's infringement, which is required for induced infringement"); *Kinetic Concepts, Inc. v. Blue Sky Med. Grp., Inc.*, 554 F.3d 1010, 1025 (Fed. Cir. 2009) (stating that a defendant's "belief that it can freely practice inventions found in the public domain" supports "a jury's finding that the intent required for induced infringement was lacking" and affirming jury verdict where defendant testified it believed it was "practicing the prior art"); *Global-Tech Appliances, Inc. v. SEB SA*, 131 S. Ct. 2060, 2068 (2011); *Ecolab, Inc. v. FMC Corp.*, 569 F.3d 1335, 1351 (Fed. Cir. 2009) (affirming district court's denial of motion for judgment as a matter of law because defendant presented evidence that it reasonably believed the patent-in-suit did not cover the alleged infringing activity and, therefore, was not liable for inducing infringement).

o **Counterclaim 6:  Defendants have not induced infringement of claims 1 or 10 of the '616 patent [LR 16-4.1(d)]**

▪ **Elements of counterclaim 6 [LR 16-4.1(e)]**

63.     The Cochlear Defendants must show that the Plaintiffs have failed to establish by a preponderance of the evidence any one or more of the following:

64.     a.     AMF was the assignee of the given patent;

65.     b.     The activities of a third person that constitutes the direct infringement of the given claim;

66.     c.     The Cochlear Defendants actively induced the direct infringement of the given claim by intentionally inducing such other person to infringe the given claim without AMF's consent; and

67.     d.     The Cochlear Defendants knew the induced acts constituted infringement of the given claim.

*O'Malley et al.*, 3A Fed. Jury Prac. & Instr. § 158:24 (6th ed. Aug. 2013).

         ▪ **Evidence in support of counterclaim 6 [LR 16-4.1(f)]**

68.     The substance of paragraphs 61-62 above are hereby incorporated herein by reference.

      o **Counterclaim 7: claims 1 and 10 of the '616 patent are invalid as obvious [LR 16-4.1(d)]**

         ▪ **Elements of counterclaim 7 [LR 16-4.1(e)]**

69.     The substance of paragraph 14 above is hereby incorporated herein by reference.

         ▪ **Evidence in support of counterclaim 7 [LR 16-4.1(f)]**

70.     The substance of paragraphs 15-23 above are hereby incorporated herein by reference.

      o **Counterclaim 8: claim 10 of the '616 patent is anticipated [LR 16-4.1(d)]**

         ▪ **Elements of counterclaim 8 [LR 16-4.1(e)]**

71.     The substance of paragraph 24 above is hereby incorporated herein by reference.

         ▪ **Evidence in support of counterclaim 3 [LR 16-4.1(f)]**

72.     The substance of paragraphs 25-28 above are hereby incorporated herein by reference.

      o **Counterclaim 9: claim 1 of the '616 patent is invalid as indefinite [LR 16-4.1(d)]**

         ▪ **Elements of counterclaim 9 [LR 16-4.1(e)]**

73.     The substance of paragraphs 29-31 above are hereby incorporated herein by reference.

1                          ▪ **Evidence in support of counterclaim 9 [LR 16-4.1(f)]**

2          74.    The substance of paragraphs 32-33 above are hereby incorporated

3    herein by reference.

4                  o  **Counterclaim 10:  the '616 patent is unenforceable due to**

5                     **inequitable conduct before the PTO during the prosecution of**

6                     **the application that matured into the '616 patent.  [LR 16-**

7                     **4.1(d)]**

8                          ▪ **Elements of counterclaim 10 [LR 16-4.1(e)]**

9          75.    The substance of paragraphs 34-36 above are hereby incorporated

10   herein by reference.

11                         ▪ **Evidence in support of counterclaim 10 [LR 16-4.1(f)]**

12         76.    The substance of paragraphs 37-46 above are hereby incorporated

13   herein by reference.

14                 o  **Sixth Affirmative Defense:  Defendants have not induced**

15                    **infringement of claims 1 or 10 of the '616 patent [LR 16-4.1(d)]**

16                         ▪ **Elements of sixth affirmative defense [LR 16-4.1(e)]**

17         77.    The substance of paragraphs 63-67 above are hereby incorporated

18   herein by reference.

19                         ▪ **Evidence in support of sixth affirmative defense [LR 16-**

20                            **4.1(f)]**

21         78.    The substance of paragraphs 61-62 above are hereby incorporated

22   herein by reference.

23                 o  **Seventh Affirmative Defense:  claims 1 and 10 of the '616 patent**

24                    **are invalid as obvious [LR 16-4.1(d)]**

25                         ▪ **Elements of seventh affirmative defense [LR 16-4.1(e)]**

26         79.    The substance of paragraph 14 above is hereby incorporated herein by

27   reference.

28

SMRH:411868431.8
DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

1                    ▪ **Evidence in support of seventh affirmative defense [LR**

2                          **16-4.1(f)]**

3         80.      The substance of paragraphs 15-23 above are hereby incorporated

4 herein by reference.

5               o **Eighth Affirmative Defense:  claim 10 of the '616 patent is**

6                **anticipated [LR 16-4.1(d)]**

7                     ▪ **Elements of eighth affirmative defense [LR 16-4.1(e)]**

8         81.      The substance of paragraph 24 above is hereby incorporated herein by

9 reference.

10                    ▪ **Evidence in support of eighth affirmative defense [LR 16-**

11                        **4.1(f)]**

12       The substance of paragraphs 25-28 above are hereby incorporated herein by

13       reference.

14               o **Ninth Affirmative Defense:  claim 1 of the '616 patent is invalid**

15                **as indefinite [LR 16-4.1(d)]**

16                     ▪ **Elements of ninth affirmative defense [LR 16-4.1(e)]**

17         82.      The substance of paragraphs 29-31 above are hereby incorporated

18 herein by reference.

19                    ▪ **Evidence in support of ninth affirmative defense [LR 16-**

20                        **4.1(f)]**

21         83.      The substance of paragraphs 32-33 above are hereby incorporated

22 herein by reference.

23

24

25

26

27

28

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

1

     o  **Tenth Affirmative Defense:  the '616 patent is unenforceable**

2

        **due to inequitable conduct before the PTO during the**

3

        **prosecution of the application that matured into the '616 patent.**

4

        **[LR 16-4.1(d)]**

5

        ▪  **Elements of tenth affirmative defense [LR 16-4.1(e)]**

6

    84.    The substance of paragraphs 34-36 above are hereby incorporated

7

herein by reference.

8

        ▪  **Evidence in support of tenth affirmative defense [LR 16-**

9

        **4.1(f)]**

10

    85.    The substance of paragraphs 37-46 above are hereby incorporated

11

herein by reference.

12

13

**Claim 3:  Contributory infringement of claims 1 and 10 of the '616 patent[3]**

14

**[LR 16-4.1(a)]**

15

16

    -  **Elements of Plaintiffs' contributory infringement claim [LR 16-4.1(b)]**

17

    86.    by a preponderance of the evidence:

18

    87.    a.    Plaintiffs are the owners of the given patent;

19

    88.    b.    Some person directly infringed the given claim;

20

    89.    c.    The Cochlear Defendants sold or supplied a material component

21

of the claimed product or method that was especially made or especially adapted for

22

use in the claimed product or method that was used by the person who directly

23

infringed a given claim;

24

25

26

   [3] As discussed more fully below in Sections III and IV below, the Cochlear Defendants object to Plaintiffs' attempt to present any contributory infringement

27

claim based on the fact that Plaintiffs have failed to present any evidence of contributory infringement of any of the asserted claims.

28

90.    d.    The material component from the Cochlear Defendants is not a staple article of commerce suitable for a substantial non-infringing use; and

91.    e.    The Cochlear Defendants sold or supplied the material component with the knowledge that the material component was especially made or adapted for a use that would infringe the given claim.

*O'Malley et al.*, 3A Fed. Jury Prac. & Instr. § 158:60 (6th ed. Aug. 2013) as amended.

- **Evidence in opposition to Plaintiffs' contributory infringement claim [LR 16-4.1(c)]**

92.    The substance of paragraphs 4-9 above are hereby incorporated herein by reference.

93.    Documentary evidence and testimony showing that the Defendants did not sell or supply a material component of the claimed product or method that was especially made or especially adapted for use in the claimed product or method.

94.    Documentary evidence and testimony showing that the Defendants' accused products, or the applicable material component thereof, are a staple article of commerce suitable for a substantial non-infringing use.

95.    Documentary evidence and testimony showing that Defendants' lacked the necessary knowledge of infringement based on their good faith belief that they did not infringe the given claim of the patent and/or that they were practicing the prior art.

- o **Counterclaim 11:  Defendants have not contributorily infringed claims 1 or 10 of the '616 patent [LR 16-4.1(d)]**
  - ▪ **Elements of counterclaim 11 [LR 16-4.1(e)]**

96.    The Cochlear Defendants must show that the Plaintiffs have failed to establish by a preponderance of the evidence any one or more of the following:

97.    a.    Plaintiffs are the owners of the given patent;

98.    b.    Some person directly infringed the given claim;

-16-

99.    c.    The Cochlear Defendants sold or supplied a material component of the claimed product or method that was especially made or especially adapted for use in the claimed product or method that was used by the person who directly infringed a given claim;

100.    d.    The material component from the Cochlear Defendants is not a staple article of commerce suitable for a substantial non-infringing use; and

101.    e.    The Cochlear Defendants sold or supplied the material component with the knowledge that the material component was especially made or adapted for a use that would infringe the given claim.

*O'Malley et al.*, 3A Fed. Jury Prac. & Instr. § 158:60 (6th ed. Aug. 2013) as amended. **Evidence in support of counterclaim 11 [LR 16-4.1(f)]**

102.    The substance of paragraphs 92-95 above are hereby incorporated herein by reference.

o  **Counterclaim 12:  claims 1 and 10 of the '616 patent are invalid as obvious [LR 16-4.1(d)]**

▪  **Elements of counterclaim 12 [LR 16-4.1(e)]**

103.    The substance of paragraph 14 above is hereby incorporated herein by reference.

▪  **Evidence in support of counterclaim 12 [LR 16-4.1(f)]**

104.    The substance of paragraphs 15-23 above are hereby incorporated herein by reference.

o  **Counterclaim 13:  claim 10 of the '616 patent is anticipated [LR 16-4.1(d)]**

▪  **Elements of counterclaim 13 [LR 16-4.1(e)]**

105.    The substance of paragraph 24 above is hereby incorporated herein by reference.

-17-

1              ▪ **Evidence in support of counterclaim 13 [LR 16-4.1(f)]**

2      106.   The substance of paragraphs 25-28 above are hereby incorporated

3 herein by reference.

