1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2  Including Professional Corporations
   BRUCE G. CHAPMAN, Cal. Bar No. 164258
3  bchapman@sheppardmullin.com
   SCOTT R. MILLER (Cal. Bar No. 112656)
4  smiller@sheppardmullin.com
   LAURA M. BURSON (Cal. Bar No. 204459)
5  lburson@sheppardmullin.com
   MANUEL C. NELSON, Cal. Bar No. 229590
6  mnelson@sheppardmullin.com
   DENNIS J. SMITH, Cal. Bar No. 233842
7  dsmith2@sheppardmullin.com
   333 South Hope Street, 43rd Floor
8  Los Angeles, California 90071-1422
   Telephone:  213.620.1780
9  Facsimile:  213.620.1398

10 Attorneys for Defendants and
   Counterclaimants COCHLEAR LTD. and
11 COCHLEAR AMERICAS

12              UNITED STATES DISTRICT COURT

13      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

14

15 ALFRED E. MANN FOUNDATION        Case No. CV 07-08108 FMO (SHx)
   FOR SCIENTIFIC RESEARCH,
16                                  **OMNIBUS DECLARATION OF
        Plaintiff,                  SCOTT R. MILLER RE PARTIES'
17                                  JOINT MOTIONS *IN LIMINE***
        v.
18                                  [Joint Motions *in Limine,* Declaration of
   COCHLEAR CORPORATION (n/k/a      Jerry Schloffman and [Proposed] Orders
19 COCHLEAR AMERICAS),              filed/lodged concurrently herewith]
   COCHLEAR LTD., and ADVANCED
20 BIONICS, LLC,                    Pre-Trial Conference and Hearing on
                                    Motions *in Limine*: Dec. 17, 2013
21      Defendants.                 Time: 10:00 a.m.
                                    Ctrm: 22
22
                                    Trial Date: January 13, 2014
23 ─────────────────────────        **Hon. Fernando M. Olguin**

24 AND RELATED COUNTERCLAIMS.

25

26

27

28

                                    DECLARATION OF SCOTT R. MILLER

SMRH:413050655.3

## <u>DECLARATION OF SCOTT R. MILLER</u>

I, Scott R. Miller, declare as follows:

1.      I am an attorney duly admitted to practice before this Court.  I am partner with Sheppard, Mullin, Richter & Hampton LLP, attorneys of record for Defendants Cochlear Ltd. and Cochlear Americas (collectively "Cochlear Defendants") in the above-captioned matter.

2.      If called as a witness, I could and would competently testify to all facts within my personal knowledge.

## <u>MEET AND CONFER</u>

3.      Pursuant to the Court's October 18 Order re further proceedings, I sent a letter to counsel for Alfred E. Mann Foundation for Scientific Research ("AMF") outlining certain motions *in limine* proposed by the Cochlear Defendants on October 24, 2013.  Attached hereto as **Exhibit A** is a true and correct copy of the letter sent on October 24, 2013, and the identical copy of that letter sent to counsel for Advanced Bionics, Inc. (with AMF, the "Plaintiffs").  Defendants sent a notice outlining additional proposed motions *in limine* to Plaintiffs on October 28, 2013.  Attached hereto as **Exhibit B** is a true and correct copy of the letter sent on October 28, 2013.  On November 5, 2013, the Court issued its Order **[D.I. 300]** modifying the dates and procedure for the submission of motions *in limine*.  Later that day, Defendants send Plaintiffs an further notice outlining the instant additional proposed motion *in limine* addressing excluding evidence regarding the Cochlear Defendants' assertion of the attorney-client privilege regarding any advice they received concerning the patents-in-suit.  Attached hereto as **Exhibit C** is a true and correct copy of the letter sent on November 5, 2013.

4.      As is expressly indicated in Exhibits A and B, the Cochlear Defendants sought to meet and confer within the 10 day limit imposed by the Court's October 18 Order.  Notwithstanding the clear requirements of that Order, counsel for Advanced Bionics never responded.  Counsel for AMF refused to

schedule a meet and confer within the 10 day window, and insisted that the parties meet and confer after the Rule 16 meeting of counsel, which AMF insisted take place on November 12, past the last date proscribed for such a meeting by Rule 16.

