DANIEL JOHNSON, JR. (SBN 57409)
MICHAEL J. LYONS (SBN 202284)
JASON E. GETTLEMAN (SBN 269733)
MORGAN, LEWIS & BOCKIUS LLP
3000 El Camino Real, Suite 7000
Palo Alto, CA  94306-2122
Tel:   650.843.4000
Fax:   650.843.4001
Email:  djjohnson@morganlewis.com
Email:  mlyons@morganlewis.com
Email:  jgettleman@morganlewis.com

DANIEL GRUNFELD (SBN 128494)
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Avenue, Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:   213.612.2500
Fax:   213.612.2501
Email:  dgrunfeld@morganlewis.com

Attorneys for Plaintiff and Counterdefendant
ALFRED E. MANN FOUNDATION FOR SCIENTIFIC RESEARCH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALFRED E. MANN FOUNDATION FOR SCIENTIFIC RESEARCH,<br><br>Plaintiff,<br><br>vs.<br><br>COCHLEAR CORPORATION, et al.,<br><br>Defendants. | Case No. 2:07-cv-08108-FMO-SH<br><br>**OMNIBUS DECLARATION OF MICHAEL J. LYONS IN SUPPORT OF PLAINTIFF'S MOTIONS IN LIMINE NOS. 1 THROUGH 5 AND PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS IN LIMINE NOS. 1 THROUGH 4**<br><br>Judge:        Hon. Fernando M. Olguin<br>Pre-trial:   December 17, 2013<br>Hearing:   December 17, 2013<br>Time:        10:00 a.m.<br>Place:       Ctrm 22, 5th Floor<br>Trial:         January 13, 2014 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 24522227.5

1
LYONS DECLARATION ISO JOINT MOTIONS IN LIMINE

CASE NO. 2:07-cv-08108-FMO-SH

I, Michael J. Lyons, declare as follows:

1. I am attorney duly admitted to practice before this Court. I am a partner with the law firm of Morgan, Lewis & Bockius LLP. I am an attorney of record for Plaintiff Alfred Mann Foundation for Scientific Research (the "Foundation") in the above-captioned matter. I have personal knowledge of the following facts and, if called to testify in this matter, I could and would testify competently to the matters stated herein.

**Motion In Limine No. 1**

2. In Joint Motion in Limine No. 1, the Foundation specifically seeks to exclude as prior art the document titled "An Advanced Cochlear Implant Hearing Prosthesis for Profound to Total Deafness," by Hugh J. McDermott (the "McDermott Thesis"), attached hereto as Exhibit 2, as well as to exclude Exhibit B to the Declaration of Ailsa Marian Dott (the "Dott Declaration"), attached hereto as Exhibit 3.

3. The subject matter of Joint Motion in Limine No. 1 was discussed with opposing counsel at a conference on November 14, 2013.

4. As of November 15, 2013, opposing counsel has indicated that such matter will be mentioned or displayed in the presence of the jury before it is admitted into evidence. Opposing counsel has not agreed to stipulate that such evidence or testimony will not be mentioned in the presence of the jury.

5. The Foundation will be prejudiced by the admission of the McDermott Thesis as prior art because there is no admissible evidence that it was a publicly accessible printed publication before the priority date of the patents-in-suit. The Foundation will be prejudiced by the admission of Exhibit B to the Dott Declaration because it does not meet the authenticity or hearsay exception requirements of the Federal Rules of Evidence.

6. Attached hereto as Exhibit 1 is a true and correct copy of the Declaration of Ailsa Marian Dott (the "Dott Declaration"). The Dott Declaration

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 24522227.5

2

CASE NO. 2:07-cv-08108-FMO-SH
LYONS DECLARATION ISO JOINT MOTIONS IN LIMINE

was served by Defendants Cochlear Corporation and Cochlear Ltd. ("Defendants") on the Foundation on April 13, 2009. The Dott Declaration includes three exhibits, labeled Exhibits A, B, and C, which are listed as separate exhibits herein.

7. Attached hereto as Exhibit 2 is a true and correct copy of Exhibit A to the Dott Declaration, which is purportedly a true and correct copy of "An Advanced Cochlear Implant Hearing Prosthesis for Profound to Total Deafness," by Hugh J. McDermott.

8. Attached hereto as Exhibit 3 is a true and correct copy of Exhibit B to the Dott Declaration, which is purportedly a true and correct copy of a document printed from Libraries Australia, in which the heading reads "Librarian's View - Australian Library Collections."

9. Attached hereto as Exhibit 4 is a true and correct copy of Exhibit C to the Dott Declaration, which is purportedly a true and correct copy of a web page from the United States Library of Congress.

