1  DANIEL JOHNSON, JR. (SBN 57409)
2  MICHAEL J. LYONS (SBN 202284)
   JASON E. GETTLEMAN (SBN 269733)
3  MORGAN, LEWIS & BOCKIUS LLP
   3000 El Camino Real, Suite 7000
4  Palo Alto, CA  94306-2122
   Tel:   650.843.4000
5  Fax:   650.843.4001
6  Email:  djjohnson@morganlewis.com
   Email:  mlyons@morganlewis.com
7  Email:  jgettleman@morganlewis.com

8  DANIEL GRUNFELD (SBN 128494)
9  MORGAN, LEWIS & BOCKIUS LLP
   300 South Grand Avenue, Twenty-Second Floor
10 Los Angeles, CA  90071-3132
   Tel:   213.612.2500
11 Fax:   213.612.2501
   Email:  dgrunfeld@morganlewis.com
12
13 Attorneys for Plaintiff
   ALFRED E. MANN FOUNDATION FOR
14 SCIENTIFIC RESEARCH

15                  UNITED STATES DISTRICT COURT

16                 CENTRAL DISTRICT OF CALIFORNIA

17                       WESTERN DIVISION

18

19 Alfred E. Mann Foundation for          Case No. 2:07-cv-08108-FMO-SH
   Scientific Research,
20                                         Hon. Fernando M. Olguin
                   Plaintiff,
21                                         **PLAINTIFF ALFRED E. MANN
          vs.                              FOUNDATION FOR SCIENTIFIC
22                                         RESEARCH'S MEMORANDUM OF
   Cochlear Corporation, et al.,           CONTENTIONS OF FACTS AND LAW**
23
                   Defendants.             **JURY TRIAL DEMANDED**
24
                                           *[L.R.Civ. 16-4]*
25
                                           Pretrial Conference: December 17, 2013
26                                         Trial Date:          January 13, 2014
                                           Time:                9:00 a.m.
27                                         Courtroom:           22, 5th Floor

28

MORGAN, LEWIS &                                   PLAINTIFF'S MEMORANDUM OF
  BOCKIUS LLP                                  CONTENTIONS OF FACTS AND LAW
 ATTORNEYS AT LAW                                        2:07-CV-08108-FMO-SH
   PALO ALTO

**TABLE OF CONTENTS**

                                                                                            Page

I.     SUMMARY OF THE FOUNDATION'S CLAIMS ................................................ 1
       A.     Background ................................................................................................ 1
       B.     First Cause Of Action For Direct Infringement Of The Asserted Patents .............. 3
              1.     First Cause Of Action ................................................................. 3
              2.     Required Elements ..................................................................... 3
              3.     Summary Of Evidence Relied On In Support Of The Claim...................... 3
       C.     Second Cause Of Action For Inducement Of Infringement Of The Asserted
              Patents ...................................................................................................... 4
              1.     Second Cause Of Action ............................................................. 4
              2.     Required Elements ..................................................................... 4
              3.     Summary Of Evidence Relied On In Support Of The Claim...................... 4
       D.     Third Cause Of Action For Contributory Infringement Of The Asserted
              Patents ...................................................................................................... 5
              1.     Third Cause Of Action ................................................................ 5
              2.     Required Elements ..................................................................... 5
              3.     Summary Of Evidence Relied On In Support Of The Claim...................... 6
       E.     Fourth Cause Of Action For Willful Infringement Of The Asserted Patents ......... 7
              1.     Fourth Cause Of Action .............................................................. 7
              2.     Required Elements ..................................................................... 7
              3.     Summary of Evidence Relied on in Support of the Claim..................... 8

II.    COUNTERCLAIMS & DEFENSES ................................................................ 9
       A.     Summary Of The Counterclaims And Affirmative Defenses Cochlear Has
              Pleaded And Plans To Pursue ..................................................................... 9
       B.     Summary Of Evidence Relied On In Opposition To Each Counterclaim
              And Affirmative Defense.......................................................................... 9
       C.     Counterclaim 1 That Certain Claims Are Invalid As Anticipated ..................... 9
              1.     First Counterclaim.................................................................... 9
              2.     Required Elements .................................................................. 10
              3.     Evidence Relied On In Opposition ............................................. 10
       D.     Counterclaim 2 That Plaintiff's Patents Are Invalid As Obvious.................... 10
              1.     Second Counterclaim .............................................................. 10
              2.     Required Elements .................................................................. 11
              3.     Evidence Relied On In Opposition ............................................. 13

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

i

1

**TABLE OF CONTENTS**
(continued)

2

**Page**

3

4

E.    Counterclaim 3 That Certain Claims Are Invalid As Indefinite ........................... 14

1.    Third Counterclaim ................................................................ 14

2.    Required Elements ................................................................. 14

3.    Evidence Relied On In Opposition ........................................ 14

F.    1st Affirmative Defense Of Failure To Mark ................................................ 15

1.    1st Affirmative Defense .......................................................... 15

2.    Required Elements ................................................................. 15

3.    Evidence Relied On In Opposition ........................................ 16

G.    Second Affirmative Defense Of Laches ........................................................ 17

1.    Second Affirmative Defense ................................................... 17

2.    Required Elements ................................................................. 17

3.    Evidence Relied On In Opposition ........................................ 19

H.    Third Affirmative Defense Of Inequitable Conduct ........................................ 20

1.    Third Affirmative Defense ...................................................... 20

2.    Required Elements ................................................................. 20

3.    Evidence Relied On In Opposition ........................................ 20

I.    Fourth Affirmative Defense Of Estoppel ...................................................... 21

1.    Fourth Affirmative Defense .................................................... 21

2.    Required Elements ................................................................. 21

3.    Evidence Relied On In Opposition ........................................ 21

III.    EVIDENTIARY ISSUES ..................................................................................... 21

IV.    ISSUES OF LAW ................................................................................................ 23

A.    Waiver Of Invalidity Contentions For Failure To Identify A Structure ............... 23

V.    BIFURCATION ...................................................................................................... 23

VI.    JURY TRIAL ......................................................................................................... 24

A.    Issues To Be Tried By Jury .................................................................... 25

B.    Issues To Be Tried By The Court ........................................................... 25

VII.    ATTORNEYS' FEES ........................................................................................... 25

VIII.    ABANDONMENT OF ISSUES ............................................................................ 26

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

PLAINTIFF'S WITNESS LIST 2:07-CV-
08108-FMO-SH

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**CASES**

4

*Am. Med. Sys. v. Med. Eng'g Corp.*,

5
    6 F.3d 1523 (Fed. Cir. 1993) ............................................................... 16

