# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED E. MANN FOUNDATION FOR SCIENTIFIC RESEARCH, | Case No. CV 07-8108 FMO (SHx) |
| Plaintiff, | **ORDER Re: PRETRIAL FILINGS** |
| v. | |
| COCHLEAR CORPORATION, et al., | |
| Defendants. | |

Having reviewed the parties' pretrial filings and pursuant to the pretrial conference held on December 19, 2013, the court concludes as follows.

The court was disappointed to see many unnecessary disputes and that the parties did not comply with the letter and spirit of the Court's Order Re: Further Proceedings of October 18, 2013 ("Pretrial Filing Requirements Order"), as modified by the Court's October 31, 2013, Order Re: Further Proceedings ("Revised Trial Schedule Order") and the Court's November 5, 2013, Order Re: Motions in Limine. The state of the pretrial papers indicates that the parties' meet and confer sessions were unproductive and not conducted in good faith.

First, nearly seven years into the case, the parties could not even agree as to the patents at issue in the case. (See [Proposed] Final Pretrial Conference Order at 13-14).

Second, the parties appear to have disregarded the court's requirements on jury instructions, (see Pretrial Filing Requirements Order at 7-8), by filing separate jury instructions and failing to file an index of all instructions. (See Document Nos. 337, 338). Only instructions in

which the parties cannot agree on the substantive statement of the law should be presented as disputed jury instructions for the court to resolve. Also, the parties shall include proposed jury instructions for issues the court may seek an advisory verdict.

Third, the parties disagree on the special verdict form, even on the formulation of questions for issues the parties agree should be tried to the jury. (<u>Compare</u> Document No. 330 <u>with</u> 333). To give the parties further guidance, the parties shall include questions for which the court may seek an advisory verdict.

Fourth, although the parties were asked to stipulate to the authenticity and foundation of exhibits whenever possible, (<u>see</u> Pretrial Filing Requirements Order at 5-6), it is apparent that the parties did not meet and confer in good faith with respect to the joint pretrial exhibit stipulation. (<u>See</u> Joint Pretrial Exhibit Stipulation (Document No. 335)). The parties listed over a thousand exhibits with hundreds of objections. (<u>See</u> <u>id.</u>). Given that each side will only have 13 hours to present their case, the parties are not going to be able to admit anywhere close to the number of exhibits on the list.[1]

Finally, given that each side will have 13 hours to complete their jury trial, the parties need to revise their witness lists and time estimates. The parties should put the witness list in the order in which witnesses are expected to testify.

In short, the court will require the parties to revise the pretrial documents as set forth below. The court will address other trial issues in separate orders as necessary.

Based on the foregoing, IT IS ORDERED THAT:

1. The parties shall meet and confer on **Monday, December 23, 2013**, unless mutually agreed upon otherwise, and each subsequent day until completed, at plaintiff's counsel's office to discuss the: (a) proposed final pretrial conference order, including stipulated facts; (b) jury instructions (undisputed and disputed), including jury instructions for issues the court may seek

---

[1] The court will give each side two (2) hours for the separate bench trial on the issues of indefiniteness, inequitable conduct, laches, and equitable estoppel. A separate order will issue as to the court's bench trial requirements.

an advisory verdict; (c) the special verdict form, including questions for which the court may seek an advisory verdict; (d) joint exhibit stipulation; and (e) joint exhibit list.

2. The meet and confer shall be transcribed by a court reporter, the cost of which shall be divided equally by the parties. The transcript shall be lodged with the court by no later than **noon on Friday, January 3, 2014**.

    A. <u>Pretrial Conference Order</u>: The parties shall attach the proposed stipulated facts prepared by plaintiff as an exhibit to the transcript. Each stipulated fact in dispute must be discussed during the meet and confer. The parties shall file at the time the transcript is lodged with the court a document entitled, "Joint Meet and Confer Index Re: Pretrial Conference Order" ("Pretrial Conference Order Index"). The Pretrial Conference Order Index shall set forth every proposed stipulated fact that is not set forth in the revised pretrial conference order, and the page and line number in the transcript where the proposed fact is discussed. Each party shall refer to applicable case law and the record in setting forth its position as to why the stipulated fact cannot be included in the proposed pretrial conference order. The parties shall follow this format to the extent applicable to other sections of the proposed Pretrial Conference Order, and include the necessary information in the Pretrial Conference Order Index.

    B. <u>Joint Exhibit Stipulation</u>: The parties shall file at the time the transcript is lodged a documented entitled, "Joint Meet and Confer Index Re: Joint Exhibit Stipulation," which shall set forth the page and line numbers in the transcript where each disputed exhibit is discussed. Each party shall refer to applicable case law and the record in setting forth its position as to why the proposed exhibit is not admissible. Any disputed exhibit that is not adequately discussed in the meet and confer will be disallowed.

