SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
BRUCE G. CHAPMAN, Cal. Bar No. 164258
bchapman@sheppardmullin.com
SCOTT R. MILLER (Cal. Bar No. 112656)
smiller@sheppardmullin.com
LAURA M. BURSON (Cal. Bar No. 204459)
lburson@sheppardmullin.com
MANUEL C. NELSON, Cal. Bar No. 229590
mnelson@sheppardmullin.com
DENNIS J. SMITH, Cal. Bar No. 233842
dsmith2@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398

Attorneys for Defendants and
Counterclaimants COCHLEAR LTD. and
COCHLEAR AMERICAS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| ALFRED MANN FOUNDATION FOR SCIENTIFIC RESEARCH, | Case No. CV 07-08108 FMO (SHx) |
|---|---|
| Plaintiff, | **DEFENDANTS' RULE 50 MOTION FOR JUDGMENT AS A MATTER OF LAW** |
| v. | |
| COCHLEAR CORPORATION, et al., | |
| Defendants. | Judge: Hon. Fernando M. Olguin |
| AND RELATED COUNTERCLAIMS. | |

Defendants Cochlear Ltd. and Cochlear Americas (collectively "Defendants") respectfully request that the Court enter judgment as a matter of law against Plaintiffs Alfred Mann Foundation for Scientific Research and Advanced Bionics Corporation (collectively "Plaintiffs") on the issues set forth below.

## I.

## **LEGAL STANDARD**

Rule 50 of the Federal Rules of Civil Procedure "allows a court to remove 'issue[s] – claims, defenses, or entire cases' from the jury when there is no 'legally sufficient evidentiary basis' to support a particular outcome." *Summers v. Delta Air Lines, Inc.*, 508 F.3d 923, 926 (9th Cir. 2007) (citation omitted). "In order to survive a Rule 50 motion and present a question for the jury, the party opposing the motion must at least establish a conflict in substantial evidence on each essential element of their claim." *Anthony v. Chevron USA, Inc.*, 284 F.3d 578, 583 (5th Cir. 2002).

While a district court generally may not make credibility determinations or weigh the evidence, it may make such assessments if "the evidence is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-252 (1986). Further, to defeat a motion for judgment as a matter of law, "the non-moving party must come forward with more than the existence of a scintilla of evidence." M*iller v. Glen Miller Prods, Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (citation omitted) (emphasis added). In fact, where the factual context renders the nonmovant's claim "implausible," judgment as a matter of law is appropriate unless the nonmovant introduces additional "persuasive" evidence. *See, e.g., Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("It follows from these settled principles that if the factual context renders respondents' claim implausible . . . respondents must come forward with more persuasive evidence to support their claim than would otherwise be necessary."). Moreover, a court is not "'entitled to give a party the benefit of

-1-

unreasonable inferences, or those at war with the undisputed facts.'  Therefore, 'when the record contains no proof beyond speculation to support the verdict, then judgment as a matter of law is appropriate.'"  *Liberty Mutual Fire Ins. Co. v. Scott*, 486 F.3d 418, 422 (8th Cir. 2007) (citation omitted) (emphasis added).  Thus, judgment as a matter of law is merited where "the evidence permits only one reasonable conclusion . . ."  *Wallace v. City of San Diego*, 479 F.3d 616, 624 (9th Cir. 2006) (citation omitted).

## II.

## DEFENDANTS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW OF NO DIRECT INFRINGEMENT OF ALL ASSERTED CLAIMS

There is has been no proof by a preponderance of the evidence of direct infringement by any of Defendants' accused products of any asserted claim of the '616 patent.  (*O'Malley et al.*, 3A Fed. Jury Prac. & Instr. § 158:22 (6th ed. Aug. 2013) ("Infringement of a patent occurs when a person makes, uses or sells the patented invention anywhere in the United States without the owner's permission while the patent is in force").

**A.    Claim 1 Of The '616 patent**

1.    <u>One antenna versus two</u>

Claim 1, as construed by the Court, requires that "The receiver connected to a main antenna/coil [in the ICS] is separate structure from the telemetry transmitter and telemetry antenna/coil [in the ICS]."  Thus, to infringe, the accused implants must have two separate antennae:  one for receiving signals and the other for transmitting signals ("two antennae approach").  Defendants' accused cochlear implants all use a single antenna and that single antenna performs both the receiving and transmitting functions ("single antenna approach").  Plaintiffs admit this.

Additionally, concerning literal equivalents under 35 U.S.C 112, 6, the '616 patent (as well as the '691 patent, collectively the "patents-in-suit") disclaimed

1 the use of the single antenna approach by criticizing it as inferior to the two
2 antennae approach.  Specifically, the patents-in-suit distinguish the claimed
3 inventions by saying that the single antenna approach can result in unwanted
4 demodulation and loss of data.  Given this clear disclaimer in the patents-in-suit
5 concerning the single antenna approach, Plaintiffs cannot rely on equivalent
6 structure to show infringement.

