SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
BRUCE G. CHAPMAN, Cal. Bar No. 164258
bchapman@sheppardmullin.com
SCOTT R. MILLER (Cal. Bar No. 112656)
smiller@sheppardmullin.com
LAURA M. BURSON (Cal. Bar No. 204459)
lburson@sheppardmullin.com
MANUEL C. NELSON, Cal. Bar No. 229590
mnelson@sheppardmullin.com
DENNIS J. SMITH, Cal. Bar No. 233842
dsmith2@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:  213.620.1780
Facsimile:   213.620.1398

Attorneys for Defendants and
Counterclaimants COCHLEAR LTD. and
COCHLEAR AMERICAS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA,
WESTERN DIVISION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PSI SYSTEMS, INC., <br><br>     Plaintiff, <br><br>   v. <br><br> STAMPS.COM, INC., <br><br>     Defendant. <br><br> _____ <br> AND RELATED COUNTERCLAIMS. | Case No. CV 06-7499 ODW (CTx) <br><br> Hon. Otis D. Wright II <br><br> **NOTICE OF ERRATA RE DEFENDANTS' RULE 50 MOTION FOR JUDGMENT AS A MATTER OF LAW [DKT NO. 426]** <br><br><br> Judge: Hon. Fernando M. Olguin |

-1-

**PLEASE TAKE NOTICE** that today, January 17, 2012, Defendants Cochlear Ltd. and Cochlear Americas (collectively "Defendants") filed electronically the Defendants' Rule 50 Motion For Judgment As A Matter of Law [Dkt No. 426] ("Rule 50 Motion").  Defendants' counsel have discovered a clear typographical error in the Rule 50 Motion.

Specifically, on page 4, lines 27-28 of Docket No. 426, the sentence states: "Plaintiffs admit that Defendants' accused cochlear implant systems do make known voltage externally, which the claim requires."  It is very obvious that the sentence was intended to say: "Plaintiffs admit that Defendants' accused cochlear implant systems do <u>not</u> make known voltage externally, which the claim requires." (emphasis added).

Attached hereto as Exhibit A is the Defendants' Corrected Rule 50 Motion For Judgment As A Matter of Law ("Corrected Rule 50 Motion").

Attached hereto as Exhibit B is a redline comparing the Rule 50 Motion to the Corrected Rule 50 Motion.

DATED:  January 17, 2014

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By:_____*/s/ Dennis J. Smith*_____
DENNIS J. SMITH
Attorneys for Defendants/
Counterclaimants COCHLEAR
LTD. and COCHLEAR
AMERICAS

-2-

# EXHIBIT A

1 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  |   A Limited Liability Partnership
2 |   Including Professional Corporations
  | BRUCE G. CHAPMAN, Cal. Bar No. 164258
3 | bchapman@sheppardmullin.com
  | SCOTT R. MILLER (Cal. Bar No. 112656)
4 | smiller@sheppardmullin.com
  | LAURA M. BURSON (Cal. Bar No. 204459)
5 | lburson@sheppardmullin.com
  | MANUEL C. NELSON, Cal. Bar No. 229590
6 | mnelson@sheppardmullin.com
  | DENNIS J. SMITH, Cal. Bar No. 233842
7 | dsmith2@sheppardmullin.com
  | 333 South Hope Street, 43rd Floor
8 | Los Angeles, California 90071-1422
  | Telephone:  213.620.1780
9 | Facsimile:   213.620.1398

10 | Attorneys for Defendants and
   | Counterclaimants COCHLEAR LTD. and
11 | COCHLEAR AMERICAS

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALFRED MANN FOUNDATION FOR SCIENTIFIC RESEARCH, | Case No. CV 07-08108 FMO (SHx) |
|       Plaintiff, | **DEFENDANTS' CORRECTED RULE 50 MOTION FOR JUDGMENT AS A MATTER OF LAW** |
|    v. | |
| COCHLEAR CORPORATION, et al., | |
|       Defendants. | Judge:  Hon. Fernando M. Olguin |
| AND RELATED COUNTERCLAIMS. | |

SMRH:416110715.2

Defendants Cochlear Ltd. and Cochlear Americas (collectively "Defendants") respectfully request that the Court enter judgment as a matter of law against Plaintiffs Alfred Mann Foundation for Scientific Research and Advanced Bionics Corporation (collectively "Plaintiffs") on the issues set forth below.

