1  TODD M. MALYNN (State Bar No. 181595)
   TMalynn@FeldmanGale.com
2  GREGORY B. WOOD (State Bar No. 068064)
   GWood@FeldmanGale.com
3  **FELDMAN GALE, P.A.**
   880 West First Street Suite 315
4  Los Angeles, California 90012
   Telephone: (213) 625-5992
5  Facsimile: (213) 625-5993

6  Attorneys for Plaintiff and Counter-Defendant
   ADVANCED BIONICS, LLC
7

8  BRUCE G. CHAPMAN (SBN 164258)
   bchapman@sheppardmullin.com
9  SCOTT R. MILLER (SBN 112656)
   smiller@sheppardmullin.com
10 LAURA M. BURSON (SBN 204459)
   lburson@sheppardmullin.com
11 **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
   333 South Hope Street, 43rd Floor
12 Los Angeles, California 90071-1422
   Telephone:  213.620.1780
13 Facsimile:   213.620.1398

14 Attorneys for Defendants and Counterclaimants
   COCHLEAR LTD. and COCHLEAR AMERICAS
15

16                UNITED STATES DISTRICT COURT

17             FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 18  ALFRED E. MANN FOUNDATION FOR SCIENTIFIC RESEARCH, *et al.*, | Case No. CV 07-08108 FMO (SHx) |
| 19 | *Assigned to the Hon. Fernando M. Olguin, Courtroom 22, 5th Floor* |
| 20       Plaintiffs, | |
| 21       v. | **NOTICE OF MOTION AND MOTION OF PLAINTIFF ADVANCED BIONICS, LLC TO ALTER OR AMEND JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 59** |
| 22  COCHLEAR CORPORATION *et al.*, | |
| 23       Defendants. | |
| 24 | **JOINT MEMORANDUM OF POINTS AND AUTHORITIES PER POST-TRIAL SCHEDULING ORDER** |
| 25 | |
| 26 | **DECLARATION OF TODD M. MALYNN** |
| 27  AND RELATED COUNTERCLAIMS | DATE:      April 17, 2014 |
| 28 | TIME:       10:00 a.m. |
| | CTRM:      22 |

SMRH:418097587.1

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on April 17, 2014 at 10:00 a.m. in the United States District Court for the Central District of California, 312 N. Spring Street, Courtroom 22, Los Angeles, California 90012, Plaintiff Advanced Bionics, LLC ("Advanced Bionics") will and hereby does move, (a) pursuant to Federal Rule of Civil Procedure 59 and the Court's January 30, 2014 Order Re: Schedule for Post-Trial Briefing, and (b) on a precautionary basis in case the Court does not sign the Amended [Proposed] Form of Judgment [DE 484-1] filed by Plaintiff Alfred E. Mann Foundation for Scientific Research (the "Foundation"), for an order amending or altering the judgment to comply with Federal Rule of Civil Procedure 54, and to state that the judgment against Defendants Cochlear Corporation (n/k/a Cochlear Americas) and Cochlear Ltd. (the "Cochlear Defendants" or "Cochlear") is in favor of both the Foundation and Advanced Bionics, and directing whatever further post-trial proceeding, if any, the Court deems necessary and appropriate.

This Motion is made on the grounds that Advanced Bionics is a party to this proceeding and Rule 54 directs that the judgment, in order to be final, must resolve all of the rights of the parties in this matter. To comply with Rule 54, the judgment should be amended to include Advanced Bionics as a party plaintiff.

This Motion is based on this Notice, the attached Joint Memorandum of Points and Authorities in support of and in opposition to the Motion, the attached Declaration of Todd M. Malynn and accompanying exhibits, and all matters of which the Court may take judicial notice or may otherwise consider at or prior to the hearing of this Motion.

DATED: March 17, 2014                          FELDMAN GALE, P.A.

