DANIEL GRUNFELD (SBN 128494)
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Ave, 22nd Floor
Los Angeles, California 90071
Tel:   213.612.2500
Fax:   213.612.2501
Email:  dan.grunfeld@morganlewis.com

Attorneys for Plaintiffs
ALFRED E. MANN FOUNDATION FOR SCIENTIFIC RESEARCH

BRUCE G. CHAPMAN, (SBN 164258)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Tel:   213.620.1780
Fax:   213.620.1398
Email:  bchapman@sheppardmullin.com

Attorneys for Defendants
COCHLEAR LTD. and COCHLEAR AMERICAS

*(Additional counsel listed after signature page)*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALFRED MANN FOUNDATION FOR SCIENTIFIC RESEARCH, and ADVANCED BIONICS, LLC,<br><br>             Plaintiffs,<br><br>         v.<br><br>COCHLEAR CORPORATION (n/k/a COCHLEAR AMERICAS), COCHLEAR LTD.,<br><br>             Defendants. | Case No. CV 07-08108 FMO (SHx)<br><br>**JOINT STATUS CONFERENCE STATEMENT**<br><br>Date:    April 13, 2017<br>Time:   10:00 A.M.<br>Crtrm.: 6D<br>Judge:  Hon. Fernando M. Olguin |

The parties met and conferred on multiple occasions in advance of the Status Conference set for April 13, 2017.  They submit the following Status Conference Statement setting forth their respective positions regarding future proceedings.

# I.     PLAINTIFF'S POSITION

Plaintiffs The Alfred E. Mann Foundation for Scientific Research and Advanced Bionics LLC (collectively "Plaintiffs") submit that this matter should proceed as described below.  Although Plaintiffs do not agree with numerous positions, statements and factual characterizations of Defendants Cochlear Corp, and Cochlear Ltd. ("collectively "Defendants"), Plaintiffs do not address each point of Defendants' Position with which Plaintiffs disagree and instead focus on their view of how the case should proceed.

## A.     Reinstatement of the Jury Verdict

Plaintiffs recently moved pursuant to Federal Rule of Civil Procedure 60(b)(5), the Federal Circuit's Mandate, and the Jury's Verdict, for relief from the judgment vacating the jury's damages award.  This motion seeks entry of an amended judgment reinstating the jury's damages award of $131,216,325 against Defendants Cochlear Corporation and Cochlear Ltd. (collectively, "Cochlear") based on a reasonable royalty rate of 7.5%.  *See* Plaintiffs' Motion For Judgment Entering The Jury's Damages Award (Dkt. 579).  This Motion is currently set for hearing on April 27, 2016 and is scheduled to be heard at the same time as Cochlear's Renewed Motion For Judgment As A Matter of Law of No Infringement of Claim 1 of The '616 Patent (Dkt. 580).

## B.     Post-Trial Discovery of Relevant Supplemental Financial Information

Cochlear last provided updated damages discovery through December 31, 2013, just prior to commencement of the jury trial in January 2014.  U.S. Patent No. 5,609,616 ("the '616 patent") did not expire until after the trial on March 11, 2014.  Thus, on remand, the Court must determine supplemental damages for the '616 patent attributable to Cochlear's infringing sales that occurred from January 1, 2014 to March 11, 2014.  During a meet and confer, the parties agreed that discovery for this period will need to be provided regardless of whether the information is used to

supplement the original jury damages verdict or in connection with a second trial of damages.[1]  In particular, counsel for Cochlear agreed to produce information regarding its infringing sales that occurred from January 1, 2014 to March 11, 2014, on or before May 3, 2017 (within six weeks of the March 22 meet and confer). Counsel for Cochlear further agreed to attempt to produce this information by the Status Conference.  *See* Meet and Confer Tr. at 17-19 (Dkt. 579-22).

To date, Cochlear has not provided this supplemental discovery.  Plaintiffs propose that Cochlear complete its production of relevant discovery on infringing sales on or before April 20, 2017, and that the parties meet and confer to reach agreement on stipulated revenue figures for the accused Cochlear system prior to the proposed April 27, 2017 hearing on the parties' pending motions.

### C.    Proposed Case Schedule For Damages Trial

As this Court is well-aware, Plaintiffs' claims in this case have been pending since 2007.  If the Court is not inclined to grant Plaintiffs' pending Motion to reinstate the jury's damages award, Plaintiffs request that the Court set a schedule that will allow the parties to immediately begin preparing for any new trial on damages that will take place.

