| | |
|---|---|
| MICHAEL J. LYONS (SBN 202284)<br>JASON E. GETTLEMAN (SBN 269733)<br>MICHAEL F. CARR (SBN 259911)<br>MORGAN, LEWIS & BOCKIUS LLP<br>1400 Page Mill Road<br>Palo Alto, CA  94304<br>Tel:   650.843.4000<br>Fax:  650.843.4001<br>Email:  michael.lyons@morganlewis.com<br>Email:  jason.gettleman@morganlewis.com<br>Email:  michael.carr@morganlewis.com | DONALD M. FALK (SBN 150256)<br>DAVID E. WANG (SBN 167339)<br>MAYER BROWN LLP<br>Two Palo Alto Square<br>3000 El Camino Real, Suite 300<br>Palo Alto, CA 94306<br>Tel:   650-331-2000<br>Fax:  650-331-2060<br>Email: dfalk@mayerbrown.com<br>Email: dwang@mayerbrown.com<br><br>Attorneys for Involuntary Plaintiff<br>ADVANCED BIONICS, LLC |

DANIEL GRUNFELD (SBN 128494)
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Ave, 22nd Floor
Los Angeles, CA 90071
Tel:   213.612.2500
Fax:  213.612.2501
Email:  dan.grunfeld@morganlewis.com

Attorneys for Plaintiff
ALFRED E. MANN FOUNDATION FOR
SCIENTIFIC RESEARCH

DANIEL JOHNSON, JR. (SBN 57409)
DAN JOHNSON LAW GROUP, LLP
400 Oyster Point Blvd., Ste. 321
South San Francisco, CA 94080
Tel:   415.604.4500
Fax:  415.604.4998
Email:  dan@danjohnsonlawgroup.com

Attorney for Plaintiff
ALFRED E. MANN FOUNDATION FOR
SCIENTIFIC RESEARCH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Alfred E. Mann Foundation For Scientific Research, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>Cochlear Corporation, et al.,<br><br>　　　　　Defendants. | Case No. 2:07-cv-08108-FMO-SH<br><br>**PLAINTIFFS' NOTICE REGARDING CALCULATION OF 2014 DAMAGES**<br><br>Judge: Hon. Fernando M. Olguin |

The Court issued a Civil Minute Order directing Defendants Cochlear Corporation (n/k/a Cochlear Americas) and Cochlear Ltd. (collectively, "Cochlear") to produce "all revenue and sales data from January 1, 2014 to March 11, 2014 ('relevant time period')" to counsel for Plaintiffs, The Alfred E. Mann Foundation for Scientific Research and Advanced Bionics LLC (collectively "Plaintiffs"). Civil Minute Order (Dkt. 593) (the "Order"), ¶ 2. On May 2, 2017, Cochlear produced revenue and sales data for that time period.

Counsel for the parties met and conferred on May 9, 2017, to discuss the calculation of the additional damages that the jury would have awarded for the period of January 1, 2014 to March 11, 2014 (the "Relevant Time Period"). A transcript of that meet and confer is attached hereto as Exhibit A. Based upon the revenue and sales data produced by Cochlear, and pursuant to this Court's Order, the parties repeatedly agreed at the meet and confer that the calculation of the additional damages that the jury would have awarded for the Relevant Time Period is $2,812,214:

> [MR. LYONS:] I just want to confirm that … the parties have, in fact, reached an agreement that … the calculation of the total compensatory damages, assuming the jury has been given all the revenue and sales data from January 1, 2014 to March 11, 2014, is $2,812,214. I think we're in agreement with that, but why don't I just stop there and see if we can confirm?
>
> MR. CHAPMAN: Okay. We are in agreement on the number and the calculation.

Ex. A, Tr. at 7:7-16. Cochlear's counsel repeatedly confirmed that there was agreement on the $2,812,214 damages number. *Id*. at 8:5-11 (MR. CHAPMAN: "we're in agreement on the actual numerical calculation; that's correct, Mike. MR. LYONS: So, the figure of $2,812,214, that calculation, we're agreeing on that number? MR. CHAPMAN: Let me just check my e-mail. Yes, $2,812,214."); *see*

*also id.* at 11:6-8; 15:9-11; 16:6-7; 18:11-12; 26:10-11.  The parties further agreed that the calculation of the total damages, assuming the jury had been given all of the revenue and sales data for the Relevant Time Period, is $2,812,214, plus the jury's damages award of $131,216,325 (Dkt. 460) for the period prior to January 1, 2014, for a total of $134,028,539.  *See* Ex. A, Tr. at 8:16-9:4.  In light of that agreement, Plaintiffs proposed that the parties file a stipulation reflecting the stipulated calculation.  A copy of the proposed stipulation discussed at the meet and confer is attached hereto as Exhibit B.

Given Cochlear's clear admission that it agreed with Plaintiffs' calculation of damages for the Relevant Time Period, the parties should have agreed to enter into a stipulation regarding that calculation.  But Cochlear refused.  *See* Ex. A, Tr. at 9:14.  Plaintiffs believe that Cochlear refused to enter into a simple stipulation in order to create a purported justification to file an unauthorized supplemental brief attacking the damages award.  Indeed, counsel for Cochlear acknowledged at the meet and confer his refusal to enter into the proposed stipulation (Ex. B) for fear that it would compromise Cochlear's ability to file its unauthorized supplemental brief.  *See* Ex. A, Tr. at 38:3-6 ("MR. CHAPMAN: The problem I have is that it's easily foreseeable that you're going to use the stipulation to argue that we're not allowed to make additional briefings under paragraph 4 of DI593.").

Given the parties' agreement on the calculation of damages for the Relevant Time Period, no further briefing related to damages is either warranted or authorized.  Order (Dkt. 593, ¶ 4) ("*If the parties cannot agree on the calculation of damages for the relevant time period*, then no later than May 25, 2017, the parties shall concurrently file supplemental briefs….) (emphasis added).  To the extent that Cochlear files a supplemental brief, Plaintiffs reserve the right to ask the Court to strike any such unauthorized briefing by Cochlear and, if necessary, to respond to any such briefing in accordance with the schedule in that Order.

| | |
|---|---|
| Dated: May 25, 2017 | Respectfully submitted,<br><br>MORGAN, LEWIS & BOCKIUS LLP<br><br>By */s/ Michael J. Lyons*<br>Daniel Grunfeld<br>Michael J. Lyons<br>Attorneys for Plaintiff<br>ALFRED E. MANN<br>FOUNDATION FOR SCIENTIFIC RESEARCH |
| Dated: May 25, 2017 | Respectfully submitted,<br><br>DAN JOHNSON LAW GROUP, LLP<br><br>By */s/ Daniel Johnson Jr.*<br>Daniel Johnson Jr.<br>Attorney for Plaintiff<br>ALFRED E. MANN<br>FOUNDATION FOR SCIENTIFIC RESEARCH |
| Dated: May 25, 2017 | Respectfully submitted,<br><br>MAYER BROWN LLP<br><br>By */s/ David E. Wang*<br>Donald M. Falk<br>David E. Wang<br>Attorney for Involuntary Plaintiff<br>ADVANCED BIONICS, LLC |

## **FILER ATTESTATION**

I, Michael J. Lyons, pursuant to L.R. 5-4.3.4(a)(2)(i), attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

By: */s/ Michael J. Lyons*
Michael J. Lyons