4          o **Counterclaim 14:  claim 1 of the '616 patent is invalid as**

5             **indefinite [LR 16-4.1(d)]**

6              ▪ **Elements of counterclaim 14 [LR 16-4.1(e)]**

7      107.   The substance of paragraphs 29-31 above are hereby incorporated

8 herein by reference.

9              ▪ **Evidence in support of counterclaim 14 [LR 16-4.1(f)]**

10     108.   The substance of paragraphs 32-33 above are hereby incorporated

11 herein by reference.

12          o **Counterclaim 15:  the '616 patent is unenforceable due to**

13             **inequitable conduct before the PTO during the prosecution of**

14             **the application that matured into the '616 patent.  [LR 16-**

15             **4.1(d)]**

16              ▪ **Elements of counterclaim 15 [LR 16-4.1(e)]**

17      109.   The substance of paragraphs 34-36 above are hereby incorporated

18 herein by reference.

19              ▪ **Evidence in support of counterclaim 15 [LR 16-4.1(f)]**

20     110.   The substance of paragraphs 37-46 above are hereby incorporated

21 herein by reference.

22          o **Eleventh Affirmative Defense:  Defendants have not**

23             **contributorily infringed claims 1 or 10 of the '616 patent**

24             **[LR 16-4.1(d)]**

25              ▪ **Elements of eleventh affirmative defense [LR 16-4.1(e)]**

26     111.   The substance of paragraphs 96-101 above are hereby incorporated

27 herein by reference.

28

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

- ▪ **Evidence in support of eleventh affirmative defense [LR 16-4.1(f)]**

112.   The substance of paragraphs 92-95 above are hereby incorporated herein by reference.

- o **Twelfth Affirmative Defense:  claims 1 and 10 of the '616 patent are invalid as obvious [LR 16-4.1(d)]**
  - ▪ **Elements of twelfth affirmative defense [LR 16-4.1(e)]**

113.   The substance of paragraph 14 above is hereby incorporated herein by reference.

- ▪ **Evidence in support of twelfth affirmative defense [LR 16-4.1(f)]**

114.   The substance of paragraphs 15-23 above are hereby incorporated herein by reference.

- o **Thirteenth Affirmative Defense:  claim 10 of the '616 patent is anticipated [LR 16-4.1(d)]**
  - ▪ **Elements of thirteenth affirmative defense [LR 16-4.1(e)]**

115.   The substance of paragraph 24 above is hereby incorporated herein by reference.

- ▪ **Evidence in support of thirteenth affirmative defense [LR 16-4.1(f)]**

The substance of paragraphs 25-28 above are hereby incorporated herein by reference.

- o **Fourteenth Affirmative Defense:  claim 1 of the '616 patent is invalid as indefinite [LR 16-4.1(d)]**
  - ▪ **Elements of fourteenth affirmative defense [LR 16-4.1(e)]**

116.   The substance of paragraphs 29-31 above are hereby incorporated herein by reference.

-19-

- **Evidence in support of fourteenth affirmative defense [LR 16-4.1(f)]**

117.   The substance of paragraphs 32-33 above are hereby incorporated herein by reference.

- **Fifteenth Affirmative Defense:  the '616 patent is unenforceable due to inequitable conduct before the PTO during the prosecution of the application that matured into the '616 patent. [LR 16-4.1(d)]**
  - **Elements of fifteenth affirmative defense [LR 16-4.1(e)]**

118.   The substance of paragraphs 34-36 above are hereby incorporated herein by reference.

- **Evidence in support of fifteenth affirmative defense [LR 16-4.1(f)]**

119.   The substance of paragraphs 37-46 above are hereby incorporated herein by reference.

**Claim 4:  Willful infringement of claims 1 and 10 of the '616 patent [LR 16-4.1(a)]**

- **Elements of Plaintiffs' willful infringement claim [LR 16-4.1(b)]**

120.   a.   By clear and convincing evidence

121.   b.   The Cochlear Defendants infringed the given valid and enforceable claim;

122.   c.   The Cochlear Defendants defenses to infringement are objectively not reasonable; and,

123.   d.   It is highly probable that the Cochlear Defendants acted with reckless disregard of the given claim and specifically, that the Cochlear Defendants actually knew, or it was so obvious that the Cochlear Defendants should have

-20-

1   known, that their actions constituted infringement of a valid and enforceable patent

2   claim.

3   *O'Malley et al.*, 3A Fed. Jury Prac. & Instr. § 158:94 (6th ed. Aug. 2013).  As

4   modified by *Bard Peripheral Vascular, Inv. V. W.L. Gore & Assoc., Inc.*, 682 F.3d

5   1221, 1226 (Fed. Cir. 2012) (the threshold inquiry into objective recklessness

6   involves an objective assessment of the defenses); *Spine Solutions, Inc. v, Medtronic*

7   *Sofamor Danek USA, Inc.*, 620 F.3d 1305, 1319 (Fed. Cir. 2010)(when the defenses

8   are reasonable there cannot be objective recklessness); *Powell v. Home Depot*

9   *U.S.A, Inc.*, 663 F.3d 1221, 1236 (Fed. Cir. 2011)(the objective test is a question of

10  law, and if the defenses are reasonable the question of willfulness cannot be sent to

11  the jury); *DePuy Spine v. Medtronic*, 567 F.3d 1314, 1336-37 (Fed. Cir. 2009).

12          -   **Evidence in opposition to Plaintiffs' willful infringement claim**

13              **[LR 16-4.1(c)]**

14          124.   The substance of paragraphs 4-9, 15-23, 25-28, 32-33, 37-46, 61-62

15  and 92-95 above are hereby incorporated herein by reference.

16          125.   Documentary evidence and testimony showing that Defendants

17  defenses are reasonable.

18          126.   Documentary evidence and testimony showing that Defendants lacked

19  the necessary intent to infringe and/or knowledge of infringement based on their

20  good faith belief that they did not infringe the given claim of the patent and/or were

21  practicing the prior art.

22              o   **Counterclaim 16:  Defendants have not willfully infringed**

23                  **claims 1 or 10 of the '616 patent [LR 16-4.1(d)]**

24                      ▪   **Elements of counterclaim 16 [LR 16-4.1(e)]**

25          127.   The Cochlear Defendants must show that the Plaintiffs have failed to

26  establish by clear and convincing evidence any one or more of the following:

27          128.   a.      The Cochlear Defendants infringed the given valid and

28  enforceable claim;

1   129.   b.     The Cochlear Defendants defenses to infringement are not

2   reasonable; and,

3   130.   c.     It is highly probable that the Cochlear Defendants acted with

4   reckless disregard of the given claim and specifically, that the Cochlear Defendants

5   actually knew, or it was so obvious that the Cochlear Defendants should have

6   known, that their actions constituted infringement of a valid and enforceable patent

7   claim.

8   *O'Malley et al.*, 3A Fed. Jury Prac. & Instr. § 158:94 (6th ed. Aug. 2013). As

9   modified by *Bard Peripheral Vascular, Inv. V. W.L. Gore & Assoc., Inc.*, 682

10   F.3d 1221, 1226 (Fed. Cir. 2012) (the threshold inquiry into objective

11   recklessness involves an objective assessment of the defenses); *Spine*

12   *Solutions, Inc. v, Medtronic Sofamor Danek USA, Inc.*, 620 F.3d 1305, 1319

13   (Fed. Cir. 2010)(when the defenses are reasonable there cannot be objective

14   recklessness); *Powell v. Home Depot U.S.A, Inc.*, 663 F.3d 1221, 1236 (Fed.

15   Cir. 2011)(the objective test is a question of law, and if the defenses are

16   reasonable to question of willfulness cannot be sent to the jury); *DePuy Spine*

17   *v. Medtronic*, 567 F.3d 1314, 1336-37 (Fed. Cir. 2009).

18   ▪ **Evidence in support of counterclaim 16 [LR 16-4.1(f)]**

19   131.   The substance of paragraphs 124-126 above are hereby incorporated

20   herein by reference.

21   ○ **Counterclaim 17:  claims 1 and 10 of the '616 patent are invalid**

22   **as obvious [LR 16-4.1(d)]**

23   ▪ **Elements of counterclaim 17 [LR 16-4.1(e)]**

24   132.   The substance of paragraph 14 above is hereby incorporated herein by

25   reference.

26   ▪ **Evidence in support of counterclaim 17 [LR 16-4.1(f)]**

27   133.   The substance of paragraphs 15-23 above are hereby incorporated

28   herein by reference.

1        o **Counterclaim 18:  claim 10 of the '616 patent is anticipated**

2           **[LR 16-4.1(d)]**

3               ■ **Elements of counterclaim 18 [LR 16-4.1(e)]**

4       134.   The substance of paragraph 24 above is hereby incorporated herein by

5 reference.

6               ■ **Evidence in support of counterclaim 18 [LR 16-4.1(f)]**

7       135.   The substance of paragraphs 25-28 above are hereby incorporated

8 herein by reference.

9        o **Counterclaim 19:  claim 1 of the '616 patent is invalid as**

10           **indefinite [LR 16-4.1(d)]**

11               ■ **Elements of counterclaim 19 [LR 16-4.1(e)]**

12       136.   The substance of paragraphs 29-31 above are hereby incorporated

13 herein by reference.

14               ■ **Evidence in support of counterclaim 19 [LR 16-4.1(f)]**

15       137.   The substance of paragraphs 32-33 above are hereby incorporated

16 herein by reference.