5. After 5 PM (PST) on Friday November 8, AMF sent a letter in which it identified for the first time six proposed motions *in limine* it wanted to pursue. Attached hereto as **Exhibit D** is a true and correct copy of that letter.

6. On the following Monday morning, November 11, I sent a letter to Plaintiffs indicating counsel for the Cochlear Defendants' willingness to meet and confer with them within the 10 day period set by the Court's October 18 Order, but given that the letter had not been received until after 5 PM on the preceding Friday, counsel for the Cochlear Defendants would not be prepared to meet and confer on those proposed motions on Tuesday, November 12, the date agreed-upon by all for meeting and concern on the proposed motions *in limine* of the Cochlear Defendants dating back to October. Attached hereto as **Exhibit E** is a true and correct copy of that letter. I also requested confirmation from AMF that they would have a court reporter present to record that meet and confer as required by the Court's October 18 Order. Later that afternoon, Jason Gettleman – counsel for AMF -- called me and assured me that a court reporter would be provided.

7. After 6:30 PM on Monday November 11, Mr. Gruenfeld (another of AMF's counsel) left me a voicemail asking that I call him. At about 7:20 PM, Mr. Grunfeld sent me an email indicating that he disagreed that the Cochlear Defendants had the right to the 10 days listed in the Court's October 18 Order to be able to prepare for the meet and confer on AMF's six proposed motions *in limine*. Among the points raised by Mr. Grunfeld in his email was his view that the 10 day period on for a meet and confer was a maximum time for counsel to meet and not a minimum waiting period (a proposition with which I agree) and that the Court's November 5 Order modifying the procedure for filing motions with the Court made it impossible for AMF to follow the procedure established by the Court

DECLARATION OF SCOTT R. MILLER

SMRH:413050655.3

in the October 18 Order (a proposition with which I disagree).  Importantly, for the first time Mr. Grundfeld stated AMF's view that any meet and confer on motions *in limine* could only proceed on a single date and at a single meeting (a proposition with which I also disagree).  Attached hereto as **Exhibit F** is a true and correct copy of Mr. Grunfeld's email.

8.    Mr. Grunfeld and I had a telephone conference on Tuesday morning, November 12, in which I disagreed with him that only one meet and confer could take place and insisted that refusing to go forward would, in my view, be a violation of the clear procedure established in the Court's October 18 Order and the parties agreement to finally meet on the Defendants' motions *in limine* on which Defendants had been seeking a meet and confer since October.

9.    I attended the in-person meeting under Rule 16 on November 12, 2013 at the offices of Morgan Lewis, counsel for AMF.  Notwithstanding the fact that the parties agreed to meet and confer on the Defendants' proposed motions *in limine* after that Rule 16 meeting, Plaintiffs refused to meet and confer on those motions at that time.  And Plaintiffs also did not have a court reporter present for that meeting as promised and required by the Court's October 18 Order.  AMF's lead counsel, Mr. Johnson, made his decision clear when I attempted to meet and confer on the Defendants' proposed motions *in limine*.  Regardless of the terms of the Court's October 18 Order he was not going to provide a court reporter nor would he permit AMF to participate in a meet and confer on the Defendants' proposed *motions in limine* unless Defendants agreed to concurrently meet and confer on AMF's proposed motions *in limine*.  He further indicated that AMF would only agree to meet and confer on the motions *in limine* proposed by Defendants starting in October if the Defendants agreed to meet and confer on the motions *in limine* proposed less than four days previously by AMF.  I sent an email to Plaintiffs confirming their refusal to meet and confer as agreed by the parties in contravention of the Court's October 18 Order, and that we would have no choice but to report this

-3-                    DECLARATION OF SCOTT R. MILLER

to the Court as required by that Order.  Attached hereto as **Exhibit G** is a true and correct copy of my email to Plaintiffs.  Attached hereto as **Exhibit H** is a true and correct copy of AMF's response to my email.