10. Attached hereto as Exhibit 5 is a true and correct copy of a webpage entitled "Our History" from the "Libraries Australia" section of the National Library of Australia website, *available at*: http://www.nla.gov.au/librariesaustralia/about/history/ (last accessed November 15, 2013).

11. Attached hereto as Exhibit 6 is a true and correct copy of the "Full view" of the University of Melbourne Library online catalogue entry for "An Advanced Cochlear Implant Hearing Prosthesis for Profound to Total Deafness," by Hugh J. McDermott, *catalogue available at:* http://cat.lib.unimelb.edu.au/search/a (last accessed November 15, 2013).

**Motion In Limine No. 2**

12. In Joint Motion in Limine No. 2, the Foundation specifically seeks to exclude from the purview of the jury any testimony, evidence or argument in support of Cochlear's inequitable conduct defense, including, but not limited to the

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 24522227.5

3

CASE NO. 2:07-cv-08108-FMO-SH
LYONS DECLARATION ISO JOINT MOTIONS IN LIMINE

testimony of Mr. Laurence Pretty and other witnesses regarding inequitable conduct, and Defendant Cochlear's Third Amended Response to Plaintiff's First Set of Interrogatories at pp. 35-39.

13. In Joint Motion in Limine No. 2, the Foundation further specifically seeks to exclude from the purview of the jury any testimony, evidence or argument in support of Cochlear's equitable defenses, *i.e.*, laches and estoppel, including, but not limited to Defendant Cochlear's Third Amended Response to Plaintiff's First Set of Interrogatories at pp. 33-35.

14. The subject matter of Joint Motion in Limine No. 2 was discussed with opposing counsel at a conference on November 14, 2013.

15. The Foundation will be prejudiced by Cochlear's arguments on inequitable conduct, laches and estoppel because they are matters within the sole discretion of the court, would tempt the jury to rule on equitable matters, and are not relevant to any of the legal matters properly before the jury.

16. Attached hereto as Exhibit 7 is a true and correct copy of the Substitute Report of Laurence H. Pretty, Patent Expert Witness for the Cochlear Defendants Necessitated by the Federal Circuit's Change of the Test For Materiality to a "But For" Standard in *Therasense* (2011), dated November 30, 2012.

17. Attached hereto as Exhibit 8 is a true and correct copy of Defendants Cochlear Americas and Cochlear Ltd.'s Third Amended Response to Plaintiff's First Set of Interrogatories, served January 14, 2009. The exhibits to these interrogatory responses have been omitted and can be provided upon request.

18. Attached hereto as Exhibit 9 is a true and correct copy of the deposition transcript of Jon Phil Mobley, dated November 20, 2008.

19. Attached hereto as Exhibit 10 is a true and correct copy of the deposition transcript of Joseph Schulman, dated December 2, 2008.

20. Attached hereto as Exhibit 11 is a true and correct copy of the deposition transcript of Joseph Schulman, Ph.D., dated December 17, 2008. Dr.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 24522227.5

4   CASE NO. 2:07-cv-08108-FMO-SH
LYONS DECLARATION ISO JOINT MOTIONS IN LIMINE

Schulman was designated as the Foundation's corporate witness under Fed. R. Civ. P. 30(b)(6) for certain topics for purposes of this deposition.

21. Attached hereto as <u>Exhibit 12</u> is a true and correct copy of a letter from Jack O'Mahony to Dr. Joseph Schulman, dated October 1, 2003 (AMF000009).

**Motion In Limine No. 3**

22. In Joint Motion in Limine No. 3, the Foundation specifically seeks to exclude all testimony and evidence originating or otherwise derived from Defendants' "patent law" expert, Mr. Laurence H. Pretty, including i) the Substitute Report Of Laurence H. Pretty, Patent Expert Witness For The Cochlear Defendants Necessitated By The Federal Circuit's Change Of The Test For Materiality To A "But For" Standard In Therasense (2011), dated November 30, 2012, and ii) any testimony or evidence originating or otherwise derived from Mr. Pretty, including from any witness, such as Defendants' technical expert, Dr. Gerald Loeb, who relies on Mr. Pretty's expert report or testimony.

23. The subject matter of Joint Motion in Limine No. 3 was discussed with opposing counsel at a conference on November 14, 2013.

24. Mr. Pretty's opinions are inadmissible because (i) they are the type of conclusory, legal opinions courts routinely exclude as impermissible, and (ii) they are unreliable opinions of a witness who is not competent to testify. For example, Mr. Pretty is admittedly not qualified to render technical opinions regarding cochlear implant systems and, as such, indisputably lacks the "knowledge, skill, experience, training, or education" required to do so under Federal Rule of Evidence 702. For at least these reasons, it would be unfair and highly prejudicial to the Foundation to allow Mr. Pretty to testify and to allow the above-mentioned evidence to be presented.