6

*Budde v. Harley-Davidson, Inc.*,

7
    250 F.3d 1369 (Fed. Cir. 2001) ........................................................... 14

8

*Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l, Inc.*,

9
    246 F.3d 1336 (Fed. Cir. 2001) ........................................................... 16

10

*Devices for Med., Inc. v. Boehl*,
    822 F.2d 1062 (Fed. Cir. 1987) ........................................................... 16

11

*Eon-Net L.P. v. Flagstar Bancorp*,

12
    653 F.3d 1314 (Fed. Cir. 2011) ........................................................... 26

13

*Highmark, Inc. v. Allcare Health Mgmt Sys., Inc.*,

14
    701 F.3d 1351 (Fed. Cir. 2012) ........................................................... 26

15

*Interactive Health LLC v. King Kong USA, Inc.*,

16
    CV 06-1902-VBF ................................................................................ 24

17

*Liquid Dynamics Corp. v. Vaughan Co., Inc.*,

18
    01 C 6934, 2004 WL 2260626 (N.D. Ill. Oct. 1, 2004) ..................... 24

19

*Maxwell v. J. Baker, Inc.*,

20
    86 F.3d 1098 (Fed. Cir. 1996) ............................................................. 16

21

*Nike Inc. v. Wal-Mart Stores*,
    *138 F.3d 1437* (Fed. Cir. 1998) ........................................................ 16

22

*PerSeptive Biosystems, Inc. v. Pharmacia Biotech, Inc.*,

23
    225 F.3d 1315 (Fed. Cir. 2000) ...................................................... 24, 25

24

*Spectralytics, Inc. v. Cordis Corp.*,

25
    649 F.3d 1336 (Fed. Cir. 2011) ........................................................... 26

26

**STATUTES**

27

28 U.S.C. §§ 1331 and 1338(a) ................................................................... 1

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

iii

PLAINTIFF'S MEMORANDUM OF
CONTENTIONS OF FACT AND
LAW; 2:07-CV-08108-FMO-SH

28 U.S.C. §§ 1391(a), (b), and (c)..........................................................................1

35 U.S.C. § 271.....................................................................................................3, 26

35 U.S.C. § 271(a)...................................................................................................3

35 U.S.C. § 271(b).................................................................................................4, 5

35 U.S.C. § 271(c).................................................................................................5, 6

35 U.S.C. § 271, *et seq*.........................................................................................1

35 U.S.C. § 284.....................................................................................................7, 8

35 U.S.C. § 285.................................................................................................25, 26

35 U.S.C. § 286.......................................................................................................16

37 U.S.C. § 287.................................................................................................15, 16

**OTHER AUTHORITIES**

FRE 702...................................................................................................................22

Local Rule 16-4........................................................................................................1

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

iv

PLAINTIFF'S MEMORANDUM OF
CONTENTIONS OF FACT AND
LAW; 2:07-CV-08108-FMO-SH

Pursuant to Local Rule 16-4, Plaintiff Alfred E. Mann Foundation for Scientific Research (the "Foundation") submits the following Memorandum of Contentions of Fact and Law.

## I.   SUMMARY OF THE FOUNDATION'S CLAIMS

### A.   Background

1.  This is an action for patent infringement under 35 U.S.C. § 271, *et seq*.

2.  The Court has subject matter jurisdiction over all claims and counterclaims in this action pursuant to at least 28 U.S.C. §§ 1331 and 1338(a).

3.  The Court has personal jurisdiction over defendant Cochlear Corporation because Cochlear Corporation regularly and systematically transacts business and has committed acts of infringement (whether direct, contributory, or by inducement) in this judicial district and throughout the United States. The Court has personal jurisdiction over defendant Cochlear Ltd. because Cochlear Ltd. regularly and systematically transacts business and has committed acts of infringement (whether direct, contributory, or through inducement) in this judicial district and throughout the United States.

4.  Venue is appropriate in this judicial district under 28 U.S.C. §§ 1391(a), (b), and (c) and/or 1400(b) because Cochlear Corporation and Cochlear Ltd. each regularly and systematically transact business and have committed acts of infringement (whether direct, contributory, or through inducement) in this judicial district.

5.  This action arises out of the infringing activities of Cochlear Corporation and Cochlear, Ltd. in manufacturing, selling, offering for sale, using, and/or importing products that are covered by U.S. Patent No. 5,609,616 ("'616 patent") and U.S. Patent No.5,938,691 ("'691 patent") (collectively, the "Asserted Patents"), each assigned to the Foundation, and/or inducing others in the United States to infringe, or contributing to the infringement in the United States of, one or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1

PLAINTIFF'S MEMORANDUM OF
CONTENTIONS OF FACT AND
LAW; 2:07-CV-08108-FMO-SH

1  more patents assigned to the Foundation.

2        6.  Cochlear designed, marketed and sold in the United States and/or

3  designs, markets and sells in the United States the following products ("Accused

4  Products"):

5  - CI24M Implants (including the Micro Implant and Cochlear Implant);

6  - CI24R Implants (including CI24R (CA), CI24R (CA2), CI24R (ST)),

7  - CI24RE Implants (including CI24RE (ST), CI24RE (CA), CI24RE Hybrid,

8     and CI422 (a CI24RE 'stimulator/receiver' with a modified electrode array,

9     COC 7000045)),

10 - CI500 Implants (including CI512, CI513, CI551),

11 - Speech processors, including the Sprint (SP5), Freedom (SP12), and CP810

12    (SP15),

13 - Software for implant diagnostics, including WinDPS software and Custom

14    Sound software.

15       7.  Since at least 2003, Cochlear Ltd. and Cochlear Corporation

16 (collectively, "Cochlear") had knowledge of the '616 patent and of the rights of the

17 Foundation with respect to that patent.  Since at least 2004, Cochlear had

18 knowledge of the '691 patent and the rights of the Foundation with respect to that

19 patent.  Despite this knowledge and in derogation of the rights of the Foundation,

20 Defendants' actions alleged above were willfully committed. Therefore, Defendants

21 are liable for willful infringement of the '616 and '691 patents.

22       8.  For the purposes of the January 13, 2014 trial, the Foundation alleges

23 that Cochlear's Accused Products have infringed and/or are infringing, the asserted

24 claims listed below, which will be referred to herein as the "Asserted Claims," of

25 the Asserted Patents:

26       a.  Claims 1 and 10 of the '616 patent;

27       b.  Claims 6 and 7 of the '691 patent.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

2

PLAINTIFF'S MEMORANDUM OF
CONTENTIONS OF FACT AND
LAW; 2:07-CV-08108-FMO-SH

9.   The Foundation seeks a judgment that Cochlear has infringed each of the Asserted Patents in violation of 35 U.S.C. § 271.  The Foundation also seeks its damages for Cochlear's infringement, enhanced damages, pre-judgment interest, post-judgment interest, and its fees and cost incurred herein.