    In addition to the requirements of Local Rule 16-5, the parties shall add another column that indicates whether the parties have stipulated to the admission of the particular exhibit and, if not, whether the parties have stipulated to such matters as foundation and waiver of the best evidence rule. All exhibits that have been withdrawn shall be removed from the joint exhibit stipulation.

C. <u>Jury Instructions</u>: The parties shall file at the time the transcript is lodged a documented entitled, "Joint Meet and Confer Index Re: Jury Instructions," which shall set forth the page and line numbers in the transcript where each disputed jury instruction is discussed. Each party shall refer to applicable case law and the record in setting forth its position as to why the proposed instruction should not be given. Any disputed instruction that is not adequately discussed in the meet and confer will be disallowed.

D. <u>Jury Instructions Re: Advisory Verdict</u>: The parties shall file at the time the transcript is lodged a documented entitled, "Joint Meet and Confer Index Re: Advisory Verdict Jury Instructions," which shall set forth the page and line numbers in the transcript where each disputed jury instruction for issues the court may seek an advisory verdict is discussed. Each party shall refer to applicable case law and the record in setting forth its position as to why the proposed instruction should not be given. Any disputed instruction that is not adequately discussed in the meet and confer will be disallowed.

E. <u>Special Verdict Form</u>: The parties shall file at the time the transcript is lodged a documented entitled, "Joint Meet and Confer Index Re: Special Verdict Form," which shall set forth the page and line numbers in the transcript where each disputed question to the jury is discussed. Each party shall refer to applicable case law and the record in setting forth its position as to why the proposed question should not be given. Any disputed question that is not adequately discussed in the meet and confer will be disallowed.

F. <u>Special Verdict Form Re: Advisory Verdict</u>: The parties shall file at the time the transcript is lodged a documented entitled, "Joint Meet and Confer Index Re: Special Verdict Form Re: Advisory Verdict," which shall set forth the page and line numbers in the transcript where each disputed advisory verdict question to the jury is discussed. Each party shall refer to applicable case law and the record in setting forth its position as to why the proposed question should not be given. Any disputed question that is not adequately discussed in the meet and confer will be disallowed.

3. No later than **noon on Friday, January 3, 2014**, the parties shall file (and deliver to the court's mandatory chambers box) the following documents captioned as "First Amended": (a)

[Proposed] Final Pretrial Conference Order; (b) Joint Undisputed Jury Instructions and, if necessary, Joint Disputed Jury Instructions, along with a jury instructions index as required by the Court's Pretrial Filing Requirements Order of October 18, 2013; (c) Joint Special Verdict Form and, if necessary, Joint Disputed Special Verdict Form; (d) Joint Exhibit Stipulation; (e) Joint Exhibit List; and (e) witness lists.[2] Failure to file these trial documents will result in the imposition of sanctions. In addition to the requirements set forth above, the parties are reminded that they must comply with the Local Rules and Court's Pretrial Filing Requirements Order of October 18, 2013.

4. The parties shall email the documents referenced in paragraph 3 above to the court's chambers email box (fmo_chambers@cacd.uscourts.gov) in Word or Word Perfect format.

5. Plaintiff shall make witnesses Charles "Chuck" Byers, Thomas Santogrossi, Robert Schindler, Farah Boroomand, Mark Chamberlain, and Dr. Ginger Stickney available for deposition no later than **Monday, December 30, 2013**. The depositions may not exceed four (4) hours each, excluding breaks.

6. Plaintiff's damages expert, Cate Elsten, shall and defendants' damages expert, Russell Parr, may tender a new damages expert report no later than **Friday, December 27, 2013**. Any new damages expert report shall not introduce new theories or new evidence. The new reports may only address issues raised by the parties' respective motions in limine. Each side may file rebuttal expert reports and depose the other side's damages expert, no later than **Monday, January 6, 2014**, only as to the new report. The depositions may not exceed six (6) hours each, excluding breaks.

7. The Final Pretrial Conference is continued to **Thursday, January 9, 2014, at 10:00 a.m.**

8. In addition to the requirements set forth above, all future meet and confer session(s) in this case shall be transcribed by a court reporter. The costs of the court reporter shall be divided equally by the parties. The transcribed meet and confer must be submitted with any related motion or ex parte application.

---

[2] The parties shall also specifically identify which jury instructions and special verdict form questions relate to issues for which the court may seek an advisory verdict in their re-filed submissions.

9. Failure to comply with this Order of the requirements or the court's previous orders shall result in the imposition of sanctions.

Dated this 23rd day of December, 2013.

                                                  /s/
                                    Fernando M. Olguin
                                  United States District Judge