7             Moreover, the doctrine of equivalents is barred by prosecution history
8 estoppel.  Plaintiffs clearly disavowed coverage of the single antenna approach
9 during prosecution of both patents-in-suit by criticizing that approach in the
10 background section of the patents themselves.  *L.B. Plastics, Inc. v. Amerimax Home
11 Products, Inc.*, 499 F.3d 1303, 1309-1310 (Fed. Cir. 2007) ("We have held that
12 when a specification excludes certain prior art alternatives from the literal scope of
13 the claims and criticizes those prior art alternatives, the patentee cannot then use the
14 doctrine of equivalents to capture those alternatives."); *Dawn Equipment Co. v.
15 Kentucky Farms Inc.*, 140 F.3d 1009 (Fed. Cir. 1998) (concluding that the patentee
16 could not resort to the doctrine of equivalents to establish infringement because of
17 "damning evidence" created when the accused device uses the same mechanism that
18 the specification of the patent-in-suit criticized by noting the disadvantages of prior
19 art devices and described the mechanism provided by the patented invention as
20 solving such problems); *SciMed Life Sys., Inc. v. Advanced Cardiovascular Sys.,
21 Inc.*, 242 F.3d 1337 (Fed. Cir. 2001) (holding that "[h]aving specifically identified,
22 criticized, and disclaimed the dual lumen configuration, the patentee cannot now
23 invoke the doctrine of equivalents to embrace a structure that was specifically
24 excluded from the claims."; *Schwing GmbH v. Putzmeister Aktiengesellschaft*, 305
25 F.3d 1318 (Fed. Cir. 2002) (holding that because the patent-in-suit criticized "the
26 use of embedded metal rings in the prior art" that "Schwing cannot now overlook
27 that deliberate decision and reclaim that subject matter through the doctrine of
28 equivalents."); *see also Astrazeneca AB v. Mutual Pharm. Co.*, 384 F.3d 1333, 1340,

-3-

1342 (Fed. Cir. 2004); *Gaus v. Conair Corp.*, 363 F.3d 1284, 1291 (Fed. Cir. 2004); *J & M Corp. v. Harley–Davidson, Inc.*, 269 F.3d 1360, 1369 (Fed. Cir. 2001). Accordingly, Defendants are also entitled to judgment as a matter of law that prosecution history estoppel bars Plaintiffs' attempt to argue that the one antenna approach is equivalent to the two antennae approach recited in this claim.

Even allowing equivalents, Plaintiffs failed to bring forth sufficient evidence that the single antenna approach and the two antennae approach are equivalent.

2. "user controllable means connected to the external processor means for selectively generating and controlling the data-containing signals…"

Claim 1, as construed by the Court, also requires the accused products have "three rotary panel knobs which control potentiometers that control a microprocessor" and that this is the corresponding structure that performs the "selectively generating and controlling the data-containing signals" function.

Plaintiffs admit that Defendants' accused cochlear implant systems do not include the three knob approach. Instead, the accused Custom Sound or Win DPS software have graphical slider bar generated on the computer screen.

There is also insufficient evidence showing that the graphical slider bar and check box elements generated on the computer screen running the accused Custom Sound or Win DPS software are equivalent to three rotary panel knobs which control potentiometers that control a microprocessor.

Therefore, Defendants are entitled to judgment as a matter of law of no direct infringement of claim 1 of the '616 patent.

**B.     Claim 10 Of The '616 Patent**

Claim 10 of the '616 patent requires the step of "displaying the processed status indicating signals…"

Plaintiffs admit that Defendants' accused cochlear implant systems do make known voltage externally, which the claim requires. Additionally, Defendants

1 are entitled to judgment as a matter of law that prosecution history estoppel bars
2 Plaintiffs' attempt to argue that the external display of impedance is equivalent to
3 the external display of voltage limitation in this claim. *Festo Corp. v. Shoketsu*
4 *Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 736 (2002) ("Estoppel arises when an
5 amendment is made to secure the patent and the amendment narrows the patents
6 scope."); *see also Honeywell Int'l Inc. v. Hamilton Sundstrand Corp.*, 370 F.3d
7 1131, 1139 (Fed. Cir. 2004) ("[P]rosecution history estoppel may bar the patentee
8 from asserting equivalents if the scope of the claims has been narrowed by
9 amendment during prosecution.").

10 Here, Plaintiffs cannot rely on the doctrine of equivalents to show
11 infringement because Plaintiffs amended claim 10 during prosecution by adding the
12 display of voltage step in order to secure issuance of the patent over prior art that
13 taught display of impedance.

14 Even allowing equivalents, there was insufficient evidence showing
15 that displaying impedance is equivalent to displaying voltage.

16 Finally, there is no evidence that Cochlear ever performed the claimed
17 method.

18 Therefore, Defendants are entitled to judgment as a matter of law of no
19 direct infringement of claim 10 of the '616 patent.

### C. Claim 6 Of The '691 Patent

#### 1. One antenna versus two

Claim 6, as construed by the Court, also requires the two antennae approach as discussed above in connection with claim 1 of the '616 patent. Defendants' accused cochlear implants do not satisfy the two antennae approach for all of the reasons stated above for claim 1, which are hereby incorporated by reference as if fully stated herein.