# I.

# **LEGAL STANDARD**

Rule 50 of the Federal Rules of Civil Procedure "allows a court to remove 'issue[s] – claims, defenses, or entire cases' from the jury when there is no 'legally sufficient evidentiary basis' to support a particular outcome." *Summers v. Delta Air Lines, Inc*., 508 F.3d 923, 926 (9th Cir. 2007) (citation omitted). "In order to survive a Rule 50 motion and present a question for the jury, the party opposing the motion must at least establish a conflict in substantial evidence on each essential element of their claim." *Anthony v. Chevron USA, Inc*., 284 F.3d 578, 583 (5th Cir. 2002).

While a district court generally may not make credibility determinations or weigh the evidence, it may make such assessments if "the evidence is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-252 (1986). Further, to defeat a motion for judgment as a matter of law, "the non-moving party must come forward with more than the existence of a scintilla of evidence." M*iller v. Glen Miller Prods, Inc*., 454 F.3d 975, 988 (9th Cir. 2006) (citation omitted) (emphasis added). In fact, where the factual context renders the nonmovant's claim "implausible," judgment as a matter of law is appropriate unless the nonmovant introduces additional "persuasive" evidence. *See, e.g., Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986) ("It follows from these settled principles that if the factual context renders respondents' claim implausible . . . respondents must come forward with more persuasive evidence to support their claim than would otherwise be necessary."). Moreover, a court is not "'entitled to give a party the benefit of

-1-

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

1  unreasonable inferences, or those at war with the undisputed facts.' Therefore,

2  'when the record contains no proof beyond speculation to support the verdict, then

3  judgment as a matter of law is appropriate.'" *Liberty Mutual Fire Ins. Co. v. Scott*,

4  486 F.3d 418, 422 (8th Cir. 2007) (citation omitted) (emphasis added). Thus,

5  judgment as a matter of law is merited where "the evidence permits only one

6  reasonable conclusion . . ." *Wallace v. City of San Diego*, 479 F.3d 616, 624 (9th

7  Cir. 2006) (citation omitted).

**II.**

**DEFENDANTS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW**
**OF NO DIRECT INFRINGEMENT OF ALL ASSERTED CLAIMS**

11           There is has been no proof by a preponderance of the evidence of direct

12  infringement by any of Defendants' accused products of any asserted claim of the

13  '616 patent. (*O'Malley et al.*, 3A Fed. Jury Prac. & Instr. § 158:22 (6th ed. Aug.

14  2013) ("Infringement of a patent occurs when a person makes, uses or sells the

15  patented invention anywhere in the United States without the owner's permission

16  while the patent is in force").

17  **A.     Claim 1 Of The '616 patent**

18           1.     <u>One antenna versus two</u>

19           Claim 1, as construed by the Court, requires that "The receiver

20  connected to a main antenna/coil [in the ICS] is separate structure from the

21  telemetry transmitter and telemetry antenna/coil [in the ICS]." Thus, to infringe, the

22  accused implants must have two separate antennae:  one for receiving signals and

23  the other for transmitting signals ("two antennae approach"). Defendants' accused

24  cochlear implants all use a single antenna and that single antenna performs both the

25  receiving and transmitting functions ("single antenna approach"). Plaintiffs admit

26  this.

27           Additionally, concerning literal equivalents under 35 U.S.C 112, 6, the

28  '616 patent (as well as the '691 patent, collectively the "patents-in-suit") disclaimed

-2-

the use of the single antenna approach by criticizing it as inferior to the two antennae approach.  Specifically, the patents-in-suit distinguish the claimed inventions by saying that the single antenna approach can result in unwanted demodulation and loss of data.  Given this clear disclaimer in the patents-in-suit concerning the single antenna approach, Plaintiffs cannot rely on equivalent structure to show infringement.

Moreover, the doctrine of equivalents is barred by prosecution history estoppel.  Plaintiffs clearly disavowed coverage of the single antenna approach during prosecution of both patents-in-suit by criticizing that approach in the background section of the patents themselves.  *L.B. Plastics, Inc. v. Amerimax Home Products, Inc.*, 499 F.3d 1303, 1309-1310 (Fed. Cir. 2007) ("We have held that when a specification excludes certain prior art alternatives from the literal scope of the claims and criticizes those prior art alternatives, the patentee cannot then use the doctrine of equivalents to capture those alternatives."); *Dawn Equipment Co. v. Kentucky Farms Inc.*, 140 F.3d 1009 (Fed. Cir. 1998) (concluding that the patentee could not resort to the doctrine of equivalents to establish infringement because of "damning evidence" created when the accused device uses the same mechanism that the specification of the patent-in-suit criticized by noting the disadvantages of prior art devices and described the mechanism provided by the patented invention as solving such problems); *SciMed Life Sys., Inc. v. Advanced Cardiovascular Sys., Inc.*, 242 F.3d 1337 (Fed. Cir. 2001) (holding that "[h]aving specifically identified, criticized, and disclaimed the dual lumen configuration, the patentee cannot now invoke the doctrine of equivalents to embrace a structure that was specifically excluded from the claims."; *Schwing GmbH v. Putzmeister Aktiengesellschaft*, 305 F.3d 1318 (Fed. Cir. 2002) (holding that because the patent-in-suit criticized "the use of embedded metal rings in the prior art" that "Schwing cannot now overlook that deliberate decision and reclaim that subject matter through the doctrine of equivalents."); *see also Astrazeneca AB v. Mutual Pharm. Co.*, 384 F.3d 1333, 1340,