By: ____*/s/ Todd Malynn*____
Todd M. Malynn
Attorneys for Plaintiff ADVANCED BIONICS, LLC

## **TABLE OF CONTENTS**

JOINT MEMORANDUM OF POINTS AND AUTHORITIES ............................... 1

INTRODUCTION ........................................................................................................ 1

    Advanced Bionics............................................................................................ 1

    Cochlear Defendants ...................................................................................... 1

    Advanced Bionics' Reply............................................................................... 1

ARGUMENT IN SUPPORT OF MOTION................................................................ 2

I.    ADVANCED BIONICS IS A PARTY PLAINTIFF..................................... 2

II.   THE JUDGMENT SHOULD BE AMENDED TO RECOGNIZE AND ADJUDICATE THE RIGHTS OF ADVANCED BIONICES........................ 3

ARGUMENT IN OPPOSITION TO THE MOTION ................................................. 4

ARGUMENT IN REPLY ........................................................................................... 6

ADVANCED BIONICS' CONCLUSION................................................................. 9

SMRH:418097587.1

# JOINT MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

**Advanced Bionics**

Pursuant to Rule 59 of the Federal Rules of Civil Procedure, Advanced Bionics respectfully moves the Court, as a party plaintiff, to amend the judgment to comply with Rule 54 of the Federal Rules of Civil Procedure, which directs the Court in cases involving multiple parties to resolve the rights of all the parties. The final judgment in this case should state that the judgment against the Cochlear Defendants is in favor of both the Foundation and Advanced Bionics.

**Cochlear Defendants**

The jury's verdict provides for damages as to the Foundation only. There is no support for a monetary award in favor of Advanced Bionics, and such a joint monetary judgment would complicate Cochlear's effort to satisfy the judgment. The judgment should reflect only those issues actually litigated in the case.

**Advanced Bionics' Reply**

Rule 54 provides that *"all* the claims or the rights and liabilities of . . . *all* the parties" be adjudicated in a judgment, otherwise the judgment "does not end the action as to *any* of the claims or parties." Rule 54 does ***not*** complicate any effort to satisfy the judgment by Cochlear. The law is clear that a judgment in favor of multiple plaintiffs, as requested here, can be satisfied the ***same way*** a judgment in favor of one plaintiff is satisfied. There is no requirement under Rule 54 to differentiate what each plaintiff is owed under a judgment.[1]

It also is ***immaterial*** that Advanced Bionics' rights or claims as a party plaintiff were not alleged in any pleading. The Federal Circuit has already found in response to a motion by Cochlear that Advanced Bionics has rights in the judgment

---

[1] *See, e.g.*, *Lewis v. United Joint Venture,* 691 F.3d 835, 841 (6th Cir. 2012); *Goldzweig v. Winterland Concessions Co.*, 63 B.R. 412, 413-14 (N.D. Ill. 1986).

SMRH:418097587.1

as well as standing to prosecute the same claims prosecuted by the Foundation.[2] For finality and judicial economy, Rule 54 now directs entry of one final judgment resolving all the rights and claims of each party, "even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c).

The issue under Rule 54 is whether Advanced Bionics should be included as a party plaintiff. Based on the plain language of Rule 54, Advanced Bionics submits that the answer is clear and unavoidable. The joinder of Advanced Bionics as a party plaintiff due to Advanced Bionics' recognized rights in the judgment and standing to prosecute the same claims resolved by the jury in favor of the Foundation means that the judgment should be in favor of both plaintiffs. All of the rights and liabilities of the parties should be reflected in the final judgment under Rule 54.

## ARGUMENT IN SUPPORT OF MOTION

### I. ADVANCED BIONICS IS A PARTY PLAINTIFF

Advanced Bionics was involuntarily joined as a necessary and indispensable party in response to a motion to dismiss filed by the Cochlear Defendants. *See* Dkt. No. 155 (Malynn Decl., Ex. "A").[3] The Cochlear Defendants argued that only Advanced Bionics, as an exclusive licensee, had standing to bring an action for patent infringement. The Federal Circuit disagreed. It recognized that both Advanced Bionics and the Foundation had standing to sue, and that under their license agreement, "the proceeds of the litigation, whether obtained through settlement or judgment, are to be shared between [the Foundation] and [Advanced Bionics] according to a formula that gives each party a substantial portion of the

---

[2] *Alfred E. Mann Found. for Scientific Research v. Cochlear Corp.,* 604 F.3d 1354, 1361 (Fed. Cir. 2010).