In advance of this trial, the parties will be required to submit new expert reports covering issues relevant to damages.  Plaintiffs intend to pursue any well-established damages theories available under the relevant case law, including Plaintiffs' lost profits and/or a reasonable royalty.  *See Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed. Cir. 2009) ("Two alternative categories of infringement compensation are the patentee's lost profits and the reasonable royalty he would have received through arms-length bargaining.").  Although Plaintiffs only sought a reasonable royalty in the first trial, Plaintiffs intend to explore additional

---

[1] A transcript of the March 22, 2017 meet and confer is attached as Exhibit U to the Declaration of Michael J. Lyons In Support of Plaintiffs' Motion For Judgment Entering The Jury's Damages Award (Dkt. 579-22).

1  theories, including lost profits, during the remand in an effort to address the

2  extensive disputes between the parties in connection with the first trial regarding the

3  measure of damages and the theories and evidence that are appropriate to be

4  considered.  As the Federal Circuit recently noted, damages based upon lost profits

5  avoids many of the complicated issues related to damages raised by Cochlear in the

6  first trial.  *See Mentor Graphics Corp. v. EVE-USA, Inc.*, No. 2015-1470, 2017 WL

7  1024502, at *6 (Fed. Cir. Mar. 16, 2017).

8       During meet and confer, Cochlear's counsel asserted the right to serve new

9  expert reports, but challenged Plaintiffs rights to seek lost profits during the remand.

10  First, it is undisputed that this Court has the discretion to allow the Plaintiffs to

11  proceed with a new damages theory on remand.  *See, e.g., Versata Software, Inc. et*

12  *al. v. SAP Am, Inc.*, *et al*, Orders, Case No. 2:07-cv-00153-CE (E.D. Tex. Jan. 6 and

13  Jan. 31, 2011).  In *Versata Software*, after ordering a new trial on damages due to a

14  change in governing law, the district court allowed the plaintiff to present a lost

15  profits theory and a reasonable royalty theory in second trial even though the

16  original trial only involved a reasonable royalty theory.  *See* Orders dated Jan 6,

17  2011 and Jan. 31, 2011, attached hereto as Exs. A and B (ordering new trial on

18  damages and ordering that "Versata may pursue a lost profits theory" in new trial).

19  The damages verdict in the second trial premised in part on the new lost profits

20  theory was ultimately affirmed on appeal.  *Versata Software, Inc. et al. v. SAP Am.,*

21  *Inc.*, *et al*, 717 F.3d 1255, 1267 (Fed. Cir. 2013).  Second, if the parties are serving

22  new expert reports,[2] they should not be constrained as to the theories under which

23  they proceed.  Cochlear aggressively challenged Plaintiffs' damages theories

24  presented in the first trial and Plaintiffs should be afforded the opportunity to

25  address these attacks by presenting all available damages theories, including lost

---

26  [2] Plaintiffs' counsel will further coordinate with Defendants' counsel to

27  accommodate the timing of any expert discovery including, as necessary, any new

28  experts in the case.

SMRH:482368471.1                    -4-
                                                    JOINT STATUS CONFERENCE STATEMENT

profits and reasonable royalty theories, the primary measures of damages available to patent owners.

The preparation of such expert reports will require additional focused discovery relating to the potential assertion of a lost profits theories.  Cochlear exaggerates the amount of discovery needed for a lost profits case, as the bulk of the discovery relevant to lost profits is also relevant to proving a reasonable royalty and, thus, was already produced in connection with the first trial.  For example, although Cochlear wants discovery of third party products, Cochlear ignores the important fact that the relevant hearing implant industry has only three players who have FDA approval to sell products:  Cochlear, Advanced Bionics, and a tiny player Med El. Thus, even under Cochlear's overly broad view of the scope of discovery, the discovery is well contained and narrow in nature.  Plaintiffs' view is additional discovery is needed on the specific narrow topics of Advanced Bionics' profits earned on its competing implants and its capacity to manufacture the additional implants it would have sold absent Cochlear's infringement.  To address the limited additional discovery as envisioned by Plaintiffs and to otherwise prepare for a new trial on damages, Plaintiffs propose the following schedule:

| Event | Proposed Date |
|---|---|
| Fact discovery limited to supplemental reasonable royalty damages and new issues raised by lost profits damages theory | April 13, 2017 to June 30, 2017.  Each side limited to propounding written discovery and, absent a showing of good cause, no more than five fact witness depositions. |
| Expert discovery | July 3 – Aug. 11, 2017 |
| Counsel for the parties meet and confer pursuant to L.R. 16-2 | 40 days before the final pretrial conference |
| Parties to file: <br>     Witness lists <br>     Joint exhibit list <br>     Joint motions *in limine* | 14 days before the final pretrial conference |
| Parties to file: <br>     Proposed pretrial conference order | 7 days before the final pretrial conference |

| Event | Proposed Date |
|---|---|
| Pretrial exhibit stipulation<br>Proposed jury instructions<br>Proposed verdict forms<br>Joint statement of the case<br>Proposed additional *voir dire* questions | |
| Final pre-trial conference | September 21, 2017 (or at the Court's earliest convenience) |
| Jury trial | Commencing October 2, 2017 (or at the Court's earliest convenience) and with each side to have 7 hours to present its case, exclusive of jury selection, opening statements and closing statements. |