17        o **Counterclaim 20:  the '616 patent is unenforceable due to**

18           **inequitable conduct before the PTO during the prosecution of**

19           **the application that matured into the '616 patent.  [LR 16-**

20           **4.1(d)]**

21               ■ **Elements of counterclaim 20 [LR 16-4.1(e)]**

22       138.   The substance of paragraphs 34-36 above are hereby incorporated

23 herein by reference.

24               ■ **Evidence in support of counterclaim 20 [LR 16-4.1(f)]**

25       139.   The substance of paragraphs 37-46 above are hereby incorporated

26 herein by reference.

27

28

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

1      ○ **Sixteenth Affirmative Defense:  Defendants have not willfully**

2          **infringed claims 1 or 10 of the '616 patent [LR 16-4.1(d)]**

3              ▪ **Elements of sixteenth affirmative defense [LR 16-4.1(e)]**

4      140.   The substance of paragraphs 127-130 above are hereby incorporated

5  herein by reference.

6              ▪ **Evidence in support of sixteenth affirmative defense [LR**

7                  **16-4.1(f)]**

8      141.   The substance of paragraphs 124-126 above are hereby incorporated

9  herein by reference.

10      ○ **Seventeenth Affirmative Defense:  claims 1 and 10 of the**

11          **'616 patent are invalid as obvious [LR 16-4.1(d)]**

12              ▪ **Elements of seventeenth affirmative defense [LR 16-**

13                  **4.1(e)]**

14      142.   The substance of paragraph 14 above is hereby incorporated herein by

15  reference.

16              ▪ **Evidence in support of seventeenth affirmative defense**

17                  **[LR 16-4.1(f)]**

18      143.   The substance of paragraphs 15-23 above are hereby incorporated

19  herein by reference.

20      ○ **Eighteenth Affirmative Defense:  claim 10 of the '616 patent is**

21          **anticipated [LR 16-4.1(d)]**

22              ▪ **Elements of eighteenth affirmative defense [LR 16-4.1(e)]**

23      144.   The substance of paragraph 24 above is hereby incorporated herein by

24  reference.

25              ▪ **Evidence in support of eighteenth affirmative defense [LR**

26                  **16-4.1(f)]**

27      The substance of paragraphs 25-28 above are hereby incorporated herein by

28      reference.

-24-

1          o  **Nineteenth Affirmative Defense:  claim 1 of the '616 patent is**

2            **invalid as indefinite [LR 16-4.1(d)]**

3            ■  **Elements of nineteenth affirmative defense [LR 16-4.1(e)]**

4        145.  The substance of paragraphs 29-31 above are hereby incorporated

5    herein by reference.

6            ■  **Evidence in support of nineteenth affirmative defense [LR**

7            **16-4.1(f)]**

8        146.  The substance of paragraphs 32-33 above are hereby incorporated

9    herein by reference.

10         o  **Twentieth Affirmative Defense:  the '616 patent is**

11           **unenforceable due to inequitable conduct before the PTO**

12           **during the prosecution of the application that matured into the**

13           **'616 patent.  [LR 16-4.1(d)]**

14           ■  **Elements of twentieth affirmative defense [LR 16-4.1(e)]**

15       147.  The substance of paragraphs 34-36 above are hereby incorporated

16   herein by reference.

17           ■  **Evidence in support of twentieth affirmative defense [LR**

18           **16-4.1(f)]**

19       148.  The substance of paragraphs 37-46 above are hereby incorporated

20   herein by reference.

21

22   **Claim 5:  Claims 6 and 7 of U.S. Patent No. 5,938,691 ("the '691 patent") are**

23   **directly infringed [LR 16-4.1(a)]**

24

25       -  **Elements of Plaintiffs' infringement claim [LR 16-4.1(b)]**

26       149.  The substance of paragraphs 1-3 above are hereby incorporated herein

27   by reference.

28

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

- **Evidence in opposition to Plaintiffs' infringement claim[4] [LR 16-4.1(c)]**

150. U.S. Patent No. 5,938,691 and its file history

151. Documentary evidence and testimony regarding Defendants' Nucleus 24 and Nucleus Freedom cochlear implants showing that the Defendants' accused cochlear implants have a single antenna responsible for both receiving and transmitting.

152. Documentary evidence and testimony regarding Defendants' Nucleus 24 and Nucleus Freedom cochlear implants showing that, among other things, the Defendants' accused cochlear implants have electrodes that are short circuited together and to a common voltage supply (both between stimulation frames and during a portion of each stimulation frame) and all of the electrodes in the Nucleus Freedom implants are connected together via five mega-ohm (5 MΩ) resistors.

153. Documentary evidence and testimony regarding Defendants' Speech Processor 5 (SPrint speech processor) and Speech Processor 12 (Freedom speech processor), as well as Defendants' programming software source code, showing that the power level of the transmissions from Defendants' external speech processors to the cochlear implant cannot be modified in any way. Other evidence (or the lack thereof) at trial that establishes that AMF has not met its burden to prove direct infringement..

o **Counterclaim 21: Defendants' do not infringe claims 6 or 7 of the '691 patent [LR 16-4.1(d)]**

▪ **Elements of counterclaim 21 [LR 16-4.1(e)]**

154. The substance of paragraphs 10-12 above are hereby incorporated herein by reference.

---

[4] Defendants reserve the right to enlarge or otherwise modify all lists of identified evidence contained herein pertaining to the `691 patent claims and defenses.

- **Evidence in support of counterclaim 21 [LR 16-4.1(f)]**

155.   The substance of paragraphs 150-153 above are hereby incorporated herein by reference.

- o **Counterclaim 22:   claims 6 and 7 of the '691 patent are invalid as obvious [LR 16-4.1(d)]**
  - **Elements of counterclaim 22 [LR 16-4.1(e)]**

156.   The substance of paragraph 14 above is hereby incorporated herein by reference.

- **Evidence in support of counterclaim 22 [LR 16-4.1(f)]**

157.   U.S. Patent No. 5,938,691 and its file history

158.   "A Custom LSI CMOS Chip for a Cochlear Implant," by Hugh McDermott, Journal of Electrical and Electronics Engineering, Australia - IE Aust. & IREE Aust., Vol. 4, No. 4, pp. 305-309 (Dec. 1984) (COC-0101902 to COC-0101907) ("McDermott '84 Article")

159.   "An Advanced Cochlear Implant Hearing Prosthesis for Profound To Total Deafness," Hugh McDermott's thesis, University of Melbourne Special Collections, including attached Thesis Request Form (COC-0120396 to COC-0120589) ("McDermott Thesis")

160.   "An Advanced Multiple Channel Cochlear Implant," by Hugh McDermott - IEEE Transactions on Biomedical Engineering," Vol. 36, No. 7, July 1989 (COC-0102102 to COC-0102113) ("McDermott '89 Article")

161.   "The LAURA Cochlear Prosthesis: Development and Description," by Dr. Ir. S. Peeters et al., Cochlear Implant: Current Situation, pp. 547-555. Proceedings of the International Cochlear Symposium, Düren, West Germany (Banfai, P. ed., Sept. 7-12, 1987) (COC-0119660 to COC-0119672, COC-0120221 to COC-0120229, COC-0120391) ("LAURA Article")

162.   European Patent Application Publication No. 0259906 (COC-0119439 to COC-0119445) ("Laura-EP")

163.    U.S. Patent No. 4,532,930 (COC-0100711 to COC-0100766) ("Crosby")

164.    U.S. Patent No. 4,612,934 ("Borkan")

165.    U.S. Patent No. 4,947,844 (AMF001718 to AMF001730) ("McDermott '844 patent")

166.    Testimony regarding, among other things, the knowledge of a person having ordinary skill in the art at the time the patent claim was made and that the person of ordinary skill would have come up with the invention identified by a given patent claim at that time.

o  **Counterclaim 23:  claim 6 of the '691 patent is anticipated [LR 16-4.1(d)]**

▪  **Elements of counterclaim 23 [LR 16-4.1(e)]**

167.    The substance of paragraph 24 above is hereby incorporated herein by reference.

▪  **Evidence in support of counterclaim 23 [LR 16-4.1(f)]**

168.    U.S. Patent No. 5,938,691 and its file history

169.    U.S. Patent No. 4,612,934 ("Borkan")

170.    Testimony regarding, among other things, the knowledge of a person having ordinary skill in the art at the time of the claim being made and that each of one or more of the references discloses all of the elements of the given claim of the patent.

o  **Counterclaim 24:  claims 6 and 7 of the '691 patent are invalid as indefinite [LR 16-4.1(d)]**

▪  **Elements of counterclaim 24 [LR 16-4.1(e)]**

171.    The substance of paragraphs 29-31 above are hereby incorporated herein by reference.

1              ▪ **Evidence in support of counterclaim 24 [LR 16-4.1(f)]**

2       172.   The substance of paragraph 33 above is hereby incorporated herein by

3    reference.

4       173.   U.S. Patent No. 5,938,691 and its file history

5          o **Twenty-First Affirmative Defense:  Defendants' do not infringe**

6            **claims 6 or 7 of the '691 patent [LR 16-4.1(d)]**

7              ▪ **Elements of twenty-first affirmative defense [LR 16-**

8                **4.1(e)]**

9       174.   The substance of paragraphs 10-12 above are hereby incorporated

10   herein by reference.

11             ▪ **Evidence in support of twenty-first affirmative defense**

12               **[LR 16-4.1(f)]**

13      175.   The substance of paragraphs 150-153 above are hereby incorporated

14   herein by reference.

15         o **Twenty-Second Affirmative Defense:  claims 6 and 7 of the**

16           **'691 patent are invalid as obvious [LR 16-4.1(d)]**

17             ▪ **Elements of twenty-second affirmative defense [LR 16-**

18               **4.1(e)]**

19      176.   The substance of paragraph 14 above is hereby incorporated herein by

20   reference.

21             ▪ **Evidence in support of twenty-second affirmative defense**

22               **[LR 16-4.1(f)]**

23      177.   The substance of paragraphs 157-166 above are hereby incorporated

24   herein by reference.