10. On November 13, I sent an email to Plaintiffs indicating that counsel for the Cochlear Defendants would be prepared to meet and confer on all proposed motions *in limine* at our office on November 14, without waiving Defendants' objection to the propriety of the Plaintiffs' conduct regarding motions *in limine*.  I also advised them that one of the Defendants motions in limine to exclude a witness based on Plaintiffs' failure to timely identify her during the discovery period would be expanded to also cover eight witnesses listed on AMF's live witness list received the day prior at the Rule 16 meeting, who I understand were also never identified during the discovery period in the case.  Attached hereto as **Exhibit I** is a true and correct copy of that email.

11. On November 14, 2013, I attended a meet and confer with counsel for Plaintiffs.  As it relates to the instant motion, the parties discussed the Cochlear Defendants' plan to move, *in limine*, to exclude evidence regarding the Cochlear Defendants' assertion of the attorney-client privilege regarding any advice they received regarding the patents-in-suit.  The parties did not reach a resolution on this issue.  Attached hereto as **Exhibit J** is a true and correct copy of the Reporter's Transcript from the meeting on November 14, 2013.  As I indicated on the record at the meet and confer, by delaying the meet and confer to the day before the motions were due, the parties were limited in their ability to address issues presented by the parties' motions.

## MOTION IN LIMINE NO. 1

12. The Cochlear Defendants' Motion in Limine No. 1 seeks an order precluding Plaintiffs AMF and Advanced Bionics, their attorneys and witnesses, from introducing at trial any and all evidence regarding any alleged

-4-

charitable, humanitarian, or benevolent activities, including any awards received by any plaintiff, any officer, or director of any plaintiff or by Mr. Mann in areas other than cochlear implants.  The order sought through this Motion would preclude, for example[1]:

- Evidence supporting AMF's allegations in the *First Amended Complaint for Patent Infringement* (D.I. 164) that:
    - "AMF is a nonprofit medical research foundation, dedicated to the exploration and development of advanced medical technologies that offer hope for …people suffering from debilitating medical conditions."  (FAC, ¶ 9)
    - "AMF and its scientists have a lengthy track record of creating innovative technical solutions that improve the lives of persons suffering from debilitating medical impairments."  (FAC, ¶ 10).
    - "Over the years, AMF scientists have focused on cutting edge research in a number of medical technologies, including an implantable glucose sensor for diabetic patients, technology to restore function to

---

[1]  The parties exchanged Exhibit Lists on Tuesday, November 12.  However, the deadline for Cochlear to provide this Motion is Friday, November 15, leaving Cochlear with insufficient time to review and cite to specific exhibits on the Exhibit List.  Accordingly, it is impossible at the current time for Cochlear to identify, specifically, what exhibits they seeks to exclude through this Motion.  References to specific exhibits will be made before the official filing of this joint motion with the Court.

DECLARATION OF SCOTT R. MILLER

partially paralyzed stroke patients, and implantable cochlear implants to help restore hearing to deaf patients." (FAC, ¶ 12).

- Statements such as those found at pg. 10 of the 19 January 2009 expert report of Cate Elston (*see, ¶ 32, and Ex. Y, infra*), namely:

  o AMF is a non-profit "medical research foundation dedicated to bringing advanced medical technologies to the public to provide significant improvement to the health, security, and quality of life for people suffering from debilitating medical conditions." AMF was established by entrepreneur and medical device development pioneer Alfred Mann in 1985 to develop and promulgate innovative medical technologies that might not otherwise be pursued by for-profit entities.

  o In addition to CIs, AMF has developed technologies for glucose sensors and microstimulators. Its technologies are licensed to medical device manufacturers and sold worldwide. (*footnotes omitted*).

- Evidence regarding any awards given to plaintiffs or any person associated with plaintiffs for their humanitarian and/or charitable contributions outside of the area of cochlear implants.