25. Attached hereto as <u>Exhibit 13</u> is a true and correct copy of the Substitute Report Of Laurence H. Pretty, Patent Expert Witness For The Cochlear Defendants Necessitated By The Federal Circuit's Change Of The Test For

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 24522227.5

5

CASE NO. 2:07-cv-08108-FMO-SH
LYONS DECLARATION ISO JOINT MOTIONS IN LIMINE

Materiality To A "But For" Standard In Therasense (2011), dated November 30, 2012.

26. Attached hereto as <u>Exhibit 14</u> is a true and correct copy of the excerpts of the deposition transcript for the deposition of Mr. Laurence H. Pretty, conducted on January 18, 2013.

27. Attached hereto as <u>Exhibit 15</u> is a true and correct copy of the Report of Gerald Loeb, M.D., dated November 25, 2012.

28. Attached hereto as <u>Exhibit 16</u> is a true and correct copy of Hugh McDermott, An Advanced Multiple Channel Cochlear Implant, IEEE Transactions on Biomedical Engineering, Vol. 36, No. 7 (July 1989) [COC-0102105-0102113].

**Motion In Limine No. 4**

29. In Joint Motion in Limine No. 4, the Foundation specifically seeks to exclude evidence and testimony on matters for which Defendants' asserted attorney-client privilege, attorney work-product protection or other privileges during discovery. As shown below in the attached excerpts of deposition of Tony Nygard and James Findlay Patrick, this includes evidence relating to Defendants' actions in response to receiving a notice letter from the Foundation and its state of mind, evidence relating to Defendants' activities in reviewing patents in the field of Cochlear implants, and evidence relating to how and when Defendants became aware of the asserted patents, Defendants' actions in response and state of mind.

30. The subject matter of Joint Motion in Limine No. 4 was discussed with opposing counsel at a conference on November 14, 2013.

31. As of November 15, 2013, opposing counsel has indicated that such matter will be mentioned or displayed in the presence of the jury before it is admitted into evidence. Specifically, opposing counsel has indicated that it may present evidence of actions that it did or did not take as a result of receiving notice from the Foundation of the '616 patent, and that it may present evidence that Defendants had a good-faith basis for believing that it did not infringe the asserted

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 24522227.5

6   CASE NO. 2:07-cv-08108-FMO-SH
LYONS DECLARATION ISO JOINT MOTIONS IN LIMINE

patents. Opposing counsel has not agreed to stipulate that such evidence or testimony will not be mentioned in the presence of the jury at this time.

32. The Foundation will be prejudiced by the admission of the above-mentioned evidence because as a result of Defendants' claims of attorney-client privilege, the Foundation was denied the opportunity to conduct discovery into these matters and formulate its positions and marshal evidence in response. This testimony and evidence directly implicate Defendants' affirmative defenses of laches and estoppel, as well as Plaintiff's claims for willful infringement and inducement.

33. Attached hereto as <u>Exhibit 17</u> is a true and correct copy of the excerpts of the deposition transcript for the deposition of Tony Nygard, conducted on October 1, 2008. Mr. Nygard was Defendants Cochlear Limited and Cochlear Americas ("Defendants") Fed. R. Civ. P. 30(b)(6) corporate designee on all topics set forth in the Foundation's Amended Notice of Videotaped 30(b)(6) Deposition to Cochlear Ltd. and Cochlear Americas.

34. Attached hereto as <u>Exhibit 18</u> is a true and correct copy of the Foundation's Amended Notice of Videotaped 30(b)(6) Deposition to Cochlear Ltd. and Cochlear Americas, which was marked as Deposition Exhibit 1 at Mr. Nygard's deposition. The attachments to the Notice have been omitted and can be provided on request.

35. Attached hereto as <u>Exhibit 19</u> is a true and correct copy of excerpts of the deposition transcript for the deposition of James Findlay Patrick, taken December 18, 2008.

**Motion In Limine No. 5**

36. In Joint Motion in Limine No. 5, the Foundation seeks to exclude testimony relating to the opinions of Defendants' damages expert Russell L. Parr, relating to an alternative royalty base and the smallest salable patent practicing unit. These opinions can be found at pp. 11-12 and pp. 36-37 of Mr. Parr's Supplemental

Morgan, Lewis & Bockius LLP
Attorneys At Law
Palo Alto

DB2/ 24522227.5

7

CASE NO. 2:07-cv-08108-FMO-SH
LYONS DECLARATION ISO JOINT MOTIONS IN LIMINE

Report, attached hereto as Exhibit 20.