**B.     First Cause Of Action For Direct Infringement Of The Asserted Patents**

**1.     First Cause Of Action**

Cochlear has directly infringed the Asserted Claims of the Asserted Patents under 35 U.S.C. § 271(a).

**2.     Required Elements**

Deciding whether a claim has been directly infringed is a two-step process. The first step is to decide the meaning of the patent claim.  The second step is to decide whether Cochlear has made, used, sold, offered for sale or imported within the United States a product or method covered by any Asserted Claims of the Asserted Patents.  If it has, it infringes.

*See* Model Patent Jury Instructions § 3.2, Northern District of California (Nov. 3, 2011) (and sources cited therein).

**3.     Summary Of Evidence Relied On In Support Of The Claim**

The Court has already construed the patent terms via a special master's report, adopted with amendments by Judge King on June 18, 2012. Dkt. 212. The Foundation and its experts will rely on these constructions at trial.

The Foundation will further rely on the following categories of evidence in support of its claim that Cochlear has directly infringed the Asserted Claims of the Asserted Patents under 35 U.S.C. § 271(a):

- The expert report and testimony of Dr. Darrin Young and Cate Elsten,
- Cochlear's technical documents designated on the Joint Exhibit List, and

- Testimony of Cochlear engineers Tony Nygard, James Patrick and Christopher van den Honert.

Additionally, the Foundation may rely on at least any of the parties responses to discovery requests in this action, facts stipulated to by the parties, exhibits listed on the Joint Exhibit List, testimony contained in deposition designations prepared by the Foundation, and the testimony of any expert or fact witnesses presented at trial.

### C. Second Cause Of Action For Inducement Of Infringement Of The Asserted Patents

#### 1. Second Cause Of Action

Cochlear has actively induced infringement of the Asserted Claims of the Asserted Patents under 35 U.S.C. § 271(b).

#### 2. Required Elements

Cochlear is liable for active inducement of a claim if the Foundation proves by a preponderance of the evidence:

(1)     that acts actually carried out by others using Cochlear's products or methods directly infringe any Asserted Claim of the Asserted Patents;

(2)     that Cochlear took action during the time the Asserted Patents were in force intending to cause the infringing acts by others using Cochlear's products; and

(3)     that Cochlear was aware of the relevant Asserted Patent(s) and knew that the acts, if taken, would constitute infringement of that Asserted Patent.

*See* Model Patent Jury Instructions § B.3 3.2, Federal Circuit Bar Association (June 2013) (and sources cited therein).

#### 3. Summary Of Evidence Relied On In Support Of The Claim

The Foundation will rely on the following categories of evidence in support of its claim that Cochlear has actively induced infringement of the Asserted Claims

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

4

PLAINTIFF'S MEMORANDUM OF
CONTENTIONS OF FACT AND
LAW; 2:07-CV-08108-FMO-SH

of the Asserted Patents under 35 U.S.C. § 271(b):

- The expert report and testimony of Dr. Darrin Young and Cate Elsten,
- Cochlear's technical, marketing, and instructional documents designated on the Joint Exhibit List,
- Testimony of Cochlear engineers Tony Nygard, James Patrick and Christopher van den Honert,
- Testimony of Theresa Adkins and Jeffrey Graunke,
- Testimony of Dr. Ginger Stickney, Dr. Robert Schindler, and Dr. David Kelsall, and
- Testimony of Dr. John Niparko and Dr. Nancy Young, if necessary.

Additionally, the Foundation may rely on at least any of the parties responses to discovery requests in this action, facts stipulated to by the parties, exhibits listed on the Joint Exhibit List, testimony contained in deposition designations prepared by the Foundation, and the testimony of any expert or fact witnesses presented at trial.

### D.   Third Cause Of Action For Contributory Infringement Of The Asserted Patents

#### 1.   Third Cause Of Action

Cochlear has contributorily infringed the Asserted Claims of the Asserted Patents under 35 U.S.C. § 271(c).

#### 2.   Required Elements

Contributory infringement may arise when someone supplies something that is used to infringe one or more of the patent claims.

In order for there to be contributory infringement by Cochlear, someone other than Cochlear, alone or in combination with others, must directly infringe a claim of the Asserted Patent(s); if there is no direct infringement by anyone, there can be no contributory infringement.

If someone has directly infringed either of the Asserted Patents, then

1  contributory infringement exists if:

2      (1)    Cochlear supplied an important component of the infringing part of the

3  product or method;

4      (2)    The component is not a common component suitable for non-

5  infringing use; and

6      (3)    Cochlear supplied the component with the knowledge of the Asserted

7  Patent(s) and knowledge that the component was especially made or adapted for

8  use in an infringing manner.

9      *See* Model Patent Jury Instructions § 3.8, Northern District of California

10  (Nov. 3, 2011) (and sources cited therein).

11          **3.    Summary Of Evidence Relied On In Support Of The Claim**

12      The Foundation will rely on the following categories of evidence in support

13  of its claim that Cochlear has contributorily infringed infringement of the Asserted

14  Claims of the Asserted Patents under 35 U.S.C. § 271(c):

15      • The expert report and testimony of Dr. Darrin Young and Cate Elsten,

16      • Cochlear's technical, marketing, and instructional documents

17          designated on the Joint Exhibit List,

18      • Testimony of Cochlear engineers Tony Nygard, James Patrick and

19          Christopher van den Honert,

20      • Testimony of Theresa Adkins and Jeffrey Graunke,

21      • Testimony of Dr. Ginger Stickney, Dr. Robert Schindler, and Dr.

22          David Kelsall, and

23      • Testimony of Dr. John Niparko and Dr. Nancy Young, if necessary.

24      Additionally, the Foundation may rely on at least any of the parties responses

25  to discovery requests in this action, facts stipulated to by the parties, exhibits listed

26  on the Joint Exhibit List, testimony contained in deposition designations prepared

27  by the Foundation, and the testimony of any expert or fact witnesses presented at

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

6

PLAINTIFF'S MEMORANDUM OF
CONTENTIONS OF FACT AND
LAW; 2:07-CV-08108-FMO-SH

trial.