2. <u>"plurality of electrically isolated capacitor-coupled cochlea stimulating electrodes…"</u>

Claim 6, as construed by the Court, requires the implant's electrodes to have electrically isolated and capacitor-coupled cochlear stimulating electrodes. The Court construed "electrically isolated" to mean "that the electrodes are electrically isolated from the power supplies, from the logic circuitry and from other channels in the ICS." And as construed by the Court, "capacitor-coupled" "does not require a direct electrical connection between capacitor and electrode."

There exhibits cited by Dr. Young show that Defendants' accused cochlear implants include cochlear-stimulating electrodes that are not both electrically isolated and capacitor-coupled. Therefore, Defendants are entitled to judgment as a matter of law of no direct infringement of claim 6 of the '691 patent.

**D.   Claim 7 Of The '691 Patent**

1. <u>Depends from claim 6</u>

Claim 7, as construed by the Court, requires all of the limitations of claim 6 and, therefore, Defendants are entitled to judgment as a matter of law of no infringement of claim 7 for the same reasons as stated for claim 6, all of which are hereby incorporated by reference as if fully stated herein.

2. <u>"means in the WP responsive to at least a portion of the status indicating signals for controlling the power level of transmissions to the ICS"</u>

Claim 7, as construed by the Court, requires that the accused cochlear implant systems have a "switching regulator of a gate array" that performs the "controlling the power level of transmissions to the ICS" in response to "at least a portion of the status indicating signals."

There is insufficient evidence that any of Defendants' accused sound processors perform the claimed function of controlling the power level of transmissions to the ICS based on back telemetered information from the ICS.

-6-

Also, Professor Darrin Young admits that he never looked at any of the accused sound processors' source code and, thus, cannot determine whether the claimed function is performed.

Therefore, Defendants are entitled to judgment as a matter of law of no direct infringement of claim 7 of the '691 patent.

## III.
## DEFENDANTS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW OF NO INDIRECT INFRINGEMENT OF ALL ASSERTED CLAIMS

As discussed above, there is no evidence that Defendants' accused products directly infringe any of the asserted claims of the '616 patent or the '691 patent, so indirect infringement cannot be proved. *Qualcomm v Broadcom*, 543 F.3d 683, 688 (Fed. Cir. 2009) (to prove induced infringement "the patentee must establish first that there has been direct infringement . . ."); *Aro Mfg. Co. v. Convertible Top Co.*, 365 U.S. 336, 341 (194) ("In a word, if there is no infringement of a patent there can be no contributory infringer" *citing Mercoid v. Mid-Continent*, 320 U.S. 661, 677 (1944)). For the reasons stated above regarding no direct infringement of any of the asserted claims of the '616 patent or the '691 patent, Plaintiffs have failed to prove by a preponderance of the evidence that any of Defendants' accused products indirectly infringement any of the asserted claims. The reasons stated above showing no direct infringement are hereby incorporated by reference as if fully stated herein.

There is also no evidence that Defendants had the required intent to infringe necessary to establish induced infringement.

Therefore, Defendants are entitled to judgment as a matter of law of no indirect infringement.

-7-

# IV.

# DEFENDANTS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW THAT THERE IS NO WILLFUL INFRINGEMENT

There is also no evidence that Defendants' defenses are unreasonable. *Bard Peripheral Vascular, Inc. v. W.L. Gore & Associates, Inc.*, 682 F.3d 1003, 1005 (Fed. Cir. 2012) (requiring a showing that the objectively high likelihood of infringement was "either known or so obvious that it should have been known to the accused infringer"); *DePuy Spine v. Medtronics*, 567 F.3d 1314 (Fed. Cir. 2009). All of the prior noninfringement discussion is hereby incorporated by reference as if fully stated herein.

There is no evidence that Cochlear engaged in reckless disregard of the patent rights.

Therefore, Defendants are entitled to judgment as a matter of law of no willful infringement.

# V.

# DEFENDANTS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW THAT PLAINTIFFS HAVE FAILED TO PROVE DAMAGES

There is no competent evidence from which the jury can assess damages. Plaintiffs have failed to proffer any admissible evidence of damages.[1] *Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579 (Jun 28, 1993).

Moreover, there is no evidence that Plaintiffs marked products or product packaging with the patents-in-suit and, therefore, actual notice is required as a matter of law before damages of any kind are available. 35 U.S.C. Section 274(a). There is no evidence that Defendants had notice of the '616 patent prior to July 21,

---

[1] Defendants incorporate their *Daubert* motions and all objections made prior to and throughout trial to the admission into evidence of any of Ms. Kate Elsten's opinions.

2003 and there is no evidence that Defendants had notice prior to the filing of the instant lawsuit.

## VI.

## **CONCLUSION**

Based on the foregoing arguments, Defendants respectfully request that this Court enter judgment as a matter of law in Defendants' favor on each of the issues discussed above.

DATED: January 17, 2014

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By: */s/ Dennis J. Smith*
DENNIS J. SMITH
Attorneys for Defendants/
Counterclaimants COCHLEAR LTD. and COCHLEAR AMERICAS