-3-

1342 (Fed. Cir. 2004); *Gaus v. Conair Corp.*, 363 F.3d 1284, 1291 (Fed. Cir. 2004); *J & M Corp. v. Harley–Davidson, Inc.*, 269 F.3d 1360, 1369 (Fed. Cir. 2001). Accordingly, Defendants are also entitled to judgment as a matter of law that prosecution history estoppel bars Plaintiffs' attempt to argue that the one antenna approach is equivalent to the two antennae approach recited in this claim.

Even allowing equivalents, Plaintiffs failed to bring forth sufficient evidence that the single antenna approach and the two antennae approach are equivalent.

2. "user controllable means connected to the external processor means for selectively generating and controlling the data-containing signals…"

Claim 1, as construed by the Court, also requires the accused products have "three rotary panel knobs which control potentiometers that control a microprocessor" and that this is the corresponding structure that performs the "selectively generating and controlling the data-containing signals" function.

Plaintiffs admit that Defendants' accused cochlear implant systems do not include the three knob approach. Instead, the accused Custom Sound or Win DPS software have graphical slider bar generated on the computer screen.

There is also insufficient evidence showing that the graphical slider bar and check box elements generated on the computer screen running the accused Custom Sound or Win DPS software are equivalent to three rotary panel knobs which control potentiometers that control a microprocessor.

Therefore, Defendants are entitled to judgment as a matter of law of no direct infringement of claim 1 of the '616 patent.

**B.     Claim 10 Of The '616 Patent**

Claim 10 of the '616 patent requires the step of "displaying the processed status indicating signals…"

Plaintiffs admit that Defendants' accused cochlear implant systems do not make known voltage externally, which the claim requires. Additionally,

-4-

1  Defendants are entitled to judgment as a matter of law that prosecution history

2  estoppel bars Plaintiffs' attempt to argue that the external display of impedance is

3  equivalent to the external display of voltage limitation in this claim.  *Festo Corp. v.*

4  *Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 736 (2002) ("Estoppel arises

5  when an amendment is made to secure the patent and the amendment narrows the

6  patents scope."); *see also Honeywell Int'l Inc. v. Hamilton Sundstrand Corp.*, 370

7  F.3d 1131, 1139 (Fed. Cir. 2004) ("[P]rosecution history estoppel may bar the

8  patentee from asserting equivalents if the scope of the claims has been narrowed by

9  amendment during prosecution.").

10        Here, Plaintiffs cannot rely on the doctrine of equivalents to show

11  infringement because Plaintiffs amended claim 10 during prosecution by adding the

12  display of voltage step in order to secure issuance of the patent over prior art that

13  taught display of impedance.

14        Even allowing equivalents, there was insufficient evidence showing

15  that displaying impedance is equivalent to displaying voltage.

16        Finally, there is no evidence that Cochlear ever performed the claimed

17  method.

18        Therefore, Defendants are entitled to judgment as a matter of law of no

19  direct infringement of claim 10 of the '616 patent.

20  **C.    Claim 6 Of The '691 Patent**

21        1.    <u>One antenna versus two</u>

22        Claim 6, as construed by the Court, also requires the two antennae

23  approach as discussed above in connection with claim 1 of the '616 patent.

24  Defendants' accused cochlear implants do not satisfy the two antennae approach for

25  all of the reasons stated above for claim 1, which are hereby incorporated by

26  reference as if fully stated herein.

27

28

DEFENDANTS' MEMORANDUM OF
                                                                CONTENTIONS OF FACT AND LAW

2.      "plurality of electrically isolated capacitor-coupled cochlea stimulating electrodes…"

Claim 6, as construed by the Court, requires the implant's electrodes to have electrically isolated and capacitor-coupled cochlear stimulating electrodes. The Court construed "electrically isolated" to mean "that the electrodes are electrically isolated from the power supplies, from the logic circuitry and from other channels in the ICS."  And as construed by the Court, "capacitor-coupled" "does not require a direct electrical connection between capacitor and electrode."