[3] For the Court's convenience, copies of the cited docket entries, trial exhibits, orders and court decisions are attached as Exhibits ("Ex.") to the attached Declaration of Todd M. Malynn ("Malynn Decl.").

proceeds."[4] *Alfred E. Mann Found. for Scientific Research v. Cochlear Corp.,* 604 F.3d 1354, 1361 (Fed. Cir. 2010) (Malynn Decl., Ex. "B").

The Foundation amended its complaint to join Advanced Bionics. *See* Dkt. No. 164 (Malynn Decl., Ex. "D"). Prior to trial, Advanced Bionics was realigned as a party plaintiff. *See* Dkt. No. 399 (Malynn Decl., Ex. "E").

Under Rule 54, because this case involves multiple parties, the judgment should adjudicate the rights of *all* the parties. "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties **does not end the action as to any of the claims or parties** . . . ." Fed. R. Civ. P. 54(b) (emphasis added).

## II. THE JUDGMENT SHOULD BE AMENDED TO RECOGNIZE AND ADJUDICATE THE RIGHTS OF ADVANCED BIONICS

Rule 54 of the Federal Rules of Civil Procedure is clear that, in a case involving multiple parties, every "final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c). "Otherwise, any order or other decision, however designated, that adjudicates fewer . . . than all the parties does not end the action as to any of the claims or parties . . . ." Fed. R. Civ. P. 54(b).

The very point of Advanced Bionics' joinder as a party plaintiff was to bind Advanced Bionics to the judgment in this action. *See Alfred E. Mann Found. for Scientific Research,* 604 F.3d at 1360 (citing *Aspex Eyewear, Inc. v. Miracle Optics, Inc.*, 434 F.3d 1336, 1344 (Fed.Cir.2006); *Independent Wireless Tel. Co. v. Radio Corp.*, 269 U.S. 459, 468 (1926)). Thus, by the same token, the "judgment should grant the relief to which [Advanced Bionics] is entitled, even if [Advanced Bionics] has not demanded that relief in its pleadings." Fed. R. Civ. Proc. 54(c).

---

[4] *See* Trial Exhibit 280 (Malynn Decl., Ex. "C").

In this case, the Federal Circuit has already recognized that Advanced Bionics is entitled to a substantial portion of the judgment pursuant to a formula set forth in its license agreement with the Foundation. *Alfred E. Mann Found. for Scientific Research,* 604 F.3d at 1361 (Malynn Decl., Exs. B & C). As this holding is part of the Federal Circuit's decision denying the Cochlear Defendants' motion to dismiss, Advanced Bionics' interest in the judgment is the law of the case.

The Ninth Circuit has long followed the directives of Rule 54, and has held that if a judgment does not include relief as to which one of the parties is entitled, that party may move under Rule 59 to amend or alter the judgment to include such relief, even if the requested relief is beyond the scope of the pleadings:

> Under Rules of Civil Procedure, Rule 54(c), the court should enter the relief to which a party is entitled regardless of whether the party has demanded such relief in its pleadings. . . . If a party, by virtue of Rule 54(c), is entitled to some form of relief beyond that included in the judgment, **the time to demand such relief is immediately after the entry of judgment (Rule 59(e))**, or at the latest, on appeal.

*Bhd. of Locomotive Firemen & Enginemen v. Butte, A. & P. Ry. Co.,* 286 F.2d 706, 709 (9th Cir. 1961) (emphasis added); *accord Cont'l Cas. Co. v. Howard*, 775 F.2d 876, 883 (7th Cir. 1985) (citing 11 Wright & Miller, Federal Practice & Procedure, Civil § 2817 at 111). Accordingly, Advanced Bionics respectfully moves to amend or alter the judgment such that the judgment, including any and all awards of monetary damages, interests, costs and fees, against the Cochlear Defendants is in favor of both the Foundation *and* Advanced Bionics. To the extent necessary, the Court should undertake whatever post-trial proceedings the Court deems appropriate to comply with Rule 54, so as to resolve the rights of all the parties.