**D.     Further Proceedings**

The Plaintiffs further request that subsequent to the Court's ruling on the Plaintiffs' motion to reinstate the jury award or subsequent to the new trial on damages, the Court convene a further case management conference to address other post-remand proceedings.  Such further proceedings shall include, at least, a determination of enhanced damages due to the jury's finding that Cochlear is a willful infringer, determination of pre-judgment and post-judgment interest, taxing of costs, and determination whether an award attorneys' fees is warranted and, if so, in what amount.

**II.     DEFENDANTS' POSITION**

Defendants Cochlear Ltd. and Cochlear Americas (collectively "Cochlear") submit this matter should proceed as follows:

**A.     Essential Steps**

This litigation has been appealed to the Federal Circuit two times, and at least one additional appeal is likely inevitable.  Thus, although this litigation has, in total, been pending more than nine years, a good deal of deliberation is required to ensure that it comes to the earliest possible conclusion.  Plaintiffs' requested schedule,

which rushes to trial without clearly defining the scope of the retrial on damages, is a recipe for even more appeals and further prolongation of the litigation.

For these proceedings to occur in a prompt manner without sacrificing a rigorous examination of the critical issues, Cochlear believes that the Court should:

1. Decide Plaintiffs' Motion for Entry of Judgement (D.I. 579) and Defendants' Renewed Motion For Judgment As a Matter Of Law (D.I 580).

2. Decide the scope of the retrial (*e.g.* whether to allow a previously undisclosed new theory by a new party of lost profits and the extent of changes that will be allowed to the expert reports).

3. Decide what period of fact discovery is necessary in view of the scope of the retrial.

4. Set deadlines for damages experts reports that (1) allow incorporation of any new fact discovery and (2) give Cochlear an opportunity to respond to Plaintiffs' revised damages report.

5. Provide time for a rigorous *Daubert* procedure whereby the admissibility of expert damages testimony can be properly vetted.

6. Hold normal pre-trial proceedings with normally scheduled submissions to maximize the Court's control over the presentation at trial.

7. Decide the post-trial issues remanded by the Federal Circuit. Cochlear's view as to these points is set out below.

**B.    The Pending Motions**

One of the few things the parties appear to agree on is that Plaintiffs' Motion for Entry of Judgment (D.I. 579) and Cochlear's Renewed Motion for Judgement as a Matter of Law (D.I. 580) should be addressed first.  Both motions are important to identifying the scope of any retrial on damages. For the reasons given in Cochlear's briefing, the Court should deny Plaintiffs' motion and grant Cochlear's motion.

## C.     The Scope of the Retrial

The parties have a major disagreement regarding the scope of the retrial. Plaintiff's suggest a significant change in their damages theory to allow Advanced Bionics to assert lost profits as a measure of damages.  Advance Bionics never previously asserted any claim of any kind in this litigation.  The Alfred Mann Foundation ("AMF") sued Advanced Bionics, which merely answered and did not assert any cross- or counter-claims.  (D.I. 167.)   Moreover, Advanced Bionics has never provided any Rule 26(a)(1) disclosure setting out "a computation of each category of damages claimed by the disclosing party."  Fed. R. Civ. P. 26(a)(1)(iii). Advanced Bionics has also never provided any document or deposition discovery regarding any allegation of damages.  Likewise, AMF's Rule 26(a)(1) disclosure only specifically identifies "reasonable royalty" as a measure of damages.  And AMF's interrogatory response regarding damages merely points to AMF's damages expert report, which is limited to reasonable royalty damages.  Cochlear does not believe that Plaintiffs should be allowed to introduce a new, undisclosed damages theory more than nine years into this litigation.