25

26

27

28

1     o   **Twenty-Third Affirmative Defense:  claim 6 of the '691 patent is**
2         **anticipated [LR 16-4.1(d)]**
3             ▪   **Elements of twenty-third affirmative defense [LR 16-**
4                 **4.1(e)]**
5     178.   The substance of paragraphs 24 above is hereby incorporated herein by
6 reference.
7             ▪   **Evidence in support of twenty-third affirmative defense**
8                 **[LR 16-4.1(f)]**
9     179.   The substance of paragraphs 168-170 above are hereby incorporated
10 herein by reference.
11    o   **Twenty-Fourth Affirmative Defense:  claims 6 and 7 of the**
12        **'691 patent are invalid as indefinite [LR 16-4.1(d)]**
13            ▪   **Elements of twenty-fourth affirmative defense [LR 16-**
14                **4.1(e)]**
15    180.   The substance of paragraphs 29-31 above are hereby incorporated
16 herein by reference.
17            ▪   **Evidence in support of twenty-fourth affirmative defense**
18                **[LR 16-4.1(f)]**
19    181.   The substance of paragraphs 172-173 above are hereby incorporated
20 herein by reference.

SMRH:411868431.8

-30-

**Claim 6:  Inducement of infringement of claims 6 and 7 of the '691 patent[5] [LR 16-4.1(a)]**

- **Elements of Plaintiffs' induced infringement claim [LR 16-4.1(b)]**

182.   The substance of paragraphs 56-60 above are hereby incorporated herein by reference.

- **Evidence in opposition to Plaintiffs' induced infringement claim [LR 16-4.1(c)]**

183.   The substance of paragraphs 61-62, 150-153 above are hereby incorporated herein by reference.

○ **Counterclaim 25:  Defendants have not induced infringement of claims 6 or 7 of the '691 patent [LR 16-4.1(d)]**

▪ **Elements of counterclaim 25 [LR 16-4.1(e)]**

184.   The substance of paragraphs 63-67 above are hereby incorporated herein by reference.

▪ **Evidence in support of counterclaim 25 [LR 16-4.1(f)]**

185.   The substance of paragraphs 62, 150-153 above are hereby incorporated herein by reference.

○ **Counterclaim 26:  claims 6 and 7 of the '691 patent are invalid as obvious [LR 16-4.1(d)]**

▪ **Elements of counterclaim 26 [LR 16-4.1(e)]**

186.   The substance of paragraph 14 above is hereby incorporated herein by reference.

---

[5] As discussed more fully below in Sections III and IV below, the Cochlear Defendants object to Plaintiffs' attempt to present an inducement of infringement claim beyond claim 10 of the '616 patent on the basis that any evidence of alleged inducement of infringement relates only to claim 10 of the '616 patent.

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

1    ▪ **Evidence in support of counterclaim 26 [LR 16-4.1(f)]**

2    187.   The substance of paragraphs 157-166 above are hereby incorporated

3    herein by reference.

4    o   **Counterclaim 27:  claim 6 of the '691 patent is anticipated**

5    **[LR 16-4.1(d)]**

6    ▪ **Elements of counterclaim 27 [LR 16-4.1(e)]**

7    188.   The substance of paragraph 24 above is hereby incorporated herein by

8    reference.

9    ▪ **Evidence in support of counterclaim 27 [LR 16-4.1(f)]**

10   189.   The substance of paragraphs 168-170 above are hereby incorporated

11   herein by reference.

12   o   **Counterclaim 28:  claims 6 and 7 of the '691 patent are invalid**

13   **as indefinite [LR 16-4.1(d)]**

14   ▪ **Elements of counterclaim 28 [LR 16-4.1(e)]**

15   190.   The substance of paragraphs 29-31 above are hereby incorporated

16   herein by reference.

17   ▪ **Evidence in support of counterclaim 28 [LR 16-4.1(f)]**

18   191.   The substance of paragraphs 172-173 above are hereby incorporated

19   herein by reference.

20   o   **Twenty-Fifth Affirmative Defense:  Defendants**

21   o    **have not induced infringement of claims 6 or 7 of the**

22   **'691 patent [LR 16-4.1(d)]**

23   ▪ **Elements of twenty-fifth affirmative defense [LR 16-**

24   **4.1(e)]**

25   192.   The substance of paragraphs 63-67 above are hereby incorporated

26   herein by reference.

27

28

1    ▪ **Evidence in support of twenty-fifth affirmative defense**
2       **[LR 16-4.1(f)]**

3    193.   The substance of paragraphs 61-62 and 150-153 above are hereby
4    incorporated herein by reference.

5       o **Twenty-Sixth Affirmative Defense:  claims 6 or 7 of the**
6          **'691 patent are invalid as obvious [LR 16-4.1(d)]**

7          ▪ **Elements of twenty-sixth affirmative defense [LR 16-**
8             **4.1(e)]**

9    194.   The substance of paragraph 14 above is hereby incorporated herein by
10   reference.

11         ▪ **Evidence in support of twenty-sixth affirmative defense**
12            **[LR 16-4.1(f)]**

13   195.   The substance of paragraphs 157-166 above are hereby incorporated
14   herein by reference.

15      o **Twenty-Seventh Affirmative Defense:  claim 6 of the '691 patent**
16         **is anticipated [LR 16-4.1(d)]**

17         ▪ **Elements of twenty-seventh affirmative defense [LR 16-**
18            **4.1(e)]**

19   196.   The substance of paragraph 24 above is hereby incorporated herein by
20   reference.

21         ▪ **Evidence in support of twenty-seventh affirmative defense**
22            **[LR 16-4.1(f)]**

23   197.   The substance of paragraphs 168-170 above are hereby incorporated
24   herein by reference.

25

26

27

28

SMRH:411868431.8

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

o   **Twenty-Eighth Affirmative Defense:  claims 6 and 7 of the
'691 patent are invalid as indefinite [LR 16-4.1(d)]**

▪   **Elements of twenty-eighth affirmative defense [LR 16-
4.1(e)]**

198.   The substance of paragraphs 29-31 above are hereby incorporated
herein by reference.

▪   **Evidence in support of twenty-eighth affirmative defense
[LR 16-4.1(f)]**

199.   The substance of paragraphs 172-173 above are hereby incorporated
herein by reference.

**Claim 7:  Contributory infringement of claims 1 and 10 of the '616 patent[6]
[LR 16-4.1(a)]**

-   **Elements of Plaintiffs' contributory infringement claim [LR 16-4.1(b)]**

200.   The substance of paragraphs 86-91 above are hereby incorporated
herein by reference.

-   **Evidence in opposition to Plaintiffs' contributory infringement claim
[LR 16-4.1(c)]**

201.   The substance of paragraphs 61-62 and 150-153 above are hereby
incorporated herein by reference.

202.   Documentary evidence and testimony showing that the Defendants did
not sell or supply a material component of the claimed product or method that was
especially made or especially adapted for use in the claimed product or method.

---

[6] As discussed more fully below in Sections III and IV below, the Cochlear
Defendants object to Plaintiffs' attempt to present any contributory infringement
claim based on the fact that Plaintiffs have failed to present any evidence of
contributory infringement of any of the asserted claims.

203.   Documentary evidence and testimony showing that the Defendants' accused products, or the applicable material component thereof, are a staple article of commerce suitable for a substantial non-infringing use.

204.   Defendants' lacked the necessary knowledge of infringement based on their good faith belief that they did not infringe the given claim of the patent and/or that they were practicing the prior art.

- o **Counterclaim 29: Defendants have not contributorily infringed of claims 6 or 7 of the '691 patent [LR 16-4.1(d)]**
  - ▪ **Elements of counterclaim 29 [LR 16-4.1(e)]**

205.   The substance of paragraphs 96-101 above are hereby incorporated herein by reference.

- ▪ **Evidence in support of counterclaim 29 [LR 16-4.1(f)]**

206.   The substance of paragraphs 201-204 above are hereby incorporated herein by reference.

- o **Counterclaim 30: claims 6 and 7 of the '691 patent are invalid as obvious [LR 16-4.1(d)]**
  - ▪ **Elements of counterclaim 30 [LR 16-4.1(e)]**

207.   The substance of paragraph 14 above is hereby incorporated herein by reference.

- ▪ **Evidence in support of counterclaim 30 [LR 16-4.1(f)]**

208.   The substance of paragraphs 157-166 above are hereby incorporated herein by reference.

- o **Counterclaim 31: claim 6 of the '691 patent is anticipated [LR 16-4.1(d)]**
  - ▪ **Elements of counterclaim 31 [LR 16-4.1(e)]**

209.   The substance of paragraph 24 above is hereby incorporated herein by reference.

■ **Evidence in support of counterclaim 31 [LR 16-4.1(f)]**

210. The substance of paragraphs 168-170 above are hereby incorporated herein by reference.

    o **Counterclaim 32: claims 6 and 7 of the '691 patent are invalid as indefinite [LR 16-4.1(d)]**

■ **Elements of counterclaim 32 [LR 16-4.1(e)]**

211. The substance of paragraphs 29-31 above are hereby incorporated herein by reference.

■ **Evidence in support of counterclaim 32 [LR 16-4.1(f)]**

212. The substance of paragraphs 172-173 above are hereby incorporated herein by reference.

    o **Twenty-Ninth Affirmative Defense: Defendants have not contributorily infringed of claims 6 or 7 of the '691 patent [LR 16-4.1(d)]**

■ **Elements of twenty-ninth affirmative defense [LR 16-4.1(e)]**

213. The substance of paragraph 200 above is hereby incorporated herein by reference.

■ **Evidence in support of twenty-ninth affirmative defense [LR 16-4.1(f)]**

214. The substance of paragraphs 201-204 above are hereby incorporated herein by reference.

    o **Thirtieth Affirmative Defense: claims 6 or 7 of the '691 patent are invalid as obvious [LR 16-4.1(d)]**

■ **Elements of thirtieth affirmative defense [LR 16-4.1(e)]**

215. The substance of paragraph 14 above is hereby incorporated herein by reference.

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

1        ▪ **Evidence in support of thirtieth affirmative defense [LR**
2           **16-4.1(f)]**

3        216.   The substance of paragraphs 157-166 above are hereby incorporated
4    herein by reference.