DECLARATION OF SCOTT R. MILLER

SMRH:413050655.3

13.     If the Cochlear Defendants' Motion in Limine No. 1 is not granted, the Cochlear Defendants will suffer prejudice because (1) such evidence is not relevant to any issue in this case, in violation of FRE 401 and 402; and (2) allowance of this evidence risks creating undeserved sympathy on the part of the jury and unwarranted antipathy against the Cochlear Defendants, in violation of FRE 403.  Such evidence is intended to categorize plaintiffs as the "good" guys who help the less fortunate, and the Cochlear Defendants as "bad" guys who stole intellectual property and/or money from a charitable enterprise.  Such a case theme can only prejudice the jury against the Cochlear Defendants, leading them to decide the case based on emotions rather than the evidence.  Accordingly, even if plaintiffs could present evidence of good and charitable works (or awards to them or Mr. Mann) outside the area of cochlear implants that were relevant (and they cannot), the probative value of such evidence is substantially outweighed by the risk of prejudice.

## MOTION IN LIMINE NO. 2

14.     The Cochlear Defendants' Motion in Limine No. 2 seeks an order excluding the expert reports and testimony of Plaintiff's designated expert Cate Elsten.  Specifically, Cochlear seeks to exclude at trial any testimony of Ms. Cate Elsten related thereto concerning her analysis concerning damages for the alleged infringement of U.S. Patent Nos. 5,609,616 and 5,938,691, including but not limited to, her analysis as discussed in her expert reports dated 19 January 2009, 30 March 2009 and 30 November 2012[2].

15.     If the Cochlear Defendants' Motion in Limine No. 4 is not granted, the Cochlear defendants will suffer the prejudice of an improper attempt to prejudice the jury with a royalty opinion that is contrary to the facts and

_____

[2] *See* footnote 1, supra.

-7-

DECLARATION OF SCOTT R. MILLER

1  unsupportable under the law.  The Elsten opinions are exactly the type of evidence
2  that FRE 702 and *Daubert* are designed to prevent.

3        16.     Attached as **Exhibit K** is a true and correct copy of the
4  Supplemental Report of Cate M. Elsten dated 30 November 2012.

5        17.     Attached as **Exhibit L** is a true and correct copy of the
6  Surrebuttal Report of Cate M. Elsten dated 30 March 2009.

7        18.     Attached as **Exhibit M** is a true and correct copy of a
8  Memorandum from Al Mann to Jeff Greiner dated February 19, 1999, bearing Bates
9  number AB00340-341.  It is also marked as Defendants' Deposition Exhibit No.
10  1085.

11        19.     Attached as **Exhibit N** is a true and correct copy of a May 18,
12  1999 License Agreement for the Cochlear Implant Field bearing Bates number
13  AB00049-65.  It is also marked as Defendants' Deposition Exhibit No. 1087.

14        20.     Attached as **Exhibit O** is a true and correct copy of a letter from
15  Jesse J. Jenner to Joseph H. Schulman, Ph.D. dated April 16, 2003, bearing Bates
16  number AB00342.  It is also marked as Defendants' Deposition Exhibit No. 1089.

17        21.     Attached as **Exhibit P** is a true and correct copy of excerpts from
18  the deposition transcript of Alfred E. Mann, taken on December 10, 2008.

19        22.     Attached as **Exhibit Q** is a true and correct copy of excerpts
20  from the deposition transcript of Jeffrey Greiner, taken on December 16, 2008.

21        23.     Attached as **Exhibit R** is a true and correct copy of excerpts
22  from the deposition transcript of David Lee Hankin, taken on December 17, 2008.

23        24.     Attached as **Exhibit S** is a true and correct copy of excerpts from
24  the deposition transcript of Lawrence Fischer, taken on December 17, 2008.

25        25.     Attached as **Exhibit T** is a true and correct copy of excerpts from
26  the deposition transcript of Cate M. Elsten, taken on April 1, 2009.

27        26.     Attached as **Exhibit U** is a true and correct copy of excerpts
28  from the deposition transcript of Cate M. Elsten, taken on January 29, 2013.

DECLARATION OF SCOTT R. MILLER

27.     Attached as **Exhibit V** is a true and correct copy of a January 1, 2004 Cochlear Technology License and Royalty Agreement license bearing Bates number AB00297-318.  It is also marked as Defendants' Deposition Exhibit No. 1091.