37. The subject matter of Joint Motion in Limine No. 5 was discussed with opposing counsel at a conference on November 14, 2013.

38. As of November 15, 2013, opposing counsel has stated that it will present evidence and testimony regarding Mr. Parr's opinions on the smallest salable patent-practicing unit before the jury. Opposing counsel has stated that it will present at least evidence and testimony criticizing Plaintiffs' damages expert's calculations for the appropriate royalty base.

39. The Foundation will be prejudiced by the admission of the above-mentioned evidence and testimony because Mr. Parr's opinions on these matters lack a basis in fact and are not tied to the facts of the case. Admission of these opinions could also cause confusion for the jury.

40. Attached hereto as <u>Exhibit 20</u> is a true and correct copy of the Supplemental Damages Report of Russell L. Parr, CFA, ASA, CLP, dated January 4, 2013.

41. Attached hereto as <u>Exhibit 21</u> is a true and correct copy of the Expert Damages Report of Russell L. Parr, CFA, ASA, dated March 11, 2009.

42. Attached hereto as <u>Exhibit 22</u> is a true and correct copy of U.S. Patent No. 5,609,616.

43. Attached hereto as <u>Exhibit 23</u> is a true and correct copy of the transcript of the Parties Meet and Confer Regarding Motions in Limine, dated November 14, 2013.

**Opposition to Defendants' Motion In Limine No. 1**

44. In Defendants' Joint Motion in Limine No. 1, Defendants seek to exclude all mention of the Foundation's charitable, humanitarian, or benevolent activities in areas other than cochlear implants.

45. Attached hereto as <u>Exhibit 24</u> is a true and correct copy of a webpage titled "Exemption Requirements - Section 501(c)(3) Organizations" from the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 24522227.5

8   CASE NO. 2:07-cv-08108-FMO-SH
LYONS DECLARATION ISO JOINT MOTIONS IN LIMINE

United States Internal Revenue Service website, *available at*: http://www.irs.gov/Charities-&-Non-Profits/Charitable-Organizations/Exemption-Requirements-Section-501(c)(3)-Organizations/ (last accessed November 25, 2013).

46. Attached hereto as Exhibit 25 is a true and correct copy of a webpage titled "How to Donate" from the Alfred E. Mann Foundation website, *available at*: http://aemf.org/supporting-us/how-to-donate/ (last accessed November 25, 2013).

47. Attached hereto as Exhibit 26 is a true and correct copy of excerpts of the deposition transcript for the deposition of David Hankin, taken December 17, 2008.

48. Attached hereto as Exhibit 27 is a true and correct copy of excerpts of the deposition transcript for the deposition of Joseph Schulman, taken December 2, 2008.

**Opposition to Defendants' Motion In Limine No. 2**

49. In Defendants' Joint Motion in Limine No. 2, Defendants seek to exclude the expert testimony of the Foundation's damages expert, Cate Elsten.

50. Attached hereto as Exhibit 28 is a true and correct copy of an email from Bruce Chapman to Daniel Grunfeld, dated October 4, 2013.

51. Attached hereto as Exhibit 29 is a true and correct copy of an email string from Michael J. Lyons to Bruce Chapman, dated November 19, 2013.

52. Attached hereto as Exhibit 30 is a true and correct copy of an email string from Bruce Chapman to Michael J. Lyons, dated November 21, 2013.

53. Attached hereto as Exhibit 31 is a true and correct copy of excerpts of the deposition of Alfred Mann, taken December 10, 2008.

54. Attached hereto as Exhibit 32 is a true and correct copy of U.S. Patent No. 5,938,691.

**Opposition to Defendants' Motion In Limine No. 3**

55. In Defendants' Joint Motion in Limine No. 3, Defendants seek to exclude evidence of pre-notice damages evidence.

56. Attached hereto as <u>Exhibit 33</u> is a true and correct copy of the License Agreement entered into on April 15, 1999 between the Foundation and Advanced Bionics Corporation. This exhibit was marked Exhibit 1086 at the deposition of Jeffrey Greiner on December 16, 2008.

57. Attached hereto as <u>Exhibit 34</u> is a true and correct copy of the License Agreement entered into on May 18, 1999 between the Foundation and Advanced Bionics Corporation. This exhibit was marked as Exhibit 1087 at the deposition of Jeffrey Greiner on December 16, 2008.