**E.    Fourth Cause Of Action For Willful Infringement Of The Asserted Patents**

**1.    Fourth Cause Of Action**

Since at least 2003, Cochlear had knowledge of the '616 patent and of the rights of the Foundation with respect to that patent.  Similarly, Cochlear has had knowledge of the '691 patent since at least June of 2004.  Despite this knowledge and in derogation of the rights of the Foundation, Cochlear's actions alleged in the Foundation's first through third causes of action were willfully committed. Therefore, Cochlear is liable for willful infringement of the Asserted Patents under 35 U.S.C. § 284.

**2.    Required Elements**

Willfulness requires a determination by clear and convincing evidence that defendant acted recklessly.

Plaintiff must prove two things by clear and convincing evidence:

(1) that defendant acted despite a high likelihood that defendant's actions infringed a valid and enforceable patent. Legitimate or credible defenses to infringement, even if not ultimately successful, demonstrate a lack of recklessness.

(2) that the defendant actually knew or should have known that its actions constituted an unjustifiably high risk of infringement of a valid and enforceable patent. This determination is made based on the totality of the circumstances, and relevant facts including, but not limited, to:

(A)    Whether or not defendant is offering any advice of counsel to support an alleged good faith belief of non-infringement or invalidity;

(B)    Whether or not defendant acted in accordance with the standards of commerce for its industry;

(C)    Whether or not defendant intentionally copied a product of plaintiff that is covered by the patents;

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

7

PLAINTIFF'S MEMORANDUM OF
CONTENTIONS OF FACT AND
LAW; 2:07-CV-08108-FMO-SH

1      (D)    Whether or not there is a reasonable basis to believe that defendant did

2  not infringe or had a reasonable defense to infringement;

3      (E)    Whether or not defendant made a good-faith effort to avoid infringing

4  the patents, for example, whether defendant attempted to design around the patents;

5  and

6      (F)    Whether or not defendant tried to cover up its infringement.

7      *See* Model Patent Jury Instructions § B.3 3.10, Federal Circuit Bar

8  Association (June 2013) (and sources cited therein).

9      **3.    Summary of Evidence Relied on in Support of the Claim**

10      The Foundation will rely on the following categories of evidence in support

11  of its claim that Cochlear is liable for willful infringement of the Asserted Patents

12  under 35 U.S.C. § 284:

13      • The expert report and testimony of Dr. Darrin Young and Cate Elsten,

14      • Cochlear's technical, marketing, and instructional documents

15        designated on the Joint Exhibit List,

16      • Testimony of Cochlear engineers Tony Nygard, James Patrick and

17        Christopher van den Honert,

18      • Testimony of Theresa Adkins and Jeffrey Graunke,

19      • Testimony of Dr. Ginger Stickney, Dr. Robert Schindler, and Dr.

20        David Kelsall, and

21      • Testimony of Dr. John Niparko and Dr. Nancy Young, if necessary.

22      Additionally, the Foundation may rely on at least any of the parties responses

23  to discovery requests in this action, facts stipulated to by the parties, exhibits listed

24  on the Joint Exhibit List, testimony contained in deposition designations prepared

25  by the Foundation, and the testimony of any expert or fact witnesses presented at

26  trial.

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

8

PLAINTIFF'S MEMORANDUM OF
CONTENTIONS OF FACT AND
LAW; 2:07-CV-08108-FMO-SH

## II.   COUNTERCLAIMS & DEFENSES

### A.   Summary Of The Counterclaims And Affirmative Defenses Cochlear Has Pleaded And Plans To Pursue

Counterclaim 1: Certain Claims are Invalid as Anticipated

Counterclaim 2: Plaintiff's Patents are Invalid as Obvious

Counterclaim 3: Certain Claims are Invalid as Indefinite

First Affirmative Defense: Failure to Give Notice

Second Affirmative Defense: Laches

Third Affirmative Defense: Inequitable Conduct

Fourth Affirmative Defense: Estoppel

### B.   Summary Of Evidence Relied On In Opposition To Each Counterclaim And Affirmative Defense

The Foundation may rely on at least any of the parties responses to discovery requests in this action, facts stipulated to by the parties, exhibits listed on the Joint Exhibit List, testimony contained in deposition designations prepared by the Foundation, and the testimony of any expert or fact witnesses presented at trial.

### C.   Counterclaim 1 That Certain Claims Are Invalid As Anticipated

#### 1.   First Counterclaim

Cochlear argues that Claim 10 of the '616 patent is anticipated by both McDermott, "An Advanced Multiple Channel Cochlear Implant," IEEE Transactions on Biomedical Engineering, vol. 36:7, pp. 789-797 (July 1989) ("McDermott '89") and McDermott, Hugh Joseph, Thesis: 'An Advanced Cochlear Implant Hearing Prosthesis for Profound to Total Deafness', University of Melbourne, dated June 1988 ("the McDermott Thesis").

Cochlear argues that Claim 6 of the '691 patent is anticipated by United States Patent No. 4,612,934 ("the Borkan Patent").

Cochlear does not argue that any other patent claims are anticipated or that any other prior art anticipates these claims.

## 2. Required Elements

In order for a claim to have been anticipated, the jury must find the earlier invention completely embodied the same process or product as the patented claim and all the elements listed in the patented claim were previously found in exactly the same situation and united in the same way to perform the identical function. Each and every element of the patented claim must have been either inherently or expressly disclosed in a single prior invention or in a single prior art reference.

The jury may not combine two or more items of prior art in order to find anticipation.

*See* 3A Kevin F. O'Malley, Jay E. Grenig, and Hon. William C. Lee, Federal Jury Practice and Instructions – Civil § 158.68 (6th ed. 2013).

## 3. Evidence Relied On In Opposition

The Foundation will rely on the following categories of evidence to refute Cochlear's first counterclaim:

- The expert reports and testimony of Dr. Darrin Young and Cate Elsten.
- The expert reports of Dr. John Choma.

Additionally, the Foundation may rely on at least any of the parties responses to discovery requests in this action, facts stipulated to by the parties, exhibits listed on the Joint Exhibit List, testimony contained in deposition designations prepared by the Foundation, and the testimony of any expert or fact witnesses presented at trial.