There exhibits cited by Dr. Young show that Defendants' accused cochlear implants include cochlear-stimulating electrodes that are not both electrically isolated and capacitor-coupled.  Therefore, Defendants are entitled to judgment as a matter of law of no direct infringement of claim 6 of the '691 patent.

**D.      Claim 7 Of The '691 Patent**

1.      Depends from claim 6

Claim 7, as construed by the Court, requires all of the limitations of claim 6 and, therefore, Defendants are entitled to judgment as a matter of law of no infringement of claim 7 for the same reasons as stated for claim 6, all of which are hereby incorporated by reference as if fully stated herein.

2.      "means in the WP responsive to at least a portion of the status indicating signals for controlling the power level of transmissions to the ICS"

Claim 7, as construed by the Court, requires that the accused cochlear implant systems have a "switching regulator of a gate array" that performs the "controlling the power level of transmissions to the ICS" in response to "at least a portion of the status indicating signals."

There is insufficient evidence that any of Defendants' accused sound processors perform the claimed function of controlling the power level of transmissions to the ICS based on back telemetered information from the ICS.

-6-

Also, Professor Darrin Young admits that he never looked at any of the accused sound processors' source code and, thus, cannot determine whether the claimed function is performed.

Therefore, Defendants are entitled to judgment as a matter of law of no direct infringement of claim 7 of the '691 patent.

### III.

### DEFENDANTS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW OF NO INDIRECT INFRINGEMENT OF ALL ASSERTED CLAIMS

As discussed above, there is no evidence that Defendants' accused products directly infringe any of the asserted claims of the '616 patent or the '691 patent, so indirect infringement cannot be proved. *Qualcomm v Broadcom*, 543 F.3d 683, 688 (Fed. Cir. 2009) (to prove induced infringement "the patentee must establish first that there has been direct infringement . . ."); *Aro Mfg. Co. v. Convertible Top Co.*, 365 U.S. 336, 341 (194) ("In a word, if there is no infringement of a patent there can be no contributory infringer" *citing Mercoid v. Mid-Continent*, 320 U.S. 661, 677 (1944)).  For the reasons stated above regarding no direct infringement of any of the asserted claims of the '616 patent or the '691 patent, Plaintiffs have failed to prove by a preponderance of the evidence that any of Defendants' accused products indirectly infringement any of the asserted claims.  The reasons stated above showing no direct infringement are hereby incorporated by reference as if fully stated herein.

There is also no evidence that Defendants had the required intent to infringe necessary to establish induced infringement.

Therefore, Defendants are entitled to judgment as a matter of law of no indirect infringement.

-7-

**IV.**

## <u>DEFENDANTS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW</u>
## <u>THAT THERE IS NO WILLFUL INFRINGEMENT</u>

There is also no evidence that Defendants' defenses are unreasonable. *Bard Peripheral Vascular, Inc. v. W.L. Gore & Associates, Inc.*, 682 F.3d 1003, 1005 (Fed. Cir. 2012) (requiring a showing that the objectively high likelihood of infringement was "either known or so obvious that it should have been known to the accused infringer"); *DePuy Spine v. Medtronics*, 567 F.3d 1314 (Fed. Cir. 2009). All of the prior noninfringement discussion is hereby incorporated by reference as if fully stated herein.

There is no evidence that Cochlear engaged in reckless disregard of the patent rights.

Therefore, Defendants are entitled to judgment as a matter of law of no willful infringement.

**V.**

## <u>DEFENDANTS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW</u>
## <u>THAT PLAINTIFFS HAVE FAILED TO PROVE DAMAGES</u>

There is no competent evidence from which the jury can assess damages.  Plaintiffs have failed to proffer any admissible evidence of damages.[1] *Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579 (Jun 28, 1993).

Moreover, there is no evidence that Plaintiffs marked products or product packaging with the patents-in-suit and, therefore, actual notice is required as a matter of law before damages of any kind are available.  35 U.S.C. Section 274(a). There is no evidence that Defendants had notice of the '616 patent prior to July 21,

---

[1] Defendants incorporate their *Daubert* motions and all objections made prior to and throughout trial to the admission into evidence of any of Ms. Kate Elsten's opinions.

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

1   2003 and there is no evidence that Defendants had notice prior to the filing of the

2   instant lawsuit.

3   **VI.**

4   **<u>CONCLUSION</u>**

5   Based on the foregoing arguments, Defendants respectfully request that

6   this Court enter judgment as a matter of law in Defendants' favor on each of the

7   issues discussed above.