## ARGUMENT IN OPPOSITION TO THE MOTION

Defendants Cochlear Limited and Cochlear Americas ("Cochlear") oppose Advanced Bionics' Motion to Alter or Amendment Judgment Pursuant to Fed. R. Civ. P. 59 (the "Motion").

1  The issue of Advanced Bionics right to collect a portion of any award to the
2  Foundation was not identified in any pleading, not identified in the Pre-Trial
3  Conference Order, and never litigated in this case. The jury verdict, up on which
4  Advanced Bionics in part bases its motion, makes no mention of any damages that
5  Cochlear must pay to Advanced Bionics. [D.I. 460] at 11 ("…what are the total
6  damages that the Cochlear Defendants should pay to the Foundation?") (emphasis
7  added). Advanced Bionics made no objection to the verdict form, and never
8  proposed any finding on the issue at hand. In short, there has been no finding that
9  supports a monetary judgment in favor of Advanced Bionics.

10  Likewise, Advanced Bionics argument under Fed. R. Civ. P. 54 (b) misses the
11  point. Advanced Bionics is an exclusive licensee, was a necessary party, and can be
12  included in the judgment even if that judgment does not reflect any damages award
13  to Advanced Bionics. In this regard, at trial, Advanced Bionics neither sought, nor
14  sought to prove, any damages. Thus, judgment in Advanced Bionics' favor as an
15  involuntary plaintiff is not the issue. Rather, it is the monetary award in favor of
16  Advanced Bionics that is not supported. The lack of a monetary award in no way
17  frustrates the purpose for which Advanced Bionics was joined as a necessary party,
18  nor does it defeat the res judicata effect of the judgment.

19  Advanced Bionics bases its newfound claim for damages on a provision in the
20  license agreement between Advanced Bionics and the Foundation. See, supra, at 3.
21  The Foundation's obligation to provide Advanced Bionics with a portion of its
22  litigation proceeds under the license agreement is an issue between the Plaintiffs.
23  Adding an unsupported, joint monetary award to the Foundation and Advanced
24  Bionics simply increases the difficulty for Cochlear in determining how to satisfy the
25  judgment. Advanced Bionics motion should therefore be denied.

26
27
28

## ARGUMENT IN REPLY

Cochlear's Argument in Opposition does not dispute the fundamental premise of Advanced Bionics' motion that Rule 54 requires that the rights of Advanced Bionics be addressed in the final judgment entered by the Court. Rule 54(b) plainly provides that there is no final judgment unless "*all* the claims or the rights and liabilities of . . . *all* the parties" are adjudicated in the judgment; "otherwise the judgment does *not* end the action as to *any* of the claims or parties." Fed. R. Civ. P. 54(b) (emphasis added).[5] Cochlear provides no authority to support a position that a judgment that does not adjudicate the rights of Advanced Bionics would be in compliance with Rule 54. In fact, Cochlear acknowledges that "a judgment in Advanced Bionics' favor is not the issue," and that Advanced Bionics "can be included in the judgment." Thus, there is no dispute that the judgment should be amended to adjudicate Advanced Bionics' rights. The only issue for the Court is *how* the judgment should address the rights of Advanced Bionics to the litigation proceeds in whatever amount the Court ultimately awards.

The simplest and most straight forward means to include Advanced Bionics in the judgment is to—as Advanced Bionics proposes—amend the judgment to state that the award is in favor of both the Foundation *and Advanced Bionics* as plaintiffs in the action. *See* Foundation's Amended Proposed Form of Judgment [DE 484-1] (Malynn Decl., Ex. F). In its opposition, Cochlear raises three issues with the Foundation's proposed judgment, none of which have merit.