Moreover, introduction of a lost profits damages theory would greatly increase the amount of new fact discovery required.  In order to show entitlement to lost profits damages, Plaintiffs would need to prove: (1) demand for the product during the period in question, (2) an absence, during the period, of acceptable non-infringing substitutes, (3) their own manufacturing and marketing capability to meet or exploit the demand, and (4) a detailed computation of the profits Plaintiffs would have made.  *E.g Ryco Inc. v. Ag-Bag Corp.*, 857 F.2d 1418, 1427 (Fed. Cir. 1988). Should Plaintiffs assert Advanced Bionics lost profits, Cochlear would need fact discovery at least regarding (a) Advanced Bionics manufacturing capability over time, (b) Advanced Bionics' ability to market its product over time (including during the period when Cochlear believes AMF's product sales were barred by the U.S. Food and Drug Administration), (c) the availability of third party products (for

1   example, those of Med El) against which Plaintiffs have not alleged infringement,

2   and (d) the details of Advanced Bionics manufacturing and other costs.  Plaintiffs'

3   proposed schedule does not come close to accommodating the necessary discovery

4   for lost profits that would be consistent with due process.

5       Beyond lost profits, the parties appear far apart on the scope of damages that

6   are proper for the retrial.   Plaintiffs have consistently characterized damages based

7   on "back telemetry technology," when Cochlear believes damages must be assessed

8   only on the claimed invention(s) that are infringed, *i.e.* a physician's tester that

9   displays impedance.  Unless this dispute is addressed, the parties will be talking past

10  each other at trial, maximizing the chance that damages will have to be addressed

11  again after another remand from the Federal Circuit.

12      Because of the uncertainty regarding the scope of the retrial, Cochlear

13  believes that the Court should address the scope issue before setting a discovery and

14  trial schedule.  Cochlear proposes that the Court order the parties to (1) meet and

15  confer before a court reporter regarding the scope of damages to be assessed during

16  the retrial, (2) jointly brief the court regarding the scope of the retrial, and (3) set a

17  scheduling conference for deciding the scope and schedule of the retrial.

18  **D.    Fact Discovery**

19      Depending on the scope of the retrial, either no or extensive fact discovery

20  may be required.  That requirement cannot be assessed at this point because of the

21  parties' dispute over scope.

22      Cochlear has nevertheless voluntarily agreed to supplement its prior sales data

23  by May 3, 2017.  Cochlear is currently working on that supplemental production and

24  sees no reason it will not meet the May 3, 2017 date, although that supplementation

25  will not likely occur by the Status Conference. To be clear, though, Cochlear's total

26  sales are not a proper measure of revenue against which to assess a royalty for

27  infringement of the '616 patent alone.

28

### E.     Expert Reports

To the extent the Court allows changes to Plaintiffs' damages expert report (and Cochlear agrees that some changes are required to Plaintiffs' report if it is to be admissible for '616 patent damages alone), Cochlear must, consistent with the Federal Rules and due process,  be given an opportunity to respond with a rebuttal damages report.  Plaintiffs originally proposed a schedule that would deprive Cochlear of that opportunity, setting a mutual exchange of damages reports. Plaintiffs bear the burden of proving damages.  *Whitserve, LLC v. Computer Packages, Inc.*, 694 F.3d 10, 26 (Fed. Cir. 2012) (citing *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301,  1324 (Fed. Cir. 2009)).  Until Plaintiffs provide their damages report, there is nothing much for Cochlear's expert to say.  Plaintiffs have since revised their proposal to eliminate any schedule for service of expert reports. Ultimately, though, there needs to be a schedule and it need to give Cochlear an opportunity to respond with a rebuttal damages report.

### F.     *Daubert* Proceedings

As the Court may recall, there were previously significant *Daubert* issues associated with Plaintiffs' damages expert, and the Court ordered Plaintiffs to provide a new damages report on the eve of trial.  Cochlear expects equally large *Daubert* issues regarding Plaintiffs' damages expert for the retrial.  In order to allow the Court to resolve these issues in a thoughtful way, Cochlear believes that sufficient time needs to be built into the schedule to allow a hearing (perhaps evidentiary) on the *Daubert* issues that will inevitably arise.

### G.     Pre-Trial Proceedings

Likewise, many last minutes disputes arose during pre-trial the last time, including the need for Cochlear to take multiple depositions of witnesses not disclosed during fact discovery.  Cochlear believes that these difficulties caution against an abbreviated pre-trial process for the retrial.

1

    **H.**    **Post-Trial Proceedings**

2

       The parties appear to agree (as they must) that the Federal Circuit remanded

3

for further proceeding relating to exceptional case, and that those proceedings can

4

occur after the retrial.  That is where the agreement ends, though.  The Federal

5

Circuit did not remand for a determination of enhanced damages, as AMF says.

6

Rather, the Federal Circuit did not alter the Court's finding that there was no

7

substantial evidence of subjective willfulness but remanded for consideration under

8

the newly announced standard by the Supreme Court.  This issue can be addressed

9

after the retrial.