5        ○ **Thirty-First Affirmative Defense:  claim 6 of the '616 patent is**
6           **anticipated [LR 16-4.1(d)]**

7            ▪ **Elements of thirty-first affirmative defense [LR 16-4.1(e)]**

8        217.   The substance of paragraph 24 above is hereby incorporated herein by
9    reference.

10           ▪ **Evidence in support of thirty-first affirmative defense [LR**
11              **16-4.1(f)]**

12       218.   The substance of paragraphs 168-170 above are hereby incorporated
13    herein by reference.

14       ○ **Thirty-Second Affirmative Defense:  claims 6 and 7 of the**
15          **'691 patent are invalid as indefinite [LR 16-4.1(d)]**

16           ▪ **Elements of thirty-second affirmative defense [LR 16-**
17              **4.1(e)]**

18       219.   The substance of paragraphs 29-31 above are hereby incorporated
19    herein by reference.

20           ▪ **Evidence in support of thirty-second affirmative defense**
21              **[LR 16-4.1(f)]**

22       220.   The substance of paragraphs 172-173 above are hereby incorporated
23    herein by reference.

24
25
26
27
28

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

**Claim 8:  Willful infringement of claims 6 or 7 of the '691 patent [LR 16-4.1(a)]**

- **Elements of Plaintiffs' willful infringement claim [LR 16-4.1(b)]**

221.   The substance of paragraphs 120-123 above are hereby incorporated herein by reference.

- **Evidence in opposition to Plaintiffs' willful infringement claim [LR 16-4.1(c)]**

222.   The substance of paragraphs 37-46, 62, 150-153, 157-166, 168-170, 172-173 and 201-204 above are hereby incorporated herein by reference.

223.   Documentary evidence and testimony showing that Defendants lacked the necessary intent to infringe and/or knowledge of infringement based on their good faith belief that they did not infringe the given claim of the patent and/or were practicing the prior art.

   o **Counterclaim 33:  Defendants have not willfully infringed of claims 6 or 7 of the '691 patent [LR 16-4.1(d)]**

      ▪ **Elements of counterclaim 33 [LR 16-4.1(e)]**

224.   The substance of paragraphs 127-130 above are hereby incorporated herein by reference.

      ▪ **Evidence in support of counterclaim 33 [LR 16-4.1(f)]**

225.   The substance of paragraphs 222-223 above are hereby incorporated herein by reference.

   o **Counterclaim 34:  claims 6 and 7 of the '691 patent are invalid as obvious [LR 16-4.1(d)]**

      ▪ **Elements of counterclaim 34 [LR 16-4.1(e)]**

226.   The substance of paragraph 14 above is hereby incorporated herein by reference.

1      ▪ **Evidence in support of counterclaim 34 [LR 16-4.1(f)]**

2      227.   The substance of paragraphs 157-166 above are hereby incorporated

3   herein by reference.

4      o **Counterclaim 35:  claim 6 of the '691 patent is anticipated**

5      **[LR 16-4.1(d)]**

6      ▪ **Elements of counterclaim 35 [LR 16-4.1(e)]**

7      228.   The substance of paragraph 24 above is hereby incorporated herein by

8   reference.

9      ▪ **Evidence in support of counterclaim 35 [LR 16-4.1(f)]**

10      229.   The substance of paragraphs 168-170 above are hereby incorporated

11   herein by reference.

12      o **Counterclaim 36:  claims 6 and 7 of the '691 patent are invalid**

13      **as indefinite [LR 16-4.1(d)]**

14      ▪ **Elements of counterclaim 36 [LR 16-4.1(e)]**

15      230.   The substance of paragraphs 29-31 above are hereby incorporated

16   herein by reference.

17      ▪ **Evidence in support of counterclaim 36 [LR 16-4.1(f)]**

18      231.   The substance of paragraphs 172-173 above are hereby incorporated

19   herein by reference.

20      o **Thirty-third Affirmative Defense:  Defendants have not willfully**

21      **infringed of claims 6 or 7 of the '691 patent [LR 16-4.1(d)]**

22      ▪ **Elements of thirty-third affirmative defense [LR 16-4.1(e)]**

23      232.   The substance of paragraphs 120-23 above are hereby incorporated

24   herein by reference.

25      ▪ **Evidence in support of twenty-ninth affirmative defense**

26      **[LR 16-4.1(f)]**

27      233.   The substance of paragraphs 222-223 above are hereby incorporated

28   herein by reference.

1          o **Thirty-Fourth Affirmative Defense:  claims 6 or 7 of the**

2            **'691 patent are invalid as obvious [LR 16-4.1(d)]**

3              ▪ **Elements of thirty-fourth affirmative defense [LR 16-**

4                **4.1(e)]**

5        234.   The substance of paragraph 14 above is hereby incorporated herein by

6    reference.

7              ▪ **Evidence in support of thirty-fourth affirmative defense**

8                **[LR 16-4.1(f)]**

9        235.   The substance of paragraphs 157-166 above are hereby incorporated

10   herein by reference.

11         o **Thirty-Fifth Affirmative Defense:  claim 6 of the '616 patent is**

12           **anticipated [LR 16-4.1(d)]**

13             ▪ **Elements of thirty-fifth affirmative defense [LR 16-4.1(e)]**

14       236.   The substance of paragraph 24 above is hereby incorporated herein by

15   reference.

16             ▪ **Evidence in support of thirty-fifth affirmative defense [LR**

17               **16-4.1(f)]**

18       237.   The substance of paragraphs 168-170 above are hereby incorporated

19   herein by reference.

20         o **Thirty-Sixth Affirmative Defense:  claims 6 and 7 of the**

21           **'691 patent are invalid as indefinite [LR 16-4.1(d)]**

22             ▪ **Elements of thirty-sixth affirmative defense [LR 16-4.1(e)]**

23       238.   The substance of paragraphs 29-31 above are hereby incorporated

24   herein by reference.

25             ▪ **Evidence in support of thirty-sixth affirmative defense**

26               **[LR 16-4.1(f)]**

27       239.   The substance of paragraphs 172-173 above are hereby incorporated

28   herein by reference.

- **Thirty-Seventh Affirmative Defense:  damages for the alleged past infringement of the '616 patent and '691 patent are barred under 35 U.S.C. Section 274(a) [LR 16-4.1(d)]**

      o  **Elements of thirty-seventh affirmative defense [LR 16-4.1(e)]**

240.   Patentees, and persons making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United States, may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent, or by fixing thereon the word "patent" or the abbreviation "pat." together with an address of a posting on the Internet, accessible to the public without charge for accessing the address, that associates the patented article with the number of the patent, or when, from the character of the article, this cannot be done, by fixing to it, or to the package wherein one or more of them is contained, a label containing a like notice.

241.   In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice.

242.   Filing of an action for infringement shall constitute such notice. 35 U.S.C. § 274(a).

      o  **Evidence in support of thirty-seventh affirmative defense [LR 16-4.1(f)]**

243.   Documentary evidence and testimony showing that Plaintiffs' never provided constructive notice of the either the '616 or the '691 patent by marking Plaintiffs' products or their packaging with the numbers of this patent.  As needed, Defendants may also introduce documentary evidence and testimony showing that

the first actual notice of the '616 patent was not provided until July 2003 and that the
first actual notice of the '691 patent was not provided until December 2007.

- **Thirty-Eighth Affirmative Defense:  Plaintiffs' claim of infringement
  of the '616 patent and '691 patent are barred by the doctrine of
  estoppel [LR 16-4.1(d)]**

  o **Elements of thirty-eighth affirmative defense [LR 16-4.1(e)]**

244.   By a preponderance of the evidence:

245.   a.   AMF, through misleading conduct, led the Cochlear Defendants
to reasonably believe that it did not intend to enforce the '616 patent or the
'691 patent against the Cochlear Defendants;

246.   b.   The Cochlear Defendants relied on that conduct; and

247.   c.   Due to their reliance, the Cochlear Defendants would be
materially prejudiced if AMF was permitted to proceed with its charge of
infringement of the '616 patent.

*A.C. Aukerman Co. v. R.L. Chaides Const. Co.*, 960 F.2d 1020 (Fed. Cir. 1992) (*en
banc*).

  o **Evidence in support of thirty-eighth affirmative defense [LR 16-
    4.1(f)]**

248.   Documentary evidence and testimony showing that AMF knew or
should have known that Defendants' Nucleus 24 implant had a telemetry feature
prior to December 2001.

249.   Documentary evidence and testimony showing that AMF waited until
July 2003 to write Defendants' about an alleged infringement of the '616 patent.

250.   Documentary evidence and testimony showing that the Cochlear
Defendants responded promptly in writing denying any infringement.

251.   Documentary evidence and testimony showing that AMF failed to ever respond to the Cochlear Defendants' denial of infringement, leading the Cochlear Defendants to believe that AMF agreed that there was no infringement.

252.   Documentary evidence and testimony showing that the Cochlear Defendants thereafter introduced the Nucleus Freedom implant, implanted the Nucleus Freedom implant in thousands of patients, which drove the Cochlear Defendants' sales to a much higher level.

- **Thirty-Ninth Affirmative Defense:  damages for any alleged infringement are barred by the doctrine of laches [LR 16-4.1(d)]**

    o **Elements of thirty-ninth affirmative defense [LR 16-4.1(e)]**

253.   By a preponderance of the evidence:

254.   a.      The owner of the patents-in-suit delayed filing suit for an unreasonable and inexcusable length of time after it knew or reasonably should have known of its claims against the Cochlear Defendants;

255.   b.      The delay resulted in material prejudice or injury to the Cochlear Defendants;

256.   c.      The material prejudice was either evidentiary prejudice or economic prejudice.

257.   A delay of 6 years or more creates a rebuttable presumption of laches. *Wanlass et. al. v. General Elec. Co.*, 148 F.3d 1334 (Fed. Cir. 1998); *A.C. Aukerman Co. v. R.L. Chaides Const. Co.*, 960 F.2d 1020 (Fed. Cir. 1992)(*en banc*)

    o **Evidence in support of thirty-ninth affirmative defense [LR 16-4.1(f)]**

258.   Documentary evidence and testimony showing that AMF knew or should have known that Defendants' Nucleus 24 implant had a telemetry feature

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

prior to December 2001, and that the existence of this telemetry system is the basis for Plaintiffs' infringement allegation in the Complaint.