28.     Attached as **Exhibit W** is true and correct copy of the Southern District of California's June 16, 2011 ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT MICROSOFT'S MOTION IN LIMINE in Case No. 3:07-cv-02000-H-CAB.

### **MOTION IN LIMINE NO. 3**

29.     The Cochlear Defendants' Motion in Limine No. 3 seeks an order precluding Plaintiffs AMF and Advanced Bionics, their attorneys and witnesses, from introducing at trial any and all evidence regarding any damages prior to the date on which the Cochlear Defendants received actual notice of each of the two patents in suit: July 21, 2003 for U.S. Patent No. 5,609,616, and December 13, 2007 for U.S. Patent No. 5,938,691.  The order sought through this Motion would preclude, for example, statements and figures such as those found in the January 19, 2009 expert report of Cate Elsten ("Elsten Report").  Examples of such statements and figures include the following[3]:

- "Sales records produced by Cochlear indicate it sold 33,241 CI24 implants between December 2001 and June 2008."  Elsten Report at 14.
- Figure 1 of Elsten Report at 15 (depicting unit sales of CI24 Implants from Q4 2001 to Q4 2007).
- Figure 2 of Elsten Report at 16 (depicting unit sales of Speech Processors from 2001 to 2008).

---

[3] *See* footnote 1, supra.

-9-                        DECLARATION OF SCOTT R. MILLER

- "Based on financial records and testimony provided to date, I have calculated Cochlear revenue between "$677.7 million and $720.3 million on sales of CI components used in allegedly infringing systems between December 2001 and June 2008." *Id.* at 19.
- "Cochlear has generated revenue of $445.5 million from infringing sales of the CI24 in the Americas between December 2001 and June 2008." *Id.* at 20.
- "Cochlear has generated revenue of $232.2 million from infringing sales of SPrint and SP12 speech processors sold in conjunction with CI24 implants in the Americas between December 2001 and June 2008." *Id.* at 21.
- "Cochlear has generated revenues of approximately $42.6 million from sales of ESPrit 3G speech processors used in conjunction with CI24 implants in the Americas between December 2001 and June 2008." *Id.* at 22.
- "In the period July 2001 through June 2008, Cochlear generated $1.9 billion (69.8%) in gross profits and $527.0 million (19.8%) in operating profits on $2.7 billion in revenue." *Id.* at 37-38.

30.     If the Cochlear Defendants' Motion in Limine No. 3 is not granted, the Cochlear Defendants will suffer prejudice because (1) such evidence is not relevant to any issue in this case since AMF is statutorily barred from recovery of pre-notice damages under 28 U.S.C. § 287(a), in violation of FRE 401; and (2) allowance of this evidence risks unfair prejudice, confusion of the jury, and wasting time, in violation of FRE 403.  First, unfair prejudice would result if Plaintiffs are able to use the pre-notice period to calculate an extremely large damages figure – one that, by statute, they are not entitled to recover.  A jury, seeing such a large figure, may be reluctant to limit the calculations to post-notice damages, although they are statutorily required to do so.  Second, confusion may result if the jury is

DECLARATION OF SCOTT R. MILLER

SMRH:413050655.3

instructed that Plaintiffs are statutorily barred from pre-notice damages, but is then presented with damages expert testimony relating to pre-notice damages.  The jury may become confused as to the relevance of this testimony and incorrectly believe that such testimony indicates that the Plaintiffs are somehow entitled to pre-notice damages.  Finally, presentation of pre-notice damages evidence by Plaintiffs would waste the valuable time of the Court and the jury.  Beyond the time needed to introduce the evidence, the Cochlear Defendants would also be required to rebut this evidence. This presentation and rebuttal of evidence would amount to undue delay and wasting time, because Plaintiffs are not entitled to recover any pre-notice damages.  Therefore, Plaintiffs should not be permitted to present any evidence of pre-notice damages under FRE 403.

31.     Attached hereto as **Exhibit X** is a true and correct copy of letter dated July 21, 2003, from Joseph H. Schulman, President of the Alfred Mann Foundation, to Jack O'Mahoney, CEO and President of Cochlear Pty Ltd., notifying Cochlear of AMF's infringement allegation re U.S. Patent No. 5,609,616.  It is also marked as Defendants' Exhibit 1071.