**Opposition to Defendants' Motion In Limine No. 4**

58. In Defendants' Joint Motion in Limine No. 4, Defendants seek to exclude nine Foundation witnesses.

59. Attached hereto as <u>Exhibit 35</u> is a true and correct copy of Docket Entry 34, a Scheduling Order filed April 28, 2008.

60. Attached hereto as <u>Exhibit 36</u> is a true and correct copy of the Initial Disclosures of Defendants Cochlear Ltd. And Cochlear Americas [made] Pursuant to Rule 26(a)(1)(A).

61. Attached hereto as <u>Exhibit 37</u> is a true and correct copy of Docket Entry 220, a Joint Status Report re: Mediation.

62. Attached hereto as <u>Exhibit 38</u> is a true and correct copy of the C.V. of Gerald Loeb, M.D., originally attached as an exhibit to the expert report of Dr. Loeb dated November 25, 2012.

63. Attached hereto as <u>Exhibit 39</u> is a true and correct copy of the Supplemental Expert Report of Dr. John Choma dated November 30, 2012.

64. Attached hereto as <u>Exhibit 40</u> is a true and correct copy of the Supplemental Expert report of Cate Elsten dated November 30, 2012.

65. Attached hereto as <u>Exhibit 41</u> is a true and correct copy of an email

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 24522227.5

10   CASE NO. 2:07-cv-08108-FMO-SH
LYONS DECLARATION ISO JOINT MOTIONS IN LIMINE

produced by Cochlear from Chuck Byers to Steve Hazard dated April 20, 2005, Bates Numbers COC-3000033-34.

66. Attached hereto as Exhibit 42 is a true and correct copy of the Deposition of Cate Elsten dated January 29, 2013, Volume II.

67. Attached hereto as Exhibit 43 is a true and correct copy of an excerpt of Advanced Bionic's Second Amended and Supplemental Response to Cochlear Corporation's Discovery Request in prior litigation dated September 27, 1994.

68. Attached hereto as Exhibit 44 is a true and correct copy of a document produced by Cochlear titled "P890027; Nucleus 22 Channel Cochlear Implant System" dated June 30, 1997, Bates Numbers COC-2038148-74.

69. Attached hereto as Exhibit 45 is a true and correct copy of a letter produced by Cochlear regarding "IDE G940026 – Six-Month Investigator List Nucleus 24 Cochlear Implant System," Bates Numbers COC-2011851-57.

70. Attached hereto as Exhibit 46 is a true and correct copy of the Deposition of Gerald Loeb dated March 26, 2009.

71. Attached hereto as Exhibit 47 is a true and correct copy of the Deposition of Al Mann dated August 15, 1995.

72. Attached hereto as Exhibit 48 is a true and correct copy of a memorandum produced to Cochlear by the Foundation, Bates Numbers AMF039813-19.

73. Attached hereto as Exhibit 49 is a true and correct copy of the Deposition of Robert Stevenson dated May 21, 2013.

74. Attached hereto as Exhibit 50 is a true and correct copy of the Deposition of Primoz Strojnik dated November 19, 2008.

75. Attached hereto as Exhibit 51 is a true and correct copy of a document produced to Cochlear titled "Postoperative Procedures," Bates Numbers AMF039504-06.

76. Attached hereto as Exhibit 52 is a true and correct copy of a document

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 24522227.5

11   CASE NO. 2:07-cv-08108-FMO-SH
LYONS DECLARATION ISO JOINT MOTIONS IN LIMINE

produced by Cochlear, labeled U.S. Patent No. 4,686,765, issued to Byers et al., Bates No. COC-0101024-41.

77. Attached hereto as <u>Exhibit 53</u> is a true and correct copy of the Deposition of James Wolfe dated December 8, 2008.

78. Attached hereto as <u>Exhibit 54</u> is a true and correct copy of a press release regarding Dr. Nancy Young, available at http://www.prweb.com/releases/2011/5/prweb8389054.htm.

79. Attached hereto as <u>Exhibit 55</u> is a true and correct copy of the Deposition of Darrin Young dated May 24, 2013.

80. Attached hereto as <u>Exhibit 56</u> is a true and correct copy of excerpts of a document produced by Cochlear titled "Nucleus 24 Cochlear Implant System PMA P970051; Annual Report 2004; Volume 3 of 3," Bates Number COC-2082045; COC-2082375-99.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 26th day of November, 2013 at Palo Alto, California.


　　　　　　　　　　　　　　　　　/s/ Michael J. Lyons
　　　　　　　　　　　　　　　　　Michael J. Lyons

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 24522227.5

12　　　　　　　CASE NO. 2:07-cv-08108-FMO-SH
LYONS DECLARATION ISO JOINT MOTIONS IN LIMINE