## D. Counterclaim 2 That Plaintiff's Patents Are Invalid As Obvious

## 1. Second Counterclaim

Cochlear argues that all the asserted claims are obvious in light of prior art. Specifically:

- The McDermott Thesis
- The Borkan Patent

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

10

PLAINTIFF'S MEMORANDUM OF
CONTENTIONS OF FACT AND
LAW; 2:07-CV-08108-FMO-SH

- U.S. Patent No. 4,532,930 ("The Crosby patent");

- U.S. Patent No. 4,947,844 ("The McDermott patent");

- An article: McDermott, "An Advanced Multiple Channel Cochlear Implant," IEEE Transactions on Biomedical Engineering, Vol. 36:7, pp. 787-797 (July 1989) ("McDermott 1989");

- An article: McDermott, "A Custom LSI-CMOS Chip for a Cochlear Implant," Journal of Electrical and Electronics Engineering, Australia-IE Australia and IREE Australia, Vol. 4, No. 4, December 1984, 305-308 ("McDermott 1984");

- The LAURA Cochlear Prosthesis: Development and Description, by Dr. Ir. S. Peeters et al., found at pp. 547-555 of Cochlear Implant: Current Situation, Proceedings of the International Cochlear Symposium, Duren, West Germany (Banfai, P. ed., September 7-12, 1987); and

- European Patent Application Publication 0259906 ("the LAURA application").

### 2.   Required Elements

Cochlear may establish that a patent claim is invalid by showing, by clear and convincing evidence, that the claimed invention would have been obvious to persons having ordinary skill in the art at the time the invention was made in the field of the invention.

In determining whether a claimed invention is obvious, the jury must consider the level of ordinary skill in the field of the invention that someone would have had at the time the claimed invention was made, the scope and content of the prior art, and any differences between the prior art and the claimed invention.

The jury must keep in mind that the existence of each and every element of the claimed invention in the prior art does not necessarily prove obviousness. Most,

if not all, inventions rely on building blocks of prior art. In considering whether a claimed invention is obvious, the jury may but is not required to find obviousness if it find that at the time of the claimed invention there was a reason that would have prompted a person having ordinary skill in the field of the invention to combine the known elements in a way the claimed invention does, taking into account such factors as (1) whether the claimed invention was merely the predictable result of using prior art elements according to their known function(s); (2) whether the claimed invention provides an obvious solution to a known problem in the relevant field; (3) whether the prior art teaches or suggests the desirability of combining elements claimed in the invention; (4) whether the prior art teaches away from combining elements in the claimed invention; (5) whether it would have been obvious to try the combinations of elements, such as when there is a design need or market pressure to solve a problem and there are a finite number of identified, predictable solutions; and (6) whether the change resulted more from design incentives or other market forces. To find it rendered the invention obvious, the jury must find that the prior art provided a reasonable expectation of success. Obvious to try is not sufficient in unpredictable technologies.

In determining whether the claimed invention was obvious, the jury considers each claim separately. It does not use hindsight, i.e., considers only what was known at the time of the invention.

In making these assessments, the jury should take into account any objective evidence (sometimes called "secondary considerations") that may have existed at the time of the invention and afterwards that may shed light on the obviousness or not of the claimed invention, such as:

a.    Whether the invention was commercially successful as a result of the merits of the claimed invention (rather than the result of design needs or market-pressure advertising or similar activities);

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

12

PLAINTIFF'S MEMORANDUM OF
CONTENTIONS OF FACT AND
LAW; 2:07-CV-08108-FMO-SH

b.    Whether the invention satisfied a long-felt need;

c.    Whether others had tried and failed to make the invention;

d.    Whether others invented the invention at roughly the same time;

e.    Whether others copied the invention;

f.    Whether there were changes or related technologies or market needs contemporaneous with the invention;

g.    Whether the invention achieved unexpected results;

h.    Whether others in the field praised the invention;

i.    Whether persons having ordinary skill in the art of the invention expressed surprise or disbelief regarding the invention;

j.    Whether others sought or obtained rights to the patent from the patent holder; and

k.    Whether the inventor proceeded contrary to accepted wisdom in the field.

*See* Model Patent Jury Instructions § B.4.3 4.3c, Federal Circuit Bar Association (June 2013) (and sources cited therein).

### 3.    Evidence Relied On In Opposition

The Foundation will rely on the following categories of evidence to refute Cochlear's second counterclaim:

- The expert reports and testimony of Dr. Darrin Young and Cate Elsten,
- The expert reports of Dr. John Choma,
- Testimony of the Asserted Patents' inventors John Gord, Joseph Schulman, Primoz Strojnik and James Wolfe,
- Testimony of Charles Byers and Phil Mobley,
- Testimony of Advanced Bionics employee Thomas Santogrossi
- Testimony Dr. Robert Schindler, and
- Testimony of Cochlear engineers Tony Nygard, James Patrick and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

13

PLAINTIFF'S MEMORANDUM OF
CONTENTIONS OF FACT AND
LAW; 2:07-CV-08108-FMO-SH

1    Christopher van den Honert.

2    Additionally, the Foundation may rely on at least any of the parties responses

3    to discovery requests in this action, facts stipulated to by the parties, exhibits listed

4    on the Joint Exhibit List, testimony contained in deposition designations prepared

5    by the Foundation, and the testimony of any expert or fact witnesses presented at

6    trial.

7    **E.    Counterclaim 3 That Certain Claims Are Invalid As Indefinite**

8    **1.    Third Counterclaim**

9    Cochlear asserts that Claim 1 of the '616 patent, and claims 6 and 7 of the

10   '691 patent are indefinite for failure to identify a structure.

11   **2.    Required Elements**

12   As a preliminary matter, the Foundation believes that Cochlear has waived

13   this issue. Without prejudicing this argument, the elements of indefiniteness are

14   listed below:

15   "a challenge to a claim containing a means-plus-function limitation as

16   lacking structural support requires a finding, by clear and convincing evidence, that

17   the specification lacks disclosure of structure sufficient to be understood by one

18   skilled in the art as being adequate to perform the recited function." *Budde v.*

19   *Harley-Davidson, Inc.*, 250 F.3d 1369, 1376-77 (Fed. Cir. 2001).

20   **3.    Evidence Relied On In Opposition**

21   The Foundation will rely on the following categories of evidence to refute

22   Cochlear's third counterclaim:

23   • The expert report and testimony of Dr. Darrin Young;

24   • The expert reports of Dr. John Choma;

25   • The '616 and '691 Patent;

26   • The Special Master's Report and Recommendation on Claim

27   Construction and Judge King's June 18, 2012 order adopting the

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

14

PLAINTIFF'S MEMORANDUM OF
CONTENTIONS OF FACT AND
LAW; 2:07-CV-08108-FMO-SH

1    report.

2        Additionally, the Foundation may rely on at least any of the parties responses

3    to discovery requests in this action, facts stipulated to by the parties, exhibits listed

4    on the Joint Exhibit List, testimony contained in deposition designations prepared

5    by the Foundation, and the testimony of any expert or fact witnesses presented at

6    trial.

7        **F.    1st Affirmative Defense Of Failure To Mark**

8            **1.    1st Affirmative Defense**

9        Cochlear alleges that the Foundation's damages for claims 6 and 7 of the

10   '691 patent and claims 1 and 10 of the '616 patent are limited for failure to mark as

11   required by 37 U.S.C. § 287.