8

9   DATED:  January 17, 2014            SHEPPARD MULLIN RICHTER & HAMPTON LLP

10

11                                             By:_____/s/ Dennis J. Smith_____

12                                                       DENNIS J. SMITH
                                                   Attorneys for Defendants/
13                                              Counterclaimants COCHLEAR
                                                    LTD. and COCHLEAR
14                                                        AMERICAS

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-9-

# EXHIBIT B

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2      Including Professional Corporations
    BRUCE G. CHAPMAN, Cal. Bar No. 164258
3   bchapman@sheppardmullin.com
    SCOTT R. MILLER (Cal. Bar No. 112656)
4   smiller@sheppardmullin.com
    LAURA M. BURSON (Cal. Bar No. 204459)
5   lburson@sheppardmullin.com
    MANUEL C. NELSON, Cal. Bar No. 229590
6   mnelson@sheppardmullin.com
    DENNIS J. SMITH, Cal. Bar No. 233842
7   dsmith2@sheppardmullin.com
    333 South Hope Street, 43rd Floor
8   Los Angeles, California 90071-1422
    Telephone:  213.620.1780
9   Facsimile:   213.620.1398

10  Attorneys for Defendants and
    Counterclaimants COCHLEAR LTD. and
11  COCHLEAR AMERICAS

12                UNITED STATES DISTRICT COURT

13      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

14

15  ALFRED MANN FOUNDATION FOR         Case No. CV 07-08108 FMO (SHx)
    SCIENTIFIC RESEARCH,
16                                     **DEFENDANTS' CORRECTED
                  Plaintiff,           RULE 50 MOTION FOR
17                                     JUDGMENT AS A MATTER OF
            v.                         LAW**
18
    COCHLEAR CORPORATION, et al.,
19
                  Defendants.
20                                     Judge:  Hon. Fernando M. Olguin

21  AND RELATED COUNTERCLAIMS.

22

23

24

25

26

27

28

DEFENDANTS' MOTION FOR
                                       JUDGMENT AS A MATTER OF LAW

Defendants Cochlear Ltd. and Cochlear Americas (collectively "Defendants") respectfully request that the Court enter judgment as a matter of law against Plaintiffs Alfred Mann Foundation for Scientific Research and Advanced Bionics Corporation (collectively "Plaintiffs") on the issues set forth below.

# I.

# __LEGAL STANDARD__

Rule 50 of the Federal Rules of Civil Procedure "allows a court to remove 'issue[s] – claims, defenses, or entire cases' from the jury when there is no 'legally sufficient evidentiary basis' to support a particular outcome." *Summers v. Delta Air Lines, Inc*., 508 F.3d 923, 926 (9th Cir. 2007) (citation omitted).  "In order to survive a Rule 50 motion and present a question for the jury, the party opposing the motion must at least establish a conflict in substantial evidence on each essential element of their claim." *Anthony v. Chevron USA, Inc*., 284 F.3d 578, 583 (5th Cir. 2002).

While a district court generally may not make credibility determinations or weigh the evidence, it may make such assessments if "the evidence is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-252 (1986).  Further, to defeat a motion for judgment as a matter of law, "the non-moving party must come forward with more than the existence of a scintilla of evidence."  M*iller v. Glen Miller Prods, Inc*., 454 F.3d 975, 988 (9th Cir. 2006) (citation omitted) (emphasis added).  In fact, where the factual context renders the nonmovant's claim "implausible," judgment as a matter of law is appropriate unless the nonmovant introduces additional "persuasive" evidence.  *See, e.g., Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986) ("It follows from these settled principles that if the factual context renders respondents' claim implausible . . . respondents must come forward with more persuasive evidence to support their claim than would otherwise be necessary.").  Moreover, a court is not "'entitled to give a party the benefit of

-1-

1   unreasonable inferences, or those at war with the undisputed facts.' Therefore,

2   'when the record contains no proof beyond speculation to support the verdict, then

3   judgment as a matter of law is appropriate.'" *Liberty Mutual Fire Ins. Co. v. Scott*,

4   486 F.3d 418, 422 (8th Cir. 2007) (citation omitted) (emphasis added).  Thus,

5   judgment as a matter of law is merited where "the evidence permits only one

6   reasonable conclusion  . . ." *Wallace v. City of San Diego*, 479 F.3d 616, 624 (9th

7   Cir. 2006) (citation omitted).

8                                                    **II.**

9   **DEFENDANTS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW**

10        **OF NO DIRECT INFRINGEMENT OF ALL ASSERTED CLAIMS**

11                  There is has been no proof by a preponderance of the evidence of direct

12   infringement by any of Defendants' accused products of any asserted claim of the

13   '616 patent.  (*O'Malley et al.*, 3A Fed. Jury Prac. & Instr. § 158:22 (6th ed. Aug.

14   2013) ("Infringement of a patent occurs when a person makes, uses or sells the

15   patented invention anywhere in the United States without the owner's permission

16   while the patent is in force").