First, Cochlear objects to the judgment including Advanced Bionics as a plaintiff on the grounds that the "issues of Advanced Bionics [sic] right to collect a portion of any award to the Foundation was not identified in any pleading." This argument ignores the plain and unambiguous language of Rule 54(c). Rule 54(c)

---

[5] A judgment that does not resolve the rights of all the parties is not final, and therefore the Federal Circuit would lack jurisdiction to hear any appeal. *See Citizens Accord, Inc. v. Town of Rochester,* N.Y., 235 F.3d 126, 128 (2d Cir. 2000).

makes clear that the Court is obligated to "grant the relief to which each party is entitled, *even if* the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c) (emphasis added). Cochlear's argument directly contravenes Rule 54(c). It likewise ignores that the Federal Circuit has already found that Advanced Bionics has rights in the judgment and standing to prosecute the same claims adjudicated in favor of the Foundation. *Alfred E. Mann Found. for Scientific Research,* 604 F.3d at 1361. Cochlear cites no authority as to why this Court should ignore the requirements of Rule 54 and leave the issue of Advanced Bionics' rights unresolved. This Court should follow the plain meaning of Rule 54 and amend the judgment to grant Advanced Bionics the relief to which it is entitled as a party plaintiff.[6]

Second, Cochlear objects to Advanced Bionics' proposed form of judgment as "a new found claim for damages" being sought by Advanced Bionics. To the contrary, including Advanced Bionics in the judgment as a party plaintiff would not change the damages awarded by the jury or impact the post-trial findings of the Court as reflected in the judgment. Instead, including Advanced Bionics in the judgment adjudicates Advanced Bionics' rights (as required by Rule 54) by acknowledging that the judgment against Cochlear, in whatever amount ultimately awarded, is in favor of both the Foundation and Advanced Bionics. There is no dispute that, as found by the Federal Circuit, Advanced Bionics is entitled to a defined portion of the judgment pursuant to a formula in its license and royalty agreement with the Foundation. *See Alfred E. Mann Found. for Scientific Research,* 604 F.3d at 1361 (Malynn Decl., Ex. B); Trial Exhibit 280 (Malynn Decl. Ex. C). Including Advanced Bionics in the judgment as a party plaintiff would simply reflect this prior determination of Advanced Bionics' rights.

---

[6] *See Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 540–41 (1991) ("We give the Federal Rules of Civil Procedure their plain meaning. As with a statute, our inquiry is complete if we find the text of the Rule to be clear and unambiguous.").

Third, Cochlear states that including Advanced Bionics in the judgment "simply increases the difficulty for Cochlear in determining how to satisfy the judgment," but provides no explanation or citation as to why this would be the case. To the contrary, including Advanced Bionics in the judgment as a party plaintiff in no way increases the difficulty to satisfy a judgment. The law is clear that a judgment in favor of multiple parties, as requested by Advanced Bionics under Rule 54, can be resolved by the judgment debtor the same way a judgment in favor of one plaintiff can be resolved—by payment to one of the judgment creditors, who would then hold the proceeds in trust for the benefit of the other judgment creditors. *See Lewis v. United Joint Venture,* 691 F.3d 835, 841 (6th Cir. 2012) ("Defendant cites no rule or doctrine that prohibits a plaintiff from obtaining the full amount of an . . . award jointly owned by multiple plaintiffs. [Plaintiffs] Lewises are allowed to collect the entire award, [and Plaintiffs] Ross and Jennings are allowed to assert their right to a *pro rata* share of the award from the Lewises"); *Goldzweig v. Winterland Concessions Co.*, 63 B.R. 412, 413-14 (N.D. Ill. 1986) ("[T]he court agrees with [plaintiff] Winterland that, since the 1981 Judgment is made in favor of all plaintiffs, the Judgment is necessarily joint and several as to all. . . . Therefore, it cannot matter to the [defendant] Goldzweigs to which of the judgment creditors they must pay the 1981 Judgment.") (citation omitted).