10

    **I.**    **Conclusion**

11

       In view of the points discussed above, Cochlear suggests that the Court order

12

(1) a Scheduling Conference four weeks after the decision of Plaintiffs's Motion for

13

Entry of Judgment and Cochlear's Renewed Motion For Judgment as a matter of

14

law, (2) filing of a joint brief regarding the scope of the retrial two weeks prior to

15

the scheduling conference, and (3) a meet and confer before a court reporter one

16

week in advance of the filing of the joint brief.

17

18

19

20

21

22

23

24

25

26

27

28

1    Dated:    April 11, 2017       Respectfully submitted,

2                                      MORGAN, LEWIS & BOCKIUS LLP

3

                                   By  /s/ Michael J. Lyons

4                                        Michael J. Lyons
                                       Attorneys for Plaintiff

5                                        ALFRED E. MANN FOUNDATION FOR
                                       SCIENTIFIC RESEARCH

6

   Dated:    April 11, 2017       Respectfully submitted,

7

8                                      DAN JOHNSON LAW GROUP, LLP

9                                    By  /s/ Daniel Johnson Jr.
                                       Daniel Johnson Jr.

10                                      Attorney for Plaintiff
                                       ALFRED E. MANN FOUNDATION FOR

11                                      SCIENTIFIC RESEARCH

12    Dated:    April 11, 2017       Respectfully submitted,

13                                      MAYER BROWN LLP

14

15                                    By  /s/ David E. Wang
                                       David E. Wang

16                                      Attorney for Involuntary Plaintiff
                                       ADVANCED BIONICS, LLC

17

18    Dated:    April 11, 2017       Respectfully submitted,

19                                      SHEPPARD MULLIN RICHTER & HAMPTON LLP

20                                    By  /s/ Bruce G. Chapman

21                                      Bruce G. Chapman
                                       Attorney for Defendants

22                                      COCHLEAR LTD. and COCHLEAR AMERICAS

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15 ///

16 ///

17 ///

18

19

20

21

22

23

24

25

26

27

28

1   *(Additional Parties from Page 1)*

2

3   MICHAEL J. LYONS (SBN 202284)      DONALD M. FALK (SBN 150256)
    JASON E. GETTLEMAN (SBN 269733)    DAVID E. WANG (SBN 167339)
    MICHAEL CARR (SBN 259911 )         MAYER BROWN LLP

4   MORGAN, LEWIS & BOCKIUS LLP        Two Palo Alto Square
    1400 Page Mill Road                3000 El Camino Real Suite 300

5   Palo Alto, CA  94304               Palo Alto, CA 94306
    Tel:   650.843.4000                Tel:   650-331-2000

6   Fax:   650.843.4001                Fax:   650-331-2060
    Email:  michael.lyons@morganlewis.com   Email: dfalk@mayerbrown.com

7   Email:  jason.gettleman@morganlewis.com  Email: dwang@mayerbrown.com
    Email:  michael.carr@morganlewis.com

8                                      Attorney for Involuntary Plaintiff
    DANIEL JOHNSON, JR. (SBN 57409)    ADVANCED BIONICS, LLC

9   DAN JOHNSON LAW GROUP, LLP
    400 Oyster Point Blvd., Ste. 321

10  South San Francisco, CA 94080
    Tel:   415.604.4500

11  Fax:   415.604.4998
    Email:  dan@danjohnsonlawgroup.com

12
    Attorney for Plaintiff

13  ALFRED E. MANN FOUNDATION FOR
    SCIENTIFIC RESEARCH

14
    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

15  A Limited Liability Partnership
    Including Professional Corporations

16  SCOTT R. MILLER, Cal. Bar No. 112656
      smiller@sheppardmullin.com

17  LAURA M. BURSON, Cal. Bar No. 204459
      lburson@sheppardmullin.com

18  333 South Hope Street, 43rd Floor
    Los Angeles, California 90071-1422

19  Telephone:   213.620.1780
    Facsimile:   213.620.1398

20
    Attorneys for Defendants

21  COCHLEAR LTD. and COCHLEAR
    AMERICAS

22

23                      **FILER ATTESTATION**

24          I, Jason E. Gettleman, pursuant to L.R. 5-4.3.4(a)(2)(i), attest that all other

25  signatories listed, and on whose behalf the filing is submitted, concur in the filing's

26  content and have authorized the filing.

27                              By: */s/ Jason E. Gettleman*

28                                  Jason E. Gettleman

SMRH:482368471.1                    -14-
                                                JOINT STATUS CONFERENCE STATEMENT