259.   Documentary evidence and testimony showing that AMF waited until July 2003 to write Defendants' about an alleged infringement.

260.   Documentary evidence and testimony showing that the Cochlear Defendants responded promptly in writing denying any infringement.

261.   Documentary evidence and testimony showing that AMF failed to ever respond to the Cochlear Defendants' denial of infringement, leading the Cochlear Defendants to believe that AMF agreed that there was no infringement.

262.   Documentary evidence and testimony showing that the Cochlear Defendants thereafter introduced the Nucleus Freedom implant, implanted the Nucleus Freedom implant in thousands of patients, which drove the Cochlear Defendants' sales to a much higher level.

263.   Documentary evidence and testimony that AMF waited until December 2007 to file the lawsuit.

## III.   Anticipated Evidentiary Issues [LR 16-4.1(h)]

-   Evidentiary issue 1:  Whether Plaintiffs are entitled to seek to prejudice the jury with evidence seeking to ascribe to AMF humanitarian, benevolent or charitable activities, deeds or purposes (e.g., "we work to make the blind see , the lame walk and the deaf hear") except as it is directly related to the field of cochlear implants.

    o   *Defendants' position*:  As discussed fully in Defendants' Joint Motion *in Limine* No. 1, all such evidence is properly excluded at trial.

-   Evidentiary issue 2:  Whether the testimony of Cate Elsten should be excluded, in whole or in part, from trial.

1              o  *Defendants' position*:  As discussed fully in Defendants Joint

2                Motion in Limine No. 2, Ms. Elsten's testimony is properly

3                excluded at trial.

4      -  <u>Evidentiary issue 3</u>:  Whether evidence of alleged damages prior to

5        Defendants receiving notice of the each of the patents in suit should be

6        excluded from trial.

7              o  *Defendants' position*:  As discussed fully in Defendants' Joint

8                Motion *in Limine* No. 3, all such evidence is properly excluded at

9                trial.

10     -  <u>Evidentiary issue 4</u>:  Whether Farah Boroomand, Charles "Chuck" Byers,

11       Mark Chamberlain, Steve Hazard, Dr. John Niparko, Thomas Santogrossi,

12       Robert Schindler, Dr. Ginger Stickney, and Dr. Nancy Young should be

13       barred from testifying at trial.

14            o  *Defendants' position*:  Each of these nine newly identified witnesses

15                should be barred from testifying at trial.  As discussed fully in

16                Defendants Joint Motion in Limine No. 4 filed herewith, these

17                individuals were not properly identified in discovery pursuant to

18                Federal Rules of Civil Procedure 26(a)(1) and, in certain cases,

19                pursuant to Rule 26(a)(2).

20     -  <u>Evidentiary issue 5</u>: Whether evidence and argument regarding the fact

21       that the Cochlear Defendants received attorney advice to which they have

22       asserted the attorney client privilege should be excluded at trial.

23            o  *Defendants' position*:  As discussed fully in Defendants' Joint

24                Motion *in Limine* No. 5, all such evidence and argument is properly

25                excluded at trial.

26     -  <u>Evidentiary issue 6</u>:  Whether Plaintiffs' evidence and argument at trial of

27       inducement of infringement and contributory infringement is limited to

28       claim 10 of the `616 patent given that Plaintiffs never disclosed in

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

discovery any assertion of inducement of infringement or contributory infringement as to any claim of either of the patents in suit other than claim 10 of the `616 patent.[7]

o *Defendants' position*:  Defendants must be limited to presenting evidence and argument at trial on any alleged inducement of infringement or contributory infringement claims solely as to claim 10 of the `616 patent as that is the only patent claim Plaintiffs identified in discovery they were pursuing under those theories of liability.

Defendants' Interrogatory No. 1 required Plaintiffs to set forth the claims of each of the patents in suit together with the theory of infringement and the details of how each element of the claim was met by the Cochlear Defendants' products under each theory of infringement.  Defendants' Interrogatory No. 2 required Plaintiffs to set forth, *inter alia*, claims of each of the patents in suit on which the contend the doctrine of equivalents applies.  See Exs. A and B to the Declaration of Scott R. Miller filed herewith (hereafter "Miller Memo Decl., Ex. _").  In their response and supplemental responses, the only claim ever identified as being subject to an assertion of inducement of infringement or contributory infringement was claim 10 of the `616 patent.  Miller Memo Decl., Ex. A at pp. 7-8; and Ex. B at pp. 7-9.  Thus, Rule 37, and the case law interpreting Rule 37, uniformly require the automatic exclusion of any argument and

---

[7] The Plaintiffs never indicated an intent to pursue claims of inducement of infringement or contributory infringement under any claim other than claim 10 of the `616 patent in suit prior to the Rule 16 meeting held on November 12, 2013.  By that date, it was too late for the Cochlear Defendants to raise this issue as a motion *in limine* under the schedule set forth in the Court's October 18, 2013 Order re further proceedings. [D.I. 300].  Thus, the Cochlear Defendants raise the issue here.

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

1   evidence at trial based on a claim not asserted during discovery and

2   on which no discovery was ever provided by Plaintiffs.

3       In *ATD Corp. v. Lydall, Inc*., the Federal Circuit upheld the

4   exclusion of an invalidity theory that was proposed by the

5   defendants after the close of discovery.  159 F.3d 534, 550-51 (Fed.

6   Cir. 1998).  The District Court's stated reason for precluding the

7   invalidity theory was "exercising [its] discretion under the rule of

8   the Federal Rules of Civil Procedure to preclude a party from

9   relying on theories not made available or not disclosed to the

10  opposing side."  *Id*.  The Federal Circuit agreed, holding that "[t]he

11  district court in the instant case was well within its discretion in

12  excluding the Munters patent, for the record shows that Lydall

13  offered no reason to justify its submission long after the close of

14  discovery."  *See also Markos v .Sears, Roebuck and Co.*, 2007 WL

15  5162457 at *1 (C.D. Cal., Mar. 19, 2007) (precluding "all testimony

16  by Plaintiff related to his [newly asserted] claim" under Rule 26

17  because "Defendant has had no opportunity to conduct discovery on

18  this theory [so] it would be unfairly prejudicial for Plaintiff to argue

19  this theory at trial.")

20      Here, Plaintiffs have no justification for their failure to assert a

21  claim of inducement or contributory infringement for any claim

22  other than claim 10 of the '616 patent prior to the close of

23  discovery.  The Cochlear Defendants would be substantially

24  prejudiced if the court were to allow these claims to be inserted into

25  this action at this 11th hour as they have taken no discovery on them

26  nor have they prepared any expert testimony on these never

27  previously-asserted claims.

28

- <u>Evidentiary issue 7</u>: Whether Plaintiffs are barred from presenting evidence and argument of equivalents of claim 10 of the `616 patent at trial given Supreme Court case law that precludes such evidence and argument where, as here, AMF substantively amended the claim during prosecution to overcome prior art and gain allowance of the claim.

  o *Defendants' position*: As discussed in Section IV below, Plaintiffs surrendered any scope of equivalents as a matter of law under file history estoppel when it substantively amended the element of claim 10 at issue to overcome prior art and gain allowance of the claim. Thus, any evidence and argument concerning equivalents under claim 10 of the `616 patent is properly excluded from trial.

- <u>Evidentiary issue 8</u>: Whether Plaintiffs are barred from presenting evidence and argument that a cochlear implant having 1 antenna is equivalent to a cochlear implant having 2 antennae at trial given that, during prosecution of the `691 patent,  AMF substantively distinguished the alleged invention underlying the patent with two antennae from a cochlear implant having one antenna to overcome prior art and gain allowance of the claims.

  o *Defendants' position*: Plaintiffs are barred from asserting that a cochlear implant with one antenna is equivalent to a cochlear implant with two antennae, one for transmission and one for reception for at least two reasons.  First, Plaintiffs never asserted the doctrine of equivalents in discovery as a basis for infringement of this element.  For the reasons discussed above in Evidentiary Issue no. 6, Plaintiffs cannot assert theories of liability at trial that it never disclosed in discovery.  Second, as discussed in Section IV below, Plaintiffs surrendered any scope of equivalents as a matter of law under file history estoppel when it substantively distinguished

1    products with two antennae from the one antenna claimed in the

2    `691 patent to overcome prior art and gain allowance of the claims.

3    Thus, any evidence and argument that a cochlear implant with one

4    antenna is equivalent to a cochlear implant with two antennae is

5    properly excluded from trial.

6    -   Evidentiary issue 9:  Should Plaintiffs be barred from presenting evidence

7    and argument that claims 6 and 7 of the '691 patent have a priority date

8    earlier than August 29, 1991?

9        o   *Defendants' position*:  As discussed in Section IV below, as a matter

10           of law Plaintiffs cannot obtain the benefit of a priority date earlier

11           than August 29, 1991 for claims 6 and 7 of the '691 patent.  Thus,

12           any evidence and argument that claims 6 and 7 of the '691 patent

13           have a priority date earlier than August 29, 1991 should be barred.

14   -   Evidentiary issue 10:  Should Plaintiffs be barred from presenting

15   evidence and argument that the Cochlear Defendants are liable for willful

16   infringement of the `691 patent?

17       o   *Defendants' position*:  As discussed in Section IV below, Plaintiffs'

18           failure to seek a preliminary injunction forecloses as a matter of law

19           any remedy for willful infringement of the `691 patent since the

20           alleged willfulness occurred solely post-filing of the Complaint.

21   -   Evidentiary issue 11:  Should Plaintiffs be barred from presenting

22   evidence and argument that the Cochlear Defendants are liable for willful

23   infringement of the `616 patent?

24       o   *Defendants' position*:  As discussed in Section IV below, before

25           presenting any evidence or argument to the jury the Plaintiffs must

26           first establish by clear and convincing evidence that the legal

27           defenses advanced by the Cochlear Defendants are objectively

28           unreasonable.  Moreover, before any issue of willful infringement

1   can be put to the jury, the court must determine that a reasonable

2   jury could find from the record that the factual defenses advanced

3   by the Cochlear Defendants are objectively unreasonable.