32.     Attached hereto as **Exhibit Y** is a true and correct copy of the January 19, 2009 expert report of Cate Elsten ("Elsten Report").

33.     Attached hereto as **Exhibit Z** is a true and correct copy of an excerpt of the deposition transcript of David Lee Hankin, taken on December 17, 2008.

34.     Attached hereto as **Exhibit AA** is a true and correct copy of an excerpt of the deposition transcript of Joseph H. Schulman, taken on December 2, 2008.

35.     Attached hereto as **Exhibit BB** is a true and correct copy of a 2004 License Agreement between AMF and Advanced Bionics, which contains no requirement for Advanced Bionics to mark its licensed products.   It is also marked as Defendants' Exhibit 1091.

DECLARATION OF SCOTT R. MILLER

SMRH:413050655.3

36.     Attached hereto as **Exhibit CC** is a true and correct copy of a User Guide for the CLARION Behind-The-Ear (BTE) Sound Processor.  It is also marked as Defendants' Exhibit 1125.  Exhibit CC was the only example of "marking" that could be identified by AMF.

## **MOTION IN LIMINE NO. 4**

37.     The Cochlear Defendants' Motion in Limine No. 4 seeks an order precluding the Plaintiffs AMF and Advanced Bionics, their attorneys and witnesses, from presenting or referencing any testimony by Dr. Ginger Stickney and eight other late identified witnesses and/or any other evidence regarding any other statements by or conversations with any of the nine late-identified witnesses.  The order sought through this Motion would preclude, for example, all testimony from Farah Boroomand, Charles "Chuck" Byers, Mark Chamberlain, Steve Hazard, Dr. John Niparko, Thomas Santogrossi, Robert Schindler, Dr. Ginger Stickney, and Dr. Nancy Young; and extends to any use of any portion of the Declaration of Ginger Stickney ("Stickney Decl.") and any attempt by any witness to present the contents of the expected testimony from any of these nine late identified witness or the Stickney Decl. based on conversations or correspondence with the excluded witness.[4]

38.     If the Cochlear Defendants' Motion in Limine No. 4 is not granted, the Cochlear Defendants would suffer prejudice because (1) Plaintiffs' failure to timely disclose these witnesses is in clear violation of the early disclosure requirements of Rule 26; and (2) the Cochlear Defendants are completely deprived of any ability to depose or take discovery from or regarding any of these witnesses, and is equally precluded from developing rebuttal evidence to any of the new testimony Plaintiffs seek to present to the jury.

---

[4] *See* footnote 1, supra.

DECLARATION OF SCOTT R. MILLER

39.     Plaintiffs' first references to Dr. Ginger Stickney were in the November 30, 2012 supplemental expert reports of Dr. Choma ("Choma Supplemental Report") and Dr. Elsten ("Elsten Supplemental Report").  Attached hereto as **Exhibit DD** is a true and correct copy of selected excerpts from the Choma Supplemental Report.  Attached hereto as **Exhibit EE** is a true and correct copy of selected excerpts from the Elsten Supplemental Report.  In both reports, Plaintiffs' experts referenced "conversations" with Dr. Stickney. (Ex. O at 6-7 and Ex. P at FN. 3)  There was no indication that Dr. Stickney would herself be presented as a witness.

40.     The Cochlear Defendants did not receive any testimony by Dr. Stickney or any other indication that Dr. Stickney would be a witness until the *Declaration of Ginger Stickney, Ph.D, F.A.A.A.* (the "Stickney Decl.") was filed with the parties' summary judgment motion on July 22, 2013.  (D.I. 246).  Attached hereto as **Exhibit FF** is a true and correct copy of the Stickney Decl.

41.     On November 12, 2013, at the parties' Rule 16 meeting and in its proposed witness list, Plaintiffs submitted Ms. Stickney and eight other previously undisclosed persons as live trial witnesses.  The additional eight witnesses are as follows: Farah Boroomand, Charles "Chuck" Byers, Mark Chamberlain, Steve Hazard, Dr. John Niparko, Thomas Santogrossi, Robert Schindler, Dr. Ginger Stickney, and Dr. Nancy Young .  Attached hereto as **Exhibit GG** is a true and correct copy of PLAINTIFF ALFRED E. MANN FOUNDATION FOR SCIENTIFIC RESEARCH'S PROPOSED WITNESS LIST.