12           **2.    Required Elements**

13       If the fact finder finds the Foundation, or a licensee of the '616 patent or of

14   the '691 patent, sells a product that includes the claimed invention, it must

15   determine whether that product has been "marked" with the patent numbers.

16   "Marking" is placing either the word "patent" or the abbreviation "pat." with the

17   patent's number on substantially all of the products that include the patented

18   invention.  The Foundation has the burden of establishing that it substantially

19   complied with the marking requirement.  This means the Foundation must show

20   that it marked substantially all of the products it made, offered for sale, or sold

21   under the '691 patent or the '616 patent, or that the Foundation made reasonable

22   efforts to ensure that its licensees who made, offered for sale, or sold products

23   under the '691 patent or the '616 patent marked the products.

24       If the fact finder finds both that the Foundation, or a licensee of the '616

25   patent or of the '691 patent, sells a product that includes the claimed invention and

26   that the Foundation has not marked the products with the patent number or made

27   reasonable efforts to ensure that its licensees who made, offered for sale, or sold

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

15

PLAINTIFF'S MEMORANDUM OF
CONTENTIONS OF FACT AND
LAW; 2:07-CV-08108-FMO-SH

products including the patented invention marked the products, the fact finder must determine the date that the Cochlear Defendants received actual notice of the '691 patent and the '616 patent and the alleged infringement of those patents.  The Foundation and the Cochlear Defendants agree that date is July 21, 2003 for the '616 patent, and December 13, 2007 for the '691 patent.  Accordingly, that is the latest date on which damages commenced for the Cochlear Defendants' infringement of claims 1 and 10 of the '616 and claims 6 and 7 for the '691 patent, respectively.

If the fact finder finds that neither the Foundation nor its licensee sell a product covered by the patents-in-suit, then there is no notice requirement and damages begin on December 13, 2001, six years prior to the filing date of the suit, for both the '691 and '616.  If the fact finder finds that the Foundation has made reasonable efforts to ensure that its licensees who made, offered for sale, or sold products under the '616 patent marked the products, damages begin on December 13, 2001 for the '616 patent without the requirement for actual notice.

*See* Federal Circuit Bar Association's Model Patent Jury Instructions 6.8; 35 U.S.C. § 287; 35 U.S.C. § 286; *Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l, Inc.*, 246 F.3d 1336 (Fed. Cir. 2001); *Nike Inc. v. Wal-Mart Stores, 138 F.3d 1437*, 1443-44 (Fed. Cir. 1998); *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1108-09 (Fed. Cir. 1996); *Am. Med. Sys. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1534 (Fed. Cir. 1993); *Devices for Med., Inc. v. Boehl*, 822 F.2d 1062, 1066 (Fed. Cir. 1987).

### 3.    Evidence Relied On In Opposition

The Foundation cannot provide a complete outline of the evidence it intends to rely on, because Cochlear has refused to provide an outline of its *prima facie* case. For instance, Cochlear refuses to stipulate that any Advanced Bionics products practice the patent, or even take a position on whether the Advanced

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

16

PLAINTIFF'S MEMORANDUM OF
CONTENTIONS OF FACT AND
LAW; 2:07-CV-08108-FMO-SH

Bionics products practice the patent.. If Cochlear persists in this line of argument, then the Foundation will prevail against Cochlear's marking defense without putting forth any evidence.

Depending on evidence put forth by Cochlear, the Foundation may rely on at least the following categories of evidence to refute Cochlear's first affirmative defense:

- Testimony of Joseph Schulman and David Hankin,
- Documents and testimony describing Advanced Bionic's marking practices and licensing agreements,
- Manuals, packaging and inserts accompanying the Advanced Bionics cochlear implants,
- Testimony of any expert or fact witnesses presented at trial,
- Exhibits listed on the Joint Exhibit List,
- Facts stipulated to by the parties,
- Parties responses to discovery requests in this action, and
- Testimony contained in deposition designations prepared by the Foundation.

## G.  Second Affirmative Defense Of Laches

### 1.  Second Affirmative Defense

Cochlear alleges that the Foundation's patent claims are barred under the doctrine of laches.

### 2.  Required Elements

Cochlear contends that the Foundation is not entitled to recover damages for acts that occurred before it filed this lawsuit because: (1) the Foundation delayed filing the lawsuit for an unreasonably long and inexcusable period of time, and (2) Cochlear has been or will be prejudiced in a significant way due to the Foundation's delay in filing the lawsuit. Cochlear must prove delay and prejudice

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

17

PLAINTIFF'S MEMORANDUM OF
CONTENTIONS OF FACT AND
LAW; 2:07-CV-08108-FMO-SH

by a preponderance of the evidence. Defendants contend that this is an equitable defense that should be tried to the court, and not to the jury.

Whether the Foundation's delay was unreasonably long and unjustified is a question that must be answered by considering the facts and circumstances as they existed during the period of delay. There is no minimum amount of delay required to establish laches. If suit was delayed for six years, a rebuttable presumption arises that the delay was unreasonable and unjustified, and that material prejudice resulted. This presumption shifts the burden of proof to the Foundation to come forward with evidence to prove that the delay was justified or that material prejudice did not result, and if the Foundation presents such evidence, the burden of proving laches remains with Cochlear. Laches may be found for delays of less than six years if there is proof of unreasonably long and unjustifiable delay causing material prejudice to Cochlear. Facts and circumstances that can justify a long delay can include:

(1)    being involved in other litigation during the period of delay;

(2)    being involved in negotiations with Cochlear during the period of delay;

(3)    poverty or illness during the period of delay;

(4)    wartime conditions during the period of delay;

(5)    being involved in a dispute about ownership of the patent during the period of delay; or

(6)    minimal amounts of allegedly infringing activity by Cochlear during the period of delay.

If the Court finds unreasonable and unjustified delay occurred, to find laches, the Court must also determine if Cochlear suffered material prejudice as a result of the delay. Prejudice to Cochlear can be evidentiary or economic. Whether Cochlear suffered evidentiary prejudice is a question that must be answered by evaluating

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

18

PLAINTIFF'S MEMORANDUM OF
CONTENTIONS OF FACT AND
LAW; 2:07-CV-08108-FMO-SH

whether delay in filing this case resulted in Cochlear not being able to present a full and fair defense on the merits to the Foundation's infringement claim. Not being able to present a full and fair defense on the merits to an infringement claim can occur due to the loss of important records, the death or impairment of an important witness(es), the unreliability of memories about important events because they occurred in the distant past, or other similar types of things. Economic prejudice is determined by whether or not Cochlear changed its economic position in a significant way during the period of delay resulting in losses beyond merely paying for infringement (such as if Cochlear could have switched to a noninfringing product if sued earlier), and also whether Cochlear's losses as a result of that change in economic position likely would have been avoided if the Foundation had filed this lawsuit sooner. In all scenarios though, the ultimate determination of whether laches should apply in this case is a question of fairness, given all the facts and circumstances. Thus, the Court may find that laches does not apply if there is no evidence establishing each of the three elements noted above (unreasonable delay, lack of excuse or justification, and significant prejudice). The Court may also find that even though all of the elements of laches have been proved, it should not, in fairness, apply, given all the facts and circumstances in this case.