17   **A.      Claim 1 Of The '616 patent**

18              1.      <u>One antenna versus two</u>

19                  Claim 1, as construed by the Court, requires that "The receiver

20   connected to a main antenna/coil [in the ICS] is separate structure from the

21   telemetry transmitter and telemetry antenna/coil [in the ICS]."  Thus, to infringe, the

22   accused implants must have two separate antennae:  one for receiving signals and

23   the other for transmitting signals ("two antennae approach").  Defendants' accused

24   cochlear implants all use a single antenna and that single antenna performs both the

25   receiving and transmitting functions ("single antenna approach").  Plaintiffs admit

26   this.

27                  Additionally, concerning literal equivalents under 35 U.S.C 112, 6, the

28   '616 patent (as well as the '691 patent, collectively the "patents-in-suit") disclaimed

-2-

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

1  the use of the single antenna approach by criticizing it as inferior to the two

2  antennae approach.  Specifically, the patents-in-suit distinguish the claimed

3  inventions by saying that the single antenna approach can result in unwanted

4  demodulation and loss of data.  Given this clear disclaimer in the patents-in-suit

5  concerning the single antenna approach, Plaintiffs cannot rely on equivalent

6  structure to show infringement.

7           Moreover, the doctrine of equivalents is barred by prosecution history

8  estoppel.  Plaintiffs clearly disavowed coverage of the single antenna approach

9  during prosecution of both patents-in-suit by criticizing that approach in the

10  background section of the patents themselves.  *L.B. Plastics, Inc. v. Amerimax Home*

11  *Products, Inc.*, 499 F.3d 1303, 1309-1310 (Fed. Cir. 2007) ("We have held that

12  when a specification excludes certain prior art alternatives from the literal scope of

13  the claims and criticizes those prior art alternatives, the patentee cannot then use the

14  doctrine of equivalents to capture those alternatives."); *Dawn Equipment Co. v.*

15  *Kentucky Farms Inc.*, 140 F.3d 1009 (Fed. Cir. 1998) (concluding that the patentee

16  could not resort to the doctrine of equivalents to establish infringement because of

17  "damning evidence" created when the accused device uses the same mechanism that

18  the specification of the patent-in-suit criticized by noting the disadvantages of prior

19  art devices and described the mechanism provided by the patented invention as

20  solving such problems); *SciMed Life Sys., Inc. v. Advanced Cardiovascular Sys.,*

21  *Inc.*, 242 F.3d 1337 (Fed. Cir. 2001) (holding that "[h]aving specifically identified,

22  criticized, and disclaimed the dual lumen configuration, the patentee cannot now

23  invoke the doctrine of equivalents to embrace a structure that was specifically

24  excluded from the claims."; *Schwing GmbH v. Putzmeister Aktiengesellschaft*, 305

25  F.3d 1318 (Fed. Cir. 2002) (holding that because the patent-in-suit criticized "the

26  use of embedded metal rings in the prior art" that "Schwing cannot now overlook

27  that deliberate decision and reclaim that subject matter through the doctrine of

28  equivalents."); *see also Astrazeneca AB v. Mutual Pharm. Co.*, 384 F.3d 1333, 1340,

-3-

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

1342 (Fed. Cir. 2004); *Gaus v. Conair Corp.*, 363 F.3d 1284, 1291 (Fed. Cir. 2004); *J & M Corp. v. Harley–Davidson, Inc.*, 269 F.3d 1360, 1369 (Fed. Cir. 2001). Accordingly, Defendants are also entitled to judgment as a matter of law that prosecution history estoppel bars Plaintiffs' attempt to argue that the one antenna approach is equivalent to the two antennae approach recited in this claim.

Even allowing equivalents, Plaintiffs failed to bring forth sufficient evidence that the single antenna approach and the two antennae approach are equivalent.

2. "user controllable means connected to the external processor means for selectively generating and controlling the data-containing signals…"

Claim 1, as construed by the Court, also requires the accused products have "three rotary panel knobs which control potentiometers that control a microprocessor" and that this is the corresponding structure that performs the "selectively generating and controlling the data-containing signals" function.

Plaintiffs admit that Defendants' accused cochlear implant systems do not include the three knob approach. Instead, the accused Custom Sound or Win DPS software have graphical slider bar generated on the computer screen.

There is also insufficient evidence showing that the graphical slider bar and check box elements generated on the computer screen running the accused Custom Sound or Win DPS software are equivalent to three rotary panel knobs which control potentiometers that control a microprocessor.

Therefore, Defendants are entitled to judgment as a matter of law of no direct infringement of claim 1 of the '616 patent.