Advanced Bionics' recognized rights in the judgment and standing to prosecute the same claims resolved by the jury in favor of the Foundation were made an issue by Cochlear and found necessary to the outcome of this case. It is the very reason why Advanced Bionics was joined as a *necessary and indispensable party* and aligned as a party plaintiff. The other parties, including Cochlear, having dragged Advanced Bionics into this litigation for the purpose adjudicating the rights

of all the parties, should be *estopped* from arguing that Advanced Bionics' rights to a portion of the ultimate award should not be reflected in the judgment.[7]

### ADVANCED BIONICS' CONCLUSION

For the forgoing reasons, Advanced Bionics respectfully requests that the final judgment in this case be amended or altered to comply with Rule 54 and state that the judgment against the Cochlear Defendants, in whatever amount ultimately awarded, is in favor of both the Foundation and Advanced Bionics.

DATED: March 17, 2014            FELDMAN GALE, P.A.

By: */s/ Todd Malynn*
Todd Malynn
Attorneys for Plaintiff ADVANCED BIONICS, LLC

DATED: March 17, 2014            SHEPPARD MULLIN RICHTER & HAMPTON LLP

By: */s/ Bruce G. Chapman*
BRUCE G. CHAPMAN
Attorneys for Defendants/ Counterclaimants COCHLEAR LTD. and COCHLEAR AMERICAS

---

[7] Nevertheless, if for any reason the Court were to agree with Cochlear's objection that the "Foundation's obligation to provide Advanced Bionics with a portion of its litigation proceeds under the license agreement is an issue between the Plaintiffs," that would not end the analysis under Rule 54. The Court would still be required to grant Advanced Bionics the relief to which it is entitled as a party plaintiff. Given Advanced Bionics' recognized rights in the judgment, as found by the Federal Circuit, Advanced Bionics *at a minimum* would still be entitled to an equitable lien in the judgment. *See McCafferty v. Gilbank*, 249 Cal. App. 2d 569, 574-75 (Cal. App. 1967) (holding that an equitable lien was created by an agreement to pay one-half the proceeds of recovery in former husband's pending personal injury action to satisfy obligation to former wife). Therefore, at a minimum, the judgment should be amended or altered to impose an equitable lien in favor of Advanced Bionics, so as to comply with Rule 54 and adjudicate "*all* the claims or the rights and liabilities of . . . *all* the parties" even if a "party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(b)-(c).

**DECLARATION OF TODD M. MALYNN**

I, Todd M. Malynn, declare as follows:

1. I am an attorney duly licensed to practice before all of the courts of the State of California, am admitted to practice in the Central District of California, and am a member of Feldman Gale, PA, counsel of record for Plaintiff Advanced Bionics, LLC ("Advanced Bionics"). I have personal knowledge of the facts set forth below and make this declaration in support of Advanced Bionics' Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure Rule 59.

2. Attached as Exhibit "A" is a copy of this Court's July 29, 2010 Order re: Joint Status Report re: Party Status of Advanced Bionics LLC [DE 155].

3. Attached as Exhibit "B" is a copy of *Alfred E. Mann Found. for Scientific Research v. Cochlear Corp.*, 604 F.3d 1354 (Fed. Cir. 2010).

4. Filed separately under seal as Exhibit "C" is a redacted Trial Exhibit 280 (the November 2009 Amendment to Cochlear Technology License and Royalty Agreement between Advanced Bionics and the Alfred E. Mann Foundation for Scientific Research (the "Foundation")).

5. Attached as Exhibit "D" is a copy of the First Amended Complaint for Patent Infringement [DE 164].

6. Attached as Exhibit "E" is a copy of the Court's January 13, 2014 Final Pre-Trial Conference Order [DE 399].

7. Attached as Exhibit "F" is the copy of the Foundation's Amended Proposed Form of Judgment [DE 484-1].

I declare under penalty of perjury under the laws of the United States and the State of California the above to be true and correct.

Executed this 17th day of March 2014, at Los Angeles, California.

\_\_\_\_/s/Todd M. Malynn_____
Todd M. Malynn