4

5   **IV.   Issues of Law [LR 16-4.1(i)]**

6   -   <u>Issue of law 1</u>:  Are claim 1 of the '616 patent and claims 6 and 7 of the

7       '691 patent, each of which are mean plus function claims, invalid as

8       indefinite?

9       o   *Defendants' position*:  Claim 1 of the '616 patent and claims 6 and 7

10          of the '691 patent are all invalid as indefinite as a matter of law.

11          Each of these claims includes a computer programmed with an

12          algorithm as part of the structure under 35 USC § 112 ¶ 6, but

13          neither of the patents disclose an algorithm for performing the

14          claimed functions.

15              A patent "specification shall conclude with one or more claims

16          particularly pointing out and distinctly claiming the subject matter"

17          of the invention.  35 U.S.C. § 112 ¶ 2.[8]  "An element in a claim . . .

18          may be expressed as a means . . . for performing a specified function

19          without the recital of structure …."  35 U.S.C. § 112 ¶ 6.  In that

20          case, "such claim shall be construed to cover the corresponding

21          structure … described in the specification and equivalents thereof."

22          *Id.*  "In a means-plus-function claim in which the disclosed structure

23          is a computer, or microprocessor, programmed to carry out an

24          algorithm, the disclosed structure is not the general purpose

25          computer, but rather the special purpose computer programmed to

26   _____

27   [8] 35 U.S.C. § 112 was amended by Pub. L. No. 112-29 in 2011 to label the
     paragraphs of the section (a)-(f).  The amendment is not, however, applicable to
     patent applications filed before the effective date.  *Id.*

28

perform the disclosed algorithm." *WMS Gaming*, 184 F.3d at 1349 (emphasis added).

The structure of a microprocessor without a specific algorithm to run on it fails to satisfy the definiteness requirement of 35 U.S.C. §112 ¶ 2, rendering the claim invalid. *Aristocrat*, 521 F.3d at 1333-38; *Ergo Licensing, LLC v. CareFusion 303, Inc.*, 673 F.3d 1361, 1364 (Fed. Cir. 2012).[9]

All of claims 1 of the '616 patent and claims 6-7 of the '691 patent contain means-plus-function limitations for which this Court has determined that the corresponding structure includes a microprocessor.  For example, claim 1 of the `616 patent contains the element "external processing means … for receiving and processing the status-indicating signals to derive information therefrom regarding the operation of the implanted stimulator and its plurality of tissue stimulating electrodes."

This court determined that this element is a means-plus-function element, and the corresponding structure is an "antenna, receiver and a microprocessor."  But the specification is silent as to any corresponding algorithm for processing the status-indicating signals to derive information therefrom regarding the operation of the implanted stimulator and its plurality of tissue stimulating electrodes.

The Federal Circuit has consistently applied the algorithm requirement to all microprocessors, even those in specialized

---

[9] The narrow exception to this rule – involving a general purpose computer performing generic functions (*e.g.* non-specific processing, storing or receiving) without special programming – does not apply in this case.  *See e.g. Ergo Licensing*, 673 F.3d at 1364-65.

equipment.  *See e.g.  WMS Gaming Inc. v. Int'l Game Tech.*, 184
F.3d 1339, 1343 and 1349 (Fed. Cir. 1999) (applying requirement to
microprocessor in slot machine); *Tehrani v. Hamilton Medical, Inc.*,
331 F.3d 1355, 1356 and 1362 (Fed. Cir. 2003) (applying
requirement to microprocessor in respirator); *Harris Corp. v.
Ericsson, Inc.*, 417 F.3d 1241, 1245 and 1253 (Fed. Cir. 2005)
(applying requirement to microprocessor in cellular communication
equipment); *Aristocrat Techs. Australia Pty Ltd. v. Int'l Game
Tech.*, 521 F.3d 1328, 1330 and 1333 (Fed. Cir. 2008) (applying
requirement to microprocessor in slot machine); *Ergo Licensing,
LLC v. CareFusion 303, Inc.*, 673 F.3d 1361, 1362 and 1364 (Fed.
Cir. 2012) (applying requirement to microprocessor used in medical
infusion pump).  The requirement for an algorithm applies to
microprocessor 30 regardless of whether that microprocessor is a
general or special purpose microprocessor.

Indeed, the programmable nature of microprocessors has been
established in Federal Circuit precedent:

> A microprocessor contains a myriad of interconnected transistors
> that operate as electronic switches. … The instructions of the
> software program cause the switches to either open or close.  …
> The opening and closing of the interconnected switches creates
> electrical paths in the microprocessor that cause it to perform the
> desired function of the instructions that carry out the algorithm.

*WMS Gaming*, 184 F.3d at 1348 fn. 3.  Microprocessor 30 is
<u>inherently</u> programmable.  It does not matter that the programming
may not be done "by the user."  As discussed above, the Federal
Circuit has applied the requirement for an algorithm to many
microprocessors – such as those in slot machines, respirators and
infusion pumps – that are not programmable by a user.

A microprocessor cannot, by itself, perform the claimed function of "receiving and processing the status-indicating signals to derive information therefrom regarding the operation of the implanted stimulator and its plurality of tissue stimulating electrodes."  Just as any computer without software is but a mere paperweight, a microprocessor must execute an algorithm to perform this claimed function.  Yet nowhere does the specification disclose an algorithm necessary for "receiving and processing the status-indicating signals to derive information therefrom regarding the operation of the implanted stimulator and its plurality of tissue stimulating electrodes."

Under binding Federal Circuit precedent, claims that include a computer or a microprocessor are invalid as indefinite in the absence of the disclosure of the algorithm executed by the computer.  *Aristocrat*, 521 F.3d at 1333-38.  The sufficiency of the specification's disclosure of a necessary algorithm is a question of law that the Federal Circuit reviews *de novo*.  *Ibormeith Lp, LLC v. Mercedes-Benz USA, LLC*, 732 F.3d 1376, 1379 (Fed. Cir. 2013) (holding that whether a specification adequately discloses an algorithm "is a question of law we decide *de novo*"); *ePlus, Inc. v. Lawson Software, Inc.*, 700 F.3d 509, 517 (Fed. Cir. 2012) (indefiniteness is "a question of law.").  Thus, the validity of claim 1 of the `616 patent is an issue of law for the court to decide.

And neither the patent nor the Plaintiffs identify anything that constitutes the algorithm.  Although an algorithm may be expressed in any understandable terms, "an algorithm is still a *step-by-step procedure* for accomplishing a given result."  *Ergo Licensing*, 673 F.3d at 1365 (emphasis added; internal quotation omitted).  As the

Federal Circuit recognized: "A patentee cannot avoid providing specificity as to structure simply because someone of ordinary skill in the art would be able to devise a means to perform the claimed function." *Blackboard, Inc. v. Desire2Learn, Inc.*, 574 F.3d 1371, 1385 (Fed.Cir. 2009).  And while *Finisar Corp. v. Direct TV Group, Inc.*, 523 F.3d 1323, 1341 (Fed. Cir. 2008) may have said that the Federal Circuit does not impose a lofty standard, that case also made it quite clear – when it invalidated the claims at issue – that providing "nothing more than a restatement of the function" fails satisfy the requirements of 35 U.S.C. § 112, ¶ 2. *Id.* at 1340.  Accordingly, the claims should be determined to be invalid as a matter of law.

The same analysis, and the same outcome, apply to claims 6-7 of the `691 patent.  Those claims contain the means plus function element of "means for generating data indicative of the audio signal."  Once again, the court construed the structure applicable to this claim element to include a microprocessor.  And once again, the specification is silent as to what algorithm is used by the microprocessor to accomplish this function.  As above, the applicable Federal Circuit precedent mandates a finding as a matter of law that claims 6-7 of the '691 patent are invalid as indefinite. *Aristocrat*, 521 F.3d at 1333-38; *Ibormeith* 732 F.3d at 1379; and, *ePlus*, 700 F.3d at 517.

- Issue of law 2:  Should Plaintiffs be barred from arguing that claims 6 and 7 of the '691 patent have a priority date earlier than August 29, 1991?
  - *Defendants' position*:  Plaintiffs cannot obtain the benefit of a priority date earlier than August 29, 1991 for claims 6 and 7 of the

1    '691 patent.

2         Under 35 U.S.C. Section 120, the continuation application Serial

3    No. 07/752,069, filed on August 29, 1991, is the earliest parent

4    application containing disclosures that satisfy both the written

5    description and enablement requirements for claim 6 or 7 as these

6    claims have been construed by this Court.  Plaintiffs did not object

7    to the relevant portions of the Court's claim construction order with

8    respect to claim 6 and, thus, have waived any argument to the

9    contrary.  *See Cent. Admixture Pharmacy Servs., Inc. v. Advanced*

10   *Cardiac Solutions, P.C.*, 482 F.3d 1347, 1356 (Fed. Cir. 2007)

11   (affirming district court's decision that party waived claim

12   construction argument by not asserting it during claim construction

13   hearing); *Sulzer Textil A.G. v. Picanol N.V.*, 358 F.3d 1356, 1366

14   (Fed. Cir. 2004) (holding that district courts must instruct jurors on

15   the claim construction adopted by the court of the jury's obligation

16   to follow the court's construction); *Absolute Software, Inc. v. Stealth*

17   *Signal, Inc.*, 659 F.3d 1121, 1130-32 (Fed. Cir. 2011) (lack of

18   objection waives claim construction argument); *Fenner Inv., Ltd. v.*

19   *Microsoft Corp.*, 632 F. Supp. 2d 627, 638 (E.D. Texas 2009)

20   (citing *Sulzer* and *Cent. Admixture* and holding that party waived

21   claim construction argument during trial because the argument "is

22   contrary to the claim construction order and was not raised prior to

23   or even following the claim construction hearing"); *Transamerica*

24   *Life Ins. Co. v. Lincoln Nat. Life Ins. Co.*, 597 F. Supp. 2d 897, 910

25   (N.D. Iowa 2009) ("…no party should be allowed to argue to the

26   jury claim constructions that are contrary to the court's claim

27   constructions or to reassert to the jury constructions that the court

28   has already expressly or implicitly rejected").  Therefore,

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

1  August 29, 1991, is the earliest priority date possible for claim 6 or

2  7 of the '691 patent as a matter of law.