42.     Each of Messrs. Byers and Schindler were disclosed in the INITIAL DISCLOSURES OF DEFENDANTS COCHLEAR LTD. AND COCHLEAR AMERICAS PURSUANT TO RULE 26(A)(1)(A) OF THE FEDERAL RULES OF CIVIL PROCEDURE (D.I. 41) ("Cochlear Defendants' initial disclosures").  The disclosures of Messrs. Byers and Schindler were for particular prior art.  (D.I. 41, pp. 2, 10.)  Attached hereto as

DECLARATION OF SCOTT R. MILLER

SMRH:413050655.3

1    **Exhibit HH** is a true and correct copy of the Cochlear Defendants' initial

2    disclosures.

3    **MOTION IN LIMINE NO. 5**

4            43.    Motion withdrawn pending stipulation.  Material intentionally

5    omitted.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF SCOTT R. MILLER

## COCHLEAR DEFENDANTS' OPPOSITION TO AMF'S MOTION IN LIMINE NO. 2

45.     Attached hereto as **Exhibit II** is a true and correct copy of "An Advanced Multiple Channel Cochlear Implant" by Hugh McDermott of the University of Melbourne, published in IEEE Transactions on Biomedical Engineering, Vol. 36, No. 7, in July 1989.  It is also marked as Defendants' Exhibit 1039.

46.     Attached hereto as **Exhibit JJ** is a true and correct copy of selected excerpts of the 30(b)(6) deposition transcript of Bryant Gold, taken on December 18, 2008.

## COCHLEAR DEFENDANTS' OPPOSITION TO AMF'S MOTION IN LIMINE NO. 3

47.     Attached hereto as **Exhibit QQ** is a true and correct copy of selected excerpts of the "Substitute Report of Laurence H. Pretty, Patent Expert Witness for the Cochlear Defendants Necessitated by the Federal Circuit's Change of the Test for Materiality to a 'But For' Standard in *Therasense* (2011)," dated November 30, 2012.

48.     Attached hereto as **Exhibit RR** is a true and correct copy of the "Rebuttal Expert Report of Bruce H. Stoner, Jr.," dated March 6, 2009.

## COCHLEAR DEFENDANTS' OPPOSITION TO AMF'S MOTION IN LIMINE NO. 4

49.     Attached hereto as **Exhibit KK** is a true and correct copy of selected excerpts of the deposition transcript of Tony Nygard, taken on October 1, 2008.

-15-

DECLARATION OF SCOTT R. MILLER

SMRH:413050655.3

50.     Attached hereto as **Exhibit LL** is a true and correct copy of selected excerpts of the COCHLEAR DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, served on May 16, 2008.

51.     Attached hereto as **Exhibit MM** is a true and correct copy of selected excerpts of the deposition transcript of Jim Patrick, taken on December 18, 2008.

52.     On November 12, 2013, I attended the in-person meeting of counsel under Rule 16.  During that meeting, the Cochlear Defendants gave Plaintiffs' counsel a list of proposed stipulated facts.  Attached hereto as **Exhibit NN** is a true and correct copy of the list of proposed stipulated facts my office gave to AMF's counsel on November 12, 2013.

## COCHLEAR DEFENDANTS' OPPOSITION TO AMF'S MOTION IN LIMINE NO. 5

53.     Attached hereto as **Exhibit OO** is a true and correct copy of selected excerpts of the deposition transcript of Christopher van den Honert, taken on December 8, 2008.

54.     Attached hereto as **Exhibit PP** is a true and correct copy of selected excerpts of the file wrapper of U.S. Patent No. 5,609,616, including an Office Action mailed on May 7, 1996.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 26, 2013 at Los Angeles, California.


_____*/s/ Scott R. Miller*_____
Scott R. Miller

DECLARATION OF SCOTT R. MILLER

SMRH:413050655.3