*See* Model Patent Jury Instructions § B. 5.2, Federal Circuit Bar Association (June 2013) (and sources cited therein).

### 3.    Evidence Relied On In Opposition

The Foundation will rely on at least the following categories of evidence to refute Cochlear's second affirmative defense:

- Testimony of any expert or fact witnesses presented at trial,
- Exhibits listed on the Joint Exhibit List,
- Facts stipulated to by the parties,
- Parties responses to discovery requests in this action, and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

19

PLAINTIFF'S MEMORANDUM OF
CONTENTIONS OF FACT AND
LAW; 2:07-CV-08108-FMO-SH

- Testimony contained in deposition designations prepared by the Foundation.

## H.   Third Affirmative Defense Of Inequitable Conduct

### 1.   Third Affirmative Defense

Cochlear alleges that Claim 10 of the '616 patent is unenforceable due to inequitable conduct at the PTO when the Foundation attorney, Mr. Gold, did not disclose the McDermott '89 article.

### 2.   Required Elements

Cochlear must prove by clear and convincing evidence both that a person meaningfully involved in the prosecution of the patent withheld material information or submitted materially false information or statements to the PTO during the examination of the patent, and that the person did so with an intent to deceive the Examiner into issuing the patent.  Plaintiffs contend that this is an equitable defense that should be tried to the Court outside the presence of the jury.

*See* Model Patent Jury Instructions § B.5 5.1, Federal Circuit Bar Association (June 2013) (and sources cited therein).

### 3.   Evidence Relied On In Opposition

The Foundation will rely on at least the following categories of evidence to refute Cochlear's third affirmative defense:

- The expert reports of Dr. John Choma and Dr. Darrin Young.
- Testimony of any expert or fact witnesses presented at trial,
- Exhibits listed on the Joint Exhibit List,
- Facts stipulated to by the parties,
- Parties responses to discovery requests in this action, and
- Testimony contained in deposition designations prepared by the Foundation.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

20

PLAINTIFF'S MEMORANDUM OF
CONTENTIONS OF FACT AND
LAW; 2:07-CV-08108-FMO-SH

I.      **Fourth Affirmative Defense Of Estoppel**

      1.      **Fourth Affirmative Defense**

Cochlear argues that enforcement of the '616 patent is barred by equitable estoppel.

      2.      **Required Elements**

Three elements must be established to bar a patentee's suit by means of equitable estoppel: (1) the patentee, through misleading conduct, led the alleged infringer to reasonably infer that the patentee did not intend to enforce its patent against the alleged infringer; (2) the alleged infringer relied on that conduct; and (3) due to its reliance, the alleged infringer would be materially prejudiced if the patentee were allowed to proceed with its claim.  Plaintiffs contend that this is an equitable defense that should be tried to the Court, outside the presence of the jury.

3A Fed. Jury Prac. & Instr. § 158:79 (6th ed.), 3A Fed. Jury Prac. & Instr. § 158:79 (6th ed.) *citing Ecolab, Inc. v. Envirochem, Inc.*, 264 F.3d 1358, 1371 (Fed.Cir.2001).

      3.      **Evidence Relied On In Opposition**

The Foundation will rely on at least the following categories of evidence to refute Cochlear's fourth affirmative defense:

- Testimony of any expert or fact witnesses presented at trial,
- Exhibits listed on the Joint Exhibit List,
- Facts stipulated to by the parties,
- Parties responses to discovery requests in this action, and
- Testimony contained in deposition designations prepared by the Foundation.

III.    **EVIDENTIARY ISSUES**

- Plaintiff's Motions *in limine*
  - Motion *in limine* 1: To Exclude the McDermott Thesis as

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

21

PLAINTIFF'S MEMORANDUM OF
CONTENTIONS OF FACT AND
LAW; 2:07-CV-08108-FMO-SH

admissible prior art. Cochlear opposes.

- o Motion *in limine* 2: To bifurcate the trial and exclude evidence of inequitable conduct, laches or equitable estoppel from the jury. Cochlear opposes.

- o Motion *in limine* 3: To exclude all testimony and evidence from Defendant's "patent law" expert, Laurence H. Pretty, and derivative testimony. Cochlear opposes.

- o Motion *in limine* 4: to exclude from trial evidence withheld on the basis of privilege during Discovery. Cochlear agrees, but disputes the scope of such evidence.

- o Motion *in limine* 5: to exclude in part testimony of defendant's damages expert, Russell Parr. Cochlear opposes.

- Defendant's Motions *in limine*

  - o Motion *in limine* 1: To exclude reference to Plaintiff's status as a "non-profit" organization, as well as charitable and/or humanitarian activities. The Foundation agrees that both parties should be excluded from providing evidence of monetary donations, but believes information on the Foundation's non-profit status, mission, history, and funding model is necessary to put the development of the patented technology and hypothetical licensing negotiations into context.

  - o Motion *in limine* 2: To exclude the testimony of Cate Elsten under FRE 702 and *Daubert*. The Foundation opposes.

  - o Motion *in limine* 3: To exclude evidence of damages prior to July 21, 2003 for infringement of the '616 patent, and prior to December 13, 2007 from the '691 patent. The Foundation opposes.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

PLAINTIFF'S MEMORANDUM OF
CONTENTIONS OF FACT AND
LAW; 2:07-CV-08108-FMO-SH

1      o   Motion *in limine* 4: To exclude testimony or other evidence

2          from Dr. Ginger Stickney and eight other witnesses. The

3          Foundation opposes.

4      o   Motion *in limine* 5: To exclude reference to withheld legal

5          advice regarding infringement. Cochlear has withdrawn its

6          motion *in limine* no. 5. The parties reached agreement on this

7          issue shortly prior to filing.

## IV.   ISSUES OF LAW

### A.   Waiver Of Invalidity Contentions For Failure To Identify A Structure

Defendant now seeks to invalidate several of plaintiff's means-plus-function claims on the basis that some of the structures identified by the special master and adopted by the court are not sufficiently definite to meet the requirements of §112 ¶ 6. The Foundation believes that the time to pursue this argument in full would have been before the court adopted the special masters report and recommendation, or at the latest, shortly thereafter. Waiting until the pretrial motions to seek judicial resolution of this issue instead of dealing with it as it arose constitutes waiver. Notwithstanding the position that the argument is waived, the Foundation also believes that in the context of the patents, "a microprocessor" is a sufficient structure, and to the extent an algorithm must be disclosed, the patent specifications are sufficient.

## V.   BIFURCATION

The Foundation requests that the trial be bifurcated, with issues of infringement, anticipation, obviousness and damages tried by a jury, while equitable issues of inequitable conduct, laches and equitable estoppel are tried by the Court, outside the presence of the jury.

It is black letter law that inequitable conduct claims are the province of the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

23

courts, not of juries. "The defense of inequitable conduct is entirely equitable in nature, and thus not an issue for a jury to decide." *PerSeptive Biosystems, Inc. v. Pharmacia Biotech, Inc.*, 225 F.3d 1315, 1318 (Fed. Cir. 2000) (citing *Paragon Podiatry Lab. Inc. v. KLM Labs.*, Inc., 984 F.2d 1182, 1190, 25 USPQ2d 1561, 1568 (Fed.Cir.1993); *see also Gardco Mfg., Inc. v. Herst Lighting Co.*, 820 F.2d 1209, 1211–13, 2 USPQ2d 2015, 2017–19 (Fed.Cir.1987)). Moreover, even where a patent case involves issues of fact triable by a jury, courts have often avoided contaminating the jury with testimony on inequitable conduct. *See, e.g., Liquid Dynamics Corp. v. Vaughan Co., Inc.*, 01 C 6934, 2004 WL 2260626 (N.D. Ill. Oct. 1, 2004) (requiring that expert testimony on inequitable conduct be heard by the court outside the presence of the jury); *Interactive Health LLC v. King Kong USA, Inc.*, CV 06-1902-VBF PLAX, 2008 WL 8793640 (C.D. Cal. July 24, 2008) (agreeing to "bifurcate the issue of inequitable conduct such that evidence relevant solely to that issue is heard only by the court, on the grounds that presenting such evidence to the jury is potentially prejudicial and would simplify issues for the jury").

Similarly, laches and equitable estoppel are ultimately matters for the Court and not a jury, to decide. *See* Model Patent Jury Instructions § B.5 Federal Circuit Bar Association (June 2013) ("these equitable defenses are ultimately decided by the Court").

These issues are further detailed in Plaintiff's Motion *in Limine* No. 2.

## VI.   JURY TRIAL

Plaintiff's claims present issues triable by a jury as a matter of right and plaintiff has timely demanded and hereby renews its demand for a jury trial. Pursuant to L.R. 16-4.4, the particular issues to be tried by jury, and those to be tried by the Court are listed below.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

24

PLAINTIFF'S MEMORANDUM OF
CONTENTIONS OF FACT AND
LAW; 2:07-CV-08108-FMO-SH

### A.    Issues To Be Tried By Jury

Direct Infringement - Model Patent Jury Instructions § 3.2, Northern District of California (Nov. 3, 2011) (and sources cited therein).

Inducement of Infringement- Model Patent Jury Instructions § B.3 3.2, Federal Circuit Bar Association (June 2013) (and sources cited therein).

Contributory Infringement - Model Patent Jury Instructions § 3.8, Northern District of California (Nov. 3, 2011) (and sources cited therein).

Willful Infringement - Model Patent Jury Instructions § B.3 3.10, Federal Circuit Bar Association (June 2013) (and sources cited therein).

Damages - Model Patent Jury Instructions § B.6 6.1 *et seq.* Federal Circuit Bar Association (June 2013) (and sources cited therein).

Anticipation - 3A Kevin F. O'Malley, Jay E. Grenig, and Hon. William C. Lee, Federal Jury Practice and Instructions – Civil § 158.68 (6th ed. 2013).

Obviousness - Model Patent Jury Instructions § B.4.3 4.3c, Federal Circuit Bar Association (June 2013) (and sources cited therein).

### B.    Issues To Be Tried By The Court

Inequitable Conduct – *PerSeptive Biosystems, Inc. v. Pharmacia Biotech, Inc.*, 225 F.3d 1315, 1318 (Fed. Cir. 2000); other sources cited above.

Laches - Model Patent Jury Instructions § B.5 Federal Circuit Bar Association (June 2013).

Equitable Estoppel - Model Patent Jury Instructions § B.5 Federal Circuit Bar Association (June 2013).

## VII.   ATTORNEYS' FEES

Attorney's Fees and costs are awardable under 35 U.S.C. § 285 based on willful infringement of the Foundation's patents as discussed above.

"The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. The determination of whether a case is

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

25

PLAINTIFF'S MEMORANDUM OF
CONTENTIONS OF FACT AND
LAW; 2:07-CV-08108-FMO-SH

"exceptional" under 35 U.S.C. § 285, is an issue of fact. *Highmark, Inc. v. Allcare Health Mgmt Sys., Inc.*, 701 F.3d 1351, 1364 (Fed. Cir. 2012). The determination of whether a party is eligible for an award of attorney's fees is a two-step process. First, the court must determine whether the case is exceptional by clear and convincing evidence, and then determine whether an award of attorney's fees is appropriate, and the amount of the award. *Eon-Net L.P. v. Flagstar Bancorp*, 653 F.3d 1314, 1324 (Fed. Cir. 2011).

The Foundation seeks reasonable attorneys' fees based on Defendants' willful infringement.  "Although an attorney fee award is not mandatory when willful infringement has been found, precedent establishes that the court should explain its decision not to award attorney fees." *Spectralytics, Inc. v. Cordis Corp.*, 649 F.3d 1336, 1349 (Fed. Cir. 2011).

## VIII.  ABANDONMENT OF ISSUES

The Foundation has abandoned its pleaded claims of infringement of claim 12 of the '616 patent and claims 8, 9 and 14 of the '691 patent under 35 U.S.C. § 271. No other pleaded claims or defenses have been abandoned by the Foundation.

Dated:        November 26, 2013            Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP
Daniel Johnson Jr.


By    /s/ Daniel Johnson Jr.
Daniel Johnson Jr.
Attorneys for Plaintiff
Alfred E. Mann Foundation for
Scientific Research

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

26

PLAINTIFF'S MEMORANDUM OF
CONTENTIONS OF FACT AND
LAW; 2:07-CV-08108-FMO-SH