**B.    Claim 10 Of The '616 Patent**

Claim 10 of the '616 patent requires the step of "displaying the processed status indicating signals…"

Plaintiffs admit that Defendants' accused cochlear implant systems do not make known voltage externally, which the claim requires.  Additionally,

-4-

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

1  Defendants are entitled to judgment as a matter of law that prosecution history

2  estoppel bars Plaintiffs' attempt to argue that the external display of impedance is

3  equivalent to the external display of voltage limitation in this claim.  *Festo Corp. v.*

4  *Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 736 (2002) ("Estoppel arises

5  when an amendment is made to secure the patent and the amendment narrows the

6  patents scope."); *see also Honeywell Int'l Inc. v. Hamilton Sundstrand Corp.*, 370

7  F.3d 1131, 1139 (Fed. Cir. 2004) ("[P]rosecution history estoppel may bar the

8  patentee from asserting equivalents if the scope of the claims has been narrowed by

9  amendment during prosecution.").

10  Here, Plaintiffs cannot rely on the doctrine of equivalents to show

11  infringement because Plaintiffs amended claim 10 during prosecution by adding the

12  display of voltage step in order to secure issuance of the patent over prior art that

13  taught display of impedance.

14  Even allowing equivalents, there was insufficient evidence showing

15  that displaying impedance is equivalent to displaying voltage.

16  Finally, there is no evidence that Cochlear ever performed the claimed

17  method.

18  Therefore, Defendants are entitled to judgment as a matter of law of no

19  direct infringement of claim 10 of the '616 patent.

20  **C.     Claim 6 Of The '691 Patent**

21  1.     <u>One antenna versus two</u>

22  Claim 6, as construed by the Court, also requires the two antennae

23  approach as discussed above in connection with claim 1 of the '616 patent.

24  Defendants' accused cochlear implants do not satisfy the two antennae approach for

25  all of the reasons stated above for claim 1, which are hereby incorporated by

26  reference as if fully stated herein.

27

28

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

2. "plurality of electrically isolated capacitor-coupled cochlea stimulating electrodes…"

Claim 6, as construed by the Court, requires the implant's electrodes to have electrically isolated and capacitor-coupled cochlear stimulating electrodes. The Court construed "electrically isolated" to mean "that the electrodes are electrically isolated from the power supplies, from the logic circuitry and from other channels in the ICS." And as construed by the Court, "capacitor-coupled" "does not require a direct electrical connection between capacitor and electrode."

There exhibits cited by Dr. Young show that Defendants' accused cochlear implants include cochlear-stimulating electrodes that are not both electrically isolated and capacitor-coupled. Therefore, Defendants are entitled to judgment as a matter of law of no direct infringement of claim 6 of the '691 patent.

**D.    Claim 7 Of The '691 Patent**

1. Depends from claim 6

Claim 7, as construed by the Court, requires all of the limitations of claim 6 and, therefore, Defendants are entitled to judgment as a matter of law of no infringement of claim 7 for the same reasons as stated for claim 6, all of which are hereby incorporated by reference as if fully stated herein.

2. "means in the WP responsive to at least a portion of the status indicating signals for controlling the power level of transmissions to the ICS"

Claim 7, as construed by the Court, requires that the accused cochlear implant systems have a "switching regulator of a gate array" that performs the "controlling the power level of transmissions to the ICS" in response to "at least a portion of the status indicating signals."

There is insufficient evidence that any of Defendants' accused sound processors perform the claimed function of controlling the power level of transmissions to the ICS based on back telemetered information from the ICS.

-6-

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

1    Also, Professor Darrin Young admits that he never looked at any of the

2 accused sound processors' source code and, thus, cannot determine whether the

3 claimed function is performed.

4    Therefore, Defendants are entitled to judgment as a matter of law of no

5 direct infringement of claim 7 of the '691 patent.

6                                      **III.**

7 **DEFENDANTS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW**

8 **OF NO INDIRECT INFRINGEMENT OF ALL ASSERTED CLAIMS**

9    As discussed above, there is no evidence that Defendants' accused

10 products directly infringe any of the asserted claims of the '616 patent or the

11 '691 patent, so indirect infringement cannot be proved.  *Qualcomm v Broadcom*,

12 543 F.3d 683, 688 (Fed. Cir. 2009) (to prove induced infringement "the patentee

13 must establish first that there has been direct infringement . . ."); *Aro Mfg. Co. v.*

14 *Convertible Top Co.*, 365 U.S. 336, 341 (194) ("In a word, if there is no

15 infringement of a patent there can be no contributory infringer" *citing Mercoid v.*

16 *Mid-Continent*, 320 U.S. 661, 677 (1944)).  For the reasons stated above regarding

17 no direct infringement of any of the asserted claims of the '616 patent or the

18 '691 patent, Plaintiffs have failed to prove by a preponderance of the evidence that

19 any of Defendants' accused products indirectly infringement any of the asserted

20 claims.  The reasons stated above showing no direct infringement are hereby

21 incorporated by reference as if fully stated herein.

22    There is also no evidence that Defendants had the required intent to

23 infringe necessary to establish induced infringement.

24    Therefore, Defendants are entitled to judgment as a matter of law of no

25 indirect infringement.

26

27

28

-7-

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

## IV.

## <u>DEFENDANTS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW THAT THERE IS NO WILLFUL INFRINGEMENT</u>

There is also no evidence that Defendants' defenses are unreasonable. *Bard Peripheral Vascular, Inc. v. W.L. Gore & Associates, Inc.*, 682 F.3d 1003, 1005 (Fed. Cir. 2012) (requiring a showing that the objectively high likelihood of infringement was "either known or so obvious that it should have been known to the accused infringer"); *DePuy Spine v. Medtronics*, 567 F.3d 1314 (Fed. Cir. 2009). All of the prior noninfringement discussion is hereby incorporated by reference as if fully stated herein.

There is no evidence that Cochlear engaged in reckless disregard of the patent rights.

Therefore, Defendants are entitled to judgment as a matter of law of no willful infringement.

## V.

## <u>DEFENDANTS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW THAT PLAINTIFFS HAVE FAILED TO PROVE DAMAGES</u>

There is no competent evidence from which the jury can assess damages.  Plaintiffs have failed to proffer any admissible evidence of damages.[1] *Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579 (Jun 28, 1993).

Moreover, there is no evidence that Plaintiffs marked products or product packaging with the patents-in-suit and, therefore, actual notice is required as a matter of law before damages of any kind are available.  35 U.S.C. Section 274(a). There is no evidence that Defendants had notice of the '616 patent prior to July 21,

---

[1] Defendants incorporate their *Daubert* motions and all objections made prior to and throughout trial to the admission into evidence of any of Ms. Kate Elsten's opinions.

-8-

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

1    2003 and there is no evidence that Defendants had notice prior to the filing of the

2    instant lawsuit.

3                                    **VI.**

4                          **<u>CONCLUSION</u>**

5           Based on the foregoing arguments, Defendants respectfully request that

6    this Court enter judgment as a matter of law in Defendants' favor on each of the

7    issues discussed above.

8

9    DATED: January 17, 2014             SHEPPARD MULLIN RICHTER & HAMPTON LLP

10

11                                    By:_____*/s/ Dennis J. Smith*_____

12                                        DENNIS J. SMITH
                                    Attorneys for Defendants/

13                               Counterclaimants COCHLEAR
                                 LTD. and COCHLEAR

14                                     AMERICAS

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:416110715.1SMRH:416110715.2

| Comparison Details | |
|---|---|
| Title | **pdfDocs compareDocs Comparison Results** |
| Date & Time | 1/17/2014 5:23:09 PM |
| Comparison Time | 3.03 seconds |
| compareDocs version | v3.4.11.2 |

| Sources | |
|---|---|
| Original Document | [#416110715] [v1] Cochlear Rule 50 Motion for JMOL [FINAL].docDMS Information |
| Modified Document | [#416110715] [v2] Cochlear Rule 50 Motion for JMOL [FINAL].docDMS information |

| Comparison Statistics | |
|---|---|
| Insertions | 2 |
| Deletions | 0 |
| Changes | 2 |
| Moves | 0 |
| TOTAL CHANGES | 4 |
| | |
| | |
| | |
| | |
| | |

| Word Rendering Set Markup Options | |
|---|---|
| Name | Standard |
| Insertions | |
| Deletions | |
| Moves / Moves | |
| Inserted cells | |
| Deleted cells | |
| Merged cells | |
| Formatting | Color only. |
| Changed lines | Mark left border. |
| Comments color | ByAuthorcolor options] |
| Balloons | False |

| compareDocs Settings Used | Category | Option Selected |
|---|---|---|
| Open Comparison Report after Saving | General | Always |
| Report Type | Word | Formatting |
| Character Level | Word | False |
| Include Headers / Footers | Word | True |
| Include Footnotes / Endnotes | Word | True |
| Include List Numbers | Word | True |
| Include Tables | Word | True |
| Include Field Codes | Word | True |
| Include Moves | Word | True |
| Show Track Changes Toolbar | Word | False |
| Show Reviewing Pane | Word | False |
| Update Automatic Links at Open | Word | False |
| Summary Report | Word | End |
| Include Change Detail Report | Word | End |
| Document View | Word | Print |
| Remove Personal Information | Word | False |