3

4  - Issue of law 3:  Should Plaintiffs be barred from relying on the doctrine of

   equivalents to argue that the display of impedance is equivalent to the

5  display of voltage?

6     o *Defendants' position*:  Prosecution history estoppel bars Plaintiffs

7        from arguing that displaying impedance is equivalent to displaying

8        voltage under the doctrine of equivalents as a matter of law.

9        Plaintiff substantively amended this element of the relevant

10       claims to avoid prior art and obtain allowance of the claims.  This

11       activity results in a surrender of any scope of equivalents.  *Festo*

12       *Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 736

13       (2002) ("Estoppel arises when an amendment is made to secure the

14       patent and the amendment narrows the patents scope.");  see also

15       *Honeywell Int'l Inc. v. Hamilton Sundstrand Corp.*, 370 F.3d 1131,

16       1139 (Fed. Cir. 2004) ("[P]rosecution history estoppel may bar the

17       patentee from asserting equivalents if the scope of the claims has

18       been narrowed by amendment during prosecution.").

19

20 - Issue of law 4:  Should Plaintiffs' be barred from relying on the doctrine of

21   equivalents to argue that a cochlear implant having 1 antenna is equivalent

22   to a cochlear implant having 2 antennae?

23    o *Defendants' position*:  As discussed in Evidentiary Issue No. 6,

24       Plaintiffs' failure to assert this theory in discovery prevents the

25       Plaintiffs from offering it at trial.  Moreover, prosecution history

26       estoppel bars Plaintiffs from arguing that a cochlear implant having

27       1 antenna is equivalent to a cochlear implant having 2 antennae, be

28       it under § 112 ¶ 6 or the doctrine of equivalents, as a matter of law.

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

Plaintiff substantively distinguished products having two antennae from the claims product with a single antenna to avoid prior art and obtain allowance of the claims.  This activity results in a surrender of any scope of equivalents.  *Festo Corp.* 535 U.S. at 736; *Honeywell,* 370 F.3d at 1139.  Moreover, there is no issue of later-developed technology because cochlear implants having 1 antenna predate cochlear implants having 2 antennae.

- <u>Issue of law 5</u>:  Should Plaintiffs' be limited to raising at trial theories of inducement of infringement and contributory infringement to the patent claim it identified during discovery was the subject of these theories?
  - *Defendants' position*:  Plaintiffs' should only be permitted to present evidence at trial of alleged inducment of infringement and contributory infringement on the patent claims it identified in discovery were the subject of these assertions.  As discussed in Section III above, to determine otherwise destroys the ability of any party to prepare for trial in fair and orderly fashion.

- <u>Issue of law 6</u>:  Are the Plaintiffs entitled to present evidence of willful infringement of the `691 patent to the jury?
  - *Defendants' position*:  Plaintiffs should not be permitted to present evidence to the jury of willful infringement of the `691 patent.

    The Cochlear Defendants first knowledge of the `691 patent came with the filing of the Complaint in this action.  The Federal Circuit has determined that where the actions by an alleged infringer that form the basis for alleged willful infringement is the post-filing conduct of the defendant, that the plaintiff is precluded from asserting a claim for willful infringement unless it sought a preliminary injunction to stop the alleged infringement.

*Seagate Technology, LLC*, 497 F.3d 1360, 1374  (Fed. Cir. 2007). (When an accused infringer's post-filing conduct is reckless, a patentee can move for a preliminary injunction, which generally provides an adequate remedy for combating post-filing willful infringement; *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed.Cir.2001).

Here, it is uncontroverted that Plaintiffs did not mark products with the `691 patent and that the first knowledge of this patent by the Cochlear Defendants was from the Complaint.  Plaintiffs did not seek a preliminary injunction against the alleged infringement by the Cochlear Defendants.  Thus, under *In re Seagate, supra,* Plaintiffs are not be allowed to accrue enhanced damages based solely on the Cochlear Defendants' post-filing conduct. Thus, Plaintiffs must be precluded from asserting that the Cochlear Defendants willfully infringed the `691 patent.  Any evidence of such alleged willful infringement would be improper under FRE 401-403.

- Issue of law 7:  Are the Plaintiffs entitled to present evidence of willful infringement of the `616 patent to the jury?
   o *Defendants' position*:  Plaintiffs should not be permitted to present evidence to the jury of the alleged willful infringement of the `616 patent until they establish to the court by clear and convincing evidence that the legal defenses asserted by the Cochlear Defendants are objectively unreasonable.  *Powell v Home Depot*, 663 F.3d 1221, 1236 (Fed. Cir. 2011).  Unless Plaintiffs are able to establish that a reasonable jury could properly find that the defenses presented by the Cochlear Defendants are objectively unreasonable,

1    then the court must prevent the Plaintiffs from arguing willful

2    infringement to the jury and jury cannot be permitted to consider

3    willful infringement.  Only upon such a showing may the jury look

4    to the subjective prong of willful infringement.  *Id*.; *DePuy Spine v*

5    *Medtronic*, 567 F.3d 1314, 1336-37 (Fed. Cir. 2009).

6  **V.    Bifurcation of Issues. [LR16-4.3]**

7    Defendants' position:  None is needed.

8

9  **VI.    Jury Trial. [LR16-4.4]**

10    The issues of patent infringement, damages and whether the patent is invalid

11  under 35 USC 102 (anticipation) or 103 (obviousness) are triable to a jury as a matter

12  of right.  Both parties have requested a jury in the case.

13    The defenses of inequitable conduct, laches and estoppel are, in the discretion

14  of the Court, triable to the jury for an advisory verdict or are otherwise triable to the

15  Court.  *Hebert v. Lisle Corp*., 99 F.3d 1109, 1114 (Fed. Cir. 1996) (approving the

16  use of an advisory jury on the issue of inequitable conduct, and stating that "[a]bsent

17  a clear showing of prejudice, or failure to achieve a fair trial, the district court's

18  choice of procedure will not be disturbed."); *see also Fresenius Medical Care*

19  *Holdings, Inc. v. Baxter Int'l. Inc.*, 2006 WL 1646108 at *2 (N.D. Cal., Jun. 12,

20  2006) (recognizing that "the use of an advisory jury for the defense of inequitable

21  conduct is a common practice in patent cases."  Here, the issues of invalidity and

22  inequitable conduct share nearly all of the evidence at one issue.  Thus, Defendants

23  contend that the issue of inequitable conduct should be tried to the jury for an

24  advisory verdict in this case given the substantial overlap in the evidence for

25  invalidity and inequitable conduct and the overlap of one issue.  *See, Fresenius, 2006*

26  *WL 1646108 at *2* (finding persuasive defendant's argument that "there is a

27  substantial overlap between the evidence pertinent to the invalidity defense and the

28

inequitable conduct defense, and therefore Baxter will not be unduly prejudiced if the evidence relating to Fresenius' inequitable conduct defense is presented to the jury.")

As applicable here, the defense of inequitable conduct requires the determination that the patentee, or its agent: (1) failed to provide prior art to the patent office prior to the issuance of the `616 patent; (2) that the prior art was material to the determination of patentability; and, (3) that the patentee (or its agent) intended to mislead the patent office by withholding the material reference.  Here, there is no dispute but that AMF had the withheld reference during the prosecution of the `616 patent as it disclosed the reference to the patent office in another one of its patent applications during that time.

The second factor is also before the jury on the invalidity defense since the prior art at issue is prior art that the jury will consider in the its determination of whether the `616 patent is valid.  Moreover, as the determination of materiality is based on a preponderance of the evidence standard, the jury will have no further issue to decide about materiality if it determines that the Cochlear Defendants have submitted clear and convincing evidence that the `616 patent is invalid over the withheld reference.

The only issue that is not either uncontested or already before the jury is the issue of whether AMF, or its agent, intended to mislead the patent office based on its withholding of the prior art reference.  The trial of this issue to the jury will take less than one hour total, and will allow the jury to then provide this Court with an advisory verdict to assist the Court in resolving the defense.

VII.   **Attorneys' Fees [LR16-4.5]**

35 USC § 285 provides:

> The court in exceptional cases may award reasonable attorney fees to the prevailing party.

The current standard articulated by the Federal Circuit holds that the award of attorney fees under Section 285 is a two-step process. *Highmark, Inc. v. Allcare Health Mgmt. Sys., Inc.*, 687 F.3d 1300, 1308 (Fed. Cir. 2012), rehearing denied with opinion and dissent, 701 F.3d 1351 (Dec. 6, 2012); *Forest Labs., Inc. v. Abbott Labs.*, 339 F.3d 1324, 1327-28 (Fed. Circ. 2003).  First, the court must determine whether the prevailing party has established by clear and convincing evidence that the case is exceptional. *Forest Labs,* 339 F.3d at 1328.  Second, for those cases that are exceptional, the court must decide if fees are warranted under the circumstances and the amount of any fees to be awarded. *Id*.  The standard for awarding attorneys' fees is currently on appeal before the U.S. Supreme Court in two cases, *Highmark Inc. v. Allcare Health Management Systems,* 687 F.3d 1300 (Fed. Cir. 2012), cert. granted, 2013 WL 1217353 (Oct. 1, 2013), and *Octane Fitness, LLC v. Icon Health and Fitness, Inc.*, 496 Fed.Appx. 57 (Fed. Cir. 2012), cert. granted, 2013 WL 1283843 (Oct. 1, 2013).

## VIII.  <u>Abandonment of Issues [LR16-4.6]</u>

The Cochlear Defendants have abandoned its pleaded defense under 35 USC 102(g).  No other pleaded claims or defenses have been abandoned by the Cochlear Defendants.

DATED:  November 26, 2013

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By:   */s/ Bruce C. Chapman*
　　Bruce C. Chapman
　　Attorneys for Defendant/
　　Counterclaimants COCHLEAR
　　LTD. and COCHLEAR
　　